LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3338 GAF (Ex) | Date | May 31, 2006 |
|---|---|---|---|
| Title | Jeffrey David Isaacs v. Univ. of S. Cal., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Marilynn Morris | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

**ORDER RE: PLAINTIFF'S "APPLICATION" FOR A TEMPORARY RESTRAINING ORDER**



## I. INTRODUCTION & BACKGROUND

The Court has received what purports to be *pro se* Plaintiff Jeffrey David Isaacs's "Complaint for damages, temporary restraining order, preliminary and permanent injunction," all in one document. The so-called "application" for a temporary restraining order ("TRO") has numerous deficiencies on its face and the Court will not consider the application unless and until the deficiencies are cured.

Plaintiff's Complaint sets forth several causes of action against the University of Southern California ("USC") and Robert William Baughman, Director of the National Institutes of Health ("NIH"). Plaintiff alleges: (1) violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; (2) intentional infliction of emotional distress; (3) breach of contract; and (4) a civil rights claim arising from a violation of 42 U.S.C. § 1983.

Plaintiff's claims arise from his assertion that he was suspended from the USC Keck School of Medicine ("Keck") in violation of his rights. Specifically, Plaintiff claims he was harassed on the basis of his unidentified disability while in his first year of medical school at Keck and that he asserted his right to have Defendants' discriminatory behavior cease and that "Defendants took illegal action to subvert this basic entitlement." (Compl. at p. 2). The substance of Plaintiff's Complaint alleges that a non-party, Amy Baughman, a classmate of Plaintiff's and daughter of Defendant Robert Baughman, continuously "taunt[ed Plaintiff] on the

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | May 31, 2006 |
| Title | Jeffrey David Isaacs v. Univ. of S. Cal., et al. | | |

basis of his disability," (id. ¶ 12), which resulted in the exacerbation of Plaintiff's fragile state of being, and his ultimate inability to attend classes without interference and disturbance arising from Ms. Baughman's alleged failure to "respect the nature of [Plaintiff's] disability and [to] stop provoking him." (Id.). Plaintiff claims that due to his inability to attend classes without interference, he failed a hematology final examination, and on February 28, 2006 Plaintiff was suspended from Keck and later ordered not to trespass on the USC campus. (Id. ¶¶ 20-22). Plaintiff then checked himself into the UCLA Emergency Room where he was hospitalized at the neuro-psychiatric hospital for approximately one month. (Id. ¶ 23). A final dismissal hearing from Keck will be held on June 7, 2006. (Id. ¶ 26).

As to Plaintiff's prayer for injunctive relief, Plaintiff alleges that "Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff as it will seriously jeopardize his chance to become a physician." (Id. ¶ 42). Specifically, Plaintiff seeks a TRO and subsequent injunctions "ordering Defendant USC to allow Plaintiff to resume studies at the Keck School of Medicine." (Id. ¶ 43).

Because Plaintiff's application fails certain threshold requirements for the issuance of a TRO, the Court **DENIES** the purported application for a TRO. However, since Plaintiff proceeds pro se, the Court will briefly explain some of these deficiencies and certain threshold requirements for seeking and obtaining temporary injunctive relief.

## II. DISCUSSION

### A. PROCEDURAL DEFICIENCIES IN PLAINTIFF'S APPLICATION

#### 1. Notice

Plaintiff has failed to attach any proof of service or allegation suggesting that any Defendants have been served with the Complaint, the "application" or any other documents. Under certain circumstances an *ex parte* (unnoticed) TRO is proper; however, based on the record currently before the Court, this case is not one of them.

Courts have generally issued TROs on an *ex parte* basis in only two narrow circumstances:
> First, a plaintiff may obtain an ex parte temporary restraining order by demonstrating that it cannot possibly give notice to the adverse party because the plaintiff does not know the party's identity or location. See First Tech. Safety Sys., Inc v. Depinet, 11 F.3d 641, 650

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | May 31, 2006 |
| Title | Jeffrey David Isaacs v. Univ. of S. Cal., et al. | | |

(6th Cir. 1993) ("First Technology"); American Can Co.[v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984)]. . . . The second and remaining way plaintiff may obtain an ex parte restraining order [is] by showing that proceeding ex parte is the 'sole method of preserving a state of affairs in which the court can provide effective final relief.' Matter of Vuitton et Fils S.A., 606 F.2d 1, 4 (2d Cir. 1979) (per curiam) ("Vuitton") (quoting Developments in the Law-Injunctions, 78 Harv. L. Rev. 994, 1060 (1965)).
Bic Corp. v. Sara Export Import, Inc., No. 00-CV-2271 (TJW), 2000 U.S. Dist. LEXIS 18974, at *6-*7 (S.D. Cal. Nov. 13, 2000).

