LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | August 15, 2006 |
|---|---|---|---|
| Title | Jeffrey David Isaacs v. Univ. of S. Cal., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Marilynn Morris | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  (In Chambers)
<u>**RULING ON PLAINTIFF'S APPLICATION
FOR A TEMPORARY RESTRAINING ORDER**</u>



### A. BACKGROUND

*Pro se* Plaintiff was formerly enrolled as a student at the University of Southern California Keck School of Medicine. He was dismissed this past June because of what he calls "essential [character] standards deficiency," and what USC has characterized as stalking and harassing some of his classmates. It is also undisputed that Plaintiff had poor academic performance in at least one of his classes. After his dismissal, Isaacs filed the present lawsuit against USC, a fellow-student's father, and various administrators claiming that the Defendants discriminated against him because of an unstated disability, and that they harassed him and made his condition worse. Among other things, he alleged that the Defendants violated his rights under the Rehabilitation Act.

When Isaacs filed this suit, he sought a temporary restraining order seeking reinstatement of his status as a medical student at USC. The Court denied the application because of its numerous procedural deficiencies, but without prejudice to the submission of a renewed application "if after consulting the rules Plaintiff believes he has a nonfrivolous argument supporting a TRO application – that there exists a reasonable basis in fact and in law for the filing – Plaintiff may refile . . . ." (5/31/06 Order at 5). Since then Plaintiff filed a First Amended Complaint ("FAC") which reiterates his Rehabilitation Act claim, and just recently submitted a second *ex parte* application for a TRO again seeking an order that he be reinstated as a student pending the conclusion of this lawsuit. Plaintiff bases his current TRO application on his Rehabilitation Act Claim in the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | August 15, 2006 |
| Title | Jeffrey David Isaacs v. Univ. of S. Cal., et al. | | |

### B. THE REHABILITATION ACT CLAIM

The FAC fails even to identify Plaintiff's alleged disability, but asserts that he was harassed on the basis of this disability while in his first year of medical school at Keck and that, when he asserted his right to have Defendants' discriminatory behavior cease, Defendants took illegal action to subvert this basic entitlement. The substance of Plaintiff's Complaint alleges that a non-party, Amy Baughman, a medical school classmate continuously taunted Plaintiff because of his disability, whatever it might have been, which exacerbated Plaintiff's fragile state and rendered him unable to attend classes without interference and disturbance. Plaintiff claims that these actions caused him to fail a hematology final examination, after which he was suspended from Keck and later ordered not to trespass on the USC campus. Plaintiff then checked himself into the UCLA Emergency Room where he was hospitalized at the neuro-psychiatric hospital for approximately one month. After his discharge from the hospital, Plaintiff allegedly requested a medical leave of absence from Keck to be applied retroactively; he also claims that one of his physicians from UCLA provided USC with a statement suggesting that Plaintiff be permitted to return to Keck with counseling. On June 13, 2006, after a final dismissal hearing from Keck, Plaintiff was dismissed for what he calls an "essential [character] standards deficiency." (*Ex Parte* Application at 9). Plaintiff claims this dismissal was both discriminatory and retaliatory in violation of the Rehabilitation Act.

### C. DISCUSSION

In the Ninth Circuit, an "injunction is appropriate 'where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor.'" E. & J. Gallo Winery v. Andina Licores S.A., No. 05-16504, 2006 U.S. App. LEXIS 10799, at *13 (9th Cir. May 1, 2006); Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1174 (9th Cir. 1989). These two standards are not separate tests. Rather, they represent "two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000) (citation omitted). "The irreducible minimum . . . is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." E. & J. Gallo Winery, 2006 U.S. App. LEXIS 10799, at *13 (citations omitted).

Plaintiff's Application fails on numerous grounds. First, Plaintiff's FAC is itself deficient as to the Rehabilitation Act claims against USC. Nowhere in Plaintiff's FAC does he state the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-3338 GAF (Ex)                              Date   August 15, 2006

Title   Jeffrey David Isaacs v. Univ. of S. Cal., et al.

nature of his disability. Rather, in Plaintiff's Opposition to another motion now pending before this Court, he incorrectly asserts that "specifics such as Plaintiff's exact DSM-IV diagnosis are best left for later in the course of this proceeding." (Opp. to Mot. to Dismiss at 9). This vague statement falls short of meeting even the liberal pleading requirements of the Federal Rules. Since Plaintiff's FAC fails to state a claim under the Rehabilitation Act, Plaintiff cannot establish either a likelihood of success on its merits or serious questions going to the merits. See Car Carriers v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984); Maynard v. Bonta, No. CV 02-6539 (MMM), 2002 U.S. Dist. LEXIS 26728, at *66 (C.D. Cal. Dec. 2, 2002) ("[A]llegations contained in a plaintiff's opposition to a motion to dismiss cannot be considered in evaluating the sufficiency of the pleading."). While Plaintiff now presents some evidence regarding the nature of his disability, his evidence on that point, together with his meager showing regarding the alleged discriminatory animus on the part of USC and others, falls far short of establishing either a likelihood of success on the merits or the existence of substantial questions going to the merits.

Plaintiff also asserts a claim for retaliation under the Rehabilitation Act. However, there is no basis for concluding that Plaintiff has a likelihood of proving this cause of action, or even raising serious questions, since at this point in the proceedings the required causal connection between any alleged protected activity and Plaintiff's suspension and dismissal is tenuous at best.

Finally, despite his effort to characterize the requested relief as a cessation of Defendants' "interfer[ence] with Plaintiff's ability to study medicine" at Keck, Plaintiff actually seeks an order allowing him to attend classes after this dismissal. (*Ex Parte* Application at 2). This is not a preservation of the status quo, and "[m]andatory preliminary relief, which goes well beyond simply maintaining the status quo Pendente lite, is *particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party*." Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979) (emphasis added); accord Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994); Katie A. v. Bont, 433 F. Supp. 2d 1065 (C.D. Cal. 2006). Simply put, Plaintiff fails in coming close to satisfying the requirement of demonstrating a likelihood of success on the merits or even serious questions going thereto.

For these reasons, Plaintiff's Application is **DENIED**.

Plaintiff also seeks "limited expedited discovery to further establish the retaliatory nature of the administrative decisions made at Keck" so that he may further support his Application and Plaintiff lists several documents that he seeks "within 7 days." (*Ex Parte* Application at 16). Given the fact that Plaintiff's FAC coupled with the submitted evidence in the Application do

**LINK:**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | August 15, 2006 |
|---|---|---|---|
| Title | Jeffrey David Isaacs v. Univ. of S. Cal., et al. | | |

not come close to establishing a likelihood of success on the merits or even serious questions, most notably in demonstrating a causal link between his alleged disability or protected activity and his dismissal, the Court sees no need to depart from the ordinary discovery process that will ensue in due course. Thus, the request for expedited discovery is also **DENIED**.

IT IS SO ORDERED.