# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 06-3338 GAF (Ex) | Date August 15, 2006 |
| Title Jeffrey David Isaacs v. Univ. of So. Cal. | |

Present: The Honorable **GARY ALLEN FEESS**

| Marilynn Morris | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** (In Chambers)

### RULING ON DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION & BACKGROUND

During the 2005-06 school year, *pro se* Plaintiff Jeffrey Isaacs was enrolled as a student at the University of Southern California ("USC") Keck School of Medicine ("Keck"). He was dismissed this past June because of what he calls "essential [character] standards deficiency," and what USC has characterized as stalking and harassing some of his classmates. It is also undisputed that Plaintiff failed a final examination in at least one of his classes.

After his dismissal, Isaacs filed the present lawsuit against USC and various of its administrators (the "USC Defendants"), and the parent of one of his classmates, claiming that the Defendants discriminated against him because of an unstated psychological disability, and that they harassed him and made his condition worse. Among other things, he contends that the Defendants violated his rights under the Rehabilitation Act (the "Act"). Those claims are now set forth in Plaintiff's First Amended Complaint ("FAC").

### II. THE FIRST AMENDED COMPLAINT

The FAC alleges that Isaacs was admitted to the USC Keck School of Medicine and commenced his class work in August 2005 after having studied law for some period of time at Vanderbilt University. The FAC chronicles Isaacs's social problems with his classmates, including Amy Baughman ("Baughman"), commencing about halfway through the first semester of the school year after a class trip to Las Vegas. Although not a model of clarity, the FAC suggests that Isaacs made numerous contacts, and attempts to contact, Baughman outside of class. Isaacs contends that Baughman provoked him, that he told her that her provocations were affecting his psychiatric condition (unspecified but allegedly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-3338 GAF (Ex)                                 Date   August 15, 2006

Title   Jeffrey David Isaacs v. Univ. of So. Cal.

diagnosed in 1998), and that he wrote to her demanding that she stop her offending behavior. Isaacs concedes that he had an encounter with Baughman in the library which resulted in a shouting match where she told him to stay away from her. He also acknowledges that he responded to this event by sending her a series of "anxious, emotionally-charged text messages."

After these incidents, Baughman went to Defendant Peter Katsufrakis, the Associate Dean of Student Affairs, regarding the text messages. Katsufrakis arranged meetings with Baughman and Isaacs in which he attempted to discuss the situation and endeavored to persuade Isaacs to voluntarily accept a stay-away order. Isaacs admits that he refused and that he demanded that Baughman be directed to cease taunting and harassing him on the basis of Isaacs's alleged disability. Isaacs alleges that this request was denied.

Isaacs continued to attempt contact with Baughman over the winter break, which eventually led to her father, Defendant Robert Baughman ("Defendant Baughman"), who is allegedly the head of the National Institute of Health (NIH) Neurological Diseases Division, contacting USC regarding Isaacs. Isaacs alleges that Defendant Baughman was having improper contacts with both Defendant Katsufrakis, and co-defendant Brian E. Henderson, Dean of the medical school. Having heard of this contact, Isaacs threatened to file a civil suit against "Baughman" (whether father, daughter, or both is unspecified). The FAC asserts that, on the following day, two campus police served Isaacs with a stay-away order while he was attending a class. Isaacs inferred from this event that Defendant Baughman had improperly contacted USC to damage his standing as a medical student at USC and demanded, in writing, that they cease any such further action.

Isaacs contends that he then heard from a fellow student, David Braxton, who demanded that Isaacs stay away from Amy Baughman and then "spearheaded a retaliatory complaint" with USC's Student Performance Committee to consider Isaacs's status as a medical student. In the meantime, Isaacs: (1) failed his hematology final exam; and (2) contacted Baughman in violation of the stay-away order to discuss a resolution of their problem. Thereafter, Isaacs attended a disciplinary hearing before the Student Performance Committee where he did not contest most of the allegations against him, though he now claims they were false. A day later, the committee notified him that he had been suspended and that his dismissal was imminent. Traumatized by these events, Isaacs checked himself into the UCLA Neuro-Psychiatric Hospital for a month. When he was released, he contends that one of his treating physicians provided him with a letter suggesting Isaacs's reinstatement and a program of support for his disability. USC denied the request.

