1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

JUN - 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Isaacs

Plaintiff(s),

v.

USC

Defendant(s)

Case No. CV06-3338 GAF

**SCHEDULING AND CASE MANAGEMENT ORDER**

**SEE LAST PAGE FOR PRETRIAL AND TRIAL DATES**

The purpose of this Order is to enable the parties and their counsel to know well in advance the schedule to which they will be expected to adhere. SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES. Ordinarily the dates set forth on the last page are determined after consultation with the parties at the Rule 26(f) Scheduling Conference, and this Order is distributed to them at that time. Accordingly, the dates and requirements are firm. The Court is very unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing. **Because this order, in some respects modifies the applicable Local Rule of Civil Procedure, counsel are advised to read it carefully to avoid default on the obligations established herein. Counsel are advised to pay particular attention to the requirements of the Court in respect to the filing of motions for summary judgment and documents to be submitted at the pre-trial conference and trial.**

**I. DISCOVERY CUTOFF**

DOCKETED ON CM

JUN 13 2007

BY              021



1    All discovery shall be completed by the discovery cutoff on the last page. **THIS**

2  **IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS**

3  **THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.**

4    Any motion challenging the adequacy of responses to discovery must be filed

5  timely, served and calendared sufficiently in advance of the discovery cutoff date to

6  permit the responses to be obtained before that date, if the motion is granted.  The

7  Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of

8  discovery motions.  Except in the case of an extreme emergency which was not created

9  by the lawyer briefing the motion, discovery motions may not be heard on ex parte

10  application.

11    In an effort to provide further guidance to the parties, the Court notes the

12  following:

13    1. Depositions.  All depositions shall be scheduled to commence

14  sufficiently in advance of the discovery cutoff date to permit their completion and

15  to permit the deposing party enough time to bring any discovery motions

16  concerning the deposition prior to the cutoff date.

17    2. Written Discovery.  All interrogatories, requests for production of

18  documents, and requests for admissions shall be served sufficiently in advance

19  of the discovery cutoff date to permit the discovering party enough time to

20  challenge (via motion practice) responses deemed to be deficient.

21    3. Discovery Motions.  Whenever possible, the Court expects the parties

22  to resolve discovery problems among themselves in a courteous, reasonable

23  and professional manner.  If they do so, resort to the Court for guidance in

24  discovery is seldom necessary.  The Magistrate Judge assigned to this case will

25  rule on discovery motions.

26    4. Expert Discovery.  Expert discovery is to be concluded by the

27  discovery cutoff date.  Accordingly, the disclosure of expert witnesses in full

28  compliance with Rule 26(a)(2), Fed.R.Civ.P. is ordered no later than seventy (70)

1    days before the discovery cutoff.  Counter-designations are to be made pursuant

2    to Federal Rules of Civil Procedure Rule 26(a)(2)(C).

3         5. Rule 26(e)(1) Supplementation: To insure that the parties attend to

4    their obligation to supplement their Rule 26(a) disclosures, the Court has

5    established a date by which it expects all supplementation to be completed

6    except for information discovered after that date.

7  **II.    MOTIONS AND MOTION CUTOFF DATE**

8      **A.    GENERAL PROVISIONS**

9         All law and motion matters, except for motions in limine, must be set for <u>hearing</u>

10   (not filing) by the motion cutoff date specified on the last page.

11        The parties must adhere to the requirements of the Local Rules.  *See* Local

12   Rules 7-1 et seq.  If any party does not oppose a motion, that party shall submit a

13   written statement that it does not oppose the motion in accordance with Local Rule

14   7-16.  The parties should note that failure to meet the time limits set forth in Local Rule

15   7 may be deemed consent to the granting of the motion.  Local Rule 7-12.  The Court

16   will not decide late-filed motions.

17        To insure that the Court receives oppositions and replies in a timely fashion,

18   courtesy copies *conformed to reflect that they have been filed*, should be deposited

19   in the drop box in the back entrance way to the chambers of Courtroom 740.

