

**LINK: 45**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3338 GAF (Ex) | Date | August 27, 2007 |
|---|---|---|---|

| Title | Isaacs v. University of Southern California, et al. |
|---|---|

---

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Marilynn Morris | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

### ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO AMEND, APPOINTMENT OF COUNSEL, AND FOR ORDER TO PRESERVE EVIDENCE

### I. INTRODUCTION & BACKGROUND

*Pro se* Plaintiff Jeffrey David Isaacs brings this action against the University of Southern California ("USC") and various individuals, alleging that he has been discriminated against because of his post-traumatic stress disorder and "Bipolar II Affective Disorder." Plaintiff contends that during his first year of medical school at USC, a fellow female classmate ridiculed and harassed him, thereby exacerbating his medical disabilities. According to Plaintiff, Administrators at the medical school did not help him overcome his emotional distress, but rather were influenced by the taunter's father, Robert Baughman, who is also the director of the National Institutes of Health Neurological Disease division, to retaliate against Plaintiff and portray the taunter as a victim of stalking and harassment. After administrative hearings regarding his alleged harassment of his classmate, he was suspended and dismissed from USC.

Plaintiff initiated this action against USC and Baughman on May 30, 2006. On June 20, 2006, Plaintiff expanded the action in a First Amended Complaint ("FAC") naming as defendants USC, Baughman, Brian E. Henderson (the Dean of the medical school), Peter J. Katsufrakis (Associate Dean of Student Affairs at the medical school), and James M.H. Ball (university counsel for USC). On August 15, 2006, the Court granted in part and denied in part Defendants' motion to dismiss the FAC. Thereafter, on September 7, 2006, Plaintiff filed a Second Amended Complaint ("SAC") – the operative complaint here. The Court later granted in part and denied in part Defendants' motion to dismiss the SAC.

---

CV-90 (06/04)                     **CIVIL MINUTES - GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | August 27, 2007 |
| Title | Isaacs v. University of Southern California, et al. | | |

On June 4, 2007, the Court conducted a Scheduling Conference, issued a Scheduling and Case Management Order, and set the last day to amend pleadings or add parties for June 29, 2007. Plaintiff attempted to file a Third Amended Complaint ("TAC") on June 29, 2007, but the document was rejected because he failed to seek leave to amend. Subsequently, on July 18, 2007, Plaintiff moved for leave to file the TAC, for appointment of counsel, and for an order to preserve evidence. Based on the moving, opposing, and reply papers submitted, the Court **DENIES** the motion in its entirety.

## II. DISCUSSION

### A. MOTION FOR LEAVE TO AMEND

#### 1. The Legal Standard

"[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). Rule 16(b) provides for the district court judge to "enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; (2) to file motions; and (3) to complete discovery." Fed. R. Civ. P. 16(b). The scheduling order "control[s] the subsequent course of the action" unless modified by the court. Fed. R. Civ. P. 16(e). Unless a court order is obtained permitting late filing, motions filed after the deadlines set by a scheduling order are untimely and may be denied on this ground alone. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-10 (9th Cir. 1992); William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 15:24, at 15-9 (2005).

"A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); see also Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002). Only if "good cause" is shown can the party then demonstrate that the amendment is proper under Rule 15. See Johnson, 975 F.2d at 607 (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Johnson, 975 F.2d at 609 (citation and internal quotation marks omitted). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Id. If a party fails to show diligence, the inquiry should end. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting Johnson, 975 F.2d at 609). To determine a party's diligence, a court evaluates: (1) whether the party assisted the Court in creating a workable Rule 16 order;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | August 27, 2007 |
| Title | Isaacs v. University of Southern California, et al. | | |

(2) whether the party's noncompliance with the Rule 16 order occurred due to the development of matters that could not reasonably be foreseen or anticipated at the time of the Rule 16 scheduling conference; or (3) whether the party was diligent in seeking to amend the Rule 16 order, once it became clear that he could not comply with the order. Jackson, 186 F.R.D. at 608.

### 2. Analysis

Here, because Plaintiff filed the instant motion on July 18, 2007, approximately three weeks after the last day to amend pleadings, the Court must consider whether Plaintiff has established "good cause" to modify the scheduling order before it may consider whether to grant leave to amend. The Court concludes that Plaintiff has failed to demonstrate that he exercised diligence in attempting to seek the amendment.

