IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFFREY DAVID ISAACS, :
:
         Plaintiff, *pro se* :
v. : Case No. CV06-3338-GAF (Ex)
:
UNIVERSITY OF SOUTHERN CALIFORNIA :
:
         Defendant. :



### AFFIDAVIT OF MICHAEL H. PAYNE, ESQUIRE

1.  I am an attorney-at-law and I am admitted to practice before the bar of the Supreme Court of Pennsylvania, and I am also admitted to practice before the Supreme Court of the United States, a number of federal district courts, the United States Court of Federal Claims, and a number of federal appellate courts. I have been practicing law in the field of federal government contracting for thirty-seven years. I am personally acquainted with the facts stated herein, and I am fully authorized to make this declaration.

2.  Although I am not licensed to practice law in the State of California, and although the case involves an area of practice outside of the scope of my experience, I offered to assist the plaintiff, on an informal basis, in an effort to settle the case. I made this offer because I have been a friend of the Plaintiff's family for many years and I became aware of

what appeared to me to be the exercise of litigation tactics by the Defendant that took unfair advantage of the Plaintiff's lack of representation and his lack of expertise in federal court pretrial procedures.

3. As the Court is well aware, the Plaintiff is not an attorney and has been litigating this case *pro se,* while being opposed by experienced and competent counsel representing the Defendant. Obviously, the resources available to the Defendant University and its counsel far exceed those available to the Plaintiff. The Plaintiff further advised me that Defendant's counsel had been generally slow to respond to his communications and appeared to be "stalling."

4. At the request of the Plaintiff, I contacted the Defendant's counsel by telephone, on or about October 31, 2007. I explained that although I was not formally representing the Plaintiff, I was interested in knowing whether she would be willing to discuss the case with me on an informal basis. I also advised the Defendant's counsel that I was not licensed to practice law in California and that I simply wanted to determine whether I could facilitate an amicable resolution of the litigation.

5. The Defendant's counsel seemed to welcome my involvement on the basis I described. Accordingly, on November 7, 2007, I advised the Defendant's counsel of my views about how

the case could, and should, be settled and she promised to discuss my ideas with her client.

6. I realize that it would be inappropriate for me to advise the Court about the nature of the ensuing settlement discussions, and I will not do so. I sincerely believe, however, that if the Court had become aware of the details of what was offered, Your Honor would have encouraged a resolution on a basis similar to the one I proposed.

7. Nevertheless, despite my efforts to facilitate a settlement, I became frustrated by the same lack of cooperation and responsiveness by Defendant's counsel that the Plaintiff had encountered before I became involved. The settlement terms I suggested on November 7, 2007 were not responded to by Defendant's counsel until January 4, 2008. In fairness to Defendant's counsel, she explained that she had some personal problems that kept her out of her office during a portion of this time period. The January 4, 2008, discussion, however, resulted in a revised settlement proposal by the Plaintiff.

8. The Plaintiff and I both believed that a negotiated settlement was imminent, but opposing counsel suddenly became even more difficult to reach and failed to respond to e-mail messages until January 29, 2008. At that time counsel for the Defendant advised me that her client would not settle on the basis we had previously discussed.

9.  While I fully understand that Defendant's counsel could not settle the case without her client's approval, I have recently become aware of the Court's Case Management Schedule and Order that the parties were obligated to comply with even as settlement discussions proceeded.  Unfortunately, Defendant's counsel ignored my questions about the status of discovery and also failed to respond to discovery requests furnished by the Plaintiff.

10. While I certainly am not accusing the Defendant's counsel of unethical conduct, and I have no doubt that she was acting in a manner designed to protect the interests of her client, her lack of attention to the Case Management Schedule and Order, while settlement discussions were occurring, gave the Plaintiff the impression that the schedule imposed by the Court could be put on hold, with the Defendant's approval, while settlement discussions occurred.

11. Your Honor is respectfully requested to take these facts into consideration while considering any request by the Plaintiff for more time to comply with the Court's Scheduling and Case Management Order.  It will indeed be unfortunate if my good faith attempt to facilitate a settlement results in a conclusion that the Plaintiff intended to disobey the Court's Scheduling Order.  To the contrary, the Plaintiff made a sincere effort to settle the case and thereby save the parties and the

Court from the arduous task of completing the pretrial process. Unfortunately, in attempting to shorten the process, I inadvertently led the Plaintiff to believe that there was no need to prepare for trial and the Defendant did nothing to dispel that notion.

12. I have advised counsel for the Defendant that I have terminated my efforts to facilitate a settlement and that the Plaintiff intends to continue to represent himself as this case proceeds.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

*[signature]*

Dated: February 2, 2008         Michael H. Payne