JEFFREY DAVID ISAACS
3553 West Chester Pike
PMB #177
Newtown Square, PA 19073
Telephone:    (215) 609 - 4625
Mobile:        (610) 202 -1460
E-Facsimile: (310) 564-0432
Email: jdi@alum.dartmouth.org

RECEIVED
BUT NOT FILED

FEB - 4 2008
3:32

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
nPD

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DAVID ISAACS<br><br>      Plaintiff, *pro se*,<br><br>        -V-<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA;<br><br>        Defendant. | Case No. CV-06-3338 GAF (Ex)<br><br>**APPLICATION / LETTER**<br>**RE CASE PROGRESSION**<br><br>Pre-Trial Date: February 25, 2008<br>Trial Date:        March 25, 2008 |

BY FAX

-1-

1

2                                                    February 4th, 2008

3

4

5        Dear Judge Feess:

6

7            As you know, I have been acting *pro se* in this case and I am certain that my lack of expertise

8    in legal procedures is obvious to the Court.  Over the past few months I have made a sincere effort to

9    negotiate a settlement with the University on terms that I believe any impartial observer would agree

10   are fair and reasonable.  I called upon an attorney and family friend in Pennsylvania to assist me by

11   contacting opposing counsel to arrange a settlement.  This attorney, Michael Payne, is not licensed to

12   practice in California and he advised the Defendant's counsel of this fact and made it clear that his

13   involvement, if consented to by the Defendant, would be informal. I am filing simultaneously his

14   affidavit, and request you take that into consideration along with this letter on case progression.

15           The attached affidavit from Mr. Payne demonstrates that he was subjected to the same stalling

16   tactics and lack of cooperation by the Defendant's counsel that have made it so difficult for me to

17   proceed with my case.  My discovery requests have been ignored and Defendant's counsel has taken

18   advantage of the fact that I am not familiar with federal court procedures and that I am uncertain

19   about what, if anything, I can do in the face of her refusal to cooperate.  If I could afford to hire a

20   California attorney, I would, but I borrowed the money to attend the USC Medical School and there

21   is no way that I can now borrow more money to cover legal fees.

22           I now believe that Opposing Counsel has demonstrated an unacceptable pattern of delay that

23   prejudices me from getting a fair trial on the merits. Last year, I believed she defaulted on answering

24   my amended complaint, although she claimed she never received the paper copy properly mailed to

25   her by my mother (the motion failed as there was no concrete proof she was indeed served). She has

26   filed numerous motions with significant flaws, including arguing that the Former Dean who authored

27   the student handbook at USC was not aware of that document. She has ignored a discovery request

28   for months which contains critical documents for the case. More recently, she didn't respond to

---

-2-

No. CV-06-3338 GAF (Ex)

1   Michael Payne for three weeks in January, missing the pre-trial preparation conference we were

2   required to attend as per Local Rule 16. Most recently, she promised she would locate the discovery

3   reponse she allegedly served on my months ago. It's been four days and she is once again not

4   answering calls or emails.

5       Moreover, she agreed to mediate/negotiate a settlement, promising a certain item was "on the

6   table" so to speak, and four months later, she told Michael Payne this item was "off the table." Quite

7   simply, I suspect she wants to hide relevant discovery, wear me down with time delays, and prevent

8   this case from being heard on its merits.

9       I honestly thought, Your Honor, that Mr. Payne's efforts to settle the case would be fruitful,

10  and that any further preparation for trial would be unnecessary.  I don't know whether opposing

11  counsel intentionally sought to deceive me in the hope that I would eventually trip myself up

12  (because I am not a lawyer), or whether there is any real interest on the part of the University to settle

13  the case.

14      I am filing those portions of the pretrial submission that I am able to prepare, and I apologize

15  to the Court for not informing you of this matter two weeks ago, when I thought settlement was

16  imminent. Admittedly, there was some confusion regarding the dates for various pre-trial

17  requirements. I am unable to submit my Exhibit List today, as I await the discovery documents Dal

18  Soglio promised, as well as her cooperation on the joint Exhibit list. I respectfully request that Your

19  Honor grant me more time to complete the pretrial submission (which I believe is due fourteen days

20  before the pretrial at the latest, which will be a challenge at this point), and I also request that the

21  Court direct the defendant to respond to my discovery requests that were filed in a timely manner.  I

22  also would appreciate it if Your Honor would direct the Defendant to treat me fairly and to cooperate

23  in moving this case along.

