DAL SOGLIO & MARTENS LLP
   Robin D. Dal Soglio (State Bar No. 155334)
27240 Turnberry Lane, Suite 200
Valencia, California 91355
Telephone: (661) 362-0736
Facsimile:  (661) 244-4942
E-mail: rdalsoglio@dm-lawfirm.com

Attorneys for Defendant University of Southern California

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DAVID ISAACS,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA; ROBERT WILLIAM BAUGHMAN; BRIAN E. HENDERSON; PETER J. KATSUFRAKIS; and JAMES M.H. BALL<br><br>        Defendants. | CASE NO. CV-06-3338 GAF (Ex)<br><br>**DECLARATION OF ROBIN D. DAL SOGLIO IN SUPPORT OF DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S EX PARTE APPLICATION FOR CONTINUANCE OF TRIAL, PRE-TRIAL AND MOTION CUTOFF DATES** |

///
///
///
///

## DECLARATION OF ROBIN D. DAL SOGLIO

I, Robin D. Dal Soglio, declare as follows:

1. I am an attorney duly licensed to practice before the courts of the State of California and the United States District Courts for the Central District of California, and am admitted to practice before this Court. I am a Partner with the law firm of Dal Soglio & Martens LLP, the attorneys representing Defendant University of Southern California ("USC" or the "University") in the above-captioned lawsuit filed by pro per Plaintiff Jeffrey Isaacs ("Plaintiff"). I submit this Declaration in support of Defendant USC's ex parte application for a continuance of motion, pre-trial and trial dates. I have personal knowledge of the facts set forth herein, and if called as a witness would and could testify thereto.

2. Over the past several months, I have been focusing my efforts at trying to resolve this case. I was first working directly with Plaintiff who was acting *pro se*. In September 2007, we agreed to mediate the case with a private mediator. We reserved a date and a mediator and Plaintiff was making arrangements to fly to California. At that point, I was contacted by Michael Payne, an attorney and family friend of Plaintiff from Pennsylvania, who took over the negotiations on Mr. Isaacs behalf. Mr. Payne informed me that he believed that we could settle the case without mediation. Accordingly, we cancelled the mediation and Mr. Payne and I began negotiating directly.

3. Although Plaintiff has attempted to blame the protracted nature of the settlement discussions on my "stalling," the truth is that the negotiations were very difficult, involving unique issues going beyond money, but rather involving Plaintiff's University record. Because the University has no desire to engage in a federal court trial against a *pro per* plaintiff, we engaged in good faith settlement discussions with Plaintiff and his attorney/family friend. Throughout

///
///

1 | the past several months, it appeared that all parties desired in good faith to resolve
2 | the case, and the University was optimistic that it would in fact be resolved.
3 | Accordingly, we focused our efforts on the intense settlement discussions, rather
4 | than on preparing this case for trial.

5 |     4.    To the extent that Plaintiff claims that I caused any delays in
6 | the course of the settlement discussions, I had already explained the circumstances
7 | that did cause minor delays in my responses late last fall to Mr. Payne. Frankly, I
8 | am surprised that Plaintiff and Mr. Payne would even raise this issue at this
9 | juncture, knowing full well what my circumstances were. I will briefly explain the
10 | major circumstances simply to address any allegation that I have purposely
11 | "stalled" the progress of this case.

12 |     5.    On or about October 31, 2007, my 7-year-old daughter was
13 | gravely injured in a very serious accident that required her to be rushed to
14 | Children's Hospital Los Angeles for emergency surgery. Although the surgery
15 | was successful, my daughter was out of school for two weeks during her recovery.
16 | During the first week, she required near-constant around-the-clock care, and I
17 | therefore took the entire week off work to care for her. I returned to work on a
18 | limited basis the week of November 12, 2007, but was not able to work full time
19 | until the week of November 19, 2007.

