LINK: 57

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | February 19, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Karen Park | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

### ORDER RE: EX PARTE APPLICATION FOR CONTINUANCE OF TRIAL AND PRE-TRIAL DATES

USC filed an <u>ex parte</u> application requesting an extension of the last day for hearing motions and of the trial date and pre-trial deadlines, for approximately 90 days. USC claims that (A.) extensive settlement negotiations have diverted USC's counsel's attention from active defense of the case and (B.) USC's counsel's computer "crashed" resulting in the loss of drafts of pre-trial filings. In addition, USC's counsel will apparently be in trial the two weeks prior to this matter going to trial which, she fears, will affect her ability to prepare for this case. As such, USC requests the 90 day extension.

Pro se Plaintiff Jeffrey David Isaacs opposes the <u>ex parte</u> request. Isaacs disputes that settlement negotiations have been intense and warrant a continuance. Furthermore, Isaacs argues that counsel to USC has caused continuous delays by, among other things, failing to respond to discovery and failing to prepare for Court deadlines. Despite these arguments, however, it appears that the parties and, in turn, this case are not ready for trial. Indeed, prior to the filing of USC's <u>ex parte</u> request, Isaacs filed an "Application/Letter Re Case Progression" in which he claims that his discovery requests have been ignored and that he is unable to submit his pre-trial exhibit list because he is still waiting for USC to produce documents. Isaacs asks for "more time to complete the pretrial submission" and that "things move forward for a prompt and speedy trial."

Because the parties have not completed their pre-trial preparations, and because of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3338 GAF (Ex) | Date | February 19, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

breakdown of USC's counsel's computer, the Court **GRANTS** the request for an extension and issues concurrently herewith the order setting forth the dates proposed by USC's counsel. Fed. R. Civ. P. 16(b)(4) (modification of case schedule proper on showing of "good cause").

     Additionally, the Court notes that if Issacs believes he has improperly been denied discovery, he should file a motion with the Court asking the Court to order USC to comply with his discovery demands. The motion should set forth all relevant facts regarding the discovery, such as when it was requested, USC's response, if any, etc. and it should attach a copy of the requests, objections, all communications, etc. If Issacs plans to file such a motion, he must do so by Monday, March 31, 2008.[1]

     Accordingly, the <u>ex parte</u> application is **GRANTED**. The trial and pre-trial dates set forth in the Court's Scheduling and Case Management Order, including the February 25, 2008 pre-trial conference, are **VACATED.** The parties are to follow the schedule set forth in the order issued concurrently herewith.

     IT IS SO ORDERED.

---

[1] The Court also strongly encourages the parties to engage in discovery in good-faith. It now appears that USC has, belatedly, responded to Isaacs' second set of document requests by objecting to every request and producing no documents. At this time, with no formal motion and no evidence, the Court cannot weigh the sufficiency of these objections. However, USC should be aware that if they decide to file a motion for summary judgment when discovery is outstanding or is being improperly withheld the motion will likely be denied under Rule 56(f). Fed. R. Civ. P. 56(f) ("If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken").