FILED

2008 FEB 15 PM 3:11

BY

1  JEFFREY DAVID ISAACS
   3553 West Chester Pike
2  PMB #177
   Newtown Square, PA 19073
3  Telephone:  (215) 609 - 4625
   Mobile:     (610) 202 -1460
4  E-Facsimile: (310) 564-0432
   Email: jdi@alum.dartmouth.org
5

6

7

8

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15

16                                    )
17  JEFFREY DAVID ISAACS             )
                                     )   Case No. CV-06-3338 GAF (Ex)
18       Plaintiff, *pro se*,         )
                                     )
19              -V-                   )   **PLAINTIFF'S OPPOSITION**
                                     )   **STATEMENT TO DEFENDANT'S**
20  UNIVERSITY OF SOUTHERN CALIFORNIA;)  ***EX PARTE* APPLICATION FOR**
                                     )   **MOTION/TRIAL CONTINUANCE**
21       Defendant.                   )
                                     )
22                                    )
                                     )   Pre-Trial Date: February 25, 2008
23                                    )   Trial Date:     March 25, 2008
                                     )
24                                    )
25

26

27

28

-1-

BY FAX

1

2                                                      February 15th, 2008

3

4        Dear Judge Feess:

5

6        I am writing to oppose the *ex parte* continuance that Defendant USC applied for on

7   Wednesday. Unfortunately, as I will describe in this statement, Your Honor, I believe that Defendant

8   USC's application is another thinly veiled attempt to drag out litigation. In addition to this statement,

9   I have tried to simplify and summarize the frustrating nature of USC's delays with a timeline of

10  events, in Exhibit A.

11       First and foremost, I would like to challenge Opposing Counsel's claim that a continuance is

12  necessary because "the parties have been diligently working to resolve this case." Opposing Counsel

13  (Declaration page 1 at 27) mischaracterized the settlement discussions as "intense." In fact, on

14  October 11th, 2007, Dal Soglio offered to conduct mediation on an issue relating to my academic

15  transcript (Exhibit D). Mr. Payne subsequently attempted to expedite mediation and/or settlement. He

16  emailed an offer to mediate and/or settle on October 31st, 2007, but didn't receive USC's final

17  response until January 29th, 2008. To my knowledge, their communications consisted of only a few,

18  brief emails and calls (Exhibit D). Furthermore, Dal Soglio's dishonored offer on October 11th lead

19  to a nearly four-month delay in case progress.

20       I have been attempting, Your Honor, to complete the joint PTCO documents without any

21  cooperation from Opposing Counsel since January 30th. After missing several planned 'meet and

22  confers,' Dal Soglio telephoned me last Friday to talk about a Continuance. Even though she said we

23  could work on the PTCO all weekend, it became clear to me during the conversation that, in fact, Dal

24  Soglio really didn't want to work on the PTCO, nor was she prepared. During the call, I asked her

25  about the outstanding discovery requests, to see if we could prepare the joint exhibit list. She claimed

26  that she was not in possession of my formal Keck evaluations – these were specific documents I

27  requested during discovery. Your Honor, during my first semester at Keck, there were nine

28  evaluations by nine individuals at Keck. This was part of the standard evaluation of every Keck med

---

-2-

1  student. I saw them all and they were all positive. I am baffled how, two years into this case,
2  Opposing Counsel claims to not be aware of my evaluations, nor many other specific documents I
3  requested. Three months overdue, last week she served me with objections to all sixty of my Second
4  Request for Document Production items.

5       During the call I was asked by Dal Soglio if I really thought I was prepared for trial, given the
6  discovery delays. I told her that given the two years of slow progress on the case, I have been advised
7  that I may have better success calling on witnesses under oath than having a "case within a case"
8  about discovery non-compliance. I explained to Dal Soglio that I was concerned about any delays
9  that could open up the case to more frivolous motions, especially since I had no discovery production
10 from her of certain critical documents. From the call, I suspected that she wanted to move for
11 summary judgment and avoid producing evidence or having witnesses called to trial. She denied this
12 and asked me to join in a continuance that would not seek to continue the January 21st motion cut-off
13 date. The phone call disconnected at that point. Apparently her computer crashed following the
14 phone call, as I did not hear from her for several days until she had prepared the *ex parte* application.
15 Nonetheless, in contrast to her assertion (Dal Soglio Declaration page 4 line 6) of diligence in
16 completing the PTCO documents, I do not personally believe that Dal Soglio had any intent to file
17 PTCO documents on the February 11th Deadline. Indeed, she never filed nor served me with any
18 response to the Memorandum of Contentions of Fact and Law I filed on February 4th. Had Opposing
19 Counsel actually been planning to file PTCO documents on February 11th, it is not clear to me why
20 Defendant USC now seeks a continuance of a January 21st motion cut-off date.

