FILED
CLERK, U.S. DISTRICT COURT

FEB 2 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

RECEIVED
BUT NOT FILED

FEB 2 1 2008
322
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION       DEPUTY
BY

JEFFREY DAVID ISAACS
3553 West Chester Pike
PMB #177
Newtown Square, PA 19073
Telephone:   (215) 609 - 4625
Mobile:       (610) 202 -1460
E-Facsimile: (310) 564-0432
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JEFFREY DAVID ISAACS | Case No. CV-06-3338 GAF (Ex) |
| Plaintiff, *pro se*, | |
| -V- | **PLAINTIFF'S APPLICATION FOR RECONSIDERATION OF *EX PARTE* CONTINUANCE** |
| UNIVERSITY OF SOUTHERN CALIFORNIA; | |
| Defendant. | |
| | Pre-Trial Date: June 24, 2008 |
| | Trial Date:      May 19, 2008 |

-1-

BY FAX

Plaintiff hereby moves for this Court to reconsider the motion cut-off date continuance granted *ex parte* last week, and issue an order that takes the more moderate (and less prejudicial) form of a 20 to 40 day continuance of *only the pre-trial and trial dates*. Defense Counsel has shown no good cause why it needs a 90 day continuance of a motion cut-off date. It should be obvious to the Court that, if Defense Counsel is being honest and not committing perjury about its hard drive failure causing the delay, USC was ready to submit the PTCO documents *but for* a loss of one week of work due to hard drive failure. Moreover, USC evaded discovery and "ran out the clock" on discovery; a continuance of a motion cut-off that does not also continue discovery is particularly unjust.

On February 13th, 2008 Opposing Counsel moved for an *ex parte* continuance of this case, despite allegations from Plaintiff and an experienced federal trial lawyer that USC was "stalling" and evading discovery. As is, the *ex parte* continuance allows opposing counsel to move for summary judgment before Plaintiff has had an opportunity to complete discovery.[1] Within twenty-four hours the Court approved the continuance application, before Plaintiff could rebut the misrepresentations Opposing Counsel made in her application. Plaintiff was unaware the continuance was immediately granted until it became available on PACER on February 20th, 2008. Indeed, Plaintiff attempted to file an opposition to the *ex parte* application on February 15th (Exhibit 2).

On February 4th, the Plaintiff informed the Court via a letter that there were delays in cooperation on the PTCO. In this document, Plaintiff acknowledged that minimal delays would be necessary in the PTCO deadlines. An extension of the motion cut-off date is particularly unwarranted, particularly because Opposing Counsel offers no good excuse for why it missed the

---

[1] At the very least, Plaintiff hereby moves for a 90-day continuance of the Discovery cut-off date in addition to the motion cut-off date. However, Plaintiff requests such a continuance *with strong reservation* as it would unnecessarily delay the case. Because Plaintiff is confident that with witness testimony, he will prevail at the trial, his preference is to continue with the pre-trial and have no further motions. (Three lawyers familiar with the case advised Plaintiff that a summary judgment wouldn't even be appropriate in this case because significant facts are in dispute). Nonetheless, Plaintiff maintains for the record that a summary judgment motion after discovery was evaded would expose the risk of a prejudicial disposition unless the discovery deadline is also continued.

1    prior January 21st motion cut-off date. Indeed, Plaintiff continues to allege stalling and evasive

2    tactics by USC that, quite frankly, seem rather obvious.

3           Plaintiff has argued and submitted good evidence that USC's settlement negotiations were

4    not in good faith *nor* intense. The essence of Dal Soglio's continuance application is that she was all

5    prepared for the PTCO, but lost a week of work due to an alleged hard-drive failure. A ninety day

6    continuance of a motion cut-off *seems logically unrelated* to losing a week's worth of work on the

7    pre-trial order. For this reason, the Plaintiff hereby requests a more moderate continuance of

8    approximately 30-40 days on the Pre-Trial and Trial. Opposing Counsel failed to show any good

9    cause to continue the motion cut-off date by 90 days, especially without a simultaneous continuance

10   of the discovery cut-off.

11          Indeed, it seems that even with bizarre excuses and affidavits from "Geek Squad" (Exhibit 1 :

12   a lawyer's view that a 1 week hard drive crash necessitating a 90 day extension of a summary

13   judgment deadline without any discovery extension is "fishy"), USC has successfully delayed a case

14   against a *pro per* Plaintiff.

