Browser used by recipient: Moz/4.0 (MSIE 6.0; WinNT 5.1; SV1; .NET CLR 1.1.4322)

No more activity after 28-Feb-06 at 18:56:18pm (UTC -5:00)   -   Log data indicates email was read Last log    for at least 3mins1sec (approx.)

**Re-opened (by earlier reader #6)**

Opened 1-Mar-06 at 23:51:39pm (UTC -5:00)   -   43days20hours55mins31secs after sending

Location Los Angeles, California, United States (86% likelihood)

Opened on wireless-025-009.usc.edu (68.181.25.9:2360)

Language of recipient's PC: en-us (English/United States), en;q=0.5 (English)

used by recipient: Moz/5.0 (Win; U; Windows NT 5.1; en-US; rv:1.7.12) Gecko/20050915 Browser    Firefox/1.0.7

Accepts Files browser can open: i/png,*/*;q=0.5

**Summary   -   as at 22-Sep-07 at 12:38:45pm (UTC -5:00)   -   613days9hours42mins37secs after sending**

Total Opened 12 times by 6 readers

Reader #1 Opened 3 times for 5mins2secs total

Reader #2 Opened 1 time

Reader #3 Opened 4 times for 9mins30secs total

Reader #4 Opened 1 time for 10secs total

Reader #5 Opened 1 time

Reader #6 Opened 2 times

No. CV-06-3338 GAF (Ex)          PLAINTIFF'S SECOND REQUEST
                                 FOR PRODUCTION OF DOCUMENTS

1 | DAL SOGLIO & MARTENS LLP
2 |   Robin D. Dal Soglio (State Bar No. 155334)
   | 27240 Turnberry Lane, Suite 200
3 | Valencia, California 91355
   | Telephone: (661) 362-0736
4 | Facsimile: (661) 244-4942

5

6 | Attorneys for Defendants University of
   | Southern California, Robert Baughman,
7 | Brian E. Henderson, Peter J. Katsufrakis and
8 | James M.H. Ball

9 |        SUPERIOR COURT OF THE STATE OF CALIFORNIA
10 |                COUNTY OF LOS ANGELES

11

12 | JEFFREY DAVID ISAACS,                    Case No. CV-06-3338 GAF (Ex)

13

14 |              Plaintiff,                  **DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

15 |     v.

16 | UNIVERSITY OF SOUTHERN
17 | CALIFORNIA; ROBERT
   | WILLIAM BAUGHMAN; BRIAN
18 | E. HENDERSON; PETER J.
   | KATSUFRAKIS; and JAMES M.H.
19 | BALL
20

21 |              Defendants.

22

23 | **PROPOUNDING PARTY:   PLAINTIFF JEFFREY DAVID ISAACS**

24 | **RESPONDING PARTY:    DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA**

25

26

27

28

# III.

## SPECIFIC RESPONSES AND OBJECTIONS

### RESPONSE TO DEMAND NO. 1:

Defendant objects to this demand on the grounds that it is grossly overbroad and hopelessly burdensome. Defendant further objects to this demand on the grounds that it is vague and ambiguous and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the terms "written policies, procedures and guidelines." In addition, Defendant objects that this demand is grossly overbroad and burdensome in its use of the phrase "related to." Defendant further objects to this demand on the grounds that it is vague, ambiguous, grossly overbroad and hopelessly burdensome and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "Defendants computers, computer systems, electronic data and electronic media." Defendant further objects to this demand on the grounds that it is unintelligible with respect to the terms "password, encryption and other security protocols" and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that Plaintiff purports to direct it to "the appropriate agent(s) representing both the NIH and Defendant USC," in that NIH is not a defendant in this action and, therefore, is not represented by counsel, nor participating in these discovery responses. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

### RESPONSE TO DEMAND NO. 2:

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seek the production

1  of documents which are neither relevant nor reasonably calculated to lead to the

2  discovery of admissible evidence in its use of the terms "Organization charts for all

3  Information Technology or Information Services departments or divisions." In

4  addition, Defendant objects to this demand on the grounds that it is overbroad and

5  burdensome as to time. Defendant objects that the demand is grossly overbroad,

6  burdensome and unintelligible in its use of the phrase "contact information for any

7  e-discovery liaison" and seeks information which is neither relevant nor reasonably

8  calculated to lead to the discovery of admissible evidence. Defendant further

9  objects to this request to the extent that Plaintiff purports to direct it to "the

10 appropriate agent(s) representing both the NIH and Defendant USC," in that NIH

11 is not a defendant in this action and, therefore, is not represented by counsel, nor

12 participating in these discovery responses. In addition, Defendant objects to this

13 demand to the extent that it seeks to invade the privacy rights of third parties. On

14 the basis of these objections and the foregoing General Objections, Defendant will

15 not produce the demanded documents.

16 **RESPONSE TO DEMAND NO. 3**

17         Defendant objects to this demand on the grounds that it is grossly

18 overbroad, hopelessly burdensome, vague, and ambiguous and seek the production

19 of documents which are neither relevant nor reasonably calculated to lead to the

20 discovery of admissible evidence in its use of the phrase "any communication or

21 relations." In addition, Defendant objects to this demand on the grounds that it is

22 overbroad and burdensome as to time. Defendant further objects to this request to

23 the extent that it seeks the production of documents that are protected by the

24 attorney-client privilege and the attorney work-product doctrine. Defendant

25 objects that the demand is unintelligible in its use of the phrase "documents not

26 related to Plaintiff's claim" and seeks information which is neither relevant nor

27 reasonably calculated to lead to the discovery of admissible evidence. Defendant

28 further objects to this request to the extent that Plaintiff purports to direct it to "the

1   appropriate agent(s) representing both the NIH and Defendant USC," in that NIH
2   is not a defendant in this action and, therefore, is not represented by counsel, nor
3   participating in these discovery responses.   In addition, Defendant objects to this
4   demand to the extent that it seeks to invade the privacy rights of third parties.  On
5   the basis of these objections and the foregoing General Objections, Defendant will
6   not produce the demanded documents.

7   **RESPONSE TO DEMAND NO. 4**

8                      Defendant objects to this demand on the grounds that it is grossly
9   overbroad, hopelessly burdensome, vague, and ambiguous and seek the production
10  of documents which are neither relevant nor reasonably calculated to lead to the
11  discovery of admissible evidence in its use of the terms "the entire Keck School of
12  Medicine Student File and Admissions File … for any student who lodged any
13  form of complaint, retaliatory or otherwise, against Plaintiff."  In addition,
14  Defendant objects to this demand to the extent that it seeks to invade the privacy
15  rights of third parties.  Subject to and without waiving these objections and the
16  foregoing General Objections, Defendant have already produced Plaintiff's KSOM
17  student file.

18  **RESPONSE TO DEMAND NO. 5**

19                     Defendant objects to this demand on the grounds that it is vague and
20  ambiguous in its use of the phrase "involvement in this matter."  Defendant further
21  objects to this demand on the grounds that it is grossly overbroad, hopelessly
22  burdensome, vague, and ambiguous and seek the production of documents which
23  are neither relevant nor reasonably calculated to lead to the discovery of admissible
24  evidence in its use of the phrase "any other matter, involving any other party to this
25  lawsuit, or any student who lodged any form of complaint, retaliatory or otherwise,
26  against Plaintiff."  In addition, Defendant objects to this demand to the extent that
27  it seeks to invade the privacy rights of third parties.  Subject to and without
28  waiving these objections and the foregoing General Objections, Defendant will

1  produce all non-privileged, non-private responsive documents.

2  **RESPONSE TO DEMAND NO. 6**

3        Defendant objects to this demand on the grounds that it is vague and
4  ambiguous in its use of the phrase "involvement in this matter." Defendant further
5  objects to this demand on the grounds that it is grossly overbroad, hopelessly
6  burdensome, vague, and ambiguous and seek the production of documents which
7  are neither relevant nor reasonably calculated to lead to the discovery of admissible
8  evidence in its use of the phrases "Office of Student Judicial Affairs and
9  Community Standards involvement" and "relevant work-product created by Donna
10  Budar-Turner." In addition, Defendant objects to this demand to the extent that it
11  seeks to invade the privacy rights of third parties. Subject to and without waiving
12  these objections and the foregoing General Objections, Defendant will produce all
13  non-privileged, non-private responsive documents.

