**DEMAND NO. 41**

All documents provided by USC to the LAPD concerning Plaintiff, which resulted in the LAPD's eventual letter stating that Plaintiff was not a threat in the their opinion.

**RESPONSE TO DEMAND NO. 41:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to and without waiving these objections or the foregoing General Objections, Defendant responds that it has no responsive documents in its possession, custody or control.

**DEMAND NO. 42**

Dr. Fred Kuyt's official first semester evaluation of Plaintiff's performance in his ICM class.

**RESPONSE TO DEMAND NO. 42:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to and without waiving these objections or the foregoing General Objections, Defendant responds that it has already produced the responsive document.

**DEMAND NO. 43**

Dr. Mark Vogel's official first semester evaluation of Plaintiff's performance in his ICM class.

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1 | **RESPONSE TO DEMAND NO. 43:**

2 |       Defendant objects to this demand on the grounds that it is grossly

3 | overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

4 | the production of documents which are neither relevant nor reasonably calculated

5 | to lead to the discovery of admissible evidence. In addition, Defendant objects to

6 | this demand to the extent that it seeks to invade the privacy rights of third parties.

7 | Subject to and without waiving these objections or the foregoing General

8 | Objections, Defendant responds that it has already produced the responsive

9 | document.

10 | **DEMAND NO. 44**

11 |       Plaintiff's official first semester evaluations by Dr. Stellwegen and

12 | Dr. White.

13 | **RESPONSE TO DEMAND NO. 44:**

14 |       Defendant objects to this demand on the grounds that it is grossly

15 | overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

16 | the production of documents which are neither relevant nor reasonably calculated

17 | to lead to the discovery of admissible evidence. In addition, Defendant objects to

18 | this demand to the extent that it seeks to invade the privacy rights of third parties.

19 | Subject to and without waiving these objections or the foregoing General

20 | Objections, Defendant responds that it has no such documents in its possession,

21 | custody or control.

22 | **DEMAND NO. 45**

23 |       Plaintiff's official peer evaluations by Amy Savagian.

24 | **RESPONSE TO DEMAND NO. 45:**

25 |       Defendant objects to this demand on the grounds that it is grossly

26 | overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

27 | the production of documents which are neither relevant nor reasonably calculated

28 | to lead to the discovery of admissible evidence. In addition, Defendant objects to

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1  this demand to the extent that it seeks to invade the privacy rights of third parties.

2  Subject to these objections and the foregoing General Objections, Defendant

3  responds that it has already produced all responsive documents in its possession or

4  control.

5  **DEMAND NO. 46**

6          Plaintiff's official peer evaluations by Cambria Garrell.

7  **RESPONSE TO DEMAND NO. 46:**

8          Defendant objects to this demand on the grounds that it is grossly

9  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

10  the production of documents which are neither relevant nor reasonably calculated

11  to lead to the discovery of admissible evidence. In addition, Defendant objects to

12  this demand to the extent that it seeks to invade the privacy rights of third parties.

13  Subject to these objections and the foregoing General Objections, Defendant

14  responds that it has already produced all responsive documents in its possession or

15  control.

16  **DEMAND NO. 47**

17          Plaintiff's official peer evaluations by Daria Younessi.

18  **RESPONSE TO DEMAND NO. 47:**

19          Defendant objects to this demand on the grounds that it is grossly

20  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks

21  the production of documents which are neither relevant nor reasonably calculated

22  to lead to the discovery of admissible evidence. In addition, Defendant objects to

23  this demand to the extent that it seeks to invade the privacy rights of third parties.

24  Subject to these objections and the foregoing General Objections, Defendant

25  responds that it has already produced all responsive documents in its possession or

26  control.

27  / / /

28  / / /

**DEMAND NO. 48**

Plaintiff's official peer evaluations by Arash Motammed.

**RESPONSE TO DEMAND NO. 48:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to these objections and the foregoing General Objections, Defendant responds that it has already produced all responsive documents in its possession or control.

**DEMAND NO. 49**

Plaintiff's official peer evaluations by Leah Ruslen.

**RESPONSE TO DEMAND NO. 49:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to these objections and the foregoing General Objections, Defendant responds that it has already produced all responsive documents in its possession or control.

**DEMAND NO. 50**

Dr. Fred Kuyt's letters and voicemail records to Katsufrakis and/or Taylor requesting to be present in Plaintiff's SPC hearing and/or advocating for Plaintiff.

///

///

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

**RESPONSE TO DEMAND NO. 50:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to and without waiving these objections or the foregoing General Objections, Defendant responds that it has no responsive documents in its possession or control.

**DEMAND NO. 51**

Any and all documents produced by any past or current member of the Keck SPC and referencing Plaintiff's July 2006 petition to the SPC.

**RESPONSE TO DEMAND NO. 51:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to and without waiving these objections or the foregoing General Objections, Defendant responds that it has no responsive documents in its possession or control.

**DEMAND NO. 52**

Any correspondence pertaining to Plaintiff or his SPC Petition or this Lawsuit, between USC and AMCAS (AAMC) or the LCME.

**RESPONSE TO DEMAND NO. 52:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated

1  to lead to the discovery of admissible evidence.  In addition, Defendant objects to
2  this demand to the extent that it seeks to invade the privacy rights of third parties.
3  Subject to and without waiving these objections or the foregoing General
4  Objections, Defendant responds that it has no responsive correspondence in its
5  possession or control.

6  **DEMAND NO. 53**

7        Documents sufficient to fully describe submissions/complaints against
8  Amy Baughman or Alex Jack or Krishna Ramaswamy using the anonymous USC
9  DPS online complaint submission form.  Include both the initial submission and
10  any follow-up response by USC officers.

11  **RESPONSE TO DEMAND NO. 53:**

12        Defendant objects to this demand on the grounds that it is grossly
13  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
14  the production of documents which are neither relevant nor reasonably calculated
15  to lead to the discovery of admissible evidence.  In addition, Defendant objects to
16  this demand to the extent that it seeks to invade the privacy rights of third parties.
17  Subject to and without waiving these objections and the foregoing general
18  objections, Defendant has already produced all responsive complaints against
19  Baughman, Jack and Ramaswamy.

20  **DEMAND NO. 54**

21        For each instance that Plaintiff's email titled "Letter of Appeal to
22  President Sample" was forwarded to another party using the USC.edu domain or
23  another network, as identified by Readnotify.com in attached Exhibit A, provide
24  the entire body of each forwarded email.   Should any privilege exist, provide the
25  unique message serial number of the email, along with an explanation of any
26  privilege that may exist.

27  ///
28  ///

1   **RESPONSE TO DEMAND NO. 54:**

2           Defendant objects to this demand on the grounds that it is grossly
3   overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
4   the production of documents which are neither relevant nor reasonably calculated
5   to lead to the discovery of admissible evidence. Defendant further objects to this
6   request to the extent that it seeks the production of documents that are protected by
7   the attorney-client privilege and the attorney work-product doctrine. Plaintiff's
8   email entitled "Letter of Appeal to President Sample" was sent by Plaintiff to
9   attorney Robin Dal Soglio, counsel of record for defendants. If and when she
10  forwarded such email, all such communications were with her clients and,
11  therefore, are privileged. Accordingly, Defendant will not produce the requested
12  documents.

13  **DEMAND NO. 55**

14          For each instance that Plaintiff's email titled "Transferred SAC to
15  respective USC entities" was forwarded to another party using the USC.edu
16  domain or another network, as identified by Readnotify.com in attached Exhibit B,
17  provide the entire body of each forwarded email. Should any privilege exist,
18  provide the unique message serial number of the email, along with an explanation
19  of any privilege that may exist.

20  **RESPONSE TO DEMAND NO. 55:**

21          Defendant objects to this demand on the grounds that it is grossly
22  overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
23  the production of documents which are neither relevant nor reasonably calculated
24  to lead to the discovery of admissible evidence. In addition, Defendant objects to
25  this demand to the extent that it seeks to invade the privacy rights of third parties.
26  Plaintiff's email entitled "Transferring Second Amended Complaint to respective
27  USC entities" was sent by Plaintiff to attorney Robin Dal Soglio, counsel of record
28  for defendants. If and when she forwarded such email, all such communications

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

1    were with her clients and, therefore, are privileged. Accordingly, Defendant will
2    not produce the requested documents.