Courts have explained that "Rule 65(b) restrictions on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." First Technology, 11 F.3d at 650 (citations and quotation marks omitted).

Plaintiff has provided no justification for proceeding *ex parte*. First, since Plaintiff has submitted to the Court Defendants' addresses, he cannot claim that either the address of USC or the individually named Defendants' locations are unknown. See First Technology, 11 F.3d at 650 ("Where there are no practical obstacles to giving notice to the adverse party, an ex parte order is justified only if there is no less drastic means for protecting the plaintiff's interests."). Therefore, he cannot claim, as a justification for proceeding on an ex parte basis, that the defendants cannot be found.

Second, while Plaintiff alleges that "Defendants' wrongful conduct, unless and until enjoined and restrained . . . will seriously jeopardize [Plaintiff's] chance to become a physician," (Compl. ¶ 42), Plaintiff fails to persuade the Court that an *ex parte* TRO is the sole method of preserving a state of affairs in which the Court can provide effective final relief. Indeed, the only harm Plaintiff alleges to warrant injunctive relief is his potential inability to become a physician *on time*. Thus, Plaintiff has not provided any reason, adequate or otherwise, as to why Plaintiff's immediate reinstatement on an unnoticed basis is the only way to preserve his ability to become a physician. Therefore, the unnoticed "application" is improper and any future filings must properly be served on all Defendants.

### 2. *Compliance with Local Rules*

In addition to the notice requirements, this District's Local Rules require that "[a] party seeking a [TRO] must submit an application, a proposed TRO, and a proposed order to show

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | May 31, 2006 |
| Title | Jeffrey David Isaacs v. Univ. of S. Cal., et al. | | |

cause why a preliminary injunction should not issue." Local Rule 65-1. Plaintiff's unitary filing entitled a "Complaint for damages, temporary restraining order, preliminary and permanent injunction" fails these requirements. As such, the request for a TRO is defective on these grounds, as well.

### B. SUBSTANTIVE REQUIREMENTS

Because Plaintiff proceeds *pro se* in this matter and given the allegations in Plaintiff's Complaint the Court proceeds to set forth certain general guidelines for the issuance of a TRO in this Circuit so that Plaintiff can make an informed decision on whether to refile a proper application.

> Under the Federal Rules,
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney *only if* (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that *immediate and irreparable injury, loss, or damage will result* to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added); In re Vuitton Et Fils S.A., 606 F.2d at 4 (reiterating the rule's two requirements). In the Ninth Circuit, an "injunction is appropriate 'where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor.'" E. & J. Gallo Winery v. Andina Licores S.A., No. 05-16504, 2006 U.S. App. LEXIS 10799, at *13 (9th Cir. May 1, 2006); Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1174 (9th Cir. 1989). That is, "[t]he irreducible minimum . . . is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." E. & J. Gallo Winery, 2006 U.S. App. LEXIS 10799, at *13 (citations omitted). These two standards are not separate tests. Rather, they represent "two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000) (citation omitted).

As the record before the Court currently stands, the Court has serious doubts as to whether the Ninth Circuit's requirements can be satisfied and whether the Plaintiff can even make a good faith application. See Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc., No.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3338 GAF (Ex) | Date | May 31, 2006 |
|---|---|---|---|
| Title | Jeffrey David Isaacs v. Univ. of S. Cal., et al. | | |

05-55828, 2006 U.S. App. LEXIS 12907, at *9 (9th Cir. May 24, 2006) ("If the plaintiff shows no chance of success on the merits, . . . the injunction should not issue, because [a]s an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.") (citations and quotation marks omitted) (brackets in original). Plaintiff has made no argument on this Circuit's requirements, and based on the record as existing, the Court doubts that Plaintiff can do so. Nonetheless, if after consulting the rules Plaintiff believes he has a nonfrivolous argument supporting a TRO application – that there exists a reasonable basis in fact and in law for the filing – Plaintiff may refile a properly formatted and supported application.

### III. CONCLUSION

In sum, Plaintiff's application for a TRO is faulty and will not be considered by the Court as currently filed. Moreover, Plaintiff has failed to provide Defendants with notice of the TRO and has not provided any reason why Defendants cannot or should not be noticed, and Plaintiff has also failed to comply with this District's Local Rules governing the filing of an application for a TRO. The Court's rejection of Plaintiff's application is without any prejudice to his ability to refile a proper application if Plaintiff believes – after consulting the governing law – that he has a good faith basis to seek such relief.

IT IS SO ORDERED.