Isaacs contends that his harassment continued even in his absence. In the meantime, USC scheduled and conducted the dismissal hearing over Isaacs's objection. On June 13, 2006 Isaacs was dismissed from the medical school. Isaacs claims that, at this hearing and the earlier suspension hearing, Defendant Katsufrakis and co-defendant James M. H. Ball, counsel for USC, prevented evidence from being presented, prevented a key witness from testifying, and interfered with his right to due process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | August 15, 2006 |
| Title | Jeffrey David Isaacs v. Univ. of So. Cal. | | |

### III. DISCUSSION

#### A. THE MOTION & GOVERNING LEGAL STANDARD

The USC Defendants now move under Rule 12(b)(6) to dismiss all claims stated against them on multiple grounds. A motion to dismiss a complaint tests the legal sufficiency of the claims asserted. Fed. R. Civ. P. 12(b)(6). Dismissal pursuant to Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). The Court accepts as true all factual allegations pleaded in the complaint and draws all reasonable inferences in favor of the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

#### 1. EXHAUSTION OF ADMINISTRATIVE REMEDIES

USC Defendants argue that the Second, Third and Fourth Causes of Action for Intentional Infliction of Emotional Distress, Breach of Contract and violation of Section 1983 must be dismissed for Plaintiff's failure to exhaust his administrative mandamus remedy under Cal. Code Civ. P. § 1094.5.[1] California case law holds that this section indeed applies to administrative decisions by private universities. E.g., Pomona Coll. v. Super. Ct., 45 Cal. App. 4th 1716, 1722-27 (Ct. App. 1996). It does not apply, however, to claims alleging discrimination, id., at 1724 n.4, 1726-27, which USC Defendants recognize by excluding the Rehabilitation Act Claim from this aspect of the motion. The question for this Court is whether a non-discrimination cause of action that is factually rooted in allegedly discriminatory conduct is subject to the exhaustion requirement. While the Court can find no California authority directly on point, the Court concludes that the allegations of the Second and Third Causes of Action are sufficiently intertwined with the discrimination claim that Isaacs need not exhaust administrative remedies under Section 1094.5. Accordingly, the motion to dismiss the Second and Third Claims for failure to exhaust is **DENIED**.

#### 2. THE REHABILITATION ACT CLAIM

Plaintiff alleges that Defendants USC, Henderson, Katsufrakis, and Ball, by suspending him and then dismissing him, denied Plaintiff a reasonable accommodation for his disability, including the ability to take a retroactive medical leave of absence from Keck. Though lacking generally in coherence and clarity, the FAC nonetheless contains language alleging a violation of the Act under both the disability

---

[1] Plaintiff's fourth cause of action for an alleged civil rights deprivation is asserted only against Defendant Baughman who is not a party to this motion since he has not been served with the FAC. (Not. of Mot. at 1-2; Reply at 1 n.1). See, e.g., Mantin v. Broad. Music, Inc., 248 F.2d 530, 531 (9th Cir. 1957) ("[T]he moving defendants, obviously, had no standing to seek dismissal of the action as to the nonmoving defendants."). Thus, the moving Defendants may not assert this exhaustion argument on behalf of Defendant Baughman.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-3338 GAF (Ex)                                    Date   August 15, 2006

Title   Jeffrey David Isaacs v. Univ. of So. Cal.

and retaliation prongs.

### a. The Elements

The Act prohibits discrimination by organizations receiving federal funding. Specifically, the section provides, in part:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a); Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005). Thus, to make out a prima facie case under the Act, Plaintiff must show that: (1) he is a disabled person within the meaning of the Act; (2) he is otherwise qualified for the services sought, i.e., that Plaintiff can meet the essential eligibility requirements of the school, with or without reasonable accommodation; (3) he is being excluded from the services solely by reason of his disability; and (4) the program in question receives federal financial assistance. Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir. 1999). "To recover monetary damages under . . . the Rehabilitation Act [as requested in this case], a plaintiff must [also] prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

The Court agrees with Defendants that, although mental disabilities are encompassed by the Act, Coons v. Sec'y of the U.S. Dep't of the Treasury, 383 F.3d 879, 884 (9th Cir. 2004), Plaintiff has not adequately pled a disability in his FAC. Nowhere in Plaintiff's FAC does he state the nature of his disability. Rather, Plaintiff's Opposition incorrectly asserts that "specifics such as Plaintiff's exact DSM-IV diagnosis are best left for later in the course of this proceeding." (Opp. at 9). This leaves the Defendant without adequate notice to formulate a response or a defense to the claim. And while Plaintiff in his opposition finally reveals that his alleged disability is Post-Traumatic Stress Disorder ("PTSD") and Post-Concussion Syndrome ("PCS"), (Opp. at 5), "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Car Carriers v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984); Maynard v. Bonta, No. CV 02-6539 (MMM), 2002 U.S. Dist. LEXIS 26728, at *66 (C.D. Cal. Dec. 2, 2002). Thus, on this basis alone the disability discrimination claim under the Rehabilitation Act is deficient. The motion is therefore **GRANTED WITH LEAVE TO AMEND.**

### b. The Individual Defendants

The non-institutional defendants have no liability under the Act. The Act applies to those who actually receive federal funding and administer programs, NCAA v. Smith, 525 U.S. 459, 467 (1999), and there is no indication from the FAC – nor any reasonable basis – to conclude that the individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | August 15, 2006 |
| Title | Jeffrey David Isaacs v. Univ. of So. Cal. | | |