20        Issues left undetermined after the passage of the motion cutoff date should be

21   listed as issues for trial in the pre-trial conference order.  As an exception to the above,

22   motions in limine dealing with evidentiary matters may be heard pursuant to the

23   schedule attached hereto; however, the Court will not hear or resolve summary

24   judgment motions disguised as motions in limine.  In addition, delay which interferes

25   with preparation by the Court and its staff may cause imposition of sanctions under

26   Local Rule 83-7.

27        Ex parte practice is strongly discouraged.  See <u>Mission Power Eng. Co. v.</u>

28   <u>Continental Casualty Co.</u>, 883 F.Supp. 488 (C.D. Calif. 1995).  The Court will require

3

1  strict adherence to proper ex parte procedures for any ex parte application filed with the

2  Court. Id., at 492; See Local Rule 7-19.

3  **B.   APPLICATIONS AND STIPULATIONS TO EXTEND TIME**

4  Applications to extend the time to file any required document or to continue any

5  pretrial or trial date must set forth

6  (i)  the existing due date or hearing date;

7  (ii) specific, concrete reasons supporting good cause for granting the extension.

8  In this regard, a statement that an extension "will promote settlement" is insufficient.

9  The requesting party or parties must indicate the status of ongoing negotiations: Have

10  written proposals been exchanged? Is counsel in the process of reviewing a draft

11  settlement agreement?  Has a mediator been selected?

12  (iii) whether there have been prior requests for extensions, and whether these

13  were granted or denied by the Court.

14  **C.   SUMMARY JUDGMENT MOTIONS**

15  As caseloads increase, the Court is seeing a corresponding increase in

16  the filing of motions for summary judgment.  These motions frequently do not comply

17  with the requirements of the Local Rules in one or more respects, and there are

18  ambiguities in the Local Rules regarding the preparation of the Separate Statement of

19  Undisputed Facts and related materials.   As a result the Court is receiving documents

20  in a wide variety of formats, some that are not in compliance and some that may

21  technically comply with the literal language of the rule, but which are confusing, difficult

22  to decipher and interfere with the Court's ability to address these motions in an efficient

23  and expeditious manner.  To increase the  Court's efficiency, and to assist counsel in

24  structuring and focusing these motions, the Court is issuing the following order

25  regarding the filing motions for summary judgment in this Court.  The Court will require

26  strict adherence to these requirements.

27

28  1. Separate Statement Of Undisputed Facts and Statement of Genuine Issues

4

1    The Separate Statement of Undisputed Facts is to be prepared in a two column

2    format.  The left hand column should set forth the allegedly undisputed fact.  The right

3    hand column should set forth the evidence that supports the factual statement.  The

4    fact statements should be set forth in sequentially numbered paragraphs.  Each

5    paragraph should contain a narrowly focused statement of fact.  The Court has

6    observed cases where an allegedly undisputed fact was set forth in three pages of text.

7    This is unacceptable.  Each numbered paragraph should address a single subject in as

8    concise a manner as possible.

9    The opposing party's statement of genuine issues must be in two columns and

10    track the movant's separate statement exactly as prepared.  The document must be in

11    two columns; the left hand column must restate the allegedly undisputed fact, and the

12    right hand column must indicate either undisputed, or disputed.  The opposing party

13    may dispute all or only a portion of the statement, but if disputing only a portion, must

14    clearly indicate what part is being disputed.   Where the opposing party is disputing the

15    fact in whole or part, the opposing party must, in the right hand column, label and

16    restate the moving party's evidence in support of the fact, followed by the opposing

17    party's  evidence controverting the fact.   Where the opposing party is disputing the fact

18    on the basis of an evidentiary objection, the party must cite to the evidence alleged to

19    be objectionable and state the ground of the objection and nothing more.  **No**

20    **argument should be set forth in this document**.