First, the Court notes that Plaintiff attempted to file the TAC on the last day to amend pleadings, but did not first seek leave to amend the SAC. Though Plaintiff is *pro se*, that does not absolve him of his responsibility to familiarize himself with the Federal Rules of Civil Procedure. Rule 15(a) states that a party may amend his pleading "once as a matter of course," but thereafter may amend his pleading "only by leave of court or by written consent of the adverse party." Plaintiff already filed a First Amended Complaint without leave of court; therefore, he could not file another complaint without seeking permission. His failure to abide by this rule does not demonstrate diligence on his part.

In addition, the proposed TAC attempts to assert "new" facts alleging that Defendants Baughman and Henderson communicated with each other after Plaintiff sent an email to Baughman to indicate his intent to file a lawsuit. He asserts that he did not include these "new" facts until now because he believed that he would obtain the same information during discovery and because he was hoping that USC would readmit him. Such excuses for not including these facts in an earlier pleading do not amount to "diligence" on Plaintiff's part. Plaintiff admits that he has known of these facts for over a year and a half, yet failed to include them in any previous pleading. Because these facts were not recently discovered, Plaintiff's decision to omit them until the cutoff shows a lack of diligence and defeats any argument that he has shown "good cause" to amend the Scheduling Order. Given that Plaintiff has failed to demonstrate "good cause" for modifying the Scheduling Order, the Court need not consider whether Plaintiff may file the TAC under Rule 15(a).

Accordingly, the motion for leave to file the TAC is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3338 GAF (Ex) | Date | August 27, 2007 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

**B. MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff also asks the Court to appoint counsel for him. It is well settled that there is no right to appointment of counsel in a civil case. Ivey v. Bd. of Regents, 673 F.2d 266, 269 (9th Cir. 1982). However, 28 U.S.C. § 1915(e)(1) confers upon a court discretion to appoint counsel to an indigent civil litigant when exceptional circumstances are present. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of a petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

At the outset, the Court notes that Plaintiff has not demonstrated that he himself is an indigent litigant. Though he alludes to the fact that his parents cannot afford an attorney for him, Plaintiff, who is over the age of 18, makes no statement as to *his own* financial situation, and whether he himself is unable to afford an attorney. This alone defeats his motion. However, even if he were an indigent civil litigant, he has not established a likelihood of success on the merits or an inability to articulate his claims *pro se*. Although some of his claims have survived motion practice to this point, that does not necessarily indicate that he is likely to succeed on the merits. Indeed, the information presently known to the Court regarding the allegations set forth in the operative complaint suggests to the contrary. Moreover, Plaintiff has demonstrated that he is able to articulate his claims without the assistance of counsel, given that he has been able to respond to Defendants' motions. His only assertion otherwise – that he may not understand the procedural requirements of serving the United States Attorney or the National Institutes of Health – does not go toward his ability to articulate his *claims*. The Court also concludes that the legal claims at issue here – such as retaliation under the Rehabilitation Act and the Americans with Disabilities Act – are not so complex that Plaintiff requires an attorney to litigate them.

In sum, the Court finds Plaintiffs' arguments unpersuasive, and thus **DENIES** the motion for appointment of counsel.

**C. MOTION FOR AN ORDER TO PRESERVE EVIDENCE**

Finally, Plaintiff moves for a court order to preserve evidence. Specifically, Plaintiff seeks to preserve email records between USC administrators in response to his original emails

**LINK: 45**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-3338 GAF (Ex) | Date | August 27, 2007 |
| Title | Isaacs v. University of Southern California, et al. | | |

indicating his intent to file a lawsuit in January 2006. To issue an order to preserve evidence, the Court must consider:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering the evidence preservation.

Jacobs v. Scribner, No. 1:06-cv-01280-AWI-NEW (DLB) PC, 2007 WL 1994235, at *1 (E.D. Cal. July 5, 2007) (quoting Daniel v. Coleman Co., No. 06-5706 KLS, 2007 WL 1463102, at *2 (W.D. Wash. May 17, 2007)).

Here, Plaintiff simply states that "Defendants' counsel has indicated their refusal to comply with Plaintiff's request for [Defendants' emails]." (Mot. at 8.) Aside from this assertion, Plaintiff does not demonstrate that the evidence is likely to be spoliated or destroyed, nor does he articulate how any of the other factors weigh in his favor. Accordingly, the motion for an order to preserve evidence is **DENIED**.

**III. CONCLUSION**

For the foregoing reasons, the motion is **DENIED** in its entirety.

IT IS SO ORDERED.