24      I have made plans to travel to California for the February 25th 3:30 pre-trial conference,

25  notwithstanding alternative instructions from the Court.

26      Your honor, as I have tried to explain in the pleadings, this entire matter has caused me

27  significant and ongoing emotional and physical distress, and I hoped a settlement would mitigate

28  things. I was recently informed that I developed trench-mouth/ANUG during the year following my

-3-

dismissal from USC Keck. Because my settlement efforts seem to have failed, Your Honor now I
must ask the Court that things move forward for a prompt and speedy trial.


        Your consideration of these matters is appreciated.




Respectfully submitted, this 4th day of February, 2008.






                                    JEFFREY DAVID ISAACS

                                    Plaintiff, *pro se*
                                    3553 West Chester Pike
                                    PMB #177
                                    Newtown Square, PA 19073
                                    Telephone: (215) 609-4625
                                    Facsimile: (310) 564-0432
                                    Email: jdi@alum.dartmouth.org

-4-

1
2
**CERTIFICATE OF SERVICE**
3
4        I hereby certify that the following documents
5
6        -    APPLICATION/LETTER RE CASE PROGRESSION
7        -    AFFIDAVIT BY MICHAEL PAYNE
8
9        were  served  upon  the  represented  parties,  by  CERTIFIED  ELECTRONIC  MAIL  AS
10    STIPULATED BY THE PARTIES, by e-mailing copies thereof to:
11
12    Robin D. Dal Soglio
      27240 Turnberry Lane, Suite 200
13    Valencia, California 91355
14
15
16    On this 4th day of February, 2008
17
18                                                JEFFREY DAVID ISAACS
                                                  Plaintiff, *pro se*
19                                                3553 West Chester Pike
                                                  PMB #177
20                                                Newtown Square, PA 19073
                                                  Telephone: (215) 609-4625
21                                                Facsimile: (310) 564-0432
                                                  Email: jdi@alum.dartmouth.org
22
23
24
25
26
27
28

APPLICATION / LETTER RE CASE PROGRESSION
No. CV-06-3338 GAF (Ex)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Correspondence between Plaintiff and Opposing Counsel

- Indicates Ms Dal Soglio "believes that we have responded to [Plaintiff's] Second Request for Documents"
- Indicates Four Months of misleading settlement negotiations , i.e. the non-monetery relief Plaintiff sought as a resolution was, in fact, never on the table.

APPLICATION / LETTER RE CASE PROGRESSION

No. CV-06-3338 GAF (Ex)

from    **Robin D. Dal Soglio** rdalsoglio@dm-lawfirm.com

to    "Jeffrey D. Isaacs" <jeffrey.isaacs@alumni.insead.edu>,

date    Jan 30, 2008 7:21 PMsubject    Re: CV 06-3338 remaining claims

Mr. Isaacs:

USC remains willing to mediate the case.  If you are interested, please let me know.

I believe that we have responded to your Second Request for Documents.  Unfortunately, my paralegal is out of the office today, but I will speak with her tomorrow and respond to this issue.

With respond to your request for an enlargement of time, I will check with my client and get back to you.

Robin Dal Soglio

----- Original Message -----

**From:** Jeffrey D. Isaacs

**To:** rdalsoglio@dm-lawfirm.com ; Michael Payne

**Sent:** Wednesday, January 30, 2008 2:50 PM

**Subject:** Re: CV 06-3338 remaining claims

Ms. Dal Soglio:

On September 5th, you confirmed that you would look into the

possibility of mediating this case. There was no ambiguity (see

attached email) that such a mediation session would concern further

cleaning my academic record, as opposed to monetary settlement. In

mid-October, you answered in the affirmative regarding this mediation,

and asked to schedule it along with my local attorney, Michael Payne.

In the meantime, on September 22nd you were served via a digitally

-3-

1  encrypted and tracked PDF file containing the Second Request for

2  Documents. Previously, you consented to this form of electronic

3  service. Furthermore, you signed for the paper courtesy copy I sent to

4  your Valencia office. You have not responded to the Second Request for

5  Documents, and you recently made a settlement offer (which baffles me)

6  of [REDACTED], which was against our prior agreement to mediate a

7  withdrawal or expungement.