20 |     6.    During the latter half of November and the entire month of
21 | December, I continued to participate in settlement discussions with Mr. Payne.
22 | The settlement discussions eventually focused almost exclusively on Plaintiff's
23 | requests related to his University record. While I cannot disclose the precise
24 | nature of the confidential settlement discussions, the University was interested in
25 | exploring Plaintiff's unique requests in order to resolve the lawsuit, and it spent a
26 | great deal of time and effort looking into both the legal and ethical issues
27 | / / /
28 | / / /

associated with such a settlement.[1] Unfortunately, Mr. Payne and I disagreed as to whether Plaintiff's request regarding his University records was a minor point. He felt the University should be able to agree to this point readily, while the University viewed it as a very complicated issue, requiring extensive thought, discussion and analysis of both legal and ethical issues. In January 2008, Mr. Payne became frustrated with my inability to give him a quick answer. Ultimately, the University concluded that it could not agree to Plaintiff's non-monetary settlement terms. In late January, I notified Mr. Payne that we would be unable to agree to Plaintiff's non-monetary demands.

7.  At that time, Mr. Payne informed me that he would not be continuing his representation of Mr. Isaacs and I should direct further communications directly to Mr. Isaacs once again. I resumed the settlement negotiations with Mr. Isaacs in order to determine whether we could negotiate a strictly monetary settlement.

8.  During the first week of February 2008, I had discussions with Mr. Isaacs to determine whether we should seek a continuance of the trial or proceed and prepare our pre-trial filings that were due on February 11, 2008. I informed Mr. Isaacs that due to the lengthy settlement discussions and imminent filing deadlines, I thought we should jointly seek a continuance of the trial date and pre-trial filing deadlines. Mr. Isaacs was undecided and changed his mind several times about whether or not to agree to the continuance. Ultimately, he finally communicated to me that he would not agree.

/ / /

---

[1] Plaintiff has already disclosed much of the content of the settlement discussions in his 2/4/08 Application/Letter re Case Progression. I discuss only as much as is necessary to respond to his accusations and explain the so-called "stalling."

9. I therefore determined that I would need to proceed with the pre-trial filing obligations and began preparing the pre-trial documents for filing on February 11, 2008. On February 8, 2008, however, my computer crashed. Because I had only recently drafted the pre-trial documents, they were not captured on my back up system which had last run a complete back-up of my hard drive one week earlier. I took my computer to the Geek Squad and was informed that they could attempt to recover my data off my hard drive but that they could not guarantee that they would be able to do so. (Attached as Exhibit A is a true and correct copy of the Geek Squad's In-Store Tactical Analysis form I received on February 8, 2008.) As of February 11, 2008, it was still not clear whether Geek Squad would be able to recover my data and documents and I determined that I would need to seek this relief from the Court. (Indeed, as of February 13, they still have not successfully recovered any data or documents from the computer.) Despite working diligently to meet my pre-trial filing obligations, the events of the last week prevented me from doing so and also prevented me from filing this ex parte application any earlier than today.

10. In addition to these prior circumstances which have made the progress in this case difficult, I have another trial scheduled just 2 weeks before the trial in this case. I am scheduled for trial in the case Robinson v. Otis Elevator Company, et al., BC 363440 in Los Angeles Superior Court on March 10, 2008. That trial has already been continued once (at the request of my opposing counsel in that case), and is scheduled to last 2 weeks, which will interfere with my ability to prepare for a March 25, 2008 trial in this case.

11. On February 11, 2008, I gave notice of this ex parte application to Plaintiff Jeffrey Isaacs. I sent Mr. Isaacs an e-mail at 8:29 a.m. Pacific Time informing him that I would be filing an ex parte application seeking a continuance of the trial date and pre-trial filing dates. Plaintiff responded to my e-mail at approximately 8:49 a.m. Pacific Time, stating simply that he would await receipt

5     Dal Soglio Declaration in support of Def's Ex Parte Application for Continuance

of my application. Although he did not directly confirm this in his response, it is my understanding based on prior discussions that Plaintiff opposes this continuance.