21      It is my opinion that this represents the second time Opposing Counsel has ignored or
22 defaulted on Court deadlines. In September 2006, Defendant USC never answered my SAC, even
23 though it was mailed to them and emailed and faxed to them. Opposing Counsel claimed to have
24 never received the SAC in the mail. There is no question that Opposing Counsel received the SAC in
25 one form or another, as certified email tracking shows that she and USC General Counsel read the
26 SAC multiple times throughout September (Exhibit E). At the time, it seemed to me Opposing
27 Counsel was taking advantage of the fact that I used regular priority mail as opposed to certified US
28 Mail with proof of delivery.

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1        I do not wish to appear insensitive to the real hardships that Opposing Counsel did suffer last

2    year. I am aware that her daughter required emergency surgery at CHLA back in October. I know

3    first-hand that the types of conditions CHLA treats are most serious; I had the opportunity as part of

4    the Keck curriculum to spend a day at CHLA observing a juvenile kidney transplant and a

5    reconstructive surgery for a congenital skull defect. Nonetheless, USC is a university with ample

6    resources, and over the long-term, is able to substitute or bring in additional counsel if necessary; a

7    two-year pattern of delays simply cannot be attributed solely to the unfortunate circumstances of last

8    November. Furthermore, I have suffered medical problems throughout the course of this case, but

9    have made every effort to comply with the Federal Rules, especially when a Court case management

10   order uses language such as "STRONG GOOD CAUSE."

11       Your Honor, I hereby request that the Court deny Defendant USC's application for a

12   continuance because it would only delay a trial on the merits. A continuance of the motion cut-off

13   date is particularly unwarranted, as the computer crash that Dal Soglio had last week wouldn't have

14   impacted a January 21st motion cut-off. Furthermore, I ask the Court to take whatever action may be

15   in its power to direct Opposing Counsel to retract its dilatory discovery objections and subsequently

16   produce the documents sought that are needed for the trial Exhibit List.

18       Your consideration of these matters is appreciated.

20   Respectfully submitted, this 15th day of February, 2008.

JEFFREY DAVID ISAACS

Plaintiff, *pro se*
3553 West Chester Pike
PMB #177
Newtown Square, PA 19073
Telephone: (215) 609-4625
Facsimile: (310) 564-0432
Email: jdi@alum.dartmouth.org

-4-

1

2                                    **CERTIFICATE OF SERVICE**

3

4         I hereby certify that the following documents

5

6         -    PLAINTIFF'S    OPPOSITION    STATEMENT    TO    DEFENDANT'S    *EX    PARTE*

7              APPLICATION FOR CONTINUANCE

8

9         were served upon the represented parties, by CERTIFIED ELECTRONIC MAIL AS

10   STIPULATED BY THE PARTIES, by e-mailing copies thereof to:

11

12   Robin D. Dal Soglio
     27240 Turnberry Lane, Suite 200
13   Valencia, California 91355

14

15

16   On this 15th day of February, 2008

17

18                                              **JEFFREY DAVID ISAACS**
                                                Plaintiff, *pro se*
19                                              3553 West Chester Pike
                                                PMB #177
20                                              Newtown Square, PA 19073
                                                Telephone: (215) 609-4625
21                                              Facsimile: (310) 564-0432
                                                Email: jdi@alum.dartmouth.org
22

23

24

25

26

27

28

                                            -5-



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Timeline of events relevant to Defendant USC's Delays in Trial Progression