15          Moreover, it should be noted that Opposing Counsel objected to Plaintiff filing a

16   Third Amended Complaint because discovery was 'well underway.' In retrospect, it is clear that

17   discovery was never diligently conducted. In fact, Dal Soglio still does not have Plaintiff's positive

18   Keck evaluations. Plaintiff wonders whether or not USC has disclosed material documents and/or

19   facts to Dal Soglio. Because this Court is generally strict with deadlines, and denied Plaintiff a minor

20   deadline extension to file the TAC (under which the Federal Rules say leave should be liberally

21   granted), Plaintiff finds it hard to understand why USC is being granted a ninety-day deadline to

22   permit a summary judgment motion, especially considering that USC only lost one week of work on

23   the PTCO. [2]

24          For the foregoing reasons, Plaintiff implores this Court to consider the two year history of

25   delays in this case and schedule a pre-trial conference in 30 to 40 days without any further delay by

26   the Defendant. In the alternative, a continuance of the discovery cut-off is the only way Plaintiff can

27

28   _____

[2] Plaintiff recognizes that the continuance was granted before the Court had seen his opposition statement, and hence
Plaintiff files this application for reconsideration.

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1   move forward for a fair trial or judgment on the merits. Plaintiff believes the affidavit by Michael

2   Payne already on file is sufficient to indicate that Discovery is not complete, but will file a separate

3   motion for continuance of discovery if so ordered by this Court.

4

5       Respectfully submitted, this 21st day of February, 2008.

6

7

8

9                 JEFFREY DAVID ISAACS

10               Plaintiff, *pro se*

11               3553 West Chester Pike
                   PMB #177

12               Newtown Square, PA 19073
                   Telephone: (215) 609-4625

13               Facsimile: (310) 564-0432
                   Email: jdi@alum.dartmouth.org

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

1
2
**CERTIFICATE OF SERVICE**
3
4
I hereby certify that the following document
5
6
- PLAINTIFF'S APPLICATION FOR RECONSIDERATION OF *EX PARTE*
7
CONTINUANCE
8
9
was served upon the represented parties, by CERTIFIED ELECTRONIC MAIL AS
10
STIPULATED BY THE PARTIES, by e-mailing copies thereof to:
11
12
Robin D. Dal Soglio
27240 Turnberry Lane, Suite 200
13
Valencia, California 91355
14
15
16
On this 21st day of February, 2008
17
18
JEFFREY DAVID ISAACS
Plaintiff, *pro se*
19
3553 West Chester Pike
PMB #177
20
Newtown Square, PA 19073
Telephone: (215) 609-4625
21
Facsimile: (310) 564-0432
22
Email: jdi@alum.dartmouth.org
23
24
25
26
27
28

-5-

1

2

3

4

5

6

7

8

# EXHIBIT    1

9

10
Dialogue with Michael Payne re a 90-day ex parte continuance application due to a 1-week hard drive "backup failure."

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1
2    **Michael Payne**
3    **<MPayne@phslegal.com>**
4    **to**                                    **JDI <jeffreydi@gmail.com>,**
5    **date**                                  **Sat, Feb 16, 2008 at 10:59 PM**
6    **subject**                               **RE:**
7
8    Hi Jeff -
9    [REDACTED]

10   I assume that she copied you on her motion.  If she did, it really wasn't ex parte, it was just not a motion that

11   you supported.  I think that another letter from you would be the best way to handle it (be sure to copy her on

12   anything that you send to the Judge).

13
14   As to the Geek Squad and the hard drive failure,[REDACTED].  What sort of a law firm doesn't have its files

15   backed up?  It sounds very fishy to me and it may to the Judge as well.

16   Michael
     _____

17   **From:** JDI [mailto:jeffreydi@gmail.com]

18   **Sent:** Wed 2/13/2008 5:54 PM

19   **To:** Michael Payne**Subject:**

20
21   Hi Michael,

22   [REDACTED] Dal Soglio filed an affidavit that she was "all ready" for the

23   pretrial documents last week, but her computer crashed. She enclosed

24   an affidavit from Geek Squad that she had an unrecoverable hard drive

25   failure. [REDACTED]

26
27   Jeff
28

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

Plaintiff's Opposition to *ex parte* continuance, which was not considered by the Court because continuance was granted within twenty-four hours of the initial *ex parte* application

-4-

JEFFREY DAVID ISAACS
3553 West Chester Pike
PMB #177
Newtown Square, PA 19073
Telephone:    (215) 609 - 4625
Mobile:        (610) 202 -1460
E-Facsimile: (310) 564-0432
Email: jdi@alum.dartmouth.org

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DAVID ISAACS<br><br>Plaintiff, *pro se*,<br><br>-V-<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA;<br><br>Defendant. | Case No. CV-06-3338 GAF (Ex)<br><br>**PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S *EX PARTE* APPLICATION FOR MOTION/TRIAL CONTINUANCE**<br><br>Pre-Trial Date:  February 25, 2008<br>Trial Date:       March 25, 2008 |

1

2                                                          February 15th, 2008

3

4        Dear Judge Feess:

5

6            I am writing to oppose the *ex parte* continuance that Defendant USC applied for on

7    Wednesday. Unfortunately, as I will describe in this statement, Your Honor, I believe that Defendant

8    USC's application is another thinly veiled attempt to drag out litigation. In addition to this statement,

9    I have tried to simplify and summarize the frustrating nature of USC's delays with a timeline of

10   events, in Exhibit A.