14  **RESPONSE TO DEMAND NO. 7**

15        Defendant objects to this demand on the grounds that it is vague and
16  ambiguous in its use of the phrase "involvement in this matter." Defendant further
17  objects to this demand on the grounds that it is grossly overbroad, hopelessly
18  burdensome, vague, and ambiguous and seek the production of documents which
19  are neither relevant nor reasonably calculated to lead to the discovery of admissible
20  evidence in its use of the phrases "Office of Student Judicial Affairs and
21  Community Standards involvement" and "relevant work-product created by Peter
22  Katsufraksi and his supervisors." Defendant further objects to this request to the
23  extent that it seeks the production of documents that are protected by the attorney-
24  client privilege and the attorney work-product doctrine. In addition, Defendant
25  objects to this demand to the extent that it seeks to invade the privacy rights of
26  third parties. Subject to and without waiving these objections and the foregoing
27  General Objections, Defendant will produce all non-privileged, non-private
28  responsive documents.

**RESPONSE TO DEMAND NO. 8**

Defendant objects to this demand on the grounds that it is vague and ambiguous in its use of the phrase "involvement in this matter." Defendant further objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seek the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrases "involvement of any Officer at the University of Southern California." Defendant further objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the attorney work-product doctrine. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to and without waiving these objections and the foregoing General Objections, Defendant will produce all non-privileged, non-private responsive documents.

**RESPONSE TO DEMAND NO. 9**

Defendant objects to this demand on the grounds that it is vague and ambiguous in its use of the phrase "sufficient to fully describe." In addition, Defendant objects that this demand is grossly overbroad and burdensome in its use of the phrase "related to." Defendant further objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seek the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks to invade the privacy rights of third parties in its use of the defined term "pertinent information, including the phrases "a party to this lawsuit, or any person who participated in any complaint, retaliatory or otherwise, against Plaintiff." On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

/ / /

**RESPONSE TO DEMAND NO. 10**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seek the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "sufficient to fully describe any communication between Defendant USC and any third-party concerning Plaintiff." Defendant further objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the attorney work-product doctrine. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

**RESPONSE TO DEMAND NO. 11**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seek the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "any person who participated in any complaint, retaliatory or otherwise, against Plaintiff was subject to any disciplinary or academic review." In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to and without waiving these objections and the foregoing General Objections, Defendant will produce the minutes from SPC hearings wherein Plaintiff was discussed.

**RESPONSE TO DEMAND NO. 12**

Defendant objects to this demand on the grounds that it is vague and ambiguous and seek the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "sufficient to fully describe." Defendant further objects to this demand

1   on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and

2   ambiguous and seek the production of documents which are neither relevant nor

3   reasonably calculated to lead to the discovery of admissible evidence in its use of

4   the phrase "leading up to any hearing or complaint memorandum." Defendant

5   further objects to this request to the extent that it seeks the production of

6   documents that are protected by the attorney-client privilege and the attorney

7   work-product doctrine. In addition, Defendant objects to this demand to the extent

8   that it seeks to invade the privacy rights of third parties. On the basis of these

9   objections and the foregoing General Objections, Defendant will not produce the

10   demanded documents.

11   **RESPONSE TO DEMAND NO. 13**

12          Defendant objects to this demand on the grounds that it is grossly

13   overbroad, hopelessly burdensome, vague, and ambiguous and seek the production

14   of documents which are neither relevant nor reasonably calculated to lead to the

15   discovery of admissible evidence in its use of the phrases "sufficient to fully

16   describe the circumstances surrounding the departure of Brian Henderson and

17   Peter Katsufrakis" and "any internal reports to the Keck Board of Overseers,

18   communications with the University Provost or President, any known infraction(s)

19   by either of these officers." Defendant further objects to this request to the extent

20   that it seeks the production of documents that are protected by the attorney-client

21   privilege and the attorney work-product doctrine. In addition, Defendant objects to

22   this demand to the extent that it seeks to invade the privacy rights of third parties.

23   On the basis of these objections and the foregoing General Objections, Defendant

24   will not produce the demanded documents.

25   **RESPONSE TO DEMAND NO. 14**

26          Defendant objects to this demand on the grounds that it is grossly

27   overbroad and hopelessly burdensome. Defendant further objects to this demand

28   on the grounds that it is vague and ambiguous and seeks the production of

1  documents which are neither relevant nor reasonably calculated to lead to the

2  discovery of admissible evidence in its use of the terms "guidelines, procedures,

3  regulations, or other best practices." In addition, Defendant objects that this

4  demand is unintelligible with respect to the phrase "handling of a complaint" and

5  seeks information which is neither relevant nor reasonably calculated to lead to the

6  discovery of admissible evidence. Defendant further objects to this request to the

7  extent that it seeks the production of documents that are protected by the attorney-

8  client privilege and the attorney work-product doctrine. In addition, Defendant

9  objects to this demand to the extent that it seeks to invade the privacy rights of

10  third parties. On the basis of these objections and the foregoing General

11  Objections, Defendant will not produce the demanded documents.

12  **RESPONSE TO DEMAND NO. 15**

13          Defendant objects to this demand on the grounds that it is grossly

14  overbroad, hopelessly burdensome, vague, and ambiguous and seeks the

15  production of documents which are neither relevant nor reasonably calculated to

16  lead to the discovery of admissible evidence in its use of the terms "guidelines,

17  procedures, regulations, or other best practices." In addition, Defendant objects

18  that this demand is unintelligible with respect to the phrase "handling of an inquiry

19  or complaint by a student's parent" and seeks information which is neither relevant

20  nor reasonably calculated to lead to the discovery of admissible evidence.

21  Defendant further objects to this request to the extent that it seeks the production of

22  documents that are protected by the attorney-client privilege and the attorney

23  work-product doctrine. In addition, Defendant objects to this demand to the extent

24  that it seeks to invade the privacy rights of third parties. On the basis of these

25  objections and the foregoing General Objections, Defendant will not produce the

26  demanded documents.

27  / / /

28  / / /

DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS

## RESPONSE TO DEMAND NO. 16

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the terms "guidelines, procedures, regulations, or other best practices." In addition, Defendant objects that this demand is unintelligible with respect to the phrase "handling of a complaint" and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the attorney work-product doctrine. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

## RESPONSE TO DEMAND NO. 17

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the terms "guidelines, procedures, regulations, or other best practices." In addition, Defendant objects that this demand is unintelligible with respect to the phrase "handling of a complaint" and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

/ / /

**RESPONSE TO DEMAND NO. 18**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the terms "sufficient to summarily describe any and all administrative hearings held at Keck involving complaints of harassment, discrimination, violence, drug abuse, stalking or apprehension of violence." In addition, Defendant objects to this demand on the grounds that it is overbroad and burdensome as to time. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

**RESPONSE TO DEMAND NO. 19**

Defendant objects to this demand on the grounds that it is vague and ambiguous and seek the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "sufficient to fully describe." Defendant further objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and seek the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "any agent or contractor of USC, related to this action" Defendant further objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the attorney work-product doctrine. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

///

## RESPONSE TO DEMAND NO. 20

Defendant objects to this demand on the grounds that it is grossly overbroad and hopelessly burdensome and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "sent using the usc.edu mail domain." Defendant further objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the attorney work-product doctrine. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

## RESPONSE TO DEMAND NO. 21

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seek the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "either support or refute, or that could be reasonably related, to any assertion made in Plaintiff's Complaint." Defendant further objects to this demand on the grounds that it does not describe the documents sought with reasonable particularity. Defendant further objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the attorney work-product doctrine. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing General Objections, Defendant will not produce the demanded documents.

## RESPONSE TO DEMAND NO. 22

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seek

1  the production of documents which are neither relevant nor reasonably calculated
2  to lead to the discovery of admissible evidence in its use of the phrase "all
3  documents sent or received within a twenty-four hour window by the individual
4  user." Defendant further objects to this request to the extent that it seeks the
5  production of documents that are protected by the attorney-client privilege and the
6  attorney work-product doctrine. Defendant further objects to this request to the
7  extent that Plaintiff purports to direct it to "the appropriate agent(s) representing
8  both the NIH and Defendant USC," in that NIH is not a defendant in this action
9  and, therefore, is not represented by counsel, nor participating in these discovery
10 responses. In addition, Defendant objects to this demand to the extent that it seeks
11 to invade the privacy rights of third parties. On the basis of these objections and
12 the foregoing General Objections, Defendant will not produce the demanded
13 documents.