3    **DEMAND NO. 56**

4        For each instance that Plaintiff's email titled "Lawsuit" was
5    forwarded to another party using the USC.edu domain or another network, as
6    identified by Readnotify.com in attached Exhibit C, provide the entire body of
7    each forwarded email. Should any privilege exist, provide the unique message
8    serial number of the email, along with an explanation of any privilege that may
9    exist.

10    **RESPONSE TO DEMAND NO. 56:**

11        Defendant objects to this demand on the grounds that it is grossly
12    overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks
13    the production of documents which are neither relevant nor reasonably calculated
14    to lead to the discovery of admissible evidence. In addition, Defendant objects to
15    this demand to the extent that it seeks to invade the privacy rights of third parties.
16    Subject to and without waiving these objections and the foregoing General
17    Objections, Defendant has already produced all non-privileged, responsive
18    documents in its possession or control after reasonable inquiry and diligent search
19    and investigation.

20    **DEMAND NO. 57**

21        For each instance that Plaintiff's email titled "Letter of Settlement to
22    Verified Complaint" was forwarded to another party using the USC.edu domain or
23    another network, as identified by Readnotify.com in attached Exhibit D, provide
24    the entire body of each forwarded email. Should any privilege exist, provide the
25    unique message serial number of the email, along with an explanation of any
26    privilege that may exist.

27    / / /
28    / / /

**RESPONSE TO DEMAND NO. 57:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. Subject to and without waiving these objections and the foregoing General Objections, Defendant has already produced all non-privileged, responsive documents in its possession or control after reasonable inquiry and diligent search and investigation.

**DEMAND NO. 59**

Peter Katsufrakis' letter of resignation from Keck.

**RESPONSE TO DEMAND NO. 59:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties. On the basis of these objections and the foregoing general objections, Defendant will not produce the requested document.

**DEMAND NO. 60**

Brian Henderson's letter of resignation from the post of Dean.

**RESPONSE TO DEMAND NO. 60:**

Defendant objects to this demand on the grounds that it is grossly overbroad, hopelessly burdensome, vague, ambiguous and unintelligible and seeks the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this demand to the extent that it seeks to invade the privacy rights of third parties.

1    On the basis of these objections and the foregoing general objections, Defendant

2    will not produce the requested document.

3

4

5    Dated:  March 27, 2008                    DAL SOGLIO & MARTENS LLP

6

7                                             By: _____

8                                                 Robin D. Dal Soglio
                                                  Attorneys for Defendant University of
9                                                 Southern California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 27240 Turnberry Lane, Suite 200, Valencia, CA 91355.

On March 27, 2008, I caused to be served the foregoing documents described as:

**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

on the person listed as follows:

Jeffrey David Isaacs
3553 West Chester Pike
PMB #177
Newtown Square, PA 19073

☒   (BY MAIL)  I enclosed the documents in a sealed envelope addressed to the persons above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  It is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at our firm's office address in Valencia, California.  Service made pursuant to this paragraph shall be presumed invalid if the postal cancellation date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

Executed on March 27, 2008 in Valencia, California.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

| **Robin Fink** | |
|---|---|
| **Type or Print Name** | **Signature** |

27240 Turnberry Lane
Suite 200
Valencia, California 91355

# DAL SOGLIO & MARTENS LLP

## ATTORNEYS AT LAW

Telephone: (661) 362-0736
Facsimile: (661) 244-4942
www.dm-lawfirm.com

March 26, 2008

Jeffrey David Isaacs
3553 West Chester Pike
PMB #177
Newtown Square, PA 19073

Re:     Isaacs v. USC, et al.

Dear Mr. Isaacs:

Enclosed please find documents USC 0550 through USC 0600 along with new copies of documents USC 0539 through USC 0540.

If you have any questions or concerns, please do not hesitate to contact this office.

Very truly yours,

DAL SOGLIO & MARTENS LLP

Robin Fink
Legal Assistant

/rf
Enclosures



USC Information Technology Services
Governance Structure
February 1, 2008

Lee Rhines
Chief Information Officer
Vice Provost for Information Technology Services

Jenise Evans
Administrative Assistant II

**Russell Kaurloto**
Deputy CIO
Information Technology

Req #TBD
Director, Enterprise Network Technologies

Ashod Bedrossian
Director, Enterprise Applications & Operations

Steven Barnhart
Director, Student Information Systems

Carol Gray
Director, Customer Support

Martin Fogel, Jr.
Director, Special Projects

Robert Marshall
Project Manager

**Susan Metros**
Deputy CIO
Technology-Enhanced Learning

Candy Borland
Director, Web Services

Lawrence (Larry) Bliss
Director, Multimedia Services

Rosalina Valdez
Manager, User Room Tech Support

Otto Khera
Interim Director Center for Scholarly Technology

**Req #TBD**
Deputy CIO
High-Performance Computing & Communications

Maureen Dougherty
Interim, Chief Technology Officer

Celeste Anderson
Director, External Networking Group

Michael (Mike) Oekwig
Senior Business Officer
Finance & Administration

Tracy Kerr
Director
Human Resources

Kevin Durkin
Director
Communications & Marketing

Kay Ferdinandsen
Director
IT Policies & Services

Samuel (Sam) Gustman
Chief Technology Officer, Shoah Foundation Institute for Visual History & Education

Req #24895
Director
Information Security

Req #TBD
Director
Partnership Management

Req #TBD
Director
Project Management Services

USC 0550

## University Organization and Authority

## Command and Control Protocols to Deal with Campus Emergencies

The Emergency Policy Group (EPG) provides the overall direction for policy and communications in a major emergency situation. It consists of the president, provost, senior vice president for administration, senior vice president for university relations, executive vice provost, other officers of the university, and the dean of medicine or his designee.

- In an emergency, the president makes all policy decisions and convenes the EPG. This is the order of command in his absence: provost, senior vice president for administration, senior vice president for finance, senior vice president for university relations, senior vice president for university advancement as available.

- Among decisions that need to be made quickly: what groups to report to campus; what groups to stay at home; whether the campus is open or closed; whether classes should be temporarily suspended; whether employees should be sent home; where people are housed; whether we need to call in outside security.

The Emergency Operations Group (EOG/UPC) is the on-the-ground team convened to immediately secure the safety of USC faculty, staff, students, and visitors; to determine the nature and extent of damage; to coordinate with deans and vice presidents; and to implement the communications plan with USC stakeholders. The EOG consists of the executive officers of Career and Protective Services; Facilities

| Issued by: | Todd R. Dickey
Senior Vice President,
Administration |
| --- | --- |
| | Chrysostomos L. Nikias
Provost and Senior Vice President,
Academic Affairs |
| Date issued: | November 1, 2005
University of Southern California
Page 1 of 3 |

USC 0551

University of Southern California
Keck School of Medicine

MID-YEAR EVALUATION

Student's Name: _Jeffrey Isaacs_____ Level: MS 1 Present Year: 2005-06

Course: __Introduction to Clinical Medicine_____ Dates: From: 8/2005 To: 12/2005

All sessions attended: Yes ✓  No____ (# missed sessions:____ # made-up sessions:___)
Number of patients seen _10_
Number of write-ups completed _4_
Milestone #1 – Conduct of the Interview completed by 11/29/05 _12/06/05_

Jeff is a sensitive, soft-spoken young man who works hard as a student physician. He thinks logically, has a good fund of knowledge and embraces constructive comments. His written work to date is fine and his verbal milestone was very well done and enjoyed. He is strikingly kind and intelligent and implements his assets maximally.