Defendants themselves are direct recipients of federal funding in this case, and even if they were, they, in their individual capacities – unlike USC itself – do not administer any program under the Act. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc); Campos v. San Francisco State Univ., No. C-97-2326 (MMC), 1998 U.S. Dist. LEXIS 22615, at *27-*28 (N.D. Cal. June 26, 1998). Moreover, there is no basis under the statute for naming these individuals in their so-called representative capacities. See Coddington v. Adelphi Univ., 45 F. Supp. 2d 211, 217 (E.D.N.Y. 1999). Accordingly, as to the individually named Defendants, the disability discrimination Rehabilitation Act claim is **DISMISSED WITH PREJUDICE**. See Baublitz v. California, No. C 98-434 (CRB), 1998 U.S. Dist. LEXIS 11550, at *3 (N.D. Cal. July 27, 1998) (dismissing with prejudice a Rehabilitation Act claim since it was "not meant to impose individual liability on employees").[2] If Plaintiff chooses to amend his complaint and file a Second Amended Complaint, he may replead the Rehabilitation Act claims only against USC.

### 3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under California law, a prima facie case of IIED requires: (1) extreme and outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Dove v. PNS Stores, 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). It is *"not enough to simply allege inaction on the part of the defendant."* Id. at 1425 (citations omitted) (emphasis added). That is, the "defendant must act either with the intent to inflict injury or the realization that injury will result." Id.

The FAC fails to state a claim because it does not allege "[c]onduct . . . so extreme as to exceed all bounds of that usually tolerated in a civilized community." Christensen v. Super. Ct., 54 Cal. 3d 868, 903 (1991). Jury instruction 12.74, set out in the California Book of Approved Jury Instructions, states:

---

[2] In addition to his *discrimination* Rehabilitation Act claim, Plaintiff purports also to assert a *retaliation* claim under the Rehabilitation Act. The FAC is unclear, but "[c]ourts have a duty to construe pro se pleadings liberally." Bernhardt v. County of Los Angeles, 339 F.3d 920, 925 (9th Cir. 2003). The claim requires Plaintiff to *plead*: (1) that he engaged in a statutorily protected activity; (2) that an adverse action was taken against him; and (3) a causal connection between the adverse action and the protected activity. Coons, 383 F.3d at 887; Mershon v. St. Louis Univ., 442 F.3d 1069, 1074 (8th Cir. 2006). While Defendants do not challenge the retaliation claim on pleading grounds like they do with the discrimination claim, Defendants do contend that the Act does not impose individual liability for any claim thereunder, retaliation *or* discrimination. For similar reasons to those discussed, the Court concludes that the Rehabilitation Act retaliation claim is also barred against the individual Defendants. See Hiler v. Brown, 177 F.3d 542, 547 (6th Cir. 1999) ("[I]ndividuals who do not otherwise meet the statutory definition of 'employer' cannot be held liable under the Rehabilitation Act's anti-retaliation provision.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-3338 GAF (Ex)                               Date   August 15, 2006

Title   Jeffrey David Isaacs v. Univ. of So. Cal.

Extreme and outrageous conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. Extreme and outrageous conduct is not mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. All persons must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind.

Here, as a matter of law, Plaintiff cannot satisfy this standard. The facts set forth in the FAC describe a series of interpersonal problems that ultimately came to the attention of the USC Defendants, who first attempted to mediate, and ultimately to adjudicate against Plaintiff, a dispute between and among medical students. Even if the Court assumes the truth of everything that Plaintiff alleges against the USC Defendants and even assuming that those facts establish a basis for pursuing other claims against those Defendants, the conduct taken as a whole does not meet the extreme and outrageous standard. Accordingly, the motion to dismiss this claim is **GRANTED** and it is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 4. BREACH OF CONTRACT

Plaintiff has not and cannot allege that he had any contract with the individual Defendants. Accordingly, as to Defendants Katsufrakis, Henderson, and Ball, the motion to dismiss is **GRANTED** and the claim against them is **DISMISSED WITHOUT LEAVE TO AMEND**.

To plead breach of contract against USC, Isaacs must plead: (1) the existence of the contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damages to the plaintiff. Reichert v. Gen. Ins. Co., 68 Cal. 2d 822, 830 (1968); Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388 (Ct. App. 1990). Here while Plaintiff has made vague references to documents, such as the Student Handbook, even under the Rule 8 standard, Plaintiff has failed to plead *what* contract existed, the performance or excuse of his obligations, and *how* it was breached. Rather, Plaintiff vaguely refers to "numerous explicit and implicit contractual rights with Defendant USC and its agents" which were breached through acts of "favoritism." (FAC ¶ 40). This is insufficient. The motion to dismiss this claim as against USC is **GRANTED** but with **LEAVE TO AMEND**.

### IV. CONCLUSION

As set forth in detail above, the motion is **GRANTED IN PART** and **DENIED IN PART**. To the extent the Court has given leave to amend, the Second Amended Complaint must be filed on or before **Friday, September 8, 2006**.

IT IS SO ORDERED.