21    The opposing party may submit additional material facts that bear on or relate to

22    the issues raised by the movant, which shall follow the format described above for the

23    moving party's separate statement.  These additional facts shall follow the movant's

24    facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last

25    statement of fact was set forth in paragraph 30, then the first new fact will be set forth in

26    paragraph 31), and shall set forth in the right hand column the evidence that supports

27    that statement.

28    The moving party, in its reply, shall respond to the additional facts in the same

5

1   manner and format that the opposition party is required adhere to in responding to the

2   statement of undisputed facts, as described above.

3        2. Supporting Evidence

4        No party should submit any evidence other than the specific items of evidence or

5   testimony necessary to support or controvert a proposed statement of undisputed fact.

6   Thus, for example, the entire transcript of a deposition, entire sets of interrogatory

7   responses, and documents that do not specifically support or controvert material in the

8   separate statements, should not be submitted in support or opposition to a motion for

9   summary judgment.  Any such material will not be considered.

10       Evidence submitted in support or opposition to a motion should be submitted

11  either by way of stipulation or as exhibits to declarations sufficient to authenticate the

12  proffered evidence, and should not be attached to the Memorandum of Points and

13  Authorities.  The Court will accept counsel's authentication of deposition transcript, of

14  written discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that</u>

15  <u>the document was in the opponent's possession is of independent significance</u>.

16  Documentary evidence as to which there is no stipulation regarding foundation must be

17  accompanied by the testimony, either by declaration or properly authenticated

18  deposition transcript, of a witness who can establish its authenticity.

19       3. Objections to Evidence

20       If a party disputes a fact based in whole or in part on an evidentiary objection,

21  the ground of the objection, as indicated above, should be stated in the separate

22  statement but not argued in that document.  Evidentiary objections are to be addressed

23  in a separate memorandum to be filed with the opposition or reply brief of the party.

24  This memorandum should be organized **to track the paragraph numbers of the**

25  **separate statement in sequence**.  It should identify the specific item of evidence to

26  which objection is made, the ground of the objection, and a very brief argument with

27  citation to authority as to why the objection is well taken.   The following is an example

28  of the format contemplated by the Court:

6

1    <u>Separate Statement Paragraph 1</u>: Objection to the supporting deposition

2    transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes

3    inadmissible hearsay and no exception is applicable.  To the extent it is offered

4    to prove her state of mind, it is irrelevant since her state of mind is not in issue.

5    Fed. R. Evid. 801, 802.

6    **N.B:  DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

7    **OPPONENT'S STATEMENTS OF UNDISPUTED FACT: THESE WILL BE**

8    **DISREGARDED AND OVERRULED.**

9    4.  <u>The Memorandum of Points and Authorities</u>

10    The movant's memorandum of points and authorities should be in the usual form

11    required under Local Rule 7 and should contain a narrative statement of facts as to

12    those aspects of the case that are before the Court.  All facts should be supported with

13    citations to the paragraph number in the Separate Statement that supports the factual

14    assertion <u>and not to the underlying evidence</u>.

15    Unless the case involves some unusual twist on Rule 56, the motion need only

16    contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and

17    with its interpretation under <u>Celotex</u> and its progeny.  If at all possible, the argument

18    should be organized to focus on the pertinent elements of the cause(s) of action or

19    defense(s) in issue, with the purpose of showing the existence or non-existence of a

20    genuine issue of material fact for trial on that element of the claim or defense.

21    Likewise, the opposition memorandum of points and authorities should be in the

22    usual form required by Local Rule 7, and where the opposition memorandum sets forth

23    facts, the memorandum should cite to paragraphs in the separate statement if they are

24    not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or,

25    if the fact is contravened by an additional fact in the statement of genuine issues, the

26    citation should be to such fact by paragraph number.

27

28    5.  <u>Timing</u>

7

1    In virtually every case, the Court expects that the moving party will provide more

2    than the minimum twenty-one (21) day notice for such motions. The moving party

3    should deliver to chambers a copy of a diskette, in WordPerfect format (9.0 or earlier

4    versions), containing the Statement of Uncontroverted Facts and Conclusions of Law.