8  When Mr. Payne contacted you in late October to arrange the mediation,

9  you were already in default on responding to my discovery request.

10  Believing your intent to schedule this mediation was sincere, I didn't

11  raise the discovery issue with you. Obviously this would be a moot

12  point, had the case settled.

13  It also appears you made a verbal offer last week to Mr Payne to

14  permit a voluntary withdrawal, then retracted this offer?

15  Where is your response to my second request for documents? Given that

16  this is clearly your mistake and/or deceptive strategy, that is, the

17  mediation with a withdrawal on the table that you promised never

18  existed, will you draft the paperwork for an enlargement of time? Your

19  deadline for the discovery production is seriously past due, and this

20  is certainly not the first time you have ignored the Federal Rules.

21  Please respond by February 1st, in full to my concerns to avoid

22  involvement with the Court. By in full, I mean your written and

23  complete response to the past-due Second document request, along with

24  a stipulation that you will draft the enlargement of time motion,

25  which is necessary due to either your intentional misrepresentation or

26  unintentional 'mistake.'

27  Regards,

28  Jeffrey D. Isaacs

On Sep 5, 2007 3:20 PM, Robin D. Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:

-4-

APPLICATION / LETTER RE CASE PROGRESSION

No. CV-06-3338 GAF (Ex)

1  >

2  >

3  > Dear Mr. Isaacs:

4  >

5  > I write to request additional clarification regarding your e-mail below.

6  > USC has indicated that they might be interested in mediation if, in fact,

7  > your goal is to explore a settlement that is aimed only "at an expungement,

8  > withdrawal, or withdrawal for medical reasons." In other words, if you are

9  > no longer seeking a monetary settlement, they would consider entering into

10 > mediation to explore the possibility of the types of relief you mention.

11 > If, however, you still seek a monetary component to any settlement, then USC

12 > is not interested in mediating at this time. I look forward to receiving

13 > your response.

14 >

15 > Sincerely,

16 >

17 > Robin D. Dal Soglio

18 >

19 > Robin D. Dal Soglio

20 > DAL SOGLIO & MARTENS LLP

21 > 27240 Turnberry Lane, Suite 200

22 > Valencia, CA 91355

23 > Tel: (661) 362-0736

24 > Fax: (661) 244-4942

25 >

26 >

27 >

28

APPLICATION / LETTER RE CASE PROGRESSION

No. CV-06-3338 GAF (Ex)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Correspondence between Michael Payne and Robin Dal Soglio

-Indicates that Mr. Payne has been "mystified" by Dal Soglio's multiple-week delays.

APPLICATION / LETTER RE CASE PROGRESSION

No. CV-06-3338 GAF (Ex)

1

2
**from**    Michael Payne <MPayne@phslegal.com>

3
**to**                "Robin D. Dal Soglio" <rdalsoglio@dm-lawfirm.com>,

4
**date**              Jan 23, 2008 5:06 PM

5

6
**subject**           Isaacs v. USC

7
Robin –

8

9
I really have tried to be reasonable and to work with you to achieve a reasonable resolution of this case.

10
Unfortunately, your lack of response, even when it seemed like there was no impediment to a settlement, is mystifying. I anticipated receiving word from you after our last discussion where a minor point, the granting of a voluntary [REDACTED], was the last remaining issue. Of course, the possibility of mediating the issue of a

11
[REDACTED] is also on the table.

12

13
At this point, I would appreciate if you would tell me, once and for all, whether the settlement I have proposed is acceptable. If it is not, the outstanding discovery request must be responded to and the litigation must go

14
forward. If that happens, since I am not admitted to practice in California, my client will either continue to go forward pro se, or local counsel will be engaged. Does the University really want this case to go forward when

15
it can be settled so easily?

16

17
I would appreciate a timely response.

18

19
Michael

20

21

22
Michael H. Payne

23
Payne Hackenbracht & Sullivan

24
220 Commerce Drive, Suite 100

25
Fort Washington, PA 19034

26
(215) 542-2777

27
www.phslegal.com

28

APPLICATION / LETTER RE CASE PROGRESSION

No. CV-06-3338 GAF (Ex)