     Executed this 13th day of February 2008, at Valencia, California.

     I declare under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct.

_____
Robin D. Dal Soglio

**Exhibit A**

# IN-STORE TACTICAL ANALYSIS

| STORE PRECINCT NUMBER | DATE 2/8/08 | AGENT NAME |

## MISSION BACKGROUND AND PARAMETERS

LAST NAME: Dal Soglio  
FIRST NAME: Robin  
ADDRESS (NO P.O. BOX): Redacted  
APARTMENT # / RURAL ROUTE:  
CITY: 91354  
CONTACT PHONE: Redacted  
BRAND: Dell   MODEL:   SERIAL #:   PSP #:  
USER NAME AND PASSWORD:  
DATE OF LAST BACKUP:   ISP USER NAME AND PASSWORD:

- Do you have a wireless high-speed internet connection? Yes **No**
- Do you have a home network or multiple computers? Yes **No**
- Will you be burning your own music or movies? Yes **No**
- Do you want to print photographs? Yes **No**
- Your computer will be used primarily for: Personal **Business**
- How long do you plan to keep your computer? **1–3 Years** 3–5 Years 5+ Years

### DESIRED CIVILIAN CAPABILITIES

On a scale of 1–5, how important is:

|  | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|
| Photography | ☐ | ☐ | ☐ | ☐ | ☐ |
| Video Playing/Editing | ☐ | ☐ | ☐ | ☐ | ☐ |
| Mobility | ☐ | ☐ | ☐ | ☐ | ☐ |
| Music Playing/Editing | ☐ | ☐ | ☐ | ☐ | ☐ |
| Gaming | ☐ | ☐ | ☐ | ☐ | ☐ |

## SYSTEM SNAPSHOT

**HARD DRIVE**: E |----|----|----|----| F  
Total Capacity: ___ -___  Space Remaining: ___

**SYSTEM MEMORY (RAM)**: |----|----|----|----|  
256MB  512MB  1GB  1.5GB  2GB

### SYSTEM SECURITY STATUS

| | Application | Version | Definitions |
|---|---|---|---|
| Antivirus | | | |
| Anti-spyware | | | |
| Firewall | | | |

### OPERATING SYSTEM
- VISTA ☐
- XP ☑
- 2000 ☐
- ME ☐
- 98 ☐
- OTHER: _____

## AGENT FINDINGS AND CURRENT STATE OF THE COMPUTER

Hard drive failure. Recovery console non-resp. Back up requested ASAP. Advise customer

## AGENT RECOMMENDATIONS

Serve:

Protect:

Upgrade:

TOP COPY - PRECINCT   BOTTOM COPY - CIVILIAN  
**BURN OR EAT THIS COMMUNIQUÉ AFTER READING**  
© 2007 GEEK SQUAD   RRD/FL   1941-0117099   GEEKSQUAD.COM  1 800 GEEK SQUAD (433-5778)

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 27240 Turnberry Lane, Suite 200, Valencia, California 91355.

On February 13, 2008, I served the following document described as:

DECLARATION OF ROBIN D. DAL SOGLIO IN SUPPORT OF DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S EX PARTE APPLICATION FOR CONTINUANCE OF TRIAL, PRE-TRIAL AND MOTION CUTOFF DATES

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Jeffrey David Isaacs
3553 West Chester Pike
PMB #177
Newtown Square, PA  19073

## BY U.S. MAIL

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service ("USPS"). This correspondence shall be deposited with the USPS this same day in the ordinary course of business at our Firm's office address in Valencia, California. Service made pursuant to this paragraph shall be presumed invalid if the postal cancellation date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I hereby certify that I am a member of the Bar of the State of California and of the United States District Court, Central District of California.

Executed on February 13, 2008, at Valencia, California.

I declare under penalty of perjury that the above is true and correct.

**Robin D. Dal Soglio**
**Type or Print Name**                    **Signature**