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

# Procedural Timeline of Certain Relevant Events
# for Case CV-06-03338

| | |
|---|---|
| **January 9, 2006** | -Plaintiff issues written notification of imminent lawsuit to Amy / Robert Baughman<br><br>-Certified Email is immediately forwarded from Baughman's NIH email to USC Keck Dean Henderson |
| **January 11 & 17, 2006** | - A Keck/USC harassment report and, next, a Keck/USC Disciplinary Hearing Notice are filed against Isaacs |
| **September 7, 2006** | -Plaintiff files Second Amended Complaint; Lynn Salvo places complaint in US Mail to Dal Soglio.<br><br>-E-mail & e-fax courtesy copies also transmitted to Dal Soglio – read throughout September '06 by USC counsel (Exhibit E). |
| **September 14, 2006** | -Plaintiff sends certified email *"Transferring Second Amended Complaint to respective USC entities"* to Dal Soglio, requesting to file (with the respective authorities at USC) criminal and administrative complaints of allegations contained within the SAC. Email is forwarded between several USC lawyers & viewed 26 times in September.<br><br>-Plaintiff is later told that his request is "nonspecific" and will not be processed. |
| **November 3, 2006** | -Plaintiff files for Default Judgment against USC.<br><br>-USC Claims non-receipt of US Mail. |
| **June 4, 2007** | -The Court sets a trial date for March, 2008 |
| **June 25, 2007** | -Plaintiff serves Initial Document Request on USC.<br><br>-22 of 22 requests are denied for being irrelevant or overbroad or private, including a request for the Plaintiff's "Keck Student file." |
| **June 29, 2007** | -Fearing that USC is stalling and/or evading discovery, Plaintiff files a motion to preserve evidence and for a Court-appointed attorney. |
| **September 5, 2007** | -Plaintiff and Opposing Counsel discuss mediating the case if and only if a certain transcript-related could be an outcome of the mediation. (Exhibit C) |
| **September 23, 2007** | -With no prompt response on the mediation, Plaintiff serves Opposing counsel with Second Request for Production of Documents |

-3-

| | | |
|---|---|---|
| 1 | **October 11, 2007** | -Opposing Counsel confirms intention to mediate transcript-related settlement. (Exhibit C) |
| 2 | **October 26, 2007** | Worried about possible delays, Plaintiff emails Opposing Counsel requesting that case- |
| 3 | | management and discovery deadlines must be adhered to. (Exhibit C) |
| 4 | **October 31, 2007** | -Michael Payne contacts Dal Soglio and attempts to expedite/facilitate settlement of the case. |
| 5 | **November-December 2007** | -Michael Payne awaited Dal Soglio's response, is informed via email the she was delayed due to |
| 6 | | wildfires and an emergency procedure necessary for her daughter. Payne |
| 7 | **January 5, 2008** | -Dal Soglio verbally informed Payne that a mediation to address Plaintiff's academic transcript, as |
| 8 | | promised by Dal Soglio on October 11, is no longer possible. |
| 9 | | -Payne asked for clarification and made a slightly revised offer that Dal Soglio encouraged. |
| 10 | **January 29, 2008** | -Dal Soglio formally dishonored her October 11th offer to conduct mediation of Plaintiff's |
| 11 | | academic transcript. |
| 12 | **January 31, 2008** | -Isaacs contacted Dal Soglio to collaborate on joint pre-trial order requirements. (Exhibit B) |
| 13 | **February 4, 2008** | -Dal Soglio scheduled a meet-and-confer for PTCO with Plaintiff on February 6, 2008. (Ex. B) |
| 14 | **February 6-7, 2008** | -Plaintiff was unable to reach Dal Soglio (Exhibit B) |
| 15 | **February 8, 2008** | - Dal Soglio telephoned Isaacs to discuss settlement and requested an enlargement of time of the |
| 16 | | pre-trial conference. |
| 17 | | - Isaacs stated concern that a continuance could lead to additional frivolous motions. Dal Soglio |
| 18 | | stated that a joint request for a continuance would not move to continue the motion cut-off date. |
| 19 | | - Dal Soglio advised Isaacs that, without an agreement to continue the pre-trial, much time will be |
| 20 | | needed to finish the PTCO requirements, and that they should work throughout the February 9-10th |
| 21 | | weekend. |
| 22 | | - When asked about discovery concerns, Dal Soglio informed Isaacs that she had never seen, nor |
| 23 | | was she in possession of, his "nine positive official Keck performance reviews." |
| 24 | | -Telephone call disconnected. |
| 25 | **February 9-10, 2008** | -Plaintiff unable to reach Dal Soglio via email or telephone |
| 26 | **February 11, 2008** | -Opposing Counsel informed Plaintiff that USC is seeking an *ex parte* continuance. |
| 27 | | |
| 28 | | |

-4-



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Correspondence between Plaintiff and Opposing Counsel

- January 31st, 2008 email from Isaacs requesting prompt and prioritized attention to
complying with the Court's pre-trial deadline
- February 7th, 2008 email from Isaacs indicating difficulties in reaching Opposing Counsel
for a meet & confer on PTCO joint documents.