11           First and foremost, I would like to challenge Opposing Counsel's claim that a continuance is

12   necessary because "the parties have been diligently working to resolve this case." Opposing Counsel

13   (Declaration page 1 at 27) mischaracterized the settlement discussions as "intense." In fact, on

14   October 11th, 2007, Dal Soglio offered to conduct mediation on an issue relating to my academic

15   transcript (Exhibit D). Mr. Payne subsequently attempted to expedite mediation and/or settlement. He

16   emailed an offer to mediate and/or settle on October 31st, 2007, but didn't receive USC's final

17   response until January 29th, 2008. To my knowledge, their communications consisted of only a few,

18   brief emails and calls (Exhibit D). Furthermore, Dal Soglio's dishonored offer on October 11th lead

19   to a nearly four-month delay in case progress.

20           I have been attempting, Your Honor, to complete the joint PTCO documents without any

21   cooperation from Opposing Counsel since January 30th. After missing several planned 'meet and

22   confers,' Dal Soglio telephoned me last Friday to talk about a Continuance. Even though she said we

23   could work on the PTCO all weekend, it became clear to me during the conversation that, in fact, Dal

24   Soglio really didn't want to work on the PTCO, nor was she prepared. During the call, I asked her

25   about the outstanding discovery requests, to see if we could prepare the joint exhibit list. She claimed

26   that she was not in possession of my formal Keck evaluations – these were specific documents I

27   requested during discovery. Your Honor, during my first semester at Keck, there were nine

28   evaluations by nine individuals at Keck. This was part of the standard evaluation of every Keck med

---

                                             -6-

1  student. I saw them all and they were all positive. I am baffled how, two years into this case,

2  Opposing Counsel claims to not be aware of my evaluations, nor many other specific documents I

3  requested. Three months overdue, last week she served me with objections to all sixty of my Second

4  Request for Document Production items.

5        During the call I was asked by Dal Soglio if I really thought I was prepared for trial, given the

6  discovery delays. I told her that given the two years of slow progress on the case, I have been advised

7  that I may have better success calling on witnesses under oath than having a "case within a case"

8  about discovery non-compliance. I explained to Dal Soglio that I was concerned about any delays

9  that could open up the case to more frivolous motions, especially since I had no discovery production

10 from her of certain critical documents. From the call, I suspected that she wanted to move for

11 summary judgment and avoid producing evidence or having witnesses called to trial. She denied this

12 and asked me to join in a continuance that would not seek to continue the January 21st motion cut-off

13 date. The phone call disconnected at that point. Apparently her computer crashed following the

14 phone call, as I did not hear from her for several days until she had prepared the *ex parte* application.

15 Nonetheless, in contrast to her assertion (Dal Soglio Declaration page 4 line 6) of diligence in

16 completing  the PTCO documents, I do not personally believe that Dal Soglio had any intent to file

17 PTCO documents on the February 11th Deadline. Indeed, she never filed nor served me with any

18 response to the Memorandum of Contentions of Fact and Law I filed on February 4th.  Had Opposing

19 Counsel actually been planning to file PTCO documents on February 11th, it is not clear to me why

20 Defendant USC now seeks a continuance of a January 21st motion cut-off date.

21       It is my opinion that this represents the second time Opposing Counsel has ignored or

22 defaulted on Court deadlines. In September 2006, Defendant USC never answered my SAC, even

23 though it was mailed to them and emailed and faxed to them. Opposing Counsel claimed to have

24 never received the SAC in the mail. There is no question that Opposing Counsel received the SAC in

25 one form or another, as certified email tracking shows that she and USC General Counsel read the

26 SAC multiple times throughout September (Exhibit E). At the time, it seemed to me Opposing

27 Counsel was taking advantage of the fact that I used regular priority mail as opposed to certified US

28 Mail with proof of delivery.

1    I do not wish to appear insensitive to the real hardships that Opposing Counsel did suffer last

2    year. I am aware that her daughter required emergency surgery at CHLA back in October. I know

3    first-hand that the types of conditions CHLA treats are most serious; I had the opportunity as part of

4    the Keck curriculum to spend a day at CHLA observing a juvenile kidney transplant and a

5    reconstructive surgery for a congenital skull defect. Nonetheless, USC is a university with ample

6    resources, and over the long-term, is able to substitute or bring in additional counsel if necessary; a

7    two-year pattern of delays simply cannot be attributed solely to the unfortunate circumstances of last

8    November. Furthermore, I have suffered medical problems throughout the course of this case, but

9    have made every effort to comply with the Federal Rules, especially when a Court case management

10    order uses language such as "STRONG GOOD CAUSE."