14 **RESPONSE TO DEMAND NO. 23:**

15        Defendant objects to this demand on the grounds that it is grossly
16 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
17 the production of documents which are neither relevant nor reasonably calculated
18 to lead to the discovery of admissible evidence. In addition, Defendant objects to
19 this demand to the extent that it seeks to invade the privacy rights of third parties.
20 Subject to these objections and the foregoing General Objections, Defendant
21 responds that it has already produced the responsive documents.

22 **RESPONSE TO DEMAND NO. 24:**

23        Defendant objects to this demand on the grounds that it is grossly
24 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
25 the production of documents which are neither relevant nor reasonably calculated
26 to lead to the discovery of admissible evidence. Defendant further objects that the
27 requested documents are more readily available to Plaintiff since the demand
28 specifically asks for documents sent to Plaintiff's attorney. In addition, Defendant

1  objects to this demand to the extent that it seeks to invade the privacy rights of

2  third parties.  Subject to these objections and the foregoing General Objections,

3  Defendant responds that it has already produced the responsive documents to

4  Plaintiff's prior attorney.

5  **RESPONSE TO DEMAND NO. 25:**

6         Defendant objects to this demand on the grounds that it is grossly

7  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

8  the production of documents which are neither relevant nor reasonably calculated

9  to lead to the discovery of admissible evidence.  Defendant further objects that the

10  requested documents are more readily available to Plaintiff since the demand

11  specifically asks for documents sent to Plaintiff's attorney.  In addition, Defendant

12  objects to this demand to the extent that it seeks to invade the privacy rights of

13  third parties.  Subject to these objections and the foregoing General Objections,

14  Defendant responds that it has already produced the responsive documents to

15  Plaintiff's prior attorney.

16  **RESPONSE TO DEMAND NO. 26:**

17         Defendant objects to this demand on the grounds that it is grossly

18  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

19  the production of documents which are neither relevant nor reasonably calculated

20  to lead to the discovery of admissible evidence.  In addition, Defendant objects to

21  this demand to the extent that it seeks to invade the privacy rights of third parties.

22  Subject to these objections and the foregoing General Objections, Defendant

23  responds that they do not have any such documents in their possession, custody or

24  control.

25  **RESPONSE TO DEMAND NO. 27:**

26         Defendant objects to this demand on the grounds that it is grossly

27  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

28  the production of documents which are neither relevant nor reasonably calculated

1  to lead to the discovery of admissible evidence. In addition, Defendant objects to
2  this demand to the extent that it seeks to invade the privacy rights of third parties.
3  Subject to these objections and the foregoing General Objections, Defendant
4  responds that they do not have any such documents in their possession, custody or
5  control.

6  **RESPONSE TO DEMAND NO. 28:**

7  　　　　　Defendant objects to this demand on the grounds that it is grossly
8  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
9  the production of documents which are neither relevant nor reasonably calculated
10 to lead to the discovery of admissible evidence. In addition, Defendant objects to
11 this demand to the extent that it seeks to invade the privacy rights of third parties.
12 Subject to these objections and the foregoing General Objections, Defendant
13 responds that they do not have any such documents in their possession, custody or
14 control.

15 **RESPONSE TO DEMAND NO. 29:**

16 　　　　　Defendant objects to this demand on the grounds that it is grossly
17 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
18 the production of documents which are neither relevant nor reasonably calculated
19 to lead to the discovery of admissible evidence. In addition, Defendant objects to
20 this demand to the extent that it seeks to invade the privacy rights of third parties.
21 Subject to these objections and the foregoing General Objections, Defendant
22 responds that they do not have any such documents in their possession, custody or
23 control.

24 **RESPONSE TO DEMAND NO. 30:**

25 　　　　　Defendant objects to this demand on the grounds that it is grossly
26 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
27 the production of documents which are neither relevant nor reasonably calculated
28 to lead to the discovery of admissible evidence. In addition, Defendant objects to

1   this demand to the extent that it seeks to invade the privacy rights of third parties.

2   Subject to these objections and the foregoing General Objections, Defendant

3   responds that they do not have any such documents in their possession, custody or

4   control.

5   **RESPONSE TO DEMAND NO. 31:**

6           Defendant objects to this demand on the grounds that it is grossly

7   overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

8   the production of documents which are neither relevant nor reasonably calculated

9   to lead to the discovery of admissible evidence.  In addition, Defendant objects to

10   this demand to the extent that it seeks to invade the privacy rights of third parties.

11   **RESPONSE TO DEMAND NO. 32:**

12           Defendant objects to this demand on the grounds that it is grossly

13   overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

14   the production of documents which are neither relevant nor reasonably calculated

15   to lead to the discovery of admissible evidence.  In addition, Defendant objects to

16   this demand to the extent that it seeks to invade the privacy rights of third parties.

17   Subject to these objections and the foregoing General Objections, Defendant

18   responds that they do not have any such documents in their possession, custody or

19   control.

20   **RESPONSE TO DEMAND NO. 33:**

21           Defendant objects to this demand on the grounds that it is grossly

22   overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

23   the production of documents which are neither relevant nor reasonably calculated

24   to lead to the discovery of admissible evidence.  In addition, Defendant objects to

25   this demand to the extent that it seeks to invade the privacy rights of third parties.

26   Subject to these objections and the foregoing General Objections, Defendant

27   responds that they do not have any such documents in their possession, custody or

28   control.

**RESPONSE TO DEMAND NO. 34:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the foregoing General Objections, Defendant responds that the only "signed settlement agreement between Plaintiff and USC" is the one entered into in the course of this litigation in August 2007, of which Plaintiff already has a copy.

**RESPONSE TO DEMAND NO. 35:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 36:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 37:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

/ / /

/ / /

**RESPONSE TO DEMAND NO. 38:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 39:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the foregoing General Objections, Defendant responds that it has already produced the responsive documents.

**RESPONSE TO DEMAND NO. 40:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Defendant further objects that the demand seeks documents that are not in the possession, custody or control of Defendant and is, therefore, propounded solely for the purpose of harassing Defendant.

**RESPONSE TO DEMAND NO. 41:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 42:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 43:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 44:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 45:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 46:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated

1    to lead to the discovery of admissible evidence. In addition, Defendant objects to

2    this demand to the extent that it seeks to invade the privacy rights of third parties.

3    **RESPONSE TO DEMAND NO. 47:**

4            Defendant objects to this demand on the grounds that it is grossly

5    overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

6    the production of documents which are neither relevant nor reasonably calculated

7    to lead to the discovery of admissible evidence. In addition, Defendant objects to

8    this demand to the extent that it seeks to invade the privacy rights of third parties.

9    **RESPONSE TO DEMAND NO. 48:**

10           Defendant objects to this demand on the grounds that it is grossly

11    overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

12    the production of documents which are neither relevant nor reasonably calculated

13    to lead to the discovery of admissible evidence. In addition, Defendant objects to

14    this demand to the extent that it seeks to invade the privacy rights of third parties.

15    **RESPONSE TO DEMAND NO. 49:**

16           Defendant objects to this demand on the grounds that it is grossly

17    overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

18    the production of documents which are neither relevant nor reasonably calculated

19    to lead to the discovery of admissible evidence. In addition, Defendant objects to

20    this demand to the extent that it seeks to invade the privacy rights of third parties.

21    **RESPONSE TO DEMAND NO. 50:**

22           Defendant objects to this demand on the grounds that it is grossly

23    overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

24    the production of documents which are neither relevant nor reasonably calculated

25    to lead to the discovery of admissible evidence. In addition, Defendant objects to

26    this demand to the extent that it seeks to invade the privacy rights of third parties.

27    ///

28    ///

20    DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND
        REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO DEMAND NO. 51:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 52:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 53:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 54:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

**RESPONSE TO DEMAND NO. 55:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated

DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS

1  to lead to the discovery of admissible evidence. In addition, Defendant objects to

2  this demand to the extent that it seeks to invade the privacy rights of third parties.

3  **RESPONSE TO DEMAND NO. 56:**

4  Defendant objects to this demand on the grounds that it is grossly

5  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

6  the production of documents which are neither relevant nor reasonably calculated

7  to lead to the discovery of admissible evidence. In addition, Defendant objects to

8  this demand to the extent that it seeks to invade the privacy rights of third parties.