Recommendations for improvement:

more patient encounters

Overall Student Performance: Pass ✓  Needs Improvement _____ Fail_____

Student's Signature: _____
Instructor's Signature: _____
Typed/Name and Title: _FRED WHITE/ MHAL WGCC_ Date: _12-7-05_
INSTRUCTORS

USC 0593

REDACTED

USC Keck My MedWeb - Aggregate Results Report

University of Southern California

**REPORT SUMMARY**

| | |
|---|---|
| **Report Subject:** | Opinion/Lecture/Lab |
| **System/Clerkship:** | PPM Year I |
| **Report Date:** | 3/25/2008 |

| **Evaluation:** | **Assigned To - Weight:** | **Completed By:** |
|---|---|---|
| Yr 1 PPM Peer-Assessment, Grp 03 05-06 mid-year | PPM Year 1, Group 03 N/A | 6 Anonymous submissions |

Isaacs, Jeffrey

**Question** | **Response** | **Score** | **Count**
5. Demonstrates competence in communication within your small group in the larger mentor group.

| | Strongly Disagree | 1 | 0 |

USC Keck My MedWeb - Aggregate Results Report

| | | |
|---|---|---|
| Disagree | 2 | 0 |
| Neutral | 3 | 0 |
| Agree | 4 | 2 |
| Strongly Agree | 5 | 4 |
| Weighted Average | 4.67 | |

**6. Can identify signs of personal stress and actively seeks help and advice when needed.**

| | | |
|---|---|---|
| Strongly Disagree | 1 | 0 |
| Disagree | 2 | 0 |
| Neutral | 3 | 0 |
| Agree | 4 | 3 |
| Strongly Agree | 5 | 3 |
| Weighted Average | 4.50 | |

**7. Demonstrates the pursuit of excellence in individual activities in PPM and in those of the group.**

| | | |
|---|---|---|
| Strongly Disagree | 1 | 0 |
| Disagree | 2 | 0 |
| Neutral | 3 | 1 |
| Agree | 4 | 1 |
| Strongly Agree | 5 | 4 |
| Weighted Average | 4.50 | |

**8. Displays a willingness to reflect and self-assess and demonstrates a positive response to constructive criticism by others.**

| | | |
|---|---|---|
| Strongly Disagree | 1 | 0 |
| Disagree | 2 | 0 |
| Neutral | 3 | 0 |
| Agree | 4 | 3 |
| Strongly Agree | 5 | 3 |
| Weighted Average | 4.50 | |

USC Keck My MedWeb - Aggregate Results Report

USC 0596          3/25/2008

REDACTED

USC Keck My MedWeb - Aggregate Results Report

USC Keck My MedWeb - Aggregate Results Report

**REDACTED**

**Comments**                                                    **Response   Score   Count**
**Question**
25. Provide both positive comments and helpful critique by peer name.

## University Community (faculty, staff and students)

### Electronic Mail Retention Policy

Electronic mail (e-mail) here is defined as any message sent or received through or stored on the university's central ITS e-mail servers. Such e-mail may include, but is not limited to, correspondence and attachments, calendar schedules, and forms transmitted electronically.

(1) The university will retain electronic mail and attachments in inboxes, folders, and outboxes on its central ITS e-mail servers for one year after e-mails have been received or sent.

(2) All electronic mail and attachments remaining on central ITS e-mail servers longer than one year will be automatically and permanently deleted.

(3) Individuals have the right to save copies of e-mail and attachments before the one year period expires by transferring them to other electronic environments and media and by copying them on paper.

Originators and recipients of e-mail are responsible for identifying and saving documents that must be retained in order to comply with Federal, state, or local laws, university policies or directives, or for other reasons.

| | |
|---|---|
| Issued by: | Todd R. Dickey<br>Senior Vice President,<br>Administration |
| | Chrysostomos L. Nikias<br>Provost and Senior Vice President,<br>Academic Affairs |
| Date issued: | January 1, 2007<br>University of Southern California<br>Page 1 of 1 |

USC 0599

## University Community (faculty, staff and students)

### Electronic Mail Retention

Electronic mail (e-mail) here is defined as any message sent or received through or stored on the university's central ISD e-mail servers. Such e-mail may include, but is not limited to, correspondence and attachments, calendar schedules, and forms transmitted electronically.

(1) The university will retain electronic mail and attachments in inboxes, folders, and outboxes on its central ISD e-mail servers for 180 days after e-mails have been received or sent.

(2) All electronic mail and attachments remaining on central ISD e-mail servers longer than 180 days will be automatically and permanently deleted.

(3) Individuals have the right to save copies of e-mail and attachments before the 180-day period expires by transferring them to other electronic environments and media and by copying them on paper.

Originators and recipients of e-mail are responsible for identifying and saving documents that must be retained in order to comply with Federal, state, or local laws, or university policy, or for other reasons.

| | |
|---|---|
| Issued by: | Dennis F. Dougherty<br>Senior Vice President,<br>Administration |
| | Lloyd Armstrong, Jr.<br>Provost and Senior Vice President,<br>Academic Affairs |
| Date issued: | September 1, 2004<br>University of Southern California<br>Page 1 of 1 |

**USC 0600**



**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

March 1, 2006

**Keck School of Medicine**
University of Southern California

**Office of
Student Affairs**

Mr. Jeff Isaacs
425 Broadway #408
Santa Monica, CA 90401

Dear Mr. Isaacs:

As you know, the Year I/II Student Performance Committee reviewed your academic record at their meeting on Monday, February 27th. You had been invited to speak to the Committee in person, and appeared before the Committee to do so and to answer questions. This letter will document the proceedings of the Committee in your regard, as well as our conversation the following day.

The Committee was aware of your interactions with a classmate, Amy Baughman, including the stay away order sent to you by Lynette Merriman on January 10, 2006, which remains in effect. The Committee was aware that subsequent to that order, you made contact with Amy Baughman, in direct violation of that order.

After due deliberation, the Committee decided, specifically, that:

* You are to be suspended immediately until further notice, and are to stop attending classes.

* You are to continue to stay away from Amy Baughman, as previously directed.

* You are to undergo a psychiatric evaluation within thirty days, details to be arranged by this office.

* You will be considered for dismissal at the 3 pm March 22nd meeting of the Student Performance Committee. As you have requested review as soon as possible, we will attempt to reschedule this meeting. Absent further written notice from me, you should plan to appear before the Committee on March 22nd.

The rules and procedures to be followed at this meeting are given in the 2005-2006 Student Handbook, which you received at the beginning of the year. You are encouraged to be available for the meeting to meet with the Committee should the members wish to speak with you. You may also submit a letter to the Committee for distribution to all the members at the meeting, whether or not you choose to appear at the meeting. In accordance with the Student Handbook, please know I will be available to meet with you as needed before the meeting. Please plan to check in with Rena Thorstenson in KAM 100-D by 1:45 on the day of the meeting.

Jeff, if you have any questions regarding the content of this letter or the decisions of the

1975 Zonal Avenue
KAM 100 B
Los Angeles,
California 90089-9020
Tel: 323 442 2553
Fax: 323 442 2663

**USC 0539**

Student Performance Committee, please be sure to clarify with me. Otherwise, I wish you well as you comply with the provisions the Committee has specified for you.

Sincerely yours,

Peter J. Katsufrakis, MD, MBA
Associate Dean for Student Affairs

cc:    Student File

**From:**    Developers@caps.usc.edu
**Sent:**    Wednesday, September 27, 2006  8:51 PM
**To:**    CrimePrevention@caps.usc.edu
**Subject:**    Crime Report

| | |
|---|---|
| EMAILTO = | CrimePrevention@caps.usc.cdu |
| EMAILSUBJECT = | Crime report |
| PAGEEMAILREQFROM = | http://capsnet.usc.edu//DPS/SilentWitness.cfm |
| DATE = | October 2005 |
| LOCATION = | Mexico |
| TIME = | |
| DESCRIPTION = | Medical Student Amy Baughman discussed plot to vandalize Keck Audience Response System by writing "Wanna Fuck? Heart Amy" USC Legal department - Office of General Counsel (Mr. Jim Ball and Mr. Todd Dickey) - has a related federal legal complaint issued by another Keck student which details these claims. The details of this crime and others are described in the aforementioned federal lawsuit. The federal lawsuit (CV - 06 - 03338 GAF) is a sworn statement made in the United States court. Defendants named in this lawsuit include USC Counsel James M.H. Ball, USC Dean Brian Henderson, and USC Dean Peter Katsufrakis. This reporter believes the OGC has intentionally prevented certain persons from filing this vandalism related offense. This reporter hopes that DPS reads the aforementioned lawsuit in its entirety and files the associated, relevant claims. |
| SELECT = | Vandalism |
| OTHER = | |
| DESCRIPTIONSUSPECT = | Amy Baughman is a Second Year medical student at Keck. |
| SUBMIT = | Submit Query |