5    [*NOTE: Parties need not wait until the motion cutoff to bring motions for*

6    *summary judgment or partial summary judgment. Early completion of non-expert*

7    *discovery and filing of motions for summary judgment may eliminate or reduce*

8    *need for expensive expert depositions which are normally conducted in the last*

9    *stages of discovery.*]

10    **D.    ORAL ARGUMENT**

11    If the Court concludes that a motion can be resolved without argument,  the

12    Court will notify the parties in advance.  If there is a hearing, tentative rulings will

13    normally be available in the courtroom approximately one-half hour before the call of

14    the calendar.  The parties are expected to be familiar with the tentative ruling at the

15    time of argument.

16    **E.    MOTIONS IN LIMINE**

17    The parties must file motions in limine addressing the admissibility of evidence in

18    accordance with Local Rule 7-3 by the date specified on the last page.    The parties

19    shall file their opposing and reply papers in accordance with Local Rules 7-9 and 7-10

20    respectively.

21    **III.    PRE-TRIAL CONFERENCE AND LOCAL RULE 9 FILINGS**

22    **A.    GENERAL PROVISIONS**

23    The Pre-Trial Conference ("PTC") will be held at 3:30 P.M. on the date specified,

24    unless the Court expressly waived a PTC at the Status Conference.  (In the rare cases

25    where the Court waives a PTC, the parties must follow Local Rule 16-10.)  If

26    adjustments in the Court's calendar to accommodate congestion become necessary,

27    the Court may re-calendar the PTC instead of the trial date.  Therefore, the parties

28    should assume that if the PTC goes forward, the trial will go forward without

8

1  continuance, although some brief period of trailing may prove necessary.

2      The lead trial attorney on behalf of each party shall attend both the PTC and all

3  meetings of the parties in preparation of the PTC, unless excused for good cause

4  shown in advance of the PTC.

5      A continuance of the PTC at the parties' request or by stipulation is <u>highly</u>

6  unlikely.  Specifically, failure to complete discovery is not a ground for continuance.   In

7  the unlikely event that the Court agrees to continue the PTC, the trial date is likely to be

8  delayed as a result.  If a change in the trial date is necessitated or likely because of the

9  Court's calendar or otherwise, modifications of that date will be discussed at the PTC.

10      At the PTC, the parties should be prepared to discuss means of streamlining the

11  trial, including, but not limited to:  bifurcation; presentation of foundational and non-

12  critical testimony and direct testimony by deposition excerpts; narrative summaries

13  and/or stipulations as to the content of testimony; presentation of testimony on direct

14  examination by affidavit or by declaration subject to cross-examination; and qualification

15  of experts by admitted resumes.   The Court will also discuss settlement.

16      **B.**    **FORM OF PRE-TRIAL CONFERENCE ORDER ("PTCO")**

17      The proposed PTCO shall be lodged fourteen (14) calendar days before the

18  PTC.  Adherence to this time requirement is necessary for in-chambers preparation of

19  the matter.   The form of the proposed PTCO shall comply with Appendix A to the Local

20  Rules and the following:

21      1.    Place in "ALL CAPS" and in **bold** the separately numbered headings for

22  each category in the PTCO (*e.g.*, "**<u>1.  THE PARTIES</u>**" or "**<u>7.  CLAIMS AND DEFENSES</u>**

23  **<u>OF THE PARTIES</u>**".)

24      2.    Include a Table of Contents at the beginning.

25      3.    In specifying the surviving pleadings under Section 1, please state which

26  claims or counterclaims have been dismissed or abandoned.  *E.g.* "Plaintiff's second

27  cause of action for breach of fiduciary duty has been dismissed."  Also, in multiple party

28  cases where not all claims or counterclaims will be prosecuted against all remaining

parties on the other side, please specify to which party each claim or counterclaim is directed.