-5-

1

2    From    Jeffrey D. Isaacs <jeffrey.isaacs@alumni.insead.edu>

3                           rdalsoglio@dm-

4    to                     lawfirm.com.certified.readnotify.com,

5    date                   Thu, Feb 7, 2008 at 5:43 PM

6
     subject                Re: PTCO
7

8    Ms Dal Soglio:

9
     I was unable to reach you by telephone at your office either today or
10
     yesterday at 2PM as agreed. I believe that the PTCO is due on Monday,
11
     fourteen days before the pretrial conference.  I await your Memorandum
12
     so that I can reply to any defenses that USC may advance. Furthermore,
13
     we need to prepare the jury instructions. I am disappointed that USC
14
     has not provided the discovery required, and will raise this issue
15
     with the Court at the conference.
16

17

18

19   Jeffrey Isaacs

20
     On Feb 4, 2008 2:31 PM, Robin D. Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
21
     > Mr. Isaacs:
22
     >
23
     > Attached please find a pdf of USC's responses to your second set of RFPs.
24
     > In addition to service by mail, I thought we had also served an electronic
25
     > copy on you in October, but it appears that we did not.  I applogize for the
26
     > inconvenience.
27
     >
28
     > I am available to meet and confer with you via telephone this Wednesday 2/6

                                            -6-

1  > from 2:00 to 3:00, or Friday 2/8 between 9:00 and 12:00.  Let me know what

2  > works for you.

3  >

4  > Robin D. Dal Soglio

5  >

6

7

8  **from**      Jeffrey D. Isaacs <jdi@alum.dartmouth.org>

9  **to**                    rdalsoglio@dm-lawfirm.com.certified.readnotify.com,

10 **date**                  Thu, Jan 31, 2008 at 1:28 PM

11

12 **subject**               **Follow up to pre-trial**

13

14 Ms Dal Soglio:

15

16 I will try calling you shortly to emphasize the importance of working

17 together to finish the joint pretrial papers by February 11th. I

18 cannot know if your habitual delays are fully your own, or in fact

19 caused by your client. Because this case is scheduled to go to trial

20 in under six weeks, I hope that your client can prioritize responding

21 within the deadlines set by the Federal Rules.

22

23 In light of the delay or lack of prior service (I don't really believe

24 that you ever served me with it before), it would assist me greatly if

25 you could you email the Second Request for Document response so that I

26 may finalize the exhibit lists. This should include the contact

27 details I requested for certain witnesses. If it does not, could you

28 provide this information ASAP? For the majority of the USC trial

witnesses, I will go ahead and request that subpoenas be directed  to

-7-

1   the KAM Administrative Building at Keck, unless you direct otherwise.

2   Specifically, I would appreciate knowing if you can accept service for

3   the two resigned Deans and former Defendants Katsufrakis and

4   Henderson? Furthermore, I understand former Defendant Robert Baughman

5   has quit his post at the NIH and now lives in Okinawa, Japan - are you

6   still able to assist in serving all necessary court papers on key

7   witness Robert Baughman?

8

9   I would appreciate your prompt response to these matters. Given the

10   tight deadline, I may be reached 24/7 at 215-609-4625 and via email at

11   jdj@alum.dartmouth.org

12

13   Thank you,

14   Jeffrey Isaacs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

EXC

1

2

# **EXHIBIT C**

3

4    Correspondence between Plaintiff and Opposing Counsel Regarding Mediation of Academic

5    Transcript Matter

6

7    - October 26, 2007 email from Isaacs requesting adherence to case management schedule

8    (pending a third party mediator requesting otherwise)

9    - October 11, 2007 email from Dal Soglio offering to mediate Academic Transcript matter

10    - September 5, 2007 email confirming mediation would only go forward if it could lead to

11    Academic Transcript settlement

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1

2

3    **from**    JDI <jeffreydi@gmail.com>
                        rdalsoglio@dm-lawfirm.com.certified.readnotify.com,
4    **to**