11        Your Honor, I hereby request that the Court deny Defendant USC's application for a

12    continuance because it would only delay a trial on the merits. A continuance of the motion cut-off

13    date is particularly unwarranted, as the computer crash that Dal Soglio had last week wouldn't have

14    impacted a January 21st motion cut-off. Furthermore, I ask the Court to take whatever action may be

15    in its power to direct Opposing Counsel to retract its dilatory discovery objections and subsequently

16    produce the documents sought that are needed for the trial Exhibit List.

17

18        Your consideration of these matters is appreciated.

19

20    Respectfully submitted, this 15th day of February, 2008.

21

22    *[signature]*

23        JEFFREY DAVID ISAACS

24        Plaintiff, *pro se*
         3553 West Chester Pike
25        PMB #177
         Newtown Square, PA 19073
26        Telephone: (215) 609-4625
         Facsimile: (310) 564-0432
27        Email: jdi@alum.dartmouth.org

28

-8-

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Timeline of events relevant to Defendant USC's Delays in Trial Progression

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

# Procedural Timeline of Certain Relevant Events
## for Case CV-06-03338

| | |
|---|---|
| **January 9, 2006** | -Plaintiff issues written notification of imminent lawsuit to Amy / Robert Baughman<br><br>-Certified Email is immediately forwarded from Baughman's NIH email to USC Keck Dean Henderson |
| **January 11 & 17, 2006** | - A Keck/USC harassment report and, next, a Keck/USC Disciplinary Hearing Notice are filed against Isaacs |
| **September 7, 2006** | -Plaintiff files Second Amended Complaint; Lynn Salvo places complaint in US Mail to Dal Soglio.<br><br>-E-mail & e-fax courtesy copies also transmitted to Dal Soglio – read throughout September '06 by USC counsel (Exhibit E). |
| **September 14, 2006** | -Plaintiff sends certified email *"Transferring Second Amended Complaint to respective USC entities"* to Dal Soglio, requesting to file (with the respective authorities at USC) criminal and administrative complaints of allegations contained within the SAC. Email is forwarded between several USC lawyers & viewed 26 times in September.<br><br>-Plaintiff is later told that his request is "nonspecific" and will not be processed. |
| **November 3, 2006** | -Plaintiff files for Default Judgment against USC.<br><br>-USC Claims non-receipt of US Mail. |
| **June 4, 2007** | -The Court sets a trial date for March, 2008 |
| **June 25, 2007** | -Plaintiff serves Initial Document Request on USC.<br><br>-22 of 22 requests are denied for being irrelevant or overbroad or private, including a request for the Plaintiff's "Keck Student file." |
| **June 29, 2007** | -Fearing that USC is stalling and/or evading discovery, Plaintiff files a motion to preserve evidence and for a Court-appointed attorney. |
| **September 5, 2007** | -Plaintiff and Opposing Counsel discuss mediating the case if and only if a certain transcript-related  could be an outcome of the mediation. (Exhibit C) |
| **September 23, 2007** | -With no prompt response on the mediation, Plaintiff serves Opposing counsel with Second Request for Production of Documents |