9  **RESPONSE TO DEMAND NO. 57:**

10  Defendant objects to this demand on the grounds that it is grossly

11  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

12  the production of documents which are neither relevant nor reasonably calculated

13  to lead to the discovery of admissible evidence. In addition, Defendant objects to

14  this demand to the extent that it seeks to invade the privacy rights of third parties.

15  **RESPONSE TO DEMAND NO. 58:**

16  Defendant objects to this demand on the grounds that it is grossly

17  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

18  the production of documents which are neither relevant nor reasonably calculated

19  to lead to the discovery of admissible evidence. Subject to and without waiving

20  these objections and the foregoing general objections, Defendant responds that no

21  such documents exist.

22  **RESPONSE TO DEMAND NO. 59:**

23  Defendant objects to this demand on the grounds that it is grossly

24  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

25  the production of documents which are neither relevant nor reasonably calculated

26  to lead to the discovery of admissible evidence. In addition, Defendant objects to

27  this demand to the extent that it seeks to invade the privacy rights of third parties.

28  ///

DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO DEMAND NO. 60:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

Dated: October 23, 2007

DAL SOGLIO & MARTENS LLP

By: _____
      Robin D. Dal Soglio
Attorneys for Defendant University of
Southern California

DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS

## PROOF OF SERVICE

1

2   STATE OF CALIFORNIA        )
3   COUNTY OF LOS ANGELES )

4        I am employed in the County of Los Angeles, State of California.  I am over
5   the age of 18 and not a party to the within action.  My business address is 27240
6   Turnberry Lane, Suite 200, Valencia, CA 91355.

7        On October 23, 2007, I caused to be served the foregoing documents
8   described as:

9   **DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S**
    **OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND**
10  **REQUEST FOR PRODUCTION OF DOCUMENTS**

11
    on the persons listed as follows:
12

13  JEFFREY DAVID ISAACS
    3553 WEST CHESTER PIKE
14  PMB #177
15  NEWTOWN SQUARE, PA 19073

16  ☒   (BY MAIL) I enclosed the documents in a sealed envelope addressed to the
17       persons above and placed the envelope for collection and mailing, following
         our ordinary business practices. I am readily familiar with this firm's
18       practice for collecting and processing correspondence for mailing.  It is
19       deposited in the ordinary course of business with the United States Postal
         Service, in a sealed envelope with postage fully prepaid at our firm's office
20       address in Valencia, California. Service made pursuant to this paragraph
21       shall be presumed invalid if the postal cancellation date on the envelope is
         more than one day after the date of deposit for mailing contained in this
22       affidavit.
23       Executed on October 23, 2007 in Valencia, California.

24        I declare under penalty of perjury under the laws of the state of California
25   that the above is true and correct.

26

27   __Robin Dal Soglio__                    _____
28   **Type or Print Name**                          Signature

                                    1
                                                   Proof of Service

1  DAL SOGLIO & MARTENS LLP
2     Robin D. Dal Soglio (State Bar No. 155334)
   27240 Turnberry Lane, Suite 200
3  Valencia, California 91355
4  Telephone:  (661) 362-0736
   Facsimile:  (661) 244-4942
5
6  Attorneys for Defendants University of
   Southern California, Robert Baughman,
7  Brian E. Henderson, Peter J. Katsufrakis and
8  James M.H. Ball

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                    COUNTY OF LOS ANGELES

11

12  JEFFREY DAVID ISAACS,                    Case No. CV-06-3338 GAF (Ex)
13
                   Plaintiff,              **DEFENDANT UNIVERSITY OF**
14                                         **SOUTHERN CALIFORNIA'S**
15       v.                                **SUPPLEMENTAL RESPONSES TO**
                                           **PLAINTIFF'S SECOND REQUEST**
16  UNIVERSITY OF SOUTHERN                 **FOR PRODUCTION OF**
17  CALIFORNIA; ROBERT                     **DOCUMENTS**
    WILLIAM BAUGHMAN; BRIAN
18  E. HENDERSON; PETER J.
19  KATSUFRAKIS; and JAMES M.H.
    BALL
20
21            Defendants.

22
23  **PROPOUNDING PARTY:     PLAINTIFF JEFFREY DAVID ISAACS**
24  **RESPONDING PARTY:        DEFENDANT UNIVERSITY OF SOUTHERN**
25                             **CALIFORNIA**
26
27
28
                                    DEFENDANT'S SUPPLEMENTAL RESPONSES TO
                                    PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

# I.

## GENERAL OBJECTIONS

Defendant hereby supplements its responses to certain of Plaintiff's demands contained in Plaintiff's Second Request for Production of Documents. Subject to and without waiving its original objections as set forth in its responses served on October 23, 2007, Defendant hereby supplements its responses as follows:

# II.

## SUPPLMENTAL RESPONSES AND OBJECTIONS

### DEMAND NO. 1

Documents sufficient to show fully the written policies, procedures and guidelines related to Defendants computers, computer systems, electronic data and electronic media including, but not limited to, the following:  Backup tape rotation schedules; Electronic data retention, preservation and destruction schedules; Employee use policies of company computers, data, and other technology; File naming conventions and standards; Password, encryption and other security protocols; Diskettes, CD, DVD, and other removable media labeling standards; Email storage conventions (i.e., limitations on mailbox sizes/ storage locations, schedule and logs for storage, etc.)

### RESPONSE TO DEMAND NO. 1:

Defendant objects to this demand on the grounds that it is grossly overbroad and hopelessly burdensome.  Defendant further objects that this demand is grossly overbroad and burdensome in its use of the phrase "related to." Defendant further objects to this demand on the grounds that it is vague, ambiguous, grossly overbroad and hopelessly burdensome and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in its use of the phrase "Defendants computers, computer systems, electronic data and electronic media."  Defendant

1  further objects to this demand on the grounds that it is unintelligible with respect to

2  the terms "password, encryption and other security protocols" and seeks

3  information which is neither relevant nor reasonably calculated to lead to the

4  discovery of admissible evidence. Subject to and without waiving these objections

5  or the foregoing General Objections, Defendant has already produced its current

6  and most immediately prior Electronic Mail Retention policies.

7  **DEMAND NO. 2**

8              Organization charts for all Information Technology or Information

9  Services departments or divisions from 2005-2007, including contact information

10 for any "e-discovery liaison" to assist in time- and cost-saving discovery

11 techniques.

12 **RESPONSE TO DEMAND NO. 2:**

13             Defendant objects to this demand on the grounds that it is grossly

14 overbroad, hopelessly burdensome, vague, and ambiguous and seek the production

15 of documents which are neither relevant nor reasonably calculated to lead to the

16 discovery of admissible evidence in its use of the terms "Organization charts for all

17 Information Technology or Information Services departments or divisions." In

18 addition, Defendant objects to this demand on the grounds that it is overbroad and

19 burdensome as to time. Defendant objects that the demand is grossly overbroad,

20 burdensome and unintelligible in its use of the phrase "contact information for any

21 e-discovery liaison" and seeks information which is neither relevant nor reasonably

22 calculated to lead to the discovery of admissible evidence. Defendant further

23 objects to this request to the extent that Plaintiff purports to direct it to "the

24 appropriate agent(s) representing both the NIH and Defendant USC," in that NIH

25 is not a defendant in this action and, therefore, is not represented by counsel, nor

26 participating in these discovery responses.  Subject to and without waiving these

27 objections or the foregoing General Objections, Defendant has produced the

28 current organization chart for Defendant's Information Technology department.

1 | **DEMAND NO. 3**

2          All documents evidencing or pertaining to any communication or
3 relations between Defendant Robert Baughman and Defendant USC or its agents,
4 including Defendants Henderson and Katsufrakis. These documents need not be
5 directly related to Plaintiff's claim; documents older than seven years are not
6 requested.

7 | **RESPONSE TO DEMAND NO. 3**

8          Defendant objects to this demand on the grounds that it is grossly
9 overbroad, hopelessly burdensome, vague, and ambiguous and seek the production
10 of documents which are neither relevant nor reasonably calculated to lead to the
11 discovery of admissible evidence in its use of the phrase "any communication or
12 relations." In addition, Defendant objects to this demand on the grounds that it is
13 overbroad and burdensome as to time. Defendant further objects to this request to
14 the extent that it seeks the production of documents that are protected by the
15 attorney-client privilege and the attorney work-product doctrine. Defendant
16 objects that the demand seeks the production of documents which are neither
17 relevant nor reasonably calculated to lead to the discovery of admissible evidence
18 in its use of the phrase "documents not related to Plaintiff's claim." Defendant
19 further objects to this request to the extent that Plaintiff purports to direct it to "the
20 appropriate agent(s) representing both the NIH and Defendant USC," in that NIH
21 is not a defendant in this action and, therefore, is not represented by counsel, nor
22 participating in these discovery responses. In addition, Defendant objects to this
23 demand to the extent that it seeks to invade the privacy rights of third parties.
24 Subject to and without waiving these objections or the foregoing General
25 Objections, Defendant has already produced all responsive documents in its
26 possession or control.