**USC 0281**

**From:**    Developers@caps.usc.edu
**Sent:**    Wednesday, September 27, 2006 8:37 PM
**To:**    CrimePrevention@caps.usc.edu
**Subject:**    Crime report

| | |
|---|---|
| EMAILTO = | CrimePrevention@caps.usc.edu |
| EMAILSUBJECT = | Crime report |
| PAGEEMAILREQFROM = | http://capsnet.usc.edu//DPS/SilentWitness.cfm |
| DATE = | unknown |
| LOCATION = | Los Angeles - |
| TIME = | unknown |
| DESCRIPTION = | Medical student Alex Jack, according to his Facebook.com webpage, stole multiple banners and paraphernalia from bars in LA including "Viper Room." Possible value of banners could be significant (ie grand theft) - this is unknown. Legal department - Office of General Counsel (Mr. Jim Ball and Mr. Todd Dickey) - has a related federal legal complaint issued by another Keck student which details these claims. This reporter believes the OGC has intentionally prevented certain persons from filing this theft related offense. |
| SELECT = | Theft |
| OTHER = | |
| DESCRIPTIONSUSPECT = | Approx 6'5 |
| SUBMIT = | Submit Query |

1

**USC 0282**

**From:**           Developers@caps.usc.edu
**Sent:**           Wednesday, September 27, 2006 8:35 PM
**To:**             CrimePrevention@caps.usc.edu
**Subject:**        Crime report

EMAILTO =                   CrimePrevention@caps.usc.edu

EMAILSUBJECT =              Crime report

PAGEEMAILREQFROM            http://capsnet.usc.edu//DPS/SilentWitness.cfm
=

DATE =                      October 2005 - February 2006

LOCATION =                  Keck

TIME =                      multiple

DESCRIPTION =               Medical students Alex Jack, Amy Baughman, David Braxton harassed another medical
                            student. This was reported to Deans Katsufrakis and Taylor and Henderson without any
                            investigation. Harassment escalated in retaliation, after the victim complained
                            (informally, and later, formally) about harassment. A false report was filed with the
                            Department of Public Safety in January. USC Legal department - Office of General
                            Counsel (Mr. Jim Ball and Mr. Todd Dickey) - has a related federal legal complaint
                            issued by another Keck student which details these claims. This reporter believes the
                            OGC has intentionally prevented certain persons from filing this harassment claim.

SELECT =                    Harassment

OTHER =

DESCRIPTIONSUSPECT          Students at Keck (postive identification)
=

SUBMIT =                    Submit Query

USC 0283

**From:** Developers@caps.usc.edu
**Sent:** Wednesday, September 27, 2006 8:32 PM
**To:** CrimePrevention@caps.usc.edu
**Subject:** Crime report

| | |
|---|---|
| EMAILTO = | CrimePrevention@caps.usc.edu |
| EMAILSUBJECT = | Crime report |
| PAGEEMAILREQFROM = | http://capsnet.usc.edu//DPS/SilentWitness.cfm |
| DATE = | October 2005 (multiple) |
| LOCATION = | On/around HSC Campus |
| TIME = | multiple |
| DESCRIPTION = | Medical students Alex Jack, Amy Baughman, David Braxton in possession of and under the influence of illegal drugs. One Ms. Baughman sent email over USC email system confirming her frequent drug use while enrolled as a medical student at Keck. Legal department - Office of General Counsel (Mr. Jim Ball and Mr. Todd Dickey) - has a related federal legal complaint issued by another Keck student which details these claims. This reporter believes the OGC has intentionally prevented certain persons from filing this drug related offense. |
| SELECT = | Drugs |
| OTHER = | |
| DESCRIPTIONSUSPECT = | Alex Jack - about 6 foot 5 Ms Baughman - Asian american medical student enrolled at Keck Mr Braxton - about 6 feet tall, enrolled at Keck |
| SUBMIT = | Submit Query |

1

USC 0284

**From:** Developers@caps.usc.edu
**Sent:** Wednesday, September 27, 2006 8:31 PM
**To:** CrimePrevention@caps.usc.edu
**Subject:** Crime report

EMAILTO =                       CrimePrevention@caps.usc.edu

EMAILSUBJECT =                  Crime report

PAGEEMAILREQFROM                http://capsnet.usc.edu//DPS/SilentWitness.cfm
=

DATE =                          October 2006 (multiple)

LOCATION =                      On/around HSC Campus

TIME =                          multiple

DESCRIPTION =                   Medical students Alex Jack, Amy Baughman, David Braxton in possession of and
                                under the influence of illegal drugs. One Ms. Baughman sent email over USC email
                                system confirming her frequent drug use while enrolled as a medical student at Keck.
                                Legal department - Office of General Counsel (Mr. Jim Ball and Mr. Todd Dickey) -
                                has a related federal legal complaint issued by another Keck student which details these
                                claims. This reporter believes the OGC has intentionally prevented certain persons from
                                filing this drug related offense.

SELECT =                        Drugs

OTHER =

DESCRIPTIONSUSPECT              Alex Jack - about 6 foot 5 Ms Baughman - Asian american medical student enrolled at
=                               Keck Mr Braxton - about 6 feet tall, enrolled at Keck

SUBMIT =                        Submit Query

1

**USC 0285**

**Department of Public Safety**
**University Of Southern California**
**Follow Up Report**

CASE NUMBER: **0600733**
DATE REPORTED: 03/17/2006
ASSIGN TO OFFICER: 090540
    STATUS: Cleared Exceptional Means
FOLLOW UP DATE: 03/29/2006
    TIME FROM: 00:00
    TIME TO: 00:00
NARRATIVE: CRIME SUMMARY

ASSIGN TO OFFICER NAME: SANDELL
APPROVED BY:
APPROVED DATE:

On Friday, March 17, 2006 at approximately 0945 hrs., Officer Voyda contacted Dr. Clayton Bullock of the UCLA Neuropsychiatric Institute, who reported that during a counseling session, USC student, Jeffrey Isaac, made threats of violence against personnel at USC . Officer Voyda included information regarding a connecting report (USC DR# 06-00078), where Jeffrey Isaac is the subject of a harassment investigation.

FOLLOW UP INVESTIGATION

Wednesday, March 29, 2006

0830 hours - I, Detective Sandell #0090540, contacted USC Communications Supervisor Kimberly Hall to confirm that our department had a copy of the Stay Away letter served to S-Isaac. It was confirmed that we do have a copy of the Stay Away letter on file, date served January 10, 2006; however, a copy of the suspension letter S-Isaac was served, as a result of the threats, was not on file.

0840 hours - I contacted Peter Katsufrakis, Associate Dean of Students (323) 442-2420. I asked him if USCDPS could have a copy of the suspension letter. He said he has been in contact with Capt. Drake and I could get the requested information from him. I asked if S-Isaac has had any further contact with USC. I was told that S-Isaac is currently being hospitalized in a locked ward at UCLA. Katsufrakis said he will be contacted by UCLA a day prior to S-Isaac's release, and will notify DPS of the updated information.

1030 hours - I contacted Sgt. Baker who stated that the staff/faculty at HSC Keck School of Medicine has been instructed to notify DPS in the event S-Isaacs attempts to contact them.

1045 hours - An internal alert was sent to Capt. Graham for approval.

1206 hours - The internal alert was distributed to Operations Supervisors.

1300 hours - I contacted Capt. Drake to update him on the progress of the case. He was aware of the additional information and requested that I send him a copy of the report. Capt. Drake did not have a copy of the Suspension Letter. I told him that I would forward him a copy as soon as one was available.

1330 hours - I contacted Raquel Torres, Interim Director, Student Affairs, Student Judicial Affairs and Community Standards 213-821-7373, who said she did not have a copy of the Suspension Letter.