4.     In drafting Sections 5 and 6 of the PTCO, the Court expects that the parties will attempt to agree on and set forth as many non-contested facts as possible. The Court will usually read the uncontested facts to the jury at the start of the trial.  A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

5.     *In specifying the parties' claims and defenses under Section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.*  As those examples demonstrate, the parties should attempt to state issues in terms of **the elements of the claims or defenses** (ultimate facts), not in the form of evidentiary fact issues, which outline the elements of the claims and defenses.  The elements to most claims and defense can be found in the Ninth Circuit Model Jury Instructions, the California Book of Approved Jury Instructions (BAJI), and Devitt & Blackmar.  Counsel are reminded that the purpose of this section is to focus and clarify the issues to be presented at trial.  No argument is to be included in this section.

6.     The Court may well submit fact issues to the jury in the form of findings on a special verdict.   The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

**C.     RULE 16 FILINGS; MEMORANDA; WITNESS LISTS; EXHIBIT LISTS**

The parties must comply fully with the requirements of Local Rule 16.  They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance with Local Rules 16-3, 16-4 and 16-5.  See the last page for dates.

**D.     TRIAL WITNESS TIME ESTIMATE FORM**

At the pre-trial conference the parties will be given a Joint Trial Witness Time Estimate Form, which they will be required to fill in and give to the Court on the first day of trial.

**E.    JURY INSTRUCTIONS, VERDICT FORMS, SPECIAL INTERROGATORIES**

1.    Fourteen (14) days before the Rule 16 meeting, the parties shall exchange proposed jury instructions, verdict forms and special interrogatories. Seven (7) days before the meeting, counsel shall exchange written objections, if any, to proposed jury instructions, verdicts and special interrogatories. At the Rule 16 meeting, the parties shall confer with the objective of submitting one set of agreed upon substantive instructions, verdict forms and, if necessary, special interrogatories. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. The Court would appreciate the parties delivering to chambers a copy of these filings on disk in WordPerfect 9.0 format at the time the documents are filed.

2.    If the parties cannot agree upon one complete set of substantive instructions, verdict forms and/or special interrogatories, they shall file two documents with the Court: a joint document reflecting the agreed upon instructions, verdict forms, and a second document in the form of a joint statement regarding the disputed instructions, verdicts and interrogatories in the following format for each instruction, verdict or interrogatory in issue:

(a) A separate page containing the text of the disputed language with an identification of the party proposing it;

(b) Following the instruction, the opposing party's statement of objections to the instruction along with legal authority in support of the argument (not to exceed one page) and proposed alternative language where appropriate;

(c) The proposing party's response to the objection with legal authority supporting the proposed language, not to exceed one page.

Both the agreed on set, and the joint statement re disputed instructions are to be filed with the Pre-Trial Conference Order and other Rule 16 documents fourteen (14)

days before the Pre-Trial Conference.

3.     All proposed jury instructions shall be in the format specified by Local Rule 51-2. The parties need not submit a separate copy of instructions without citations to authority.

4.     A table of contents shall be included with all jury instructions submitted to the Court. The table of contents shall set forth the following:

(a)     The number of the instruction;

(b)     A brief title of the instruction;

(c)     The source of the instruction; and

(d)     The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Burden of Proof | 9th Cir. 12.2 | 5 |

5.     The Court directs counsel to use the instructions from the *Manual of Model Jury Instructions for the Ninth Circuit* (West 1997) where applicable.  Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use *California Civil Jury Instructions - Civil* (BAJI).  If neither of these sources is applicable, counsel are directed to use the instructions in Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions.*

6.     Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

**F.     JOINT STATEMENT OF THE CASE AND REQUESTS FOR VOIR DIRE**

At the Pre-Trial Conference, the parties shall lodge their proposed voir dire questions and their joint statement of the case which the Court shall read to all prospective jurors prior to the commencement of voir dire.  The statement should be not longer than two or three paragraphs.