5    **date**                Fri, Oct 26, 2007 at 2:19 PM

6    **subject**             **Mediation of CV-06-3338**

     Dear Ms Dal Soglio:
7
     This letter is to inform you that Mr. Payne is authorized to speak to
8    you regarding the mediation of this case. He should be calling your
     office in the next few days. Please note that until mediation plans
9    are finalized, I expect compliance with any discovery deadlines (e.g.
     Second Rqst for Docs) in the interim.
10
11   Regards,
     Jeffrey Isaacs
12

13

14   **from**    Robin D. Dal Soglio <rdalsoglio@dm-lawfirm.com>

15   **reply-to**                "Robin D. Dal Soglio" <rdalsoglio@dm-lawfirm.com>,

16   **to**                      JDI <jeffreydi@gmail.com>,

     **date**                    Thu, Oct 11, 2007 at 4:10 PM
17
     **subject**                 Re: Documentation for cv-06-3338
18
     Mr. Isaacs -- USC is willing to mediate this case with you. Please advise on your availability to come to California for
19   such a mediation. Also, let me know if you have any preferences for selecting a mediator. Alternatively, I can make
     some suggestions for your consideration.
20
21   Robin Dal Soglio

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**from**    Robin D. Dal Soglio <rdalsoglio@dm-lawfirm.com>

**reply-to**    "Robin D. Dal Soglio" <rdalsoglio@dm-lawfirm.com>,

**to**    JDI <jeffreydi@gmail.com>,

**date**    Wed, Sep 5, 2007 at 3:20 PM

**subject**    Re: CV 06-3338 remaining claims

I write to request additional clarification regarding your e-mail below. USC has indicated that they <u>might</u> be interested in mediation if, in fact, your goal is to explore a settlement that is aimed only "**[REDACTED NON-MONETARY TRANSCRIPT RELATED ISSUE]**" In other words, if you are no longer seeking a monetary settlement, they would consider entering into mediation to explore the possibility of the types of relief you mention. If, however, you still seek a monetary component to any settlement, then USC is not interested in mediating at this time. I look forward to receiving your response.

Sincerely,

Robin D. Dal Soglio
Robin D. Dal Soglio
**DAL SOGLIO & MARTENS LLP**
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Tel: (661) 362-0736
Fax: (661) 244-4942

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

Correspondence between Michael Payne and Opposing Counsel

- Dialogue indicates that settlement/mediation negotiations were not "intense," as characterized by Dal Soglio. Rather, their efforts consisted of a simple settlement offer made by Payne , with several emails exchanged over approximately a three month period.

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

| | |
|---|---|
| 1 | |
| 2 | **from**   Michael Payne <MPayne@phslegal.com> |
| 3 | **to**     "Robin D. Dal Soglio" <rdalsoglio@dm-lawfirm.com>, |
| 4 | **date**   Mon, Dec 31, 2007 at 5:35 AM |
| 5 | **subject**   RE: Isaacs v. USC |

Robin -

In your last message you stated that you would have a response to me by Monday, December 31, but I have not heard from you. I approached you with a settlement offer in good faith and I hope that I did not misjudge your intentions. You sounded sincere in your willingness to work toward a resolution. Your silence is both puzzling and troubling, particularly since you ignored my comment about the discovery deadline in your December 11 response.

If this case cannot be settled along the lines I suggested, I think that the University will be making a mistake. The more I learn about what happened, the more outrageous the University's conduct becomes. If the only alternative is to take this case to trial, so be it.

I would appreciate a response this week and I wish you a Happy New Year.

Michael

---

**From:** Robin D. Dal Soglio [mailto:rdalsoglio@dm-lawfirm.com]

**Sent:** Thu 12/13/2007 6:30 PM

**To:** Michael Payne

**Subject:** Re: Isaacs v. USC

-13-

1

2    Michael -- I am meeting with the client tomorrow and will have a response to you by Monday.  Robin

3    _____

4    **From:** Robin D. Dal Soglio [mailto:rdalsoglio@dm-lawfirm.com]
     **Sent:** Monday, November 26, 2007 7:53 PM
5    **To:** Michael Payne
     **Subject:** Re: Isaacs v. USC
6

7

8    Michael -- I do apologize for the delay in getting back to you.  My 7-year-old daughter was involved
     in a very serious accident on Halloween, and I have not had the chance to follow up on this.  I will
9    speak with my client and get back to you this week.  Robin

10   ----- Original Message -----

11   **From:** Michael Payne

12   **To:** Robin D. Dal Soglio

13   **Sent:** Tuesday, November 20, 2007 11:43 AM

14   **Subject:** FW: Isaacs v. USC

15

16   Robin –

17

18   Would you please let me know the status of the settlement offer I made on November 7?  I understand that
     there is a discovery cutoff at the end of December.