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

| | | |
|---|---|---|
| 1 | **October 11, 2007** | -Opposing Counsel confirms intention to mediate transcript-related settlement. (Exhibit C) |
| 2 | **October 26, 2007** | Worried about possible delays, Plaintiff emails Opposing Counsel requesting that case- |
| 3 | | management and discovery deadlines must be adhered to. (Exhibit C) |
| 4 | **October 31, 2007** | -Michael Payne contacts Dal Soglio and attempts to expedite/facilitate settlement of the case. |
| 5 | **November-December 2007** | -Michael Payne awaited Dal Soglio's response, is informed via email she was delayed due to |
| 6 | | wildfires and an emergency procedure necessary for her daughter. Payne |
| 7 | **January 5, 2008** | -Dal Soglio verbally informed Payne that a mediation to address Plaintiff's academic transcript, as |
| 8 | | promised by Dal Soglio on October 11, is no longer possible. |
| 9 | | -Payne asked for clarification and made a slightly revised offer that Dal Soglio encouraged. |
| 10 | **January 29, 2008** | -Dal Soglio formally dishonored her October 11th offer to conduct mediation of Plaintiff's |
| 11 | | academic transcript. |
| 12 | **January 31, 2008** | -Isaacs contacted Dal Soglio to collaborate on joint pre-trial order requirements. (Exhibit B) |
| 13 | **February 4, 2008** | -Dal Soglio scheduled a meet-and-confer for PTCO with Plaintiff on February 6, 2008. (Ex. B) |
| 14 | **February 6-7, 2008** | -Plaintiff was unable to reach Dal Soglio (Exhibit B) |
| 15 | **February 8, 2008** | - Dal Soglio telephoned Isaacs to discuss settlement and requested an enlargement of time of the |
| 16 | | pre-trial conference. |
| 17 | | - Isaacs stated concern that a continuance could lead to additional frivolous motions. Dal Soglio |
| 18 | | stated that a joint request for a continuance would not move to continue the motion cut-off date. |
| 19 | | - Dal Soglio advised Isaacs that, without an agreement to continue the pre-trial, much time will be |
| 20 | | needed to finish the PTCO requirements, and that they should work throughout the February 9-10th |
| 21 | | weekend. |
| 22 | | - When asked about discovery concerns, Dal Soglio informed Isaacs that she had never seen, nor |
| 23 | | was she in possession of, his "nine positive official Keck performance reviews." |
| 24 | | -Telephone call disconnected. |
| 25 | **February 9-10, 2008** | -Plaintiff unable to reach Dal Soglio via email or telephone |
| 26 | **February 11, 2008** | -Opposing Counsel informed Plaintiff that USC is seeking an *ex parte* continuance. |
| 27 | | |
| 28 | | |

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Correspondence between Plaintiff and Opposing Counsel

-   January 31st, 2008 email from Isaacs requesting prompt and prioritized attention to complying with the Court's pre-trial deadline

-   February 7th, 2008 email from Isaacs indicating difficulties in reaching Opposing Counsel for a meet & confer on PTCO joint documents.

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1

2 | From | Jeffrey D. Isaacs <jeffrey.isaacs@alumni.insead.edu>

3

4 | to | rdalsoglio@dm-lawfirm.com.certified.readnotify.com,

5

6 | date | Thu, Feb 7, 2008 at 5:43 PM

7 | subject | Re: PTCO

8 Ms Dal Soglio:

9

10 I was unable to reach you by telephone at your office either today or

11 yesterday at 2PM as agreed. I believe that the PTCO is due on Monday,

12 fourteen days before the pretrial conference.  I await your Memorandum

13 so that I can reply to any defenses that USC may advance. Furthermore,

14 we need to prepare the jury instructions. I am disappointed that USC

15 has not provided the discovery required, and will raise this issue

16 with the Court at the conference.

17

18

19 Jeffrey Isaacs

20

21 On Feb 4, 2008 2:31 PM, Robin D. Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:

22 > Mr. Isaacs:

23 >

24 > Attached please find a pdf of USC's responses to your second set of RFPs.

25 > In addition to service by mail, I thought we had also served an electronic

26 > copy on you in October, but it appears that we did not.  I apologize for the

27 > inconvenience.

28 >

> I am available to meet and confer with you via telephone this Wednesday 2/6

-13-

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1  > from 2:00 to 3:00, or Friday 2/8 between 9:00 and 12:00.  Let me know what

2  > works for you.

3  >

4  > Robin D. Dal Soglio

5  >

6

7

8  **from**  Jeffrey D. Isaacs <jdi@alum.dartmouth.org>

9  **to**  rdalsoglio@dm-lawfirm.com.certified.readnotify.com,

10  **date**  **Thu, Jan 31, 2008 at 1:28 PM**

11

12  **subject**  **Follow up to pre-trial**

13

14  Ms Dal Soglio:

15

16  I will try calling you shortly to emphasize the importance of working

17  together to finish the joint pretrial papers by February 11th. I

18  cannot know if your habitual delays are fully your own, or in fact

19  caused by your client. Because this case is scheduled to go to trial

20  in under six weeks, I hope that your client can prioritize responding

21  within the deadlines set by the Federal Rules.

22

23  In light of the delay or lack of prior service (I don't really believe

24  that you ever served me with it before), it would assist me greatly if

25  you could you email the Second Request for Document response so that I

26  may finalize the exhibit lists. This should include the contact

27  details I requested for certain witnesses. If it does not, could you

28  provide this information ASAP? For the majority of the USC trial

witnesses, I will go ahead and request that subpoenas be directed  to

-14-

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1    the KAM Administrative Building at Keck, unless you direct otherwise.