27 | ///

28 | ///

3   DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1  **DEMAND NO. 4**

2          Documents constituting the entire Keck School of Medicine Student

3  File and Admissions file (including letters of recommendation) for Plaintiff as well

4  as for any student who lodged any form of complaint, retaliatory or otherwise,

5  against Plaintiff.

6  **SUPPLEMENTAL RESPONSE TO DEMAND NO. 4**

7          Defendant objects to this demand on the grounds that it is grossly

8  overbroad, hopelessly burdensome, vague, and ambiguous and seek the production

9  of documents which are neither relevant nor reasonably calculated to lead to the

10  discovery of admissible evidence to the extent that it seeks "the entire Keck School

11  of Medicine Student File and Admissions File" for any student other than Plaintiff.

12  In addition, Defendant objects to this demand to the extent that it seeks to invade

13  the privacy rights of third parties.  Subject to and without waiving these objections

14  and the foregoing General Objections, Defendant has already produced Plaintiff's

15  KSOM student file and Admissions file.

16  **DEMAND NO. 5**

17          All documents evidencing or pertaining to the USC DPS involvement

18  in this matter, including, without limitation, those leading to the issuance of any

19  "stay-away" letter(s) or any other matter involving any party to this lawsuit, or any

20  person who lodged any form of complaint, retaliatory or otherwise, against

21  Plaintiff.

22  **SUPPLEMENTAL RESPONSE TO DEMAND NO. 5**

23          Defendant objects to this demand on the grounds that it is vague and

24  ambiguous in its use of the phrase "involvement in this matter." Defendant further

25  objects to this demand on the grounds that it is grossly overbroad, hopelessly

26  burdensome, vague, and ambiguous and seek the production of documents which

27  are neither relevant nor reasonably calculated to lead to the discovery of admissible

28  evidence in its use of the phrase "any other matter, involving any other party to this

1  lawsuit, or any student who lodged any form of complaint, retaliatory or otherwise,

2  against Plaintiff." In addition, Defendant objects to this demand to the extent that

3  it seeks to invade the privacy rights of third parties. Subject to and without

4  waiving these objections and the foregoing General Objections, Defendant has

5  already produced all non-privileged, responsive documents in its possession or

6  control.

7  **DEMAND NO. 6**

8          All documents evidencing or pertaining to the Office of Student

9  Judicial Affairs and Community Standards involvement in this matter, including,

10  without limitation, relevant work-product created by Donna Budar-Turner.

11  **SUPPLMENTAL RESPONSE TO DEMAND NO. 6**

12          Defendant objects to this demand on the grounds that it is vague and

13  ambiguous in its use of the phrase "involvement in this matter." Defendant further

14  objects to this demand on the grounds that it is grossly overbroad, hopelessly

15  burdensome, vague, and ambiguous and seek the production of documents which

16  are neither relevant nor reasonably calculated to lead to the discovery of admissible

17  evidence in its use of the phrases "Office of Student Judicial Affairs and

18  Community Standards involvement" and "relevant work-product created by Donna

19  Budar-Turner." In addition, Defendant objects to this demand to the extent that it

20  seeks to invade the privacy rights of third parties. Subject to and without waiving

21  these objections and the foregoing General Objections, Defendant has already

22  produced all non-privileged, responsive documents in its possession or control.

23  **DEMAND NO. 7**

24          All documents evidencing or pertaining to the Office of Student

25  Affairs involvement in this matter, including, without limitation, relevant work-

26  product created by Peter Katsufraksi and his supervisors.

27  / / /

28  / / /

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1 **RESPONSE TO DEMAND NO. 7**

2      Defendant objects to this demand on the grounds that it is vague and
3 ambiguous in its use of the phrase "involvement in this matter." Defendant further
4 objects to this demand on the grounds that it is grossly overbroad, hopelessly
5 burdensome, vague, and ambiguous and seek the production of documents which
6 are neither relevant nor reasonably calculated to lead to the discovery of admissible
7 evidence in its use of the phrases "Office of Student Judicial Affairs and
8 Community Standards involvement" and "relevant work-product created by Peter
9 Katsufraksi and his supervisors." Defendant further objects to this request to the
10 extent that it seeks the production of documents that are protected by the attorney-
11 client privilege and the attorney work-product doctrine. In addition, Defendant
12 objects to this demand to the extent that it seeks to invade the privacy rights of
13 third parties. Subject to and without waiving these objections and the foregoing
14 General Objections, Defendant has already produced all non-privileged, responsive
15 documents in its possession or control.

16 **DEMAND NO. 8**

17      All documents evidencing or pertaining to the involvement of any
18 Officer at the University of Southern California in this matter, including, without
19 limitation, Clive Taylor, Brian Henderson, Erin Quinn, Fred Kuyt, Todd Dickey,
20 and Stephen Sample.

21 **RESPONSE TO DEMAND NO. 8**

22      Defendant objects to this demand on the grounds that it is vague and
23 ambiguous in its use of the phrase "involvement in this matter." Defendant further
24 objects to this demand on the grounds that it is grossly overbroad, hopelessly
25 burdensome, vague, and ambiguous and seek the production of documents which
26 are neither relevant nor reasonably calculated to lead to the discovery of admissible
27 evidence in its use of the phrases "involvement of any Officer at the University of
28 Southern California." Defendant further objects to this request to the extent that it

1  seeks the production of documents that are protected by the attorney-client
2  privilege and the attorney work-product doctrine.  In addition, Defendant objects to
3  this demand to the extent that it seeks to invade the privacy rights of third parties.
4  Subject to and without waiving these objections and the foregoing General
5  Objections, Defendant has already produced all non-privileged, responsive
6  documents in its possession or control.

7  **DEMAND NO. 9**

8          Documents sufficient to fully describe any pertinent communication
9  between any Defendant or agent, and the Los Angeles Police Department, another
10  authority, or the UCLA Neuropsychiatric Hospital.  Pertinent communication is
11  any that is related to a party to this lawsuit, or any person who participated in any
12  complaint, retaliatory or otherwise, against Plaintiff.

13  **RESPONSE TO DEMAND NO. 9**

14          Defendant objects to this demand on the grounds that it is vague and
15  ambiguous in its use of the phrase "sufficient to fully describe."  In addition,
16  Defendant objects that this demand is grossly overbroad and burdensome in its use
17  of the phrase "related to."  Defendant further objects to this demand on the grounds
18  that it is grossly overbroad, hopelessly burdensome, vague, and ambiguous and
19  seek the production of documents which are neither relevant nor reasonably
20  calculated to lead to the discovery of admissible evidence, and seeks to invade the
21  privacy rights of third parties in its use of the defined term "pertinent information,
22  including the phrases "a party to this lawsuit, or any person who participated in any
23  complaint, retaliatory or otherwise, against Plaintiff."  Subject to and without
24  waiving these objections and the foregoing General Objections, Defendant has
25  already produced all non-privileged, responsive documents in its possession or
26  control.

27  / / /
28  / / /

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1 **DEMAND NO. 10**

2      Documents sufficient to fully describe any communication between

3 Defendant USC and any third party concerning Plaintiff. This shall include,

4 without limitation, the Liaison Committee on Medical Education, AMCAS, or any

5 other person or entity not a party to this lawsuit.

6 **RESPONSE TO DEMAND NO. 10**

7      Defendant objects to this demand on the grounds that it is grossly

8 overbroad, hopelessly burdensome, vague, and ambiguous and seek the production

9 of documents which are neither relevant nor reasonably calculated to lead to the

10 discovery of admissible evidence in its use of the phrase "sufficient to fully

11 describe any communication between Defendant USC and any third-party

12 concerning Plaintiff." Defendant further objects to this request to the extent that it

13 seeks the production of documents that are protected by the attorney-client

14 privilege and the attorney work-product doctrine. In addition, Defendant objects to

15 this demand to the extent that it seeks to invade the privacy rights of third parties.