1400 hours - I attempted to contact Dr. Lori White, Associate Vice President, Student Affairs, Office of the Vice President 740-6528. Dr. White said she would fax a copy of the letter to DPS, so that a copy could be retained in the communications center.

Thursday, March 30, 2006

1200 hours - Mr. Peter Katsafrakus called to notify DPS S-Isaacs will be released from UCLA Neuropsychiatric Institute tommorow.

1230 hours - I sent notification, via e-mail, to both Captain Graham and Drake, DPS Communications, Watch Commanders and Field Supervisors.

Case Disposition: Cleared Exceptional Means. Suspect has been identified, his whereabouts is known and sufficient information has been provided to support action by Student Judicial Affairs. Officers have been notified of officer safety concerns, as well as staff and faculty members at Keck School of Medicine.

USC 0286

**Department of Public Safety**
**University Of Southern California**
**UNIVERSITY PARK CAMPUS**

| LOCATION OF OCCURRENCE / ADDRESS | | | | | DATE/TIME REPORTED | CASE NO. |
|---|---|---|---|---|---|---|
| OUTSIDE USC AREA/UCLA Neuropsychiatric Institute/760 Westwood Plaza,LOS ANGELES,CA 9000 | | | | | 03/17/2006 14:32 | 0600733 |

| CODE SECTION | CRIME | CLASSIFICATION | LOSS | RECOVERY |
|---|---|---|---|---|
| 422 P.C. | Criminal Threats | CRIMINAL THREATS | 0.00 | 0.00 |
| FROM: DATE/TIME | TO: DATE/TIME | APPROVED | CASE STATUS | |
| 03/14/2006 15:00 | 03/14/2006 15:00 | YES | | Cleared by Exceptional Means |
| ADDITIONAL CATEGORIES | | | ITEMS IN REPORT | |

| ALCOHOL RELATED | DRUGS INVOLVED | SENIOR CITIZEN | ARREST OCCURED | SUPPLEMENT | PICTURE/IMAGES |
|---|---|---|---|---|---|
| TRAFFIC RELATED | GROUP/GANG INVOLVED | WEAPONS INVOLVED | DOMESTIC VIOLENCE | X FOLLOW UP | PROPERTY/EVIDENCE |

COPIES TO

| RISK MANAGEMENT | STUDENT AFFAIRS | STUDENT JUDICIAL | STUDENT HEALTH CTR. | TRANS. SERVICES |
|---|---|---|---|---|
| HOUSING | RESIDENTIAL LIFE | OTHER | FACILITIES MGMT. | PERSONNEL SERVICES |
| SAFETY | CTR. FOR WOMEN & MEN | | | |

| INV WIT SSN | NAME - LAST, FIRST, MIDDLE BULLOCK CLAYTON | SUFFIX | RACE W | ETHNICITY | SEX M | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | DRIVER'S LIC. NO. | | | | STUDENT ID | | | TYPE Other-Non USC | | | |

| ADDRESS TYPE Business PHONES | STREET NUMBER 760 | STREET NAME Westwood Plaza | | SUITE NUMBER | CITY Los Angeles | STATE CA | ZIP |
|---|---|---|---|---|---|---|---|

BUSINESS: 323-632-8144;

| INV SUSP SSN | NAME - LAST, FIRST, MIDDLE ISAACS JEFFREY D | SUFFIX | RACE W | ETHNICITY | SEX M | AGE 28 | DOB 06/09/1977 | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | DRIVER'S LIC. NO. | | | | STUDENT ID 5897207328 | | | TYPE Student | | | |

| ADDRESS TYPE Home PHONES | STREET NUMBER 425 | STREET NAME Broadway | | SUITE NUMBER 408 | CITY Santa Monica | STATE CA | ZIP 90401 |
|---|---|---|---|---|---|---|---|

HOME: 917-215-1909;

NARRATIVE:

Source of Activity

On 3/17/06 at approx 0945 hrs, I was given information regarding a USC student making threats toward USC. I was provided with the telephone number of Dr. Clayton Bullock of the UCLA Neuropsychiatric Institute, who initially reported the incident.

Investigation

On 3/17/06 at approx 0950 hrs, I contacted Bullock via telephone. He stated the following: Bullock is treating the suspect, Jeffrey Isaacs, for an unknown psychiatric condition. On 3/14/06 at approx 1500 hrs, Bullock conducted a conference with Isaacs, an unknown social worker, and Isaacs' mother. During this conference, Isaacs stated, "You have no idea how dangerous I'll become if they don't let me back into medical school." Bullock stated that he was previously told by Isaacs' mother that Isaacs has made the statement to her, "I don't think they will expel me because they are afraid I'll come back with a gun," approx. two weeks prior. Bullock advised that it was his legal obligation to notify the law enforcement agency in the jurisdiction of the target of a threat. Bullock further stated that Isaacs has psychiatric problems, and feels that the matter is a cause for concern.

Injury & Medical Treatment
N/A

Photos
N/A

Evidence
N/A

Court Information
Officer can testify to above listed statement only.

Additional Information

Isaacs is a medical student at USC, and is currently the subject of a harassment investigation (USC DR# 06 - 00078). After speaking with Erin Quinn, Associate Dean of Admissions (323-442-2552), I was advised that Isaacs was suspended from the university and had been issued a letter instructing him not to enter campus without authorization from Peter Katsufrakis, Associate Dean of Students (323-442-2420). Quinn also told me that their office was also contacted by Dr. Bullock, and that they are aware of the statements listed above.

| REPORTING OFFICER VOYDA, JOSHUA | |
|---|---|
| SIGNATURES | PAGE NO. 1 of 1 |

USC 0287

Department of Public Safety
University Of Southern California
HEALTH SCIENCE CAMPUS

LOCATION OF OCCURRENCE / ADDRESS                                                                                     DATE/TIME REPORTED   CASE NO.
WILLARD KEITH ADMINISTRATION & MEDICAL FORUM BUILD/RM 100C/1975 ZONAL AV,LOS AN  01/12/2006 15:12   0600078

| CODE SECTION | CRIME | | | | CLASSIFICATION | | LOSS | RECOVERY |
|---|---|---|---|---|---|---|---|---|
| | Harassment | | | | HARASSMENT | | 0.00 | 0.00 |
| FROM: DATE/TIME | TO: DATE/TIME | | | | APPROVED | | CASE STATUS | |
| 11/18/2005 15:12 | 01/10/2006 15:12 | | | | NO | | Cleared by Exceptional Means | |
| ADDITIONAL CATEGORIES | | | | | | ITEMS IN REPORT | | |

| X ALCOHOL RELATED | DRUGS INVOLVED | SENIOR CITIZEN | ARREST OCCURED | SUPPLEMENT | PICTURE/IMAGES |
|---|---|---|---|---|---|
| TRAFFIC RELATED | GROUP/GANG INVOLVED | WEAPONS INVOLVED | DOMESTIC VIOLENCE | FOLLOW UP | PROPERTY/EVIDENCE |

COPIES TO

| RISK MANAGEMENT | STUDENT AFFAIRS | X STUDENT JUDICIAL | STUDENT HEALTH CTR. | TRANS. SERVICES |
|---|---|---|---|---|
| HOUSING | RESIDENTIAL LIFE | OTHER | FACILITIES MGMT. | PERSONNEL SERVICES |
| SAFETY | X CTR. FOR WOMEN & MEN | | | |

| INV VIC | NAME - LAST, FIRST, MIDDLE BAUGHMAN AMY W | SUFFIX | RACE W | ETHNICITY NH | SEX F | AGE 24 | DOB 05/26/1981 | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN 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 | | DRIVER'S LIC. NO. 523946288 | | | STUDENT ID | | | TYPE Student | | | |
| ADDRESS TYPE Home | STREET NUMBER 306 | STREET NAME North Primrose Ave | | | | SUITE NUMBER | | CITY Alhambra | | STATE CA | ZIP 91801 |
| PHONES | | | | | | | | | | | |