The Court conducts voir dire of all prospective jurors. The parties need not

12

1  submit requests for standard voir dire questions, such as education, current occupation,

2  marital status, prior jury service, etc., but should include only proposed questions

3  specifically tailored to the parties and issues of the case.

4  ### G.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

5         For a non-jury trial, the parties shall lodge their proposed findings of fact and

6  conclusions of law in accordance with Local Rule 52-1 not later than one week before

7  trial.  The court would appreciate the parties delivering to chambers a copy of these

8  findings on disk in WordPerfect 9.0 format.  Please see the Court's Civil Trial Order.

9  ### IV.    SETTLEMENT

10        Local Rule 16-14.2 provides that the Settlement Conference shall be concluded

11  not later than 45 days before the Pretrial Conference.  This Court requires a slightly

12  different approach.  The Settlement Conference shall take place not later than three

13  weeks before the Pre-Trial Conference, which is after discovery is closed and motions

14  have been heard.  The Court expects that completion of all discovery and dispositive

15  motions will help the parties assess their positions before they complete the costly pre-

16  trial process under Local Rule 16.  But sometimes parties find it more difficult to settle

17  after they incurred the cost of all discovery and motion practice.  The Court therefore

18  strongly encourages counsel and the parties to pursue settlement earlier.  In any event,

19  as indicated in the Schedule of Pretrial Dates attached hereto, the parties must file a

20  Status Report re Settlement at the time that they lodge the Proposed Pretrial

21  Conference Order, indicating whether they have conducted the Local Rule 16

22  Settlement Conference and/or what additional steps are being taken to achieve

23  settlement.

24        This Court will not conduct settlement conferences in non-jury cases which he is

25  to try.  In jury cases, the Court will conduct a settlement conference at the parties' joint

26  request if three conditions exist:

27        1.  The parties are satisfied that the fact issues in the case will be tried to a jury.

28        2.  All significant pre-trial rulings which the Court must make have been made.

1    3.  The parties desire the Court to conduct the conference, understanding that if

2    settlement fails, the Court will preside over trial of the case.

3        If the parties are inclined to select this Court to conduct the a settlement

4    conference, the parties should consult the Court's Standing Order re Settlement

5    Conference so that they fully understand the Court's requirements for the settlement

6    conference.  That order will govern the settlement conference procedures before this

7    Court, but may also serve as a useful reference for settlement conferences conducted

8    pursuant to the other available procedures.  Copies of that and all other standard orders

9    of this Court are available through the Courtroom Deputy Clerk or on the Central District

10   of California website, at "www.cacd.uscourts.gov".

11   **V.    CONCLUSION**

12       The Court thanks the parties and their counsel for their anticipated cooperation

13   in carrying out these requirements.

14   IT IS SO ORDERED.

15   DATED:   6-4-07

16                                              **GARY ALLEN FEESS**
                                                **United States District Judge**

14

# JUDGE GARY ALLEN FEESS
## SCHEDULE OF TRIAL AND PRETRIAL DATES[1]

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| Trial (jury (court) Estimated length: ____ days | 8:30 am | | | | 7/25/08 |
| [Jury trial]  Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 9:30 am | -1 | | | 3/17/08 |
| [Court trial] File Findings of Fact and Conclusions of Law; Hearing on Motions in Limine | 9:30 am | -1 | | | |
| Pretrial Conference; Motions in Limine to be filed; Proposed Voir Dire Qs Lodged and Agreed-to Statement of Case | 3:30 pm | -4 | | | 2/25/08 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; File Status Report re Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | | -6 | | | 1/21/08 |
| Last date to conduct Settlement Conference | | -8 | | | 2/1/08 |
| Last day for hearing motions | 9:30 a.m. | -9 | | | 1/21/08 |
| Discovery cut-off | | -10 | | | 12/28/07 |
| Rule 26(e)(1) Supplementation | | | | | |
| Last to Amend Pleadings or Add Parties | | | | | 6/29/07 |

---

[1]  Review the Court's Order re "Rule 26(f) Scheduling Conference" to be sure of the meaning of these terms.