19

20   Michael

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION

No. CV-06-3338 GAF (Ex)



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

**ReadNotify email tracking history re SAC**

| To | rdalsoglio@dm-lawfirm.com |
|---|---|
| From | Jeffrey.D.Isaacs.99@Alum.Dartmouth.ORG |
| Subject | **Service of Process - Second Amended Complaint**<br><br>Pursuant to applicable Federal Rules of Civil Procedure, the attached documents are being delivered to you electronically:<br><br>    SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF (Attached PDF)<br><br>-    NOTICE OF MOTION AND MOTION TO EFFECT SERVICE BY MARSHAL |
| Sent on | 6-Sep-06 at 21:31:58pm 'US/Central' time |
| 1st Open | **6-Sep-06 at 21:53:26pm   -6:00**                    (86%) Irvine, California, United States |

Tracking Details

**Opened**

| Opened | 6-Sep-06 at 21:53:26pm (UTC -6:00)   -   21mins28secs after sending |
|---|---|
| Location | Irvine, California, United States (86% likelihood) |
| Opened on | adsl-69-227-27-230.dsl.irvnca.pacbell.net (69.227.27.230:3070) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; {6CFBE7FD-5F96-5901-2111-3E845E352705}; YPC 3.2.0; .NET CLR 1.1.4322; yplus 5.1.03b) |
| Referrer | http://mail. dm-lawfirm. com/cgi-bin/inbox. exe?id=0017f8 |

-15-

1
2
3

| Forwarded | |
|---|---|
| Opened | 7-Sep-06 at 12:31:29pm (UTC -6:00)  -  14hours59mins31secs after sending |
| Location | Valencia, California, United States (86% likelihood) |
| Opened on | (66.251.119.2:22439) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |
| Last log | No more activity after 7-Sep-06 at 12:36:44pm (UTC -6:00)  -  Log data indicates email was read for at least 5mins15secs (approx.) |

12
13

| Forwarded | |
|---|---|
| Opened | 7-Sep-06 at 12:47:25pm (UTC -6:00)  -  15hours15mins27secs after sending |
| Location | Los Angeles, California, United States (86% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1467) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |
| Last log | No more activity after 7-Sep-06 at 12:58:55pm (UTC -6:00)  -  Log data indicates email was open for at least 11mins30secs (approx.) |

24
25

| Re-Opened (by earlier reader #3) | |
|---|---|
| Opened | 7-Sep-06 at 15:01:19pm (UTC -6:00)  -  17hours29mins21secs after sending |
| Location | Los Angeles, California, United States (86% likelihood) |

-16-

| 1 | | Opened on | uscgc003.usc.edu (128.125.59.64:1686) |
| 2 | | Language | of recipient's PC: en-us (English/United States) |
| 3 | 4 | Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |

**Re-Opened (by earlier reader #3)**

| | | Opened | 7-Sep-06 at 19:45:11pm (UTC -6:00)   -   22hours13mins13secs after sending |
| | | Location | Los Angeles, California, United States (86% likelihood) |
| | | Opened on | uscgc003.usc.edu (128.125.59.64:2404) |
| | | Language | of recipient's PC: en-us (English/United States) |
| | | Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |
| | | Last log | No more activity after 7-Sep-06 at 19:45:37pm (UTC -6:00)   -   Log data indicates email was read for at least 26secs (approx.) |

**Re-opened (by earlier reader #1) at apparent address of: rdalsoglio@dm-lawfirm.com**

| | | Opened | 7-Sep-06 at 23:59:18pm (UTC -6:00)   -   1day2hours27mins20secs after sending |
| | | Location | Irvine, California, United States (86% likelihood) |
| | | Opened on | adsl-69-224-181-174.dsl.irvnca.pacbell.net (69.224.181.174:1034) |
| | | Language | of recipient's PC: en-us (English/United States) |
| | | Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; {6CFBE7FD-5F96-5901-2111-3E845E352705}; YPC 3.2.0; .NET CLR 1.1.4322; yplus 5.1.03b) |
| | | Referrer | http://mail. dm-lawfirm. com/cgi-bin/inbox. exe?id=005f,http://mail. dm-lawfirm. c |