2    Specifically, I would appreciate knowing if you can accept service for

3    the two resigned Deans and former Defendants Katsufrakis and

4    Henderson? Furthermore, I understand former Defendant Robert Baughman

5    has quit his post at the NIH and now lives in Okinawa, Japan - are you

6    still able to assist in serving all necessary court papers on key

7    witness Robert Baughman?

8

9    I would appreciate your prompt response to these matters. Given the

10    tight deadline, I may be reached 24/7 at 215-609-4625 and via email at

11    jdi@alum.dartmouth.org

12

13    Thank you,

14    Jeffrey Isaacs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1
2
3

# EXHIBIT C

4
5

Correspondence between Plaintiff and Opposing Counsel Regarding Mediation of Academic

Transcript Matter

6
7
8

- October 26, 2007 email from Isaacs requesting adherence to case management schedule (pending a third party mediator requesting otherwise)

9

- October 11, 2007 email from Dal Soglio offering to mediate Academic Transcript matter

10
11

- September 5, 2007 email confirming mediation would only go forward if it could lead to Academic Transcript settlement

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1

2

3  **from**      JDI <jeffreydi@gmail.com>

4  **to**                          rdalsoglio@dm-lawfirm.com.certified.readnotify.com,

5  **date**                        Fri, Oct 26, 2007 at 2:19 PM

6  **subject**                     Mediation of CV-06-3338

   Dear Ms Dal Soglio:

7

8  This letter is to inform you that Mr. Payne is authorized to speak to
   you regarding the mediation of this case. He should be calling your
9  office in the next few days. Please note that until mediation plans
   are finalized, I expect compliance with any discovery deadlines (e.g.
10 Second Rqst for Docs) in the interim.

11
   Regards,
12 Jeffrey Isaacs

13

14 **from**      Robin D. Dal Soglio <rdalsoglio@dm-lawfirm.com>

15 **reply-to**                    "Robin D. Dal Soglio" <rdalsoglio@dm-lawfirm.com>,

16 **to**                          JDI <jeffreydi@gmail.com>,

   **date**                        Thu, Oct 11, 2007 at 4:10 PM
17
   **subject**                     Re: Documentation for cv-06-3338
18
   Mr. Isaacs -- USC is willing to mediate this case with you. Please advise on your availability to come to California for
19 such a mediation. Also, let me know if you have any preferences for selecting a mediator. Alternatively, I can make
   some suggestions for your consideration.
20
   Robin Dal Soglio
21

22

23

24

25

26

27

28

-17-

| | |
|---|---|
| **from** | **Robin D. Dal Soglio <rdalsoglio@dm-lawfirm.com>** |
| **reply-to** | **"Robin D. Dal Soglio" <rdalsoglio@dm-lawfirm.com>,** |
| **to** | **JDI <jeffreydi@gmail.com>,** |
| **date** | **Wed, Sep 5, 2007 at 3:20 PM** |
| **subject** | **Re: CV 06-3338 remaining claims** |

I write to request additional clarification regarding your e-mail below.  USC has indicated that they <u>might</u> be interested in mediation if, in fact, your goal is to explore a settlement that is aimed only **"[REDACTED NON-MONETARY TRANSCRIPT RELATED ISSUE]"**  In other words, if you are no longer seeking a monetary settlement, they would consider entering into mediation to explore the possibility of the types of relief you mention.  If, however, you still seek a monetary component to any settlement, then USC is not interested in mediating at this time.  I look forward to receiving your response.

Sincerely,

Robin D. Dal Soglio
Robin D. Dal Soglio
**DAL SOGLIO & MARTENS LLP**
27240 Turnberry Lane, Suite 200
Valencia, CA  91355
Tel: (661) 362-0736
Fax: (661) 244-4942

-18-

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

Correspondence between Michael Payne and Opposing Counsel

- Dialogue indicates that settlement/mediation negotiations were not "intense," as characterized by Dal Soglio. Rather, their efforts consisted of a simple settlement offer made by Payne , with several emails exchanged over approximately a three month period.

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

from      Michael Payne <MPayne@phslegal.com>

to                    "Robin D. Dal Soglio" <rdalsoglio@dm-lawfirm.com>,

date                  Mon, Dec 31, 2007 at 5:35 AM

subject               RE: Isaacs v. USC

Robin -

In your last message you stated that you would have a response to me by Monday, December 31, but I have

not heard from you. I approached you with a settlement offer in good faith and I hope that I did not misjudge

your intentions. You sounded sincere in your willingness to work toward a resolution. Your silence is both

puzzling and troubling, particularly since you ignored my comment about the discovery deadline in your

December 11 response.

If this case cannot be settled along the lines I suggested, I think that the University will be making a mistake.