16 On the basis of these objections and the foregoing General Objections, Defendant

17 responds that it has no responsive documents constituting or relating to

18 communications between Defendant and either LCME or AMCAS in its

19 possession or control.

20 **DEMAND NO. 11**

21      Documents sufficient to fully describe any SPC hearing or other USC

22 administrative conference, in which any person who participated in any complaint,

23 retaliatory or otherwise, against Plaintiff was subject to any disciplinary or

24 academic review.

25 **RESPONSE TO DEMAND NO. 11**

26      Defendant objects to this demand on the grounds that it is grossly

27 overbroad, hopelessly burdensome, vague, and ambiguous and seek the production

28 of documents which are neither relevant nor reasonably calculated to lead to the

1  discovery of admissible evidence in its use of the phrase "any person who

2  participated in any complaint, retaliatory or otherwise, against Plaintiff was subject

3  to any disciplinary or academic review." In addition, Defendant objects to this

4  demand to the extent that it seeks to invade the privacy rights of third parties.

5  Subject to and without waiving these objections and the foregoing General

6  Objections, Defendant has already produced all non-privileged, responsive

7  documents in its possession or control.

8  **DEMAND NO. 12**

9         Documents sufficient to fully describe the SPC hearing, ad-hoc

10 appeal, and other USC administrative conferences to which Plaintiff was subjected

11 to, with or without his knowledge. All documents leading up to any hearing or

12 complaint memorandum, including those authored by Defendant James Ball, are

13 specifically requested.

14 **RESPONSE TO DEMAND NO. 12**

15         Defendant objects to this demand on the grounds that it is vague and

16 ambiguous and seek the production of documents which are neither relevant nor

17 reasonably calculated to lead to the discovery of admissible evidence in its use of

18 the phrase "sufficient to fully describe." Defendant further objects to this request

19 to the extent that it seeks the production of documents that are protected by the

20 attorney-client privilege and the attorney work-product doctrine, particularly to the

21 extent that it seeks any correspondence, communications with or work product by

22 James Ball. In addition, Defendant objects to this demand to the extent that it

23 seeks to invade the privacy rights of third parties. Subject to and without waiving

24 these objections and the foregoing General Objections, Defendant has already

25 produced all non-privileged, responsive documents in its possession or control.

26 / / /

27 / / /

28 / / /

1  **DEMAND NO. 13**

2          Documents sufficient to fully describe the circumstances surrounding

3  the departure of Brian Henderson and Peter Katsufrakis from the Keck School of

4  Medicine. This shall include, without limitation, any internal reports to the Keck

5  Board of Overseers, communications with the University Provost or President, any

6  known infraction(s) by either of these officers, as well as any documents or things

7  related to Plaintiff's enrollment at Keck.

8  **RESPONSE TO DEMAND NO. 13**

9          Defendant objects to this demand on the grounds that it is grossly

10  overbroad, hopelessly burdensome, vague, and ambiguous and seek the production

11  of documents which are neither relevant nor reasonably calculated to lead to the

12  discovery of admissible evidence in its use of the phrases "sufficient to fully

13  describe the circumstances surrounding the departure of Brian Henderson and

14  Peter Katsufrakis" and "any internal reports to the Keck Board of Overseers,

15  communications with the University Provost or President, any known infraction(s)

16  by either of these officers." Defendant further objects to this request to the extent

17  that it seeks the production of documents that are protected by the attorney-client

18  privilege and the attorney work-product doctrine. In addition, Defendant objects to

19  this demand to the extent that it seeks to invade the privacy rights of third parties.

20  On the basis of these objections and the foregoing General Objections, Defendant

21  will not produce the demanded documents.

22  **DEMAND NO. 14**

23          Documents containing guidelines, procedures, regulations, or other

24  best practices in effect during the 2005-2006 school year for the handling of a

25  complaint about a supervised agent and/or employee. Only those documents

26  applicable to Steven Sample, Todd Dickey, Clive Taylor, and Brian Henderson are

27  requested.

28  / / /

1  **RESPONSE TO DEMAND NO. 14**

2           Defendant objects to this demand on the grounds that it is grossly
3  overbroad and hopelessly burdensome.  Defendant further objects to this demand
4  on the grounds that it is vague and ambiguous and seeks the production of
5  documents which are neither relevant nor reasonably calculated to lead to the
6  discovery of admissible evidence in its use of the terms "guidelines, procedures,
7  regulations, or other best practices."  In addition, Defendant objects that this
8  demand is unintelligible with respect to the phrase "handling of a complaint" and
9  seeks information which is neither relevant nor reasonably calculated to lead to the
10 discovery of admissible evidence.   Defendant further objects to this request to the
11 extent that it seeks the production of documents that are protected by the attorney-
12 client privilege and the attorney work-product doctrine.  Subject to and without
13 waiving these objections and the foregoing General Objections, Defendant will
14 produce all non-privileged, responsive documents in its possession or control.

15 **DEMAND NO. 15**

16          Documents containing guidelines, procedures, regulations, or other
17 best practices in effect during the 2005-2006 school year for the handling of an
18 inquiry or complaint by a student's parent to an officer and/or administrator.  Only
19 those documents applicable to Steven Sample and Brian Henderson are requested.

20 **RESPONSE TO DEMAND NO. 15**

21          Defendant objects to this demand on the grounds that it is grossly
22 overbroad, hopelessly burdensome, vague, and ambiguous and seeks the
23 production of documents which are neither relevant nor reasonably calculated to
24 lead to the discovery of admissible evidence in its use of the terms "guidelines,
25 procedures, regulations, or other best practices."  In addition, Defendant objects
26 that this demand is unintelligible with respect to the phrase "handling of an inquiry
27 or complaint by a student's parent" and seeks information which is neither relevant
28 nor reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
         PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1  Defendant further objects to this request to the extent that it seeks the production of

2  documents that are protected by the attorney-client privilege and the attorney

3  work-product doctrine. Subject to and without waiving these objections and the

4  foregoing General Objections, Defendant will produce all non-privileged,

5  responsive documents in its possession or control.

6  **DEMAND NO. 16**

7          Documents containing guidelines, procedures, regulations, or other

8  best practices in effect during the 2005-2006 school year for the handling of a

9  formal or informal disability complaint made to an officer or administrator. Only

10  those documents applicable to Stephen Sample, Todd Dickey and Brian Henderson

11  are requested.

12  **RESPONSE TO DEMAND NO. 16**

13          Defendant objects to this demand on the grounds that it is grossly

14  overbroad, hopelessly burdensome, vague, and ambiguous and seeks the

15  production of documents which are neither relevant nor reasonably calculated to

16  lead to the discovery of admissible evidence in its use of the terms "guidelines,

17  procedures, regulations, or other best practices." In addition, Defendant objects

18  that this demand is unintelligible with respect to the phrase "handling of a

19  complaint" and seeks information which is neither relevant nor reasonably

20  calculated to lead to the discovery of admissible evidence. Defendant further

21  objects to this request to the extent that it seeks the production of documents that

22  are protected by the attorney-client privilege and the attorney work-product

23  doctrine. Subject to and without waiving these objections and the foregoing

24  General Objections, Defendant will produce all non-privileged, responsive

25  documents in its possession or control.

26  / / /

27  / / /

28  / / /

1 **DEMAND NO. 17**

2         Documents containing guidelines, procedures, regulations, or other

3 best practices in effect during the 2005-2006 school year for the handling of any

4 school safety or security threat witnessed by an officer, faculty member, or

5 administrator.

6 **RESPONSE TO DEMAND NO. 17**

7         Defendant objects to this demand on the grounds that it is grossly

8 overbroad, hopelessly burdensome, vague, and ambiguous and seeks the

9 production of documents which are neither relevant nor reasonably calculated to

10 lead to the discovery of admissible evidence in its use of the terms "guidelines,

11 procedures, regulations, or other best practices."  In addition, Defendant objects

12 that this demand is unintelligible with respect to the phrase "handling of a

13 complaint" and seeks information which is neither relevant nor reasonably

14 calculated to lead to the discovery of admissible evidence.  Subject to and without

15 waiving these objections and the foregoing General Objections, Defendant will

16 produce all non-privileged, responsive documents in its possession or control.

17 **DEMAND NO. 18**

18         Documents sufficient to summarily describe any and all

19 administrative hearings held at Keck involving complaints of harassment,

20 discrimination, violence, drug abuse, stalking or apprehension of violence.