MOBILE: 617-913-5209;

| INV SUSP | NAME - LAST, FIRST, MIDDLE ISAACS JEFFREY D | SUFFIX | RACE W | ETHNICITY | SEX M | AGE 28 | DOB 06/09/1977 | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN | | DRIVER'S LIC. NO. | | | STUDENT ID 5897207328 | | | TYPE Student | | | |
| ADDRESS TYPE Home | STREET NUMBER 425 | STREET NAME Broadway | | | | SUITE NUMBER 408 | | CITY Santa Monica | | STATE CA | ZIP 90401 |
| PHONES | | | | | | | | | | | |

HOME: 917-215-1909;

REPORTING OFFICER
BAXLEY, CRAIG
SIGNATURES

USC 0288

**Department of Public Safety
University Of Southern California
HEALTH SCIENCE CAMPUS**

LOCATION OF OCCURRENCE / ADDRESS                                    DATE/TIME REPORTED  CASE NO.
WILLARD KEITH ADMINISTRATION & MEDICAL FORUM BUILD/RM 100C/1975 ZONAL AV,LOS AN  01/12/2006 15:12  0600078
NARRATIVE:
OFFICER'S INVESTIGATION

On Thursday January 12th at 1512 hrs I responded to 1975 Zonal Ave (Keith Administration Building) room 100 C concerning a Harrassment report.

I met with Associate Dean of Admissions Erin Quinn and victim Baughman in room 100 C. Baughman related to me that she has been receiving unsolicited phone calls, emails, and text messages from a first year Medical student, (Jeffrey Isaacs). Baughman told me she started receiving these phone calls and messages November 18th. She said she would receive numerous emails and text messages during the day. These became a nuisance to her so she contacted Peter Katsufrakis, Associate Dean of Students to complain about the harrassment. Katsufrakis set up a meeting with Isaacs and Baughman on Wednesday November 23rd. In this meeting Isaacs refused to NOT email or text message Baughman.

Baughman told me that she had spoken to Isaacs about her need to study for exams and for the most part he left her alone except for a couple of face to faces with him after exams. On Friday December 16th there was a gathering on the Quad to put an end to the "exams". Isaacs made contact with Baughman there and requested she speak to him in private. She was with a couple of friends so she agreed. Baughman and Isaacs went to the 2nd floor of McKibben to talk. She said that Isaacs "rambled" on and on about nothing. She then left with another friend. Baughman said after getting in his car Isaacs held on the the side of the car hoping to talk with her some more. She had to get out of the vehicle and convince Isaacs to let go of the car. He did that without further incident.

Baughman then related that during the Christman/semester break she had no contact with Isaacs. Upon returning to classes after the Winter break, Isaacs was requested to stop by the DPS station at 2210 Lambie St. He did so on Tuesday January 10th and met with Captain Aaron Drake who served Isaacs a "University Stay Away" letter, issued bythe USC Student Affairs Division.

MEDICAL/INJURY
None

PHOTOGRAPHS
None

WITNESS/PERSONS WITH ADDITIONAL INFORMATION
Quinn, Erin
Associate Dean, Admissions
1975 Zonal Ave #100 C
Los Angeles 90033
323-442-2552

Katsufrakis, Peter
Associate Dean of Students
1975 Zonal Ave #100 E
Los Angeles 90033
323-4422420

EVIDENCE
Numerous emails both from Baughman and Isaacs

REPORTING OFFICER
BAXLEY, CRAIG
SIGNATURES                                                          PAGE NO.
                                                                    2 of 2

USC 0289

| Date | Initial | Comments |
|------|---------|----------|
| 11/06 | RSR | Contacted DPS for report. Left message for Dan Wallace and Gloria Graham |
| | | |
| 1/11/06 | RSR | Rec'd Avoidance of Contact |
| 1/11/06 | RSR | Det Sundell called - left message. I returned call. |
| 1/12/06 | RSR | Dan Wallace phoned me back. There's nothing in the records. No report. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

USC 0290

| Date | Initial | Comments |
|------|---------|----------|
|  |  | no current univ. housing per ais-a, tracked |
|  |  | address on DPS report |
| 1/17/06 | KSM | Tracked + logged |
| 1/18/06 | CR | new info recieved. |
| 1/18/06 | CR | MWM letter sent. |
| 1/25/06 | CR | submitted a written request for a copy of report. |
| 1-26-06 | DPT | DPS report prepared for student |
| 1/25/06 | CR | scheduled an appt. for Wed Feb 15 @ 1:30 PM |
|  |  | (917) 215-1909 |
| 1/26/06 | 3 | Jeffrey picked up prepared document |
| 1/31/06 | MK | Lynette called - gave status. Jeffrey's mom called and |
|  |  | Lynette wanted to double check our status. |
| 2-6-06 |  | sent e-mail to Amy Baughman regarding Any further |
|  |  | contact by Mr. Isaacs? |
| 2/7/06 | CR | scheduled an appt. for Tues Feb 14 @ 2 PM w/ |
|  |  | Amy Baughman (617) 913-5209 |
| 2/14/06 | DPT | Met w/ Amy re: complaint. She reports she and Isaacs were |
|  |  | friends during the Fall semester (went to mexico w/a group) until she began to perceive |
|  |  | that he was acting "demanding" and unusually persistent |
|  |  | in his attempts to contact her. She asked that he stop, but |
|  |  | he persisted despite her clear request that he cease + desist |
|  |  | On 11/18/05 he text messaged her phone 61 times sometimes |
|  |  | as often a 6 times a minute. Amy confirmed the info in |
|  |  | the reports and said Jeffrey Issacs has used different |
|  |  | email addresses to circumvent her email filter. He has |
|  |  | also tried to gain entry to her best friends face book |
|  |  | page + Amy suspects he wants to get info about Amy |
|  |  | through her friend. (I cautioned Amy that internet |

USC 0291

| Date | Initial | Comments |
|------|---------|----------|
| | | postings are not "private" and to use discretion in her |
| | | facebook page and to ask her friends to protect her info as |
| | | well). Amy reports Jeffrey has not contacted her since |
| | | January 9th |
| 2/15/06 | DPM | Met w/ Jeffrey. Notes to follow: he says she is harassing him |
| | | by filing complaint + getting R.O... |
| | | follow-up 2-23-06 9AM. |
| 2-16-06 | DBT | Sent E-mail to Keck Dean Katsufrakis re: possible duplicate |
| | | proceedings. |
| | | Per his response - there is no duplication of process. |
| 2-21-06 | DPM | returned P.T.K. T/C left message to call |
| 2-21-06 | | |
| | | REDACTED |
| | | |
| | | |
| | | |
| | | |
| 2-27-06 | DBT | T/C w/ Jeffrey Isaacs: student called to inquire about |
| | | concerns re possible violation of stay away order. |
| | | I told Mr. Isaacs that our office was deferring to |
| | | proceedings at Keck. While we might have elected |
| | | to file additional charges of failing to comply w/ officials, |
| | | we are taking no further action at this time pending |
| | | resolution of issues at Med School SPC review |
| | | Told student the stay away order is still in effect |
| | | pending med school hearing |
| 3-3-06 | DPM | Tried to return T/C of Amy Baughman 617 823-0030 "not in service" |

USC 0292

| Date | Initial | Comments |
|------|---------|----------|
| 3-3-06 | DPT | Sent email to Amy Baughman explaining that STACS was asked to defer to proceedings at Keck to avoid duplication of process. |
| 3/17/06 | Sz | Dr. Bullock, UCLA Psychiatry Resident, called asking to speak w/ Donna Re notification per "Tarasoff" Law (a danger to others) C:=(323) 632-8444. Jeffrey currently in hold in hospital. message left for donna to call Dr. B on mon-3/20 (b/c no immediate urgency per Dr.B.) |
| 3/20/06 | DPT | Received E-mail from Peter Katsufrakis re Tarasoff warning. spoke to Raquel about safety measures - if any. (none) |
| 3/20/06 | DPT | Returned the phone call of Dr. Clayton Bullock |
| 3/21/06 | DPT | Received Email re release of Jeffrey Isaacs Received copy of Lori White's letter to Jeffrey Isaacs re suspension & limited access to campus. Called Dr. Clayton Bullock 323 632-8144 re Tarasoff notice. Mr. Isaacs is currently still in confinement and is now the patient of Dr. Land. Peter Katsufrakis will be notified upon the release of Mr. Isaacs. Per Dr. Bullock, Mr. Isaas said 2 things that triggered his concern r Tarasoff warning ① Jeff's mother reports he said "I don't think they'll expel me because they are afraid I'll get a gun and shoot everyone." ② In a "mixed meeting", Mr. Isaacs said "You have no idea how dangerous I'll become if they kick me out of Med. school." |