-17-

1

2

3  **Re-opened (by earlier reader #3)**

4    Opened 8-Sep-06 at 14:20:33pm (UTC -6:00)  -  1day16hours48mins35secs after sending

5    Location Los Angeles, California, United States (86% likelihood)

6  Opened on uscgc003.usc.edu (128.125.59.64:2004)

7    Language of recipient's PC: en-us (English/United States)

8    Browser used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR
9    2.0.50727)

10

11

12

13  **Re-opened (by earlier reader #2)**

14    Opened 8-Sep-06 at 16:06:19pm (UTC -6:00)  -  1day18hours34mins21secs after sending

15    Location Valencia, California, United States (86% likelihood)

16  Opened on (66.251.119.2:8607)

17    Language of recipient's PC: en-us (English/United States)

18    Browser used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322)

19

20

21

22  **Re-opened (by earlier reader #3)**

23    Opened 11-Sep-06 at 12:07:02pm (UTC -6:00)  -  4days14hours35mins4secs after sending

24    Location Los Angeles, California, United States (86% likelihood)

25  Opened on uscgc003.usc.edu (128.125.59.64:1309)

26    Language of recipient's PC: en-us (English/United States)

27    Browser used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR

28

-18-

1

2.0.50727)

2

3

4

**Re-Opened (by earlier reader #2)**

5

Opened 11-Sep-06 at 17:10:48pm (UTC -6:00)  -  4days19hours38mins50secs after sending

6

Location Valencia, California, United States (86% likelihood)

7

Opened on (66.251.119.2:37164)

8

9

Language of recipient's PC: en-us (English/United States)

10

Browser used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322)

11

Last log

No more activity after 11-Sep-06 at 17:11:20pm (UTC -6:00)  -  Log data indicates email was read

12

for at least 32secs (approx.)

13

14

15

**Re-Opened (by earlier reader #1)** at apparent address of: **rdalsoglio@dm-lawfirm.com**

16

Opened 14-Sep-06 at 16:33:16pm (UTC -6:00)  -  7days19hours1min18secs after sending

17

Location Valencia, California, United States (86% likelihood)

18

Opened on (66.251.119.2:22331)

19

20

Language of recipient's PC: en-us (English/United States)

21

Browser used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322)

22

Last log

No more activity after 14-Sep-06 at 16:33:28pm (UTC -6:00)  -  Log data indicates email was read

23

for at least 12secs (approx.)

24

25

26

**Re-Opened (by earlier reader #2)**

27

Opened 1-Oct-06 at 18:55:13pm (UTC -6:00)  -  24days21hours23mins15secs after sending

28

-19-

1

| | |
|---|---|
| Location | Valencia, California, United States (86% likelihood) |

2

| | |
|---|---|
| Opened on | (66.251.119.2:59849) |

3

| | |
|---|---|
| Language | of recipient's PC: en-us (English/United States) |

4

5

| | |
|---|---|
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

6

7

8

**Forwarded**

9

| | |
|---|---|
| Opened | 9-Jan-07 at 15:52:23pm (UTC -6:00)  -   124days18hours20mins25secs after sending |

10

| | |
|---|---|
| Location | Los Angeles, California, United States (86% likelihood) |

11

| | |
|---|---|
| Opened on | adm352-10.usc.edu (128.125.59.213:1643) |

12

| | |
|---|---|
| Language | of recipient's PC: en-us (English/United States) |

13

| | |
|---|---|
| Browser | used by recipient: Moz/4.0 (MSIE 7.0; WinNT 5.1; .NET CLR 1.1.4322; InfoPath.1) |

14

15

16

**Summary  -  as at 15-Feb-08 at 11:39:05am (UTC -6:00)  -  526days14hours7mins7secs after sending**

17

| | |
|---|---|
| Total | Opened 13 times by 4 readers |

18

| | |
|---|---|
| Reader #1 | (rdalsoglio@dm-lawfirm.com) Opened 3 times for 12secs total |

19

| | |
|---|---|
| Reader #2 | Opened 4 times for 5mins47secs total |

20

| | |
|---|---|
| Reader #3 | Opened 5 times for 11mins56secs total |

21

22

| | |
|---|---|
| Reader #4 | Opened 1 time |

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION

No. CV-06-3338 GAF (Ex)