The more I learn about what happened, the more outrageous the University's conduct becomes. If the only

alternative is to take this case to trial, so be it.

I would appreciate a response this week and I wish you a Happy New Year.

Michael

---

**From:** Robin D. Dal Soglio [mailto:rdalsoglio@dm-lawfirm.com]

**Sent:** Thu 12/13/2007 6:30 PM

**To:** Michael Payne

**Subject:** Re: Isaacs v. USC

-20-

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

1

2    Michael -- I am meeting with the client tomorrow and will have a response to you by Monday.  Robin

3    _____

4    **From:** Robin D. Dal Soglio [mailto:rdalsoglio@dm-lawfirm.com]
     **Sent:** Monday, November 26, 2007 7:53 PM
5    **To:** Michael Payne
     **Subject:** Re: Isaacs v. USC
6

7

8    Michael -- I do apologize for the delay in getting back to you.  My 7-year-old daughter was involved
     in a very serious accident on Halloween, and I have not had the chance to follow up on this.  I will
9    speak with my client and get back to you this week.  Robin

10   ----- Original Message -----

11   **From:** Michael Payne

12   **To:** Robin D. Dal Soglio

13   **Sent:** Tuesday, November 20, 2007 11:43 AM

14   **Subject:** FW: Isaacs v. USC

15

16   Robin –

17

18   Would you please let me know the status of the settlement offer I made on November 7?  I understand that
     there is a discovery cutoff at the end of December.
19

20   Michael

21

22

23

24

25

26

27

28

-21-

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

# EXHIBIT E

**ReadNotify email tracking history re SAC**

| | |
|---|---|
| To | rdalsoglio@dm-lawfirm.com |
| From | Jeffrey.D.Isaacs.99@Alum.Dartmouth.ORG |
| Subject | **Service of Process - Second Amended Complaint**<br><br>Pursuant to applicable Federal Rules of Civil Procedure, the attached documents are being delivered to you electronically:<br><br>- SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF (Attached PDF)<br><br>- NOTICE OF MOTION AND MOTION TO EFFECT SERVICE BY MARSHAL |
| Sent on | 6-Sep-06 at 21:31:58pm 'US/Central' time |
| 1st Open | **6-Sep-06 at 21:53:26pm  -6:00**                            (86%) Irvine, California, United States |

Tracking Details

| Opened | |
|---|---|
| Opened | 6-Sep-06 at 21:53:26pm (UTC -6:00)   -   21mins28secs after sending |
| Location | Irvine, California, United States (86% likelihood) |
| Opened on | adsl-69-227-27-230.dsl.irvnca.pacbell.net (69.227.27.230:3070) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; {6CFBE7FD-5F96-5901-2111-3E845E352705}; YPC 3.2.0; .NET CLR 1.1.4322; yplus 5.1.03b) |
| Referrer | http://mail. dm-lawfirm. com/cgi-bin/inbox. exe?id=0017f8 |

-22-

1

2

3

| **Forwarded** | |
|---|---|
| Opened | 7-Sep-06 at 12:31:29pm (UTC -6:00)   -   14hours59mins31secs after sending |
| Location | Valencia, California, United States (86% likelihood) |
| Opened on | (66.251.119.2:22439) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |
| Last log | No more activity after 7-Sep-06 at 12:36:44pm (UTC -6:00)   -   Log data indicates email was read for at least 5mins15secs (approx.) |

| **Forwarded** | |
|---|---|
| Opened | 7-Sep-06 at 12:47:25pm (UTC -6:00)   -   15hours15mins27secs after sending |
| Location | Los Angeles, California, United States (86% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1467) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |
| Last log | No more activity after 7-Sep-06 at 12:58:55pm (UTC -6:00)   -   Log data indicates email was open for at least 11mins30secs (approx.) |

| **Re-Opened (by earlier reader #3)** | |
|---|---|
| Opened | 7-Sep-06 at 15:01:19pm (UTC -6:00)   -   17hours29mins21secs after sending |
| Location | Los Angeles, California, United States (86% likelihood) |