21 Documents for the past seven years shall suffice.

22 **RESPONSE TO DEMAND NO. 18**

23         Defendant objects to this demand on the grounds that it is grossly

24 overbroad, hopelessly burdensome, vague, and ambiguous and seeks the

25 production of documents which are neither relevant nor reasonably calculated to

26 lead to the discovery of admissible evidence in its use of the terms "sufficient to

27 summarily describe any and all administrative hearings held at Keck involving

28 complaints of harassment, discrimination, violence, drug abuse, stalking or

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1  apprehension of violence." In addition, Defendant objects to this demand on the
2  grounds that it is overbroad and burdensome as to time. In addition, Defendant
3  objects to this demand to the extent that it seeks to invade the privacy rights of
4  third parties. Subject to and without waiving these objections and the foregoing
5  General Objections, Defendant has produced all non-privileged, responsive
6  documents in its possession or control.

7  **DEMAND NO. 19**

8       Documents sufficient to fully describe all work product, by any agent
9  or contractor of USC, related to this legal action and not subject to attorney-client
10 privilege.

11 **RESPONSE TO DEMAND NO. 19**

12      Defendant objects to this demand on the grounds that it is vague and
13 ambiguous and seek the production of documents which are neither relevant nor
14 reasonably calculated to lead to the discovery of admissible evidence in its use of
15 the phrase "sufficient to fully describe." Defendant further objects to this demand
16 on the grounds that it is grossly overbroad, hopelessly burdensome, vague, and
17 ambiguous and seek the production of documents which are neither relevant nor
18 reasonably calculated to lead to the discovery of admissible evidence in its use of
19 the phrase "any agent or contractor of USC, related to this action" Defendant
20 further objects to this request to the extent that it seeks the production of
21 documents that are protected by the attorney-client privilege and the attorney
22 work-product doctrine. In addition, Defendant objects to this demand to the extent
23 that it seeks to invade the privacy rights of third parties. Subject to and without
24 waiving these objections and the foregoing General Objections, Defendant has
25 produced all non-privileged, responsive documents in its possession or control.

26 **DEMAND NO. 20**

27      All documents sent using the usc.edu mail domain and which contain
28 discussion of the Plaintiff, this lawsuit, or the events leading up to this lawsuit.

1  **RESPONSE TO DEMAND NO. 20**

2          Defendant objects to this demand on the grounds that it is grossly

3  overbroad and hopelessly burdensome and seeks the production of documents

4  which are neither relevant nor reasonably calculated to lead to the discovery of

5  admissible evidence in its use of the phrase "sent using the usc.edu mail domain."

6  Specifically, it would be impossible to for Defendant to do search of all emails sent

7  using the usc.edu domain which mention Plaintiff. Defendant further objects to

8  this request to the extent that it seeks the production of documents that are

9  protected by the attorney-client privilege and the attorney work-product doctrine.

10  In addition, Defendant objects to this demand to the extent that it seeks to invade

11  the privacy rights of third parties. Subject to and without waiving these objections

12  and the foregoing General Objections, Defendant has produced all non-privileged,

13  responsive documents in its possession or control which relate to Plaintiff and the

14  events giving rise to this lawsuit of which it is aware following a reasonable search

15  and diligent inquiry and investigation.

16  **DEMAND NO. 21**

17          All documents currently in the possession of Defendants that could

18  either support or refute, or that could be reasonably related, to any assertion made

19  in Plaintiff's Complaint.

20  **RESPONSE TO DEMAND NO. 21**

21          Defendant objects to this demand on the grounds that it is grossly

22  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seek

23  the production of documents which are neither relevant nor reasonably calculated

24  to lead to the discovery of admissible evidence in its use of the phrase "either

25  support or refute, or that could be reasonably related, to any assertion made in

26  Plaintiff's Complaint." Defendant further objects to this demand on the grounds

27  that it does not describe the documents sought with reasonable particularity.

28  Defendant further objects to this request to the extent that it seeks the production of

15          DEFENDANT'S SUPPLEMENTAL RESPONSES TO
            PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1  documents that are protected by the attorney-client privilege and the attorney
2  work-product doctrine.  In addition, Defendant objects to this demand to the extent
3  that it seeks to invade the privacy rights of third parties.  Subject to and without
4  waiving these objections and the foregoing General Objections, Defendant has
5  produced all non-privileged, responsive documents in its possession or control of
6  which it is aware following a reasonable search and diligent inquiry and
7  investigation.

8  **DEMAND NO. 22**

9          For each Certified IP-Address Receipt identified in Exhibit O, all
10  documents sent or received within a twenty-four hour window by the individual
11  user.  "Documents" shall include, without limitation, comprehensive email and
12  telephone records for the given user registered to the respective IP address.

13  **RESPONSE TO DEMAND NO. 22**

14          Defendant objects to this demand on the grounds that it is vague,
15  ambiguous and unintelligible in its reference to "Exhibit O."  Defendant further
16  objects to this demand on the grounds that it is grossly overbroad, hopelessly
17  burdensome, vague, ambiguous and unintelligible and seek the production of
18  documents which are neither relevant nor reasonably calculated to lead to the
19  discovery of admissible evidence in its use of the phrase "all documents sent or
20  received within a twenty-four hour window by the individual user."  Defendant
21  further objects to this request to the extent that it seeks the production of
22  documents that are protected by the attorney-client privilege and the attorney
23  work-product doctrine.  Defendant further objects to this request to the extent that
24  Plaintiff purports to direct it to "the appropriate agent(s) representing both the NIH
25  and Defendant USC," in that NIH is not a defendant in this action and, therefore, is
26  not represented by counsel, nor participating in these discovery responses.  In
27  addition, Defendant objects to this demand to the extent that it seeks to invade the
28  / / /

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1 privacy rights of third parties. On the basis of these objections and the foregoing

2 General Objections, Defendant is unable to respond to this demand.

3 **DEMAND NO. 23**

4 　　　　　Documents consisting of Plaintiff Jeffrey David Isaacs' entire Keck

5 student file. For any specific document that may be privileged, cite a description

6 of the documents being withheld and any privilege(s) that may exist.

7 **RESPONSE TO DEMAND NO. 23:**

8 　　　　　Defendant objects to this demand on the grounds that it is grossly

9 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

10 the production of documents which are neither relevant nor reasonably calculated

11 to lead to the discovery of admissible evidence. In addition, Defendant objects to

12 this demand to the extent that it seeks to invade the privacy rights of third parties.

13 Subject to these objections and the foregoing General Objections, Defendant

14 responds that it has already produced the responsive documents.

15 **DEMAND NO. 24**

16 　　　　　Documents constituting Plaintiff's redacted / partial student file sent

17 to Nina Marino.

18 **RESPONSE TO DEMAND NO. 24:**

19 　　　　　Defendant objects to this demand on the grounds that it is grossly

20 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

21 the production of documents which are neither relevant nor reasonably calculated

22 to lead to the discovery of admissible evidence. Defendant further objects that the

23 requested documents are more readily available to Plaintiff since the demand

24 specifically asks for documents sent to Plaintiff's attorney. In addition, Defendant

25 objects to this demand to the extent that it seeks to invade the privacy rights of

26 third parties. Subject to these objections and the foregoing General Objections,

27 Defendant responds that it has already produced the responsive documents.

28 / / /

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1  **DEMAND NO. 25**

2          The letter from Amy Baughman to Peter Katsufrakis, previously sent

3  to Nina Marino, in which Baughman asks Keck/Katsufrakis not to suspend

4  Plaintiff, and in which she sates that she does not feel that Plaintiff is dangerous,

5  only slightly crazy.

6  **RESPONSE TO DEMAND NO. 25:**

7          Defendant objects to this demand on the grounds that it is grossly

8  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

9  the production of documents which are neither relevant nor reasonably calculated

10  to lead to the discovery of admissible evidence.  Defendant further objects that the

11  requested documents are more readily available to Plaintiff since the demand

12  specifically asks for documents sent to Plaintiff's attorney.  In addition, Defendant

13  objects to this demand to the extent that it seeks to invade the privacy rights of

14  third parties.  Subject to these objections and the foregoing General Objections,

15  Defendant responds that it is not aware of any such "letter" as described in the

16  complaint; however, Defendant has already produced all written communications

17  from Amy Baughman to Peter Katsufrakis that mention, refer to or relate to

18  Plaintiff or this litigation.

19  **DEMAND NO. 26**

20          The forwarded email sent from William Baughman to Brian

21  Henderson upon receiving Plaintiff's "Lawsuit" email, and containing Plaintiff's

22  "Lawsuit" email in its message body, on January 10th, 2006.  This email is

23  specifically identified in the Readnotify.com records provided by Plaintiff.