USC 0293

| Date | Initial | Comments |
|------|---------|----------|
| Cont 3-21-06 | JK | Dr. Bullock stated that Mr. Isaacs now denies he is a danger and Mr. Isaacs says he was referring to his "being so upset that he will have a heart attack." Dr. Bullock felt it necessary to contact parties to warn of threats. |
| 6/12/06 | DPF | Keck Student Performance Committee voted to dismiss Jeffrey Isaacs from Keck School of Medicine. Student has 10 days to appeal. See email dated June 9, 2006. Tarasoff warning only - mentioned at K.ck? Call w/ Nita to make sure no double jeopardy etc. How much did this influence decision? Has it already been addressed? |
| 6/13/06 | JZ | Tracked. logged adjust. - OK |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

USC 0294



March 2, 2006

Jeffrey Isaacs
425 Broadway #408
Santa Monica, CA 90401

Dear Mr. Isaacs:

It has been brought to my attention that you have been suspended from the Keck School of Medicine. Consequently, you have no reason to be on campus.

Any further business you might have with university offices should be conducted by email, letter or fax. If your presence on campus is required for any reason, you must have prior permission from Dr. Peter Katsufrakis, Associate Dean for Student Affairs at the Keck School. If you are on campus without permission, it will be considered trespassing and may result in your removal or other action by the Department of Public Safety.

Sincerely,


Lori S. White, Ph.D.
Associate Vice President for Student Affairs

Cc:     Peter Katsufrakis
        Cary Drayton
        Aaron Drake
        Lynette Merriman



USC 0295

**Raquel Torres-Retana**

| | |
|---|---|
| **From:** | Gloria Graham [GGraham@caps.usc.edu] |
| **Sent:** | Tuesday, March 21, 2006 11:28 AM |
| **To:** | |
| **Cc:** | |
| **Subject:** | Jeffrey Isaacs |
| **Importance:** | High |
| **Attachments:** | Gloria Graham.vcf |

**REDACTED**



Gloria Graham.vcf
(233 B)

** High Priority **

I just received information that Jeffrey Isaacs was released yesterday. Capt. Aaron Drake has been in contact with the Dean's office. I am attempting to get in touch with him now in order to find out what their plan is.

Gloria

Gloria S. Graham
Captain, Operations
Department of Public Safety
University of Southern California
3667 McClintock Avenue
Los Angeles, CA  90089

Telephone:  213-740-4904
Los Angeles, CA  90089

TEL:  (213)-740-4904
E-MAIL:  ggraham@caps.usc.edu

"Achieving Excellence Every Day"

RECEIVED
MAR 21 2006
STUDENT JUDICIAL AFFAIRS
& COMMUNITY STANDARDS

1

USC 0296

**RECEIVED**

OFFICE OF STUDENT JUDICIAL AFFAIRS AND
COMMUNITY STANDARDS
DIVISION OF STUDENT AFFAIRS

JAN 2 6 2006

STUDENT JUDICIAL AFFAIRS
& COMMUNITY STANDARDS

<u>Document Delivery Form</u>

I certify that I have received from the Office of Student Judicial Affairs
and Community Standards a document addressed to:

_Jeffrey D. Isaacs_
(print name)

x _Jeffrey D Isaacs_
Name of recipient

x _Jeffrey D Isaacs_
Signature of recipient

x _5897 207 328_
ID number

x Date _1/26/06_

x Time _4:45 pm_

Document(s) included: _2 Pg DPS Report (redacted)_

Prepared by: _DBT._ ____ on (date prepared) _1-26-06_

Delivered by: _B July_
Student Judicial Affairs and Community Standards Representative

Signature

USC 0297

**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

January 18, 2006

Jeffrcy D. Isaacs
(Case #: 2005616)
425 Broadway
Santa Monica, CA 90401

# FILE COPY

Dear Mr. Isaacs:

Division of
Student Affairs

Student Judicial
Affairs and
Community Standards

A report has been received in this office that you allegedly have violated the University Student Conduct Code.

**Reported By:**              Department of Public Safety

**Date(s) of Incident(s):**    November 18, 2005

**Location:**                Health Sciences Campus, USC Community

**Violation(s):**            **Student Conduct Code Sections §§ (see**
                             ***SCampus* for full description)**

|        |                                |
|--------|--------------------------------|
| 11.36B | Causing apprehension of harm   |
| 11.38  | Interfering w/campus activity  |
| 11.39  | Failure to comply w/officials  |
| 11.44A | Engaging in disorderly conduct |
| 11.51  | Verbal Harassment              |

**Please meet with me by:**     February 1, 2006

The purpose of the meeting will be to initiate the Administrative Review Process outlined in §12.00 of the Student Conduct Code. If you wish to inspect the report cited in this letter, you must make a written request to do so 24 hours in advance of the day you wish to review the report. If you have not scheduled an appointment and attended a meeting by the above date, a restriction (hold) will be placed on your records prohibiting you from performing any registration transactions. This hold will remain on your records until the situation is resolved. A review also may be conducted in your absence should you choose not to respond.

Please call (213) 821-7373 to schedule your appointment with me. A summary of the procedures for this process is enclosed. For a full description please refer to the Student Conduct Code in the current *SCampus*. Please familiarize yourself with these standards and procedures concerning student conduct prior to our meeting. I look forward to meeting with you to discuss this matter.

Sincerely,

Donna Budar-Turner

Assistant Director
Office of Student Judicial Affairs and Community Standards

University of
Southern California
Figueroa Building
Room 107            enclosure
Los Angeles,
California 90089-1265
Tel: 213 821 7373
Fax: 213 740 7162

**USC 0298**

SIS.D.ADDR    USC Student Information System    PG->1 of 1  01/13/2006
System        Student Address Display    Version 3.0
                         Rls Directory?  3637176

ID 5897-2073-28    Name Isaacs, Jeffrey, D.
   PERMANENT          2          LOCAL          1
1. Mr. Jeffrey D. Isaacs        1. Mr. Jeffrey D. Isaacs
   157 Orchard Court                157 Orchard Court
   Blue Bell, PA 19422-2716        Blue Bell, PA 19422-2716

*no current univ?
housing per als-a*

LstUpd 12/14/05 SRM1 InvDt    LstUpd 12/14/05 SRM1 InvDt
Ph. 917)215-1909 PhInvDt    Ph. 917)215-1909 PhInvDt
                      USC E-mail jdisaacs@usc.edu
   TEMPORARY          0          BILLING          0
1. Mr. Jeffrey D. Isaacs        1. Mr. Jeffrey D. Isaacs

LstUpd      InvDt      LstUpd      InvDt
Ph.      PhInvDt      Ph.      PhInvDt

SIS.D.PROFILE    USC Student Information System    PG->1 of 3  01/13/2006
Registrar        Student Profile    Version 2000.01
                         3637176
          Salut  Name                  Suffix
USC ID 5897-2073-28    1. Isaacs, Jeffrey, D.
          2.
          P E R S O N   T Y P E   H I S T O R Y
          Effective Term and Date    Expired Term and Date
   S Student        20053  07/25/2005      20053
   A Admit          07/25/2005

          D E M O G R A P H I C   I N F O R M A T I O N
Gender M  Marital          Ethnicity    0 Unknown
Birthdate 06/09/1977  BirthState    New Ethnicity  1.
BirthCountry
Residency              StateResidency
Citizenship US          Visa    Alien Reg#
Handicapped N  Veterans Elig N  NDSL
Record is Confidential N  Religous Pref
Last Demographic or Person Type Update  12/14/2005 SRM1

SIS.D.PROFILE    USC Student Information System    PG->2 of 3  01/13/2006
Registrar        Student Profile    Version 2000.01
                         3637176
USC ID 5897-2073-28  Name  Isaacs, Jeffrey, D.

**USC 0299**

PROGRAM OF STUDY HISTORY
| | | | | | | | Effective | | | | Expired | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Term | POST | Major | DSpec | Object | Sub | Cls | RC | Date | Term | RC | Date |
| 1. | 20053 | 571 | MED | MED | MD | | D | | 12/14/2005 | | | |
| 2. | 20053 | 571 | MED | MED | MD | | | | 07/25/2005 | | | |
| 3. | | | | | | | | | | | | |

REGISTRATION HISTORY

| | Terms | Cls | |
|---|---|---|---|
| 1. | 20061 | D | Expected Graduation Date |
| 2. | 20053 | | Self-reported Graduation Date  05/30/2009 |
| 3. | | | |

| SIS.D.ACTRES | USC Student Information System  PG->1 of 2  01/13/2006 |
|---|---|
| System Wide | Activity Restriction Display |

ID          Name  ISSACS, JEFFREY, D

Non-Expired Restrictions
Code    Description   Effective Removal Location  Expires  Operator
1.

| TRX.D.SUM | USC Student Information System  PG->1 of 3  01/13/2006 |
|---|---|
| Registrar | Transcript Display          Version 1.2 |

USCID 5897-2073-28  Name  Isaacs, Jeffrey, D.          3637176
Post 571 Cat Year 2005  Gender M    Birth Date 06/09/1977 Audit

| Term | UAtt | Class | | Post | Maj | Obj | SCUnit | Eff term | Exp term |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 571 | MED | MD | MED | 20053 | |
| | | | | 571 | MED | MD | MED | 20053 | |
| | | | | Post | Min | | SCUnit | Eff term | Exp term |

| | Through | Uatt | Uern | Uavl | Gpts | GPAU | GPA |
|---|---|---|---|---|---|---|---|
| | UGrad | | | | 0.00 | | |
| | Grad | | | | | | |
| | Law | | | | | | |
| | Other | | | | | | |

Degree date  Major    Obj   Minor       UH SH DH

USC 0300

**RECEIVED**

JAN 1 1 2006

STUDENT JUDICIAL AFFAIRS
& COMMUNITY STANDARDS

**RECEIVED**

JAN 1 1 2006

STUDENT JUDICIAL AFFAIRS
& COMMUNITY STANDARDS

**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

Student Affairs

January 10, 2006

Jeffrey Isaacs
425 Broadway #408
Santa Monica, CA 90401

Dear Mr. Isaacs:

Amy Baughman has asked that, pending a possible Student Judicial Affairs review, I require you and her each to avoid contact with the other until such time as this order is lifted in writing by Student Judicial Affairs. The Vice President for Student Affairs has delegated to me the authority to make this order based on the right of every USC student to avoid contact with another student if he or she determines that such contact may be harmful or detrimental. This order does not imply any judgment regarding the factual nature of Ms. Baughman's complaint.

With this information in mind, I ask both you and Ms. Baughman's to refrain from:

i)   approaching one another at any time;
ii)  calling one another at any time;
iii) sending via campus or regular mail or e-mail or text message, anything to one another;
iv)  contacting or communicating with one another – including through a third party – in any way at any time.

This letter will remain in a file in my office and will be made available to the appropriate university personnel if a grievance or Student Judicial Affairs complaint is filed by either party against the other party regarding further difficulties and/or breach of this order. If you have questions about this matter, please be in touch with Raquel Torres-Retana at Student Judicial Affairs, or with the representative of Student Affairs whom Ms. Torres-Retana will assign to assist you in understanding the processes involved.

Sincerely,

Lynette S. Merriman
Associate Dean

University of
Southern California
Student Union 201
Los Angeles,
California 90089-4891
Tel: 213 740 2421
Fax: 213 740 5229

cc.    Amy Baughman
       Raquel Torres-Retana, Director, Office for Student Judicial Affairs
       Department of Public Safety

**USC 0301**

Interview Notes Jeffrey Isaacs 2-15-06

First gp med → October  August  8/5/05 campaign trip run about Amy
10/7 October MT 10/3 ~ LU 31 students
10/21 Mexico co
Feb 27th learn re professional behavior  SPC
→ Dean Katsufrakis
Jan 20th
Lynette
DPS report false allegation
Cong ups improper conduct in vehicle. A was stdg
next to passing site
Krisha Kawaswamy was dvg
"  "  approached & + shoved him
the chest + said "No hard feeling 12-  -a
fndg after exam.

Nov 16
Nov 18
Dec 16

Run about Amy B hav physical relation up some
first work of orientati
"on the day of newcomer brak dan
Newcomer Dy.
Holy Aaron Dy
U fell asleep on his shoulder

USC 0302

10/7/05  LV trip: 30 students went to hotel in LV.
Friday in LV  V was about intoxicated & she told
her She knew something embarrassing about the person
she had a physical relationship w/ in Cancun    STD
w/ intoxicated

"you're not
christian anymore"

S changed subject b/c she was a mutual
friend

drunk... spoke 2 hrs ~ she went to her
hotel room.

Later there was a photo posted of her w/ they
half off & dress pulled up
She was into being photo'd

Next night She could not get into club b/c
no id.  ~ S got her in

S drove V & 2 friends back to hotel b/4 S
went back to L.A.

Women were talking about sexual history & how
they groom themselves sexually provocative

Why are you going back?
Just having fun.

V teared up "why don't you stay here w/ me?"
S said "it's not you, it's me"
He was tired.

V looked & acted embarrassed "are you going to
laugh at me each time you see me for the
next 4 years.

thought she had a boyfriend @ georgetwn med school

Trip to Mex 10/21
anatomy @ 8:30am. 4 cars in carpool to Mex
V invited Δ to share inflatable bed in Mex while
they were in anatomy lab.
she was very flirtatious
she was provocative w/everyone? yes at diffnt times
She was very attentive to Δ
intox (both) 2AM swim alone
personal conversation w/ Δ about her family &
his family.
some clothes removed Δ says V removed some clothes as
well but not completely
Δ showered
Δ heard people joking around to get in shower
w/ Δ.
TT was upset after that.
she woke up later that night to vomit
Δ was in same bed

Δ was upset & distraught b/c V was mean spirited
& making fun of him & his clothes
so Δ got upset, left. Returned & went to bed
V had cynical snickering side

Δ avoided V
rumor of V having relation w/ Δ

USC 0304

Text messages between Mexico 10/21 → 11/16/06

Halloween Party: Someone said I know who you slept with...

△ threatened lawsuit

harassment, emotional distress

October 31 party

V has bad reputation

She told others that it was "over" b/t you

△ believes this was to save her reputation

as being easy to being "hard to get"

11/5 Midterm

between 11/31 @

Some level of threat & confidence in communication

Trust & connection

△ Sent Email on 11/4 to V saying I put my foot in my mouth. V wrote back

B was apologizing for not speaking well of V to others about her promiscuous reputation

V wrote back — no problem I couldn't get drunk or high...

(Studied for exam)

11/16/06 email exchanges (5△ 2V) about △ trying to find out where he stood w/V

△ felt he was getting mixed messages from V body language, smiles, "looks".

△ just gets a sense after 28 yrs.

USC 0305

1/16 Bashed V to meet bfr he was very upset
little details built up (sensed thgs, mixed messages.)

2 hour conversation she retd egmail
"Does it bother you I'm a flirt"
"Does it bother you I'm a tease"
That's your own decision but don't do that with me.

She's putting on a damper ~ backing off to humiliate him

I got in her thgh connection
I'll get my degree / residency thing connects
My father is @ NIH
She threatened me implicitly
Did you feel threatened?
Yes

11/16  V "what do you want"
D    "Wave to me"
↑    "say hi"
↑    "but don't invite me to your bed"
V said she'd go out to dinner in January.

11/16  V text message D are you feeling better? goodnight
11/17  "

V + D exchanged "looks" + moments + intimate conversation

USC 0306