-23-

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION
No. CV-06-3338 GAF (Ex)

| | |
|---|---|
| Opened on | uscgc003.usc.edu (128.125.59.64:1686) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |

| | |
|---|---|
| **Re-Opened (by earlier reader #3)** | |
| Opened | 7-Sep-06 at 19:45:11pm (UTC -6:00)  -  22hours13mins13secs after sending |
| Location | Los Angeles, California, United States (86% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:2404) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |
| Last log | No more activity after 7-Sep-06 at 19:45:37pm (UTC -6:00)  -  Log data indicates email was read for at least 26secs (approx.) |

| | |
|---|---|
| **Re-opened (by earlier reader #1) at apparent address of: rdalsoglio@dm-lawfirm.com** | |
| Opened | 7-Sep-06 at 23:59:18pm (UTC -6:00)  -  1day2hours27mins20secs after sending |
| Location | Irvine, California, United States (86% likelihood) |
| Opened on | adsl-69-224-181-174.dsl.irvnca.pacbell.net (69.224.181.174:1034) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; {6CFBE7FD-5F96-5901-2111-3E845E352705}; YPC 3.2.0; .NET CLR 1.1.4322; yplus 5.1.03b) |
| Referrer | http://mail. dm-lawfirm. com/cgi-bin/inbox. exe?id=005f,http://mail. dm-lawfirm. c |

-24-

1

2

3

| Re-opened (by earlier reader #3) | |
|---|---|
| Opened | 8-Sep-06 at 14:20:33pm (UTC -6:00)   -   1day16hours48mins35secs after sending |
| Location | Los Angeles, California, United States (86% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:2004) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR 2.0.50727) |

4

5

6

7

8

9

10

11

12

13

| Re-opened (by earlier reader #2) | |
|---|---|
| Opened | 8-Sep-06 at 16:06:19pm (UTC -6:00)   -   1day18hours34mins21secs after sending |
| Location | Valencia, California, United States (86% likelihood) |
| Opened on | (66.251.119.2:8607) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

14

15

16

17

18

19

20

21

22

| Re-opened (by earlier reader #3) | |
|---|---|
| Opened | 11-Sep-06 at 12:07:02pm (UTC -6:00)   -   4days14hours35mins4secs after sending |
| Location | Los Angeles, California, United States (86% likelihood) |
| Opened on | uscgc003.usc.edu (128.125.59.64:1309) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; InfoPath.1; .NET CLR 1.1.4322; .NET CLR |

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION

No. CV-06-3338 GAF (Ex)

1

2.0.50727)

2

3

4

**Re-Opened (by earlier reader #2)**

5

| Opened | 11-Sep-06 at 17:10:48pm (UTC -6:00)   -   4days19hours38mins50secs after sending |

6

| Location | Valencia, California, United States (86% likelihood) |

7

| Opened on | (66.251.119.2:37164) |

8

| Language | of recipient's PC: en-us (English/United States) |

9

| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

10

| Last log | No more activity after 11-Sep-06 at 17:11:20pm (UTC -6:00)   -   Log data indicates email was read for at least 32secs (approx.) |

11

12

13

14

15

**Re-Opened (by earlier reader #1)** at apparent address of: **rdalsoglio@dm-lawfirm.com**

16

| Opened | 14-Sep-06 at 16:33:16pm (UTC -6:00)   -   7days19hours1min18secs after sending |

17

| Location | Valencia, California, United States (86% likelihood) |

18

| Opened on | (66.251.119.2:22331) |

19

| Language | of recipient's PC: en-us (English/United States) |

20

| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

21

| Last log | No more activity after 14-Sep-06 at 16:33:28pm (UTC -6:00)   -   Log data indicates email was read for at least 12secs (approx.) |

22

23

24

25

26

**Re-Opened (by earlier reader #2)**

27

| Opened | 1-Oct-06 at 18:55:13pm (UTC -6:00)   -   24days21hours23mins15secs after sending |

28

-26-

PLAINTIFF'S OPPOSITION STATEMENT TO DEFENDANT'S EX PARTE CONTINUANCE APPLICATION

No. CV-06-3338 GAF (Ex)

| | |
|---|---|
| Location | Valencia, California, United States (86% likelihood) |
| Opened on | (66.251.119.2:59849) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; YPC 3.2.0; .NET CLR 1.1.4322) |

| Forwarded | |
|---|---|
| Opened | 9-Jan-07 at 15:52:23pm (UTC -6:00)  -  124days18hours20mins25secs after sending |
| Location | Los Angeles, California, United States (86% likelihood) |
| Opened on | adm352-10.usc.edu (128.125.59.213:1643) |
| Language | of recipient's PC: en-us (English/United States) |
| Browser | used by recipient: Moz/4.0 (MSIE 7.0; WinNT 5.1; .NET CLR 1.1.4322; InfoPath.1) |

| Summary  -  as at 15-Feb-08 at 11:39:05am (UTC -6:00)  -  526days14hours7mins7secs after sending | |
|---|---|
| Total | Opened 13 times by 4 readers |
| Reader #1 | (rdalsoglio@dm-lawfirm.com) Opened 3 times for 12secs total |
| Reader #2 | Opened 4 times for 5mins47secs total |
| Reader #3 | Opened 5 times for 11mins56secs total |
| Reader #4 | Opened 1 time |

-27-