24  **RESPONSE TO DEMAND NO. 26:**

25          Defendant objects to this demand on the grounds that it is grossly

26  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

27  the production of documents which are neither relevant nor reasonably calculated

28  to lead to the discovery of admissible evidence.  In addition, Defendant objects to

18    DEFENDANT'S SUPPLEMENTAL RESPONSES TO
         PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1   this demand to the extent that it seeks to invade the privacy rights of third parties.

2   Subject to these objections and the foregoing General Objections, Defendant

3   responds that it does not have any such documents in its possession, custody or

4   control.

5   **DEMAND NO. 27**

6           The forwarded email sent from Brian Henderson to Peter Katsufrakis

7   upon receiving Plaintiff's "Lawsuit" email, and containing this "Lawsuit" email in

8   its message body, on January 10th, 2006.

9   **RESPONSE TO DEMAND NO. 27:**

10          Defendant objects to this demand on the grounds that it is grossly

11  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

12  the production of documents which are neither relevant nor reasonably calculated

13  to lead to the discovery of admissible evidence.  In addition, Defendant objects to

14  this demand to the extent that it seeks to invade the privacy rights of third parties.

15  Subject to these objections and the foregoing General Objections, Defendant

16  responds that it does not have any such documents in its possession, custody or

17  control.

18  **DEMAND NO. 28**

19          The email (specified in the SAC) sent from Ms. Amy Baughman's

20  USC.edu email account to the Keck Student mailserv distribution list, which

21  advertises her apartment and mentions "no crazies, pleeze."

22  **RESPONSE TO DEMAND NO. 28:**

23          Defendant objects to this demand on the grounds that it is grossly

24  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

25  the production of documents which are neither relevant nor reasonably calculated

26  to lead to the discovery of admissible evidence.  In addition, Defendant objects to

27  this demand to the extent that it seeks to invade the privacy rights of third parties.

28  Subject to these objections and the foregoing General Objections, Defendant

1  responds that it does not have any such documents in its possession, custody or

2  control.

3  **DEMAND NO. 29**

4        Any replies to Ms. Baughman's aforementioned email sent to her

5  USC.edu account.

6  **RESPONSE TO DEMAND NO. 29:**

7        Defendant objects to this demand on the grounds that it is grossly

8  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

9  the production of documents which are neither relevant nor reasonably calculated

10  to lead to the discovery of admissible evidence. In addition, Defendant objects to

11  this demand to the extent that it seeks to invade the privacy rights of third parties.

12  Subject to these objections and the foregoing General Objections, Defendant

13  responds that it does not have any such documents in its possession, custody or

14  control.

15  **DEMAND NO. 30**

16        Ms. Baughman's email sent to Plaintiff via the USC.edu domain

17  concerning her illicit drug use (see SAC for specific reference).

18  **RESPONSE TO DEMAND NO. 30:**

19        Defendant objects to this demand on the grounds that it is grossly

20  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

21  the production of documents which are neither relevant nor reasonably calculated

22  to lead to the discovery of admissible evidence. In addition, Defendant objects to

23  this demand to the extent that it seeks to invade the privacy rights of third parties.

24  Subject to these objections and the foregoing General Objections, Defendant

25  responds that it does not have any such documents in its possession, custody or

26  control.

27  / / /

28  / / /

**DEMAND NO. 31**

Documents relating to any USC investigation of drug abuse by Amy Baughman, Alex Jack, and/or Dave Braxton.

**RESPONSE TO DEMAND NO. 31:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to these objections and the foregoing General Objections, Defendant responds that it does not have any such documents in its possession, custody or control.

**DEMAND NO. 32**

Documents sufficient to fully describe Krishna Ramaswamy's first meeting with Katsufrakis, as described by Ramaswamy's "going-away blog" message to Katsufrakis, in which he referred to himself and friends as "scoundrels."

**RESPONSE TO DEMAND NO. 32:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to these objections and the foregoing General Objections, Defendant responds that it does not have any such documents in its possession, custody or control.

///

///

1  **DEMAND NO. 33**

2          Any documents in the possession of USC referencing the assault

3  Plaintiff suffered by Ramaswamy.

4  **RESPONSE TO DEMAND NO. 33:**

5          Defendant objects to this demand on the grounds that it is grossly

6  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

7  the production of documents which are neither relevant nor reasonably calculated

8  to lead to the discovery of admissible evidence.  In addition, Defendant objects to

9  this demand to the extent that it seeks to invade the privacy rights of third parties.

10  Subject to these objections and the foregoing General Objections, Defendant

11  responds that it has already produced all responsive documents in its possession or

12  control.

13  **DEMAND NO. 35**

14          Plaintiff's statement to Ms. Donna Budar-Turner (she took extensive

15  verbatim notes of his testimony).

16  **RESPONSE TO DEMAND NO. 35:**

17          Defendant objects to this demand on the grounds that it is grossly

18  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

19  the production of documents which are neither relevant nor reasonably calculated

20  to lead to the discovery of admissible evidence.  Subject to these objections and the

21  foregoing General Objections, Defendant responds that it has already produced all

22  responsive documents.

23  **DEMAND NO. 36**

24          All documents assembled by Ms. Donna Budar-Turner in relation to

25  Ms. Baughman's complaint.

26  **RESPONSE TO DEMAND NO. 36:**

27          Defendant objects to this demand on the grounds that it is grossly

28  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

1  the production of documents which are neither relevant nor reasonably calculated
2  to lead to the discovery of admissible evidence. In addition, Defendant objects to
3  this demand to the extent that it seeks to invade the privacy rights of third parties.
4  Subject to these objections and the foregoing General Objections, Defendant
5  responds that it has already produced all non-privileged responsive documents in
6  its possession or control.

7  **DEMAND NO. 37**

8       Ms. Baughman's complaint and statements about Plaintiff to Ms.
9  Donna Budar-Turner.

10 **RESPONSE TO DEMAND NO. 37:**

11      Defendant objects to this demand on the grounds that it is grossly
12 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
13 the production of documents which are neither relevant nor reasonably calculated
14 to lead to the discovery of admissible evidence. In addition, Defendant objects to
15 this demand to the extent that it seeks to invade the privacy rights of third parties.
16 Subject to these objections and the foregoing General Objections, Defendant
17 responds that it has already produced all responsive documents in its possession or
18 control.

19 **DEMAND NO. 38**

20      Documents containing Ms. Baughman's letters of recommendation to
21 Keck.

22 **RESPONSE TO DEMAND NO. 38:**

23      Defendant objects to this demand on the grounds that it is grossly
24 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
25 the production of documents which are neither relevant nor reasonably calculated
26 to lead to the discovery of admissible evidence. In addition, Defendant objects to
27 this demand to the extent that it seeks to invade the privacy rights of third parties.
28 Subject to these objections and the foregoing General Objections, Defendant

1  responds that it does not have any such documents in its possession, custody or

2  control, as it does not maintain letters of recommendation following admission.

3  **DEMAND NO. 39**

4          All written complaints about Plaintiff issued by Ms. Baughman and

5  provided to any person at USC or the LAPD.

6  **RESPONSE TO DEMAND NO. 39:**

7          Defendant objects to this demand on the grounds that it is grossly

8  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

9  the production of documents which are neither relevant nor reasonably calculated

10 to lead to the discovery of admissible evidence.  Subject to these objections and the

11 foregoing General Objections, Defendant responds that it has already produced the

12 responsive documents.

13 **DEMAND NO. 40**

14         For each and every SMS message itemized in Defendant USC's

15 exhibit of Amy Baughman's cell-phone records, the actual text of the SMS

16 message sent or received.

17 **RESPONSE TO DEMAND NO. 40:**

18         Defendant objects to this demand on the grounds that it is grossly

19 overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

20 the production of documents which are neither relevant nor reasonably calculated

21 to lead to the discovery of admissible evidence.  In addition, Defendant objects to

22 this demand to the extent that it seeks to invade the privacy rights of third parties.

23 Subject to and without waiving these objections or the foregoing General

24 Objections, Defendant responds that it has no such documents in its possession,

25 custody or control.

26 ///

27 ///

28 ///

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION