4/18 Δ said w/tut □ library. Don't mess w/me what are you doing w/these text messages @ midnight"
V stated/yelled @ Δ "stay away from me but do get better" in a malicious sarcastic Dig re his past confiding w/her about

Δ dispute →

DPS Report: 1/10 DPS entered MDL 25 person/lab Δ friend called Δ that DPS was

her reputation is "fixed" and everyone ib ridicule Δ.

V created a scene + insulted Δ for 30 mn never to see her again.
Car incident

Prep    Notes

11-21-05    AB → PK    re: concern over situation - inappropriate behavior
that makes her uncomfortable

11-23-05    AB → PK    △ approached her in library to "talk" @ 5pm
5:47pm    unstable, agitated + nervous

12-2-05    AB → PK    △ left message re need to talk "b/c some issues
-1:11pm    have come up

12-2-05    AB → PK    △ left 3 voice mails re wants to meet
3:50pm
12-16-05    AB → △ stay away + no contact
12-21-05    AB → PK    AP filed DPS report
1:50pm
△ sent her a long letter.
AP discusses car incident ("Krishna" witness)
△ sent emails
∴ DPS report
AP emailed △ re stay away.
AP spoke to parents (atty)
(△ Emails) 12-24-05 4:13pm

1-8-06    AB → PK    seeks info re filing restraining order

advised to
1-9-06    PK → AB    See Center for Women + Men ~ DPS notification
10:04 AM

USC 0308

| Date | | Notes |
|---|---|---|
| 12-24-05 4:13am | △ → AB | long letter re life history (Las Vegas?) |
| 12-28-05 4:13am | △ → AB | tries to make amends (shower in Mexico?) seeks some sort of relationship at her direction offers to pay legal fees for drafting "agreement" |
| 12-30-05 6:17pm | △ → AB | (she wrote him on the 16th — what?) she did not respond at all over break. |
| 1-7-06 ~1-1-005 | △ | letter "My Baughman" threatens law suit if no "settlement" |
| 1-5-06 8:41 pm | △ → Amy | apologizes "forgive + forget" invites to yacht w/ George |
| 1-6-06 3:51 | △ → "My Baughman" | "not right to forward email" "you told me you kept my e-mails to yourself" |
| 1-7-06 4:34 am | △ → Amy | do you want me to drop out |
| 1-7-06 2:33pm | △ → AB | pleads for a meeting b/c can't go through 4 yrs like this |
| 1-7-06 2:47 | △ → AB | same e-mail |
| 1-7-06 10:02 pm | △ → AB | not eating. Thinking, why sent 3 emails Med Prom "Physical Contact..twice" forgiven "some" kind of contact |

USC 0309

| 1-8-06<br>1:21 pm | △ → AB | still wants a chance to talk in private<br>read her facebook |
|---|---|---|
| 1-9-06<br>12:03pm | △ → AB | "are you going to reply or just forward email<br>to others?" |
| 1-9-06<br>1:53pm | △ → AB | email quote of handwritten message re lawsuit. |

USC 0310

friends in fall
24 A   27 A
Mex trip

11/16  A sends friendly message + AB doesn't respond
S came to school + insisted on talking 2 hrs @ school
troubling.

RO
Privacy

USC 0311

| Date | Initial | Comments |
|------|---------|----------|
| 6/14/06 | DPT | Case dismissal letter sent for review + approval to Jim Ball and P Katsufakis (Procedural dismissal to avoid duplicate process Internally process as (OR) Other Review. Case was not dismissed on merits.) |
| 6/19/06 | DPT | Dismissal letter approved + sent to Jeffrey Isaacs, cc Atty Nina Marino + P. Katsufakis |
| 6/19/06 | CL | Finished + logged Adjud. — OR |
| 8/7/06 | DPT | Received email of "Petition" from Jeffrey Isaacs Discussed w/RTR. Include "Petition" + email in student file. no action to be taken pending contact w/ Keck It is unclear if student wants sJACS to take any particular action on his "petition" |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

USC 0312

| Date | Initial | Comments |
|---|---|---|
| 3/27/06 | CR | tracked and logged. |
| 4/3/06 | — | MWM letter w/encl. sent |
| 4/17/06 | DPM | T/C Nina Merino ( Atty for Jeffrey Isaacs) |
| | | (310) 557-0007. Mr. Isaacs is in no condition to attend or represent himself. wants extension + reports. I asked that he/she submit something in writing by 4/24 signed by Mr. Isaac indicating she is his Atty and waiving confidentiality + then I can release reports to her. She is also representing him in Med. School Student Performance Review case. |
| 4/18/06 | Rz | Fax rec'd from Jeffery re atty authorization |
| 4/19/06 | DPM | Redacted copy of 2 page DPS report #0600733 Sent to Atty Nina Marino |
| 5/16/06 | Rz | Rec'd correspondence from Kaplan Marino – via mail |
| 5/8/06 | DPM | Called Nina Marino & left message. Discussed w/ Raquel. |
| 6/1/06 | DPM | Email to P. Katsufrakis re: status of KSOM case |
| 6/13/06 | DPM | T/C w/ Jim Ball - REDACTED |
| 6/12/06 | DPM | Per Email from P. Katsufrakis- Mr. Isaacs was Dismissed from Keck |
| 6/13/06 | DMr | T/C to Peter Katsufrakis re Student's Dismissal from Keck |
| 6/14/06 | | T/C w/ Peter Katsufrakis re conduct that resulted in expulsion/ warning. The Student Performance Committee discussed + considered threats. .: our case will be dismissed based on our understanding that the issues were effectively address in their Student Performance Committee hearing. |
| 6/14/06 | | T/C Atty Nina Marino re dismissal to avoid duplication of process. and Not a decision on the merits of allegations. |

USC 0313

Prior(s): Y    N            **INCIDENT INFORMATION**          Clery:  Y    N

□Non-Student: No SIS / Not enrolled                                        Athlete:  Y    N

Full Name Isaacs, Jeffrey, D. _____ SSN_____ USC ID 5897-2073-28

Sex: M  F    Ethnicity: 0   1   2   3   4   5   6 .  Class Standing D   GPA N/A

Address _____ [ ] confirmed Date_____

City _____ Zip_____  □Confidentiality WAIVER_____

Phone _____ E-mail _____ Other_____

Date(s) of Incident 3/14/06  Location Univ. Comm  Date Report Rec'd 3/21/06

Area:  I (red)  II (purpl)  III (yel)  IV (grn)  V (blue)  Row (brn)  NR (blk)        Staff/Advisor DBT / RTR

Alleged Codes: 11.32  11.36B  11.38  11.52  11.55 ____ ____ ____

Al (org): Course_____ (#_____) Faculty_____ Location_____ MC_____

Dept_____ Term: Sp / Sum / Fall  Semester Code_____  Phone_____

**Complainant(s):**  DPS  RES. ED  FRAT-SOR LDRSHP  TRANSP SERVICES/PARKING  Bookstore  OTHER_____

Name _____ 0600733 _____ Address_____ Phone # _____

Name _____ Address_____ Phone # _____

**ADJUDICATION:** Review Date 6-7-06  □ DPS-Status   Adjudication Tracked/Logged: 6/19/06

Adjud. Type:  **AR   GR   PR   UR   FA   SUM   WD   NR   ME   OR**  *FYI  *W  *D

*Reason: □Non-student  □Off-campus  □No/minor viol.  □Res.Ed  □Other Keck Student Performance Committ

15 day panel decision deadline_____        Decision Sent_____ Review

Responsible Codes:_____ _____ _____ _____ _____ _____ _____

**SANCTION(S):**   Same for case(s) #:_____   Sanctions Tracked_____

Type_____Tracked_____

Type_____Tracked_____

Type_____ Due_____ Completed_____ Tracked_____

Type_____ Due_____ Completed_____ Tracked_____

Type_____ Due_____ Completed_____ Tracked_____

Type_____ Due_____ Completed_____ Tracked_____

**APPEAL PROCESS**

Appeal Due _____ Rec'd _____ Date of PRAP/SBAP Review _____

Decision sent _____ Decision: Uph _____ Mod _____ Rem _____ Appeal DecisionTracked:_____

Final Registration Action _____

**HOLDS**   Inital (MWM) Letter:  STU10 _____ STU20____ PLD(T/L)_____ RMD(T/L)_____

STU10_____ STU20_____ PLD(T)_____ (SA ___ Ot _____ )RMD(T)_____

STU10_____ STU20_____ PLD(T)_____ (SA ___ Ot _____ )RMD(T)_____

Tracking Case # 2005794

Also Track case(s):_____

**USC 0314**

From  Jeffrey.D.Isaacs.99@Alum.Dartmouth.ORG (Jeffrey D. Isaacs 99)

Sent Friday, August 4, 2006 2:44 pm
    To  budartur@usc.edu
  Subject Conduct Violation Report

Attachmonts  Petition.pdf

**RECEIVED**

AUG − 7 2006                    1.1MB

Dear Petitionee,

STUDENT JUDICIAL AFFAIRS
& COMMUNITY STANDARDS

The following is meant to be an official report to your division.

The attached PDF file contains a desperate Petition I am directing towards you. I am in this position solely because of the wrongs described in the Petition. I urge you to take whatever action you are able to prevent further injustice towards me by USC. I assure you that medical school administrators(non-Keck), physicians, and attorneys, having reviewed this matter in its entirety, have come to the conclusion that I was subjected to gross retaliation. I deserve to be a medical student at Keck and would contribute to the school. I should be allowed to enroll on August 14th 2006.

Sincerely,

Jeffrey D. Isaacs

**USC 0315**

From Jeffrey.D.Isaacs.99@Alum.Dartmouth.ORG (Jeffrey D. Isaacs 99)                                          ▶

Sent Thursday, August 3, 2006 8:57 pm
    To Jeffrey.D.Isaacs.99@Alum.Dartmouth.ORG (Jeffrey D. Isaacs 99)
Subject Petition to Uphold LCME Accreditation
Attachments Petition.pdf                                                                                    1.1MB

Dear Petitionee,

You may be receiving this as an Administrator at USC, a Department Chair, or as a friend.

The attached PDF file contains a desperate Petition I am directing towards you. I am in this position solely because of the
wrongs described in the Petition. I urge you to take whatever action you are able to prevent further injustice towards me by
USC. I assure you that medical school administrators(non-Keck), physicians, and attorneys, having reviewed this matter in its
entirety, have come to the conclusion that I was subjected to gross retaliation. I deserve to be a medical student at Keck and
would contribute to the school. I should be allowed to enroll on August 14th 2006.

Sincerely,

Jeffrey D. Isaacs

USC 0363



**USC**
UNIVERSITY
OF SOUTHERN
CALIFORNIA

June 19, 2006

Division of
Student Affairs

# FILE COPY

Student Judicial
Affairs and
Community Standards

Jeffrey Isaacs
(Case# 2005794)
157 Orchard Court
Blue Bell, PA 19422-2716

Dear Mr. Isaacs:

This letter is your written notification that the Office of Student Judicial Affairs and
Community Standards has dismissed case# 2005794, initiated by the University of
Southern California Department of Public Safety through report no. 0600733. It is our
understanding that the issues which formed the basis for the complaint were addressed
in the Keck School of Medicine Student Performance Committee review.

Therefore, no further action will be taken by the office of Student Judicial Affairs and
Community Standards regarding case# 2005749.

Sincerely,

Donna Budar-Turner
Office of Student Judicial Affairs and Community Standards

cc: Dr. Peter Katsufrakis, Associate Dean for Student Affairs, Keck School of Medicine
    Nina Marino, Attorney at Law, Kaplan and Marino Attorneys at Law

University of
Southern California
Figueroa Building
Room 107
Los Angeles,
California 90089-1265
Tel: 213 821 7373
Fax: 213 740 7162

USC 0364

From Donna Budar-Turner <budartur@usc.edu>

Sent Thursday, March 30, 2006 3:08 pm
   To Peter J Katsufrakis <pkatsu@usc.edu>
Subject Re: Jeff Isaacs

Thank you for the information. Please keep me informed of the status of his case at Keck.


Donna R. Budar-Turner
Assistant Director
Student Judicial Affairs
University of Southern California
Figueroa Building, Room 107
Los Angeles, CA 90089-1265


Office Hours:
Monday through Thursday 8:30AM-2:30PM


----- Original Message -----
From: Peter J Katsufrakis <pkatsu@usc.edu>
Date: Thursday, March 30, 2006 8:58 am
Subject: Jeff Isaacs
To:



> I received notice last evening from his treating physician that
> Jeff had
> improved, and that they anticipate his release today.  Besides the
> individuals receiving this message, I have also informed the
> Student
> Performance Committee members, our office staff, Amy Baughman and
> her
> father, the four students who lodged a complaint about Jeff's
> behavior, and
> Detective Sandell of USC's DPS.  We presently have a committee
> meeting
> scheduled on April 12 at which we will consider Jeff.  Please let
> me know
> if you have any questions.
>
> PJK
>
>

USC 0365

From Raquel Torres-Retana <torresre@sait2.usc.edu>

Sent Thursday, March 30, 2006 1:51 pm

To budartur@usc.edu

Cc t

Subject FW: Release notification

**REDACTED**

►

Attachments  ISAACS Jeffrey.pdf          114K    Leesa Sandell.vcf          1K    Gloria Graham.vcf          1K

Donna,

Isaacs is being released tomorrow.

-----Original Message-----
From: Gloria Graham [mailto:GGraham@caps.usc.edu]
Sent: Thursday, March 30, 2006 12:27 PM
To: Lynette Merriman; Raquel Torres-Retana
Subject: Fwd: Release notification

Fyi.

Gloria

Gloria S. Graham
Captain, Operations
Department of Public Safety
University of Southern California
3667 McClintock Avenue
Los Angeles, CA 90089

Telephone: 213-740-4904
Los Angeles, CA 90089

TEL: (213)-740-4904
E-MAIL: ggraham@caps.usc.edu

"Achieving Excellence Every Day"

>>> Leesa Sandell 3/30/2006 12:20 PM >>>
Capt.,

Mr. Peter Katsufrakus, Associate Dean for Student Affairs, Keck School
of Medicine, (323) 442-2420, called to notify DPS that Jeffrey Isaacs
will be released from UCLA Neuropsychiatric Institute tomorrow.

Capt. Drake was notified by telephone. Dispatch has been given a copy
of the Alert, stay away and suspension letters.

Respectfully,

Leesa J. Sandell
Detective
University of Southern California
Department of Public Safety
3667 S. McClintock Ave
Los Angeles, Ca 90089-1912
Business  213.740.2489
Fax          213.746.2397

**USC 0366**

4/10/2006 12:22 PM

From Peter J Katsufrakis <pkatsu@usc.edu>

Sent Thursday, March 30, 2006 8:58 am

To

Subject Jeff Isaacs

I received notice last evening from his treating physician that Jeff had improved, and that they anticipate his release today. Besides the individuals receiving this message, I have also informed the Student Performance Committee members, our office staff, Amy Baughman and her father, the four students who lodged a complaint about Jeff's behavior, and Detective Sandell of USC's DPS. We presently have a committee meeting scheduled on April 12 at which we will consider Jeff. Please let me know if you have any questions.

PJK



**USC 0367**

4/10/2006 12:24 PM

From Joshua Voyda <jvoyda@caps.usc.edu>                                          ▶

Sent Wednesday, March 22, 2006 11:40 am

To budartur@usc.edu

Subject Isaacs, Jeffrey - Photo

Attachments Isaacs.jpg                                                          13K

See attached photo.

Josh Voyda
Public Safety Officer
Special Problems Unit / Greek Liaison
USC Department of Public Safety
jvoyda@caps.usc.edu
213-740-5519

"ACHIEVING EXCELLENCE EVERY DAY"

**USC 0368**

& COMMUNITY STANDARDS
STUDENT JUDICIAL AFFAIRS

APR 2 1 2006

RECEIVED

April 18, 2006

Donna Budar-Turner, Assistant Director
Office of Student Judicial Affairs and community Standards
University of Southern California
Figueroa Building, Room 107
Los Angeles, California 90089-1265
*Via Fax 213 740 7162 and US Mail*

      Re:    <u>Jeffrey D. Isaacs</u>
             Your Case No 2005794

Dear Ms. Budar-Turner:

    I hope this letter finds you well.  Please be advised I authorize my attorney, Nina Marino of Kaplan Marino, APC, to communicate with you on my behalf regarding the above referenced matter.  I also authorize you to forward to Ms. Marino a copy of the report which prompted your letter to me dated April 10, 2006.

    Thank you for your courtesy.

                    Very truly yours,

                    Jeffrey D. Isaacs

USC 0380

LOS ANGELES CA 900

19 APR 2006 PM 4 T

165
2800 \$00.390 APR 19 04
8834    MAILED FROM ZIP CODE 90212

**KAPLAN MARINO**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
9454 Wilshire Boulevard, Suite 500
Beverly Hills, California 90212

Donna Budar-Turner, Assistant Director
Office of the Student Judicial Affairs and Community Standards
University of Southern California
Figueroa Building, Room 107
Los Angeles, California 90089-1265

USC 0381

## Raquel Torres-Retana

| | |
|---|---|
| **From:** | Lynette Merriman |
| **Sent:** | Wednesday, March 22, 2006 7:56 AM |
| **To:** | |
| **Cc:** | |
| **Subject:** | RE: Jeffrey Isaacs |
| **Importance:** | High |

**REDACTED**

Hi all -

I spoke w/ Peter Katsufrakis last night at Keck. I was under the impression that he was not around yesterday and thought he may not yet have been informed about Jeffrey being released - he had not so I told him. Later last evening he spoke w/ NPI at UCLA and they said that Jeffrey is still there and is expected to be there the length of time that had been previously determined. NPI will let Peter know when Jeffery is released. Stay tuned....

Lynette

Lynette S. Merriman
Associate Dean for Student Affairs
University of Southern California
Student Union 201 (STU) Suite 201
Office (213) 740-2421
FAX   (213) 821-1244
-----Original Message-----
From: Gloria Graham [mailto:GGraham@caps.usc.edu]
Sent: Tuesday, March 21, 2006 11:28 AM
To:
Cc:
Subject: Jeffrey Isaacs
Importance: High

** High Priority **

I just received information that Jeffrey Isaacs was released yesterday. Capt. Aaron Drake has been in contact with the Dean's office. I am attempting to get in touch with him now in order to find out what their plan is.

Gloria

Gloria S. Graham
Captain, Operations
Department of Public Safety
University of Southern California
3667 McClintock Avenue
Los Angeles, CA  90089

Telephone:  213-740-4904
Los Angeles, CA  90089

TEL:   (213)-740-4904
E-MAIL:  ggraham@caps.usc.edu

"Achieving Excellence Every Day"

*Sorry it was under my pile.*



1

**WAYNE SANDLER, M.D., PH.D.**
2080 CENTURY PARK EAST
SUITE 902
LOS ANGELES, CA 90067

TELEPHONE (310) 556-0263
FAX (310) 556-0278

9/6/07

To whom it may concern:

RE: Jeffrey Issacs

I am the psychiatrist who began treating Jeffrey Issacs on 3/30/06. He was referred to me
by the clinical social worker on the inpatient unit at UCLA – N.P.H. The referral was
made to me because I treated medical students and house staff in the past and chaired the
physician well-being committee at Century City Hospital for 12 years.

I had an opportunity to attend a hearing on 6/7/06 to provide my opinion regarding
Jeffrey's position within the USC Medical School. In retrospect it is very clear that the
entire situation had not been handled well from the beginning. When the problem was
identified there needed to be greater effort to insure that an impaired student get the help
needed to insure successful participation in his studies. This was not done and as a result
the situation escalated to the point of a poor outcome for everyone involved.

Jeff is an extremely bright and capable individual that can succeed in medicine. I had
recommended a leave of absence that had not been granted and subsequently
recommended that Jeff be on probation with a requirement of participating in ongoing
mental health treatment. Instead he was dismissed from school.

There is a full spectrum of individuals practicing medicine. When an opportunity
presents to intervene and help a capable individual overcome issues in order to excel I
believe it is the duty of the professionals in charge to assist rather than extrude the
person. Unfortunately it appears that one way was more expedient.

I hope that you can re-consider this entire case and do what is right rather then what is
expedient.

Sincerely,

Wayne C. Sandler, M.D., Ph.D.

WCS/mn

USC 0383



**USC**
UNIVERSITY
OF SOUTHERN
CALIFORNIA

# CONFIDENTIAL

Keck School of Medicine
University of Southern California

**To:** Ad Hoc Committee to review Isaacs' dismissal

**From:** Peter J. Katsufrakis

Office of
Student Affairs

**Date:** September 11, 2006

**Re:** Documents for September 14 meeting

The attached documents provide background for the decision by the Year 1 & 2 Student Performance Committee (SPC) to dismiss Jeff Isaacs from medical school. They include:

1. A chronology that summarizes pertinent events taking place prior to the February 27, 2006 SPC meeting. Jeff reviewed and agreed with this summary prior to the SPC meeting.
2. Supporting documentation, including email communication, a "stay away" letter from UPC Student Affairs, and a letter of concern from Jeff's classmates.
3. A copy of KSOM "Essential Characteristics and Abilities Required for Completion of the M.D. Degree at the Keck School of Medicine." This document is published in the Student Handbook and describes characteristics expected of all students and graduates; the requirements outlined contributed to the SPC's decision.
4. Redacted minutes from SPC meetings where Jeff's performance was reviewed.

Because of the confidential nature of these documents, I ask that you not make any copies of any of these materials, and that you bring all these documents with you to the meeting for us to retain following the conclusion of your meeting. I will be present to answer any questions you may have about these documents and about the committee's decision.

**CC:** Clive R. Taylor, M.D., Ph.D.

1975 Zonal Avenue
KAM 100 B
Los Angeles,
California 90033
Tel: 323 442 2553
Fax: 323 442 2663

**USC 0384**

**Chronology of Jeff Isaacs's actions and related events**
*Prepared for SPC February 27, 2006 meeting*

| Date | Notes |
|------|-------|
| 21-Nov | PJK approached by AB to complain about JI's actions. She reported that he had spoken with her on the preceding Friday, followed by repeated phone calls, email messages, and 30-60 text messages including one that said "wanna fuck." She reported that they had seen each other at different social events organized by other students, including parties and a trip to Mexico. She had been friendly with him, but subsequently his attention was unwanted. PJK met later in day with JI for 3 hours, who explained that he had been considering meeting because of his concern that AB was tarnishing his reputation. Reviewed events described by AB and offered his perspective. Agreed to joint meeting with AB. |
| 23-Nov | Met with AB and JI. AB expressed her wish not to communicate with JI until January 2006. JI unwilling to agree to limiting contact. AB said that if she felt threatened by JI she would talk with others, as this was her stress coping mechanism. JI explained that his refusal to limit contact was related to PTSD-like connection to past events; unwilling to elaborate re: events. Students were unable to reach a mutually acceptable agreement. Follow-up email from AB later that day reports JI spoke with her, very upset and tearful. |
| 25-Nov | Email from JI (copy in packet) explaining his wish for positive med school experience, acknowledges AB may not have fully appreciated his situation, expresses his wish to forgive & forget, and expresses concern about actions by and impact on classmates. |
| 30-Nov | In meeting with PJK, JI feels problems are improved, not resolved. Agrees to take no further action & allow resolution, unless new events arise. PJK recommends follow-up with a psychologist or counselor |
| 2-Dec | JI experiences increased anxiety following episode during MSP where AB left a group shortly after he arrived. JI referred to UPC (Student Conduct) if he wishes to file complaint; declined at present. |
| 2-Dec | JI leaves message for AB wishing to talk; she reports her intention to ignore it. |
| 4-Dec | AB communicates sympathy and wish for distance to JI via emails 12/4 & 12/14 (copy in packet) |
| 6-Dec | JI reports a classmate laughing about his conflict with AB. PJK reiterates recommendation for counseling. |
| 16-Dec | JI approaches AB after exams to talk; sends several emails over winter break. |
| 10-Jan | JI receives University "stay away" letter from Lynette Merriman. |
| 10-Jan | JI sends email message to AB and her father describing his intent to file a lawsuit against her. |
| 17-Jan | JI meets at PJK request to discuss JI's stress, potential need for psychiatric evaluation. JI reluctant because of concern that mental health care may provide evidence for future legal action. |
| 18-Jan | SPC reviews JI's performance and requests his attendance at next SPC meeting. |
| 17-Feb | JI sends email message to AB (copy in packet) and calls her. Explains his recent behavior in light of past events and apologizes for putting her through his sorting out. |

USC 0385

Baughman, Robert (NIH/NINDS) [E], 09:51 PM 1/10/2006 -0500, FW; Lawsuit

Date: Tue, 10 Jan 2006 21:51:57 -0500
From: "Baughman, Robert (NIH/NINDS) [E]" <baughmar@ninds.nih.gov>
Subject: FW: Lawsuit
To: pkatsu@usc.edu
Thread-topic: Lawsuit
Thread-index: AcYWN/ebt9TuTLWeSlii+y0Q/mGJ/wAlbG8A
X-MS-Has-Attach:
X-MS-TNEF-Correlator:
Original-recipient: rfc822;pkatsu@usc.edu
X-OriginalArrivalTime: 11 Jan 2006 02:51:58.0240 (UTC)
FILETIME=[FD313A00:01C61659]

I received this today and am even more concerned for Amy.  Tomorrow I will go to USC to see Amy and
consider how to proceed.

-----Original Message-----
From: usc2006 usc2006 [mailto:a2006usc@hotmail.com]
Sent: Tuesday, January 10, 2006 5:48 PM
To: abaughma@usc.edu
Cc: Baughman, Robert (NIH/NINDS) [E]
Subject: Lawsuit

Dear Ms. Baughman,
I did not attend class today as I was preparing a lawsuit against you. I realize I have wavered on
this issue, partially because I was keeping my fingers crossed for a resolution, and partially
because you have made me unstable in this regard.
My friend is visiting LA beginning tomorrow for one week. If I do not hear from you during this
period, I will forward the relevant court service process to you and your father at his NIH mailing
address. I can tell you my choice is to review the facts of the case with the appropriate parties in
order to reach a timely settlement, in lieu of filing.
Any follow up to this letter shall be addressed to jdi@alum.dartmouth.org
Regards,
Jeffrey D. Isaacs

Express yourself instantly with MSN Messenger! Download today - it's FREE!
http://messenger.msn.click-url.com/go/onm00200471ave/direct/01/

USC 0390



**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

January 10, 2006

**Student Affairs**

Jeffrey Isaacs
425 Broadway #408
Santa Monica, CA 90401

Dear Mr. Isaacs:

Amy Baughman has asked that, pending a possible Student Judicial Affairs
review, I require you and her each to avoid contact with the other until such time
as this order is lifted in writing by Student Judicial Affairs. The Vice President
for Student Affairs has delegated to me the authority to make this order based on
the right of every USC student to avoid contact with another student if he or she
determines that such contact may be harmful or detrimental. This order does not
imply any judgment regarding the factual nature of Ms. Baughman's complaint.

With this information in mind, I ask both you and Ms. Baughman's to refrain
from:

    i)   approaching one another at any time;
    ii)  calling one another at any time;
    iii) sending via campus or regular mail or e-mail or text message, anything
       to one another;
    iv) contacting or communicating with one another – including through a
       third party – in any way at any time.

This letter will remain in a file in my office and will be made available to the
appropriate university personnel if a grievance or Student Judicial Affairs
complaint is filed by either party against the other party regarding further
difficulties and/or breach of this order. If you have questions about this matter,
please be in touch with Raquel Torres-Retana at Student Judicial Affairs, or with
the representative of Student Affairs whom Ms. Torres-Retana will assign to
assist you in understanding the processes involved.

Sincerely,

Lynette S. Merriman
Associate Dean

University of
Southern California
Student Union 201
Los Angeles,
California 90089-4891
Tel: 213 740 2421
Fax: 213 740 5229

cc.    Amy Baughman
        Raquel Torres-Retana, Director, Office for Student Judicial Affairs
        Department of Public Safety

**USC 0391**

Dr. Peter Katsoufrakis
Dean Student Affairs
University of Southern California
Keck School of Medicine

Over the past few months, we, the undersigned, have witnessed events that we find to be both unprofessional and of great concern. **Per your personal advice, this letter serves to formally document said events and to share our feelings with you about how they have affected Ms. Amy Baughman, ourselves, and the class of 2009 as a whole.** The actions and behavior engaged in by Jeffery Isaacs have continued to be a significant and unnecessary distraction to our learning environment. We have found the following events to be the most disconcerting:

During the last several months Mr. Isaacs has contacted Ms. Baughman repeatedly through inappropriate volumes of email, text messages, phone calls and demands to meet with her, despite her repeated requests for him to leave her alone. Before events proceeded to their current disquieting state, numerous attempts were made by Mr. Braxton, and Mr. Jack, to counsel Mr. Isaacs, understand his position and address his concerns regarding Ms. Baughman. During these consultations, Mr. Isaacs sounded irate, and appeared to be irrational in his train of thought, and deflected any questions pertaining to his actions toward Ms. Baughman. After a number of troubling events transpired (described below), we strongly advised him to cease all contact with Ms. Baughman. During these confrontations, Mr. Isaacs refused to cooperate with our requests and despite our interventions, we have witnessed Mr. Isaacs continue to contact Ms. Baughman repeatedly which has overwhelmed, distracted and disturbed her. We have witnessed the public emotional distress it has caused her.

On at least two separate occasions in the Norris Medical Library, we have witnessed Ms. Baughman become exceedingly upset, looking frightened and on the verge of tears, after being in the presence of, and/or contacted by, Mr. Isaacs. On one such occasion, after school hours, Mr. Hanflik witnessed Ms. Baughman leaving school, crying and physically shaking, fearing confrontation with Mr. Isaacs upon receipt of a text message from him explaining that he was coming to meet her (Ms. Baughman showed Mr. Hanflik the message). Mr. Isaacs' presence and contact with Ms Baughman has caused repeated disruption of our learning environment and has been a major distraction for those of us studying in Norris Medical Library by virtue of our concern for the emotional and personal safety of Ms. Baughman. On numerous occasions, Mr. Braxton, Mr. Hanflik and Mr. Jack, have each witnessed the erratic behavior of Mr. Isaacs, when seeing Ms. Baughman's phone vibrate constantly with text message after text message, for periods of up to 1 hour. Another troubling example of Mr. Isaacs' behavior occurred during an evening of studying at the Norris Library, when Ms. Baughman received a text message from Mr. Isaacs that said "Wanna Fuck." . Ms. Baughman again began to sob and react with physical tremors of terror as witnessed by Mr. Braxton, Mr. Hanflik and Mr. Jack. Ms. Baughman's verbal response was "Why is he doing this to me?"

5, 7, 9, 30

USC 0392

## UNIVERSITY OF SOUTHERN CALIFORNIA KECK SCHOOL OF MEDICINE

### ESSENTIAL CHARACTERISTICS AND ABILITIES REQUIRED FOR COMPLETION OF THE MD DEGREE AT THE USC SCHOOL OF MEDICINE

**PREAMBLE**

The MD degree is a broad undifferentiated degree attesting to general knowledge in all fields of medicine and the basic skills required for the practice of medicine. Essential characteristics and abilities required for completion of the MD degree consist of certain minimum physical and cognitive abilities, and sufficient mental stability to provide reasonable assurance that candidates can complete the entire course of study and participate fully in all aspects of medical training. The Keck School of Medicine expects its graduates to become fully competent physicians capable of completing graduate medical education, passing licensing exams, and obtaining medical licenses. The Keck School of Medicine will provide reasonable accommodation to prepare its students.

The Keck School of Medicine has an ethical responsibility for the safety of patients with whom the candidates will come into contact both before and after graduation. Therefore, patient safety is a major factor in establishing requirements for physical, cognitive, and emotional capabilities of candidates for admission, promotion and graduation.

Students of medicine must possess those intellectual, ethical, physical, and emotional capabilities necessary to undertake and achieve levels of competence in the full curriculum required by the faculty. An avowed intention to practice only a narrow part of clinical medicine does not alter the requirement that all students take and achieve competence in the full curriculum.

Essential characteristics and abilities prescribed here are a prerequisite for admission, promotion and graduation from the Keck School of Medicine. All matriculants, students and graduates must meet all prescribed essential characteristics and abilities.

**I. PHYSICAL REQUIREMENTS:** After reasonable training and experience, the candidate must be able to observe and participate in demonstrations and experiments in the basic sciences, including but not limited to dissection of cadavers, examination of gross specimens in gross anatomy, pathology laboratory and neuroanatomy laboratories, preparation of microbiologic cultures, and microscopic studies of microorganisms and tissues in normal and pathologic states (e.g., streak plates, perform gram stains and use a microscope) necessary for such studies. Observation of gross and microscopic structures necessitates the functional use of the senses of vision and touch and is enhanced by the functional sense of smell.

After reasonable training and experience, the candidate must be capable of performing a complete physical examination, including observation, palpation and percussion and auscultation. The candidate must be capable of using instruments, such as, but not limited to, a stethoscope, an ophthalmoscope, an otoscope and a sphygmomanometer. The candidate must be capable to performing clinical procedures such as, but not limited to the following: pelvic examination, digital rectal examination, drawing blood from veins and arteries and giving intravenous injections, basic cardiopulmonary life support, spinal puncture and simple obstetrical procedures. The candidate must be capable of performing basic laboratory tests, using a calculator and a computer, reading an EKG, and interpreting common imaging tests. The applicant must be able to move in the clinical setting so as to act quickly in emergencies. At the conclusion of the Introduction to Clinical Medicine course, the student will demonstrate proficiency in the skills described above. By the conclusion of the clinical clerkships, the student should achieve full competence in the skills described above including the ability to synthesize and organize these skills.

**II. COMMUNICATIONS:** A candidate must be able to communicate with, to receive communication from, and to observe patients in order to elicit information, describe changes in mood, activity and posture, and perceive nonverbal affective and gestural communication. These communication skills also must enable the candidate to obtain a medical history in a timely fashion from a wide variety of patients, and to communicate effectively, efficiently and sensitively with all members of the health care team, other professionals, patients and their families. Communication includes speech and writing. The student must be able to produce a written "write-up" in the clinical rotations, which includes patient history, physical exam and assessment. In addition, the candidate must be able to comprehend written material sufficiently well to understand accurately common medical records, laboratory reports, and pharmacological prescriptions.

USC 0406

# Student Performance Committee – Years I & II
## Minutes
### January 18, 2006

**Attending:** Allen Abbott, Althea Alexander, Raquel Arias, Judy Garner, Roger Girard, Dav... Hoffman, Harvey Kaslow, Robert McCann, Sandy Mosteller, Pamela Schaff, Joe... Schechter, Mikel Snow; invited guest, Bruce Spring.

**Presiding:** P. Katsufrakis

**Recording:** R. Thorstensen

REDACTED

USC 0407

# Student Performance Committee – Years I & II
## Minutes
### February 27, 2006; 3pm, KAM 505

**Attending:** Allen Abbott; Ahmet Baydur; James Dixon; Judy Garner; Harvey Kaslow; Alexandra Levine; Robert McCann; Sandy Mosteller; Pamela Schaff; Joel Schechter; Mikel Snow; Robert Stellwagen; Theresa Woehrle; invited guest, Maura Sullivan.

**Presiding:** P. Katsufrakis

**Recording:** R. Thorstensen

REDACTED

# Student Performance Committee – Years I & II
## Minutes
### June 7, 2006, 2:00 pm
### ZNI Herklotz Seminar Room

**Attending:** Allan Abbott; Althea Alexander; James Ball (University Counsel); Wolfgang Beumer, MS IV; James Dixon; Donna Elliott; Judy Garner, Roger Girard; Cage Johnson; Peter J. Katsufrakis (Chair); Victoria Marx; Robert McCann; Sandra Mosteller; Patrick Pezeshkian MS IV; Erin Quinn; Pamela Schaff; Joel Schechter; Frank Sinatra; Robert Stellwagen; Theresa Woehrle; David Woodley. Guests: Fred Kuyt; Wayne Sanders; Nina Marino (attorney for Jeffrey Isaacs); Maura Sullivan.

**Presiding:** Peter Katsufrakis, Chair

**Recording:** R. Thorstensen, Staff to the Committee

**Quorum:** It was established that a two-thirds quorum was present.

REDACTED

USC 0409

---

**Agenda Item #6– Individual Student Discussions/Petitions**

---

### JEFFREY ISAACS

#### *Discussion*

Dr. Katsufrakis reminded the Committee that their decision had to be based only on the written documentation and testimony presented today. Jeff participated in the meeting via conference call; in the meeting he was represented by his attorney, Nina Marino. Drs. Fred Kuyt (Jeff's ICM instructor) and Dr. Wayne Sanders (Jeff's treating psychiatrist) also made statements and answered questions on behalf of Jeff.

Jeff presented an oral summary of a written statement and supporting documentation provided to each committee member. Dr. Katsufrakis provided a chronology of events that had previously been reviewed and approved by Jeff, and a copy of the KSOM "Essential Characteristics And Abilities Required For Completion Of The M.D. Degree At The Keck School Of Medicine." During the presentations of Jeff and his advocates, committee members asked various questions to clarify and expand on issues raised. When Jeff had completed his statement and all questions had been addressed, the conference telephone connection was ended and Ms. Marino and Drs. Kuyt and Sanders left.

#### *Decision*

After discussion, it was moved and seconded (████████) that Jeffrey Isaacs be dismissed; the motion carried with 10 in favor, no opposed and 2 abstentions.

#### *Action*

Jeffrey to be notified of Committee's decision and the appeal process.

USC 0410

**Agenda Item #8 – Adjournment**

The meeting was adjourned at approximately 5:35 p.m.

*Submitted by Rena Thorstensen, Staff to the Committee, June 14, 2006.*

USC 411

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME   : 09/05/2006 14:54
NAME   : KECK USC ADMISSIONS
FAX    : 3234422433
TEL    : 3234422552
SER.#  : BROM3J957777
```

```
DATE,TIME              09/05  14:54
FAX NO./NAME           913105570008
DURATION               00:00:20
PAGE(S)                01
RESULT                 OK
MODE                   STANDARD
                       ECM
```



# USC
UNIVERSITY
OF SOUTHERN
CALIFORNIA

## Keck School of Medicine
University of Southern California

September 1, 2006

**Department of
Educational Affairs**

**Clive R. Taylor,**
**M.A., M.D., D.Phil**
Senior Associate Dean
for Educational Affairs

Ms. Nina Marino, Esq.
KAPLAN MARINO
9454 Wilshire Boulevard, Suite 500
Beverly Hills, CA 90212

Dear Ms. Marino,

A date has been set for the ad-hoc committee to review the appeal of the dismissal of Jeffrey Isaacs from the Keck School of Medicine. This committee will be provided the information and findings from the Student Performance Committee's meeting on June 7, 2006. Please submit to me, in writing, any additional information that you or Mr. Isaacs feel should be included. Please supply this information no later than the end of the day on Monday, September 11. All material must be submitted in writing. Thank you for your cooperation.

Sincerely,

**USC 0412**



**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

**Keck School of Medicine**
University of Southern California

**Department of
Educational Affairs**

**Clive R. Taylor,
M.A., M.D., D.Phil**
Senior Associate Dean
for Educational Affairs

September 1, 2006

Ms. Nina Marino, Esq.
KAPLAN MARINO
9454 Wilshire Boulevard, Suite 500
Beverly Hills, CA 90212

Dear Ms. Marino,

A date has been set for the ad-hoc committee to review the appeal of the dismissal
of Jeffrey Isaacs from the Keck School of Medicine. This committee will be
provided the information and findings from the Student Performance Committee's
meeting on June 7, 2006. Please submit to me, in writing, any additional
information that you or Mr. Isaacs feel should be included. Please supply this
information no later than the end of the day on Monday, September 11.
All material must be submitted in writing. Thank you for your cooperation.

Sincerely,

Clive R. Taylor, M.D., Ph.D.
Senior Associate Dean for Educational Affairs

1975 Zonal Avenue
KAM 205
Los Angeles,
California 90089-9024
Tel: 323 442 1875
Fax: 323 442 1876

**USC 0413**

## Robert McCann

**From:**    Clive R Taylor [ctaylor@keck.usc.edu]

**Sent:**    Friday, July 14, 2006 12:29 PM

**To:**    LynnDivine@aol.com

**Cc:**    rmccann@usc.edu

**Subject:** RE: Jeffrey David Isaacs

Dear Mr and Mrs Salvo,

Thank you for your communication. I do understand your concern.

In order to accord due process to Jeffrey I have decided to form an Ad Hoc Committee of faculty who have had no prior experience or involvement in the issue at hand. This is one option allowed by the University appeal process and assures a full and independent review of the matter.

The Committee will proceed with all deliberation and will be in touch with Jeffrey at the appropriate time.

Clive Tayor.

**From:** LynnDivine@aol.com [mailto:LynnDivine@aol.com]
**Sent:** Tue 7/11/2006 7:32 PM
**To:** taylor@pathfinder.usc.edu
**Cc:** Clive R Taylor
**Subject:** Re: Jeffrey David Isaacs

Lynn and Anthony C. Salvo
31 Hunt Valley Lane
Berwyn, PA   19312

July 11, 2006

Clive Taylor, M.D., Ph.D.
Senior Associate Dean for Educational Affairs
Keck School of Medicine
2011 Zonal Avenue, Room 204
Los Angeles, California   90033

Re: Jeffrey David Isaacs

Dear Dr. Taylor:

We are writing out of grave concern and distress for our son, Jeffrey David Isaacs, and are requesting your thoughtful consideration of the recent appeal you received to re-evaluate the decision made by the Student Performance Committee to dismiss Jeff from the Keck School of Medicine.   It is unconscionable to us that this action has been taken, and we believe that an injustice has been done.

As we reported to you and Dr. Katsufrakis in our meeting of January 30th, Jeff was suffering from a very stressful environment at Keck, in that he had been the subject of undue harassment from a group of seemingly omnipotent students who played on his vulnerability. Jeff was clearly the subject of bullying and taunting. Some of these same students, we have come to learn, have exhibited very questionable ethical and moral behavior, yet their opinions and perspectives on Jeff's character seem to have been held in quite high regard.   As more facts have become clear, we are doubtful that Jeff received objective unbiased treatment and support.

7/14/2006

**USC 0414**

Several additional points from our January meeting:

Dr. Katsufrakis stated that while he had recommended additional counseling to Jeff other than that which he, himself, was providing, he did not feel that Jeff's situation was at the point of requiring more aggressive intervention by Keck administrators to force a psychiatric evaluation and treatment. With all that we have subsequently learned, there was clear evidence that Jeff was suffering from an emotional crisis, and had there been appropriate intervention by those medical professionals who were witnessing the behavior first-hand, we believe the outcome could have been different.

You suggested that Jeff's ICM leader would be the best advocate for Jeff at an SPC hearing, as this physician generally knows the students the best. During the dismissal hearing, it is our understanding that Dr. Fred Kuyt was cut-off from being able to state all he wished in Jeff's defense. One has to question why that would be the case when such an important life-altering decision was at stake. Additionally, there was an obvious attempt to discredit Jeff's advocates –Dr. Kuyt and Dr. Wayne Sandler were not even introduced to the Committee by name, which was a disrespectful attempt to discredit them.

We refer you to the recommendation letters that were part of Jeff's application to Keck, as we feel it only prudent to bring them to your attention, once again. These letters span a period of over seven years and address Jeff's character strengths, compassion, intelligence, and relationship skills.

In hindsight, we feel we were patronized. As I mentioned to you in January, as Jeff's mother, I have never in all of his schooling, had cause to intervene on any level at any time for any reason, and it is shocking at what has transpired over the last nine months.   We attended the White Coat Ceremony last August, feeling great pride in all that Jeff had accomplished, and great hope for his future medical career.   We had implicit trust in your institution to provide the challenging academic environment so necessary to foster a positive learning experience for such a respected profession.   We feel devastated by the travesty that has occurred, and implore you to more closely re-examine all the facts and reverse this abhorrent decision.

Sincerely,

Lynn Isaacs Salvo

Anthony C. Salvo



**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

June 8, 2006

# Keck School of Medicine
University of Southern California

Mr. Jeff Isaacs
425 Broadway #408
Santa Monica, CA 90401

**Office of
Student Affairs**

In care of:     Nina Marino, Attorney at Law
9454 Wilshire Blvd., Suite 500
Beverly Hills, CA 90212

Dear Mr. Isaacs:

As you know, the Year I/II Student Performance considered your record at the School of Medicine at their meeting yesterday, June 7, 2006.

Your attorney, Nina Marino, appeared on your behalf. Dr. Wayne Sandler and Dr. Fred Kyut were also present, and teleconferencing was provided so you could speak with the Committee. I provided a packet of materials to each Committee member (I had previously given you a duplicate copy). Ms. Marino also provided a set of documents and exhibits for the members.

After due deliberation, the Committee determined that you are to be dismissed from the School of Medicine for behavior that was not consistent with the essential characteristics and abilities required for completion of the M.D. degree at the Keck School of Medicine.

The Student Handbook states that any student who is recommended for dismissal by the Committee may appeal that decision to the Senior Associate Dean for Academic Affairs of the school. You have ten working days from the receipt of this letter to file your appeal if you wish to do so. Your appeal should be addressed to Dr. Clive Taylor, Senior Associate Dean for Academic Affairs, 1975 Zonal Avenue, KAM 205-A, Los Angeles, CA 90033; phone (323) 442-1877.

Sincerely yours,

Peter J. Katsufrakis, MD, MBA
Associate Dean for Student Affairs

cc:     Student File

1975 Zonal Avenue
KAM 100 B
Los Angeles,
California 90033
Tel: 323 442 2553
Fax: 323 442 2663

**USC 0416**



# USC
UNIVERSITY
OF SOUTHERN
CALIFORNIA

## Keck School of Medicine
University of Southern California

**Department of
Educational Affairs**

Clive R. Taylor,
M.A., M.D., D.Phil
Senior Associate Dean
for Educational Affairs

September 20, 2006

Ms. Nina Marino, Esq.
KAPLAN MARINO
9454 Wilshire Boulevard, Suite 500
Beverly Hills, CA 90212

Dear Ms. Marino,

As you are aware, an ad-hoc committee was convened to consider the appeal of
the dismissal of Jeffrey Isaacs from the Keck School of Medicine. The committee
reviewed the information and findings from the Student Performance
Committee's meeting on June 7, 2006 as well as the information you submitted
for this purpose. After careful review, the ad-hoc committee recommended to
uphold the dismissal. I concur with their decision.

This is the final decision of the Keck School of Medicine on this matter and there
is no further university appeal process. While I expect that Mr. Isaacs may be
disappointed with the outcome, I wish to assure him that we have carefully
considered this decision. We wish him all the best in his future endeavors.

Sincerely,

Clive R. Taylor, M.D., Ph.D.
Senior Associate Dean for Educational Affairs

1975 Zonal Avenue
KAM 205
Los Angeles,
California 90089-9024
Tel: 323 442 1875
Fax: 323 442 1876

**USC 0417**

06/07/2006  08:20    3238488491    KAPLAN MARINO    PAGE  01
MAY-09-2006 TUE 06:07 PM Furtunase Cancer Center    FAX NO. 215 xxx 2759    P. 02

## DECLARATION OF LYNN R. SALVO

I, LYNN R. SALVO, HEREBY I ECLARE:

I am the mother of Jeffrey David Isaacs who is a student at the Keck School of Medicine at USC;

On March 7, 2006 my son voluntarily admitted himself into the UCLA psychiatric hospital due to his suffering from extreme anxiety, depression, and stress;

That accordingly, I traveled from my home in Philadelphia to Los Angeles in order to be there for my son;

I was present during an inpatient therapy session for Jeffrey on March 14, 2006. Also present at this therapy session was Dr. Bullock, who was the resident treating my son at UCLA, and Ann Owens-Moore, the social worker facilitating my son's treatment;

I recall my son stating that "we [those present at the therapy session] had no idea how angry he would be" if he was dismissed from medical school. I understood this to mean my son would institute legal action against USC if he was dismissed from the school. At no time did I believe this remark, made in the course of a therapy session, to be threatening in any way other than contemplation of legal action against USC;

I have been informed that Dr. Bullock has reported that I told him that Jeffrey told me two weeks prior that "I don't think they will expel me because they are afraid I'll come back with a gun." This is not accurate. After the therapy session of March 14, 2006, I was approached by and spoke at length with Ann Owens-Moore, the social worker at UCLA, not Dr. Bullock. Ms. Owens-Moore asked me questions about Jeff. She asked me if Jeff had ever threatened to hurt someone else, I said absolutely not. She asked me if Jeff had ever mentioned anything aggressive toward the school, I responded no. Subsequently, I told Ms. Owens-Moore that two weeks before coming to UCLA for help, Jeff and I were discussing his feelings of depression, anxiety, and frustration. Jeff was having these feelings because he perceived, and I agreed, that the administration at USC was not properly responding to his obvious disability. Jeff talked in some detail about his fear that he was "losing it" and having worse symptoms than ever before. He said he was thinking about going to the hospital because he might "give himself a stroke or a heart attack." Along the same line of thought, Jeff said, "They better not expel me, because that might push me to get a gun and shoot myself." In the context it was stated, the remark was in no way expressed as something he planned or intended to do. We were discussing his feelings and the remark was made in a somewhat removed, offhand way. The remark had no true meaning other than to demonstrate to me how disturbed Jeff was with the actions of the administration toward him. I absolutely did not fear he would harm anyone at USC.

I declare the foregoing to be true and correct.
Executed this 8th day of May 2006 in Philadelphia, Pennsylvania.

_____
LYNN R. SALVO

USC 0467



**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

Steven B. Sample

President and
Robert C. Packard
Professor

March 8, 2007

Mr. Jeffrey D. Isaacs
426 Cottman Street
Jenkintown, Pennsylvania  19046

Dear Mr. Isaacs:

I have received your letter requesting that I permit you to resume your studies at
the Keck School of Medicine of the University of Southern California.
Unfortunately I cannot grant your request as the Student Performance Committee
procedures as set forth in the Keck School of Medicine student handbook do not
provide for an appeal to the president.

Sincerely,

Steven B. Sample
President

cc: Ms. Kelly Bendell
     University Counsel
     Office of the General Counsel

bcc:   Clive Taylor

University of
Southern California
Los Angeles,
California  90089-0012
Tel: 213 740 2111
Fax: 213 821 1342

**USC 0496**

# Jeffrey D. Isaacs

426 Cottman Street
Jenkintown, PA 19046
jdi@alum.dartmouth.org
+1 215 609 4625

February 12, 2007

Dear President Sample,

On March 5th, the Keck School of Medicine Class of 2010 begins its
Neuroscience module. I was suspended last year immediately prior to
this unit, days after your annual address to Keck. Pending further review
of my situation, I ask you to permit me to resume studies with the Class
of 2010. Additionally, the appointment of an unbiased committee to
promptly reexamine what went wrong at the Keck School last year is
appropriate, in my opinion.

You should be aware of my allegation that Brian E. Henderson and Peter
J. Katsufrakis interfered with my medical studies at Keck, resulting in a
retaliatory suspension and dismissal from the school. Please see the
"Second Amended Complaint" for background. As you know, both of
these Deans are now stepping down. I implore you to give a "fresh look"
to this situation, especially because Henderson was under your direct
supervision at the time of the alleged infractions. In the meantime, letting
me quietly resume my studies will prevent further damage to my
professional career. I have worked very hard to achieve in the medical
world and would appreciate the opportunity to contribute and learn at
Keck.

I possess compelling evidence that Henderson, Katsufrakis, and their
lawyers may or may not fully grasp. I would be happy to speak with you
in further detail to aide in reaching a responsible and mutually beneficial
course for your University and my professional career. Thank you for
your attention to this matter.

Sincerely,

Jeffrey D. Isaacs

Jeffrey D. Isaacs

USC 0497

## Confirmation Report - Memory Send

Time     : Aug-03-06  09:49am
Tel line : 3234423603
Name     : USC KECK SCHOOL OF MEDICINE

| | | |
|---|---|---|
| Job number | : | 105 |
| Date | : | Aug-03 09:47am |
| To | : | 06761 |
| Document pages | : | 02 |
| Start time | : | Aug-03 09:47am |
| End time | : | Aug-03 09:49am |
| Pages sent | : | 02 |
| Status | : | OK |

Job number    : 105              *** SEND SUCCESSFUL  ***



F A X    C O V E R    S H E E T

**Keck School of Medicine**

**Office of Student Affairs**

| | | |
|---|---|---|
| Date | • | 8/3/06 |
| To | • | Lorna Tureaud |
| FAX Number | • | 06761 |
| From | • | Robert Mc Cann |
| FAX Number | • | |
| Comments | • | Re: Jeffrey Isaacs   USCID 5877-2073-28 |

Although this case is pending appeal,
the student has been dismissed from the
Keck School of Medicine. His post should be
expired and he should be dropped from
fall 2006 registration. Thank you.

Number of pages including cover sheet = 2

University of
Southern California
Los Angeles,
California 90089-9020
Tel: 323-442-2553
Fax: 323-442-2663

**If you do not receive all of the pages, please call us at 323-442-2553**

*This message is intended only for the use of the individual entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via the U.S. Postal Service.*

USC 0498

Jeff Isaacs
MS I
February 22, 2006

Reviewed SPC processes. Disc. email from AB — Jeff acknowledged sending it in violation of Stay away letter, and of sending 1-2 others subsequently. Offered as explanation that it was part of his need to "treat" his prev. problem. Acknowledged link btw. recent actions or hx 2 yrs. ago of meeting ♀, falling in love, + thinking all was well until police returned the engagement ring he'd proffered ε direction that he stay away. He believes action based on ♀; Father's opposition to JI's religion. ♀ had been set to begin med school in NZ, + JI had planned (when he learned of this) to do so, too.

P: I will summarize chronology for SPC + send Jeff copy ā meeting, and √ ē consent re: release of stud. complaint letter ε or 5 names.

PBW

USC 0499

Jeff Isaacs
MS I
February 28, 2006

Told of SPC comm. decision, specifically:

1. Suspension immediately until further notice. Stop attending classes.
2. Cont. stay away from Dr. Baughman as per prev. directive.
3. Y eval. th d.
4. will consider for dismissal

Jeff felt decision was "not right, not fair", though recognized
that a rational group of people faced c facts could conclude
as did SPC. ?'s re: appeal mech.; advised @ process, but
could disc. c Dr. Taylor.
Rec. Y as stress coping act as means to ↑ insight into
recent mos. Will c complete SPC decis. to follow.

Pm

**USC 0500**

### Note to Jeffrey Isaacs file

On March 21, 2006 at about 10:30 a.m. USC DPS officers, Captain Aaron Drake and
Sergeant Gerald Baker, stopped by the Student Affairs office to inform us that an LAPD
Terrorist Threat Report was filed (DR 0600733) based on the comments made by Jeffrey
Isaacs and as reported by his treating psychiatrist UCLA resident Dr. Bullock. USC DPS
detective Joshua Vojda was assigned to this case.

*RM*

Phone calls 3/17 from:

1) Clayton Bullock advising of J/ Threating comments
2) J/ 2boy, 1pm, saying Dr. Bullock had miscommunication,
he (J/) had not intent to harm

*Reffered [illegible]*



**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

April 10, 2006

Office of the
General Counsel

Nina Marino, Esq.
4954 Wilshire Blvd. Ste.500
Beverly Hills, CA 90212

Re:    Jeffrey Isaacs

Dear Ms. Marino:

As you know, I represent the University of Southern California. This is to confirm the voicemail message I left for you on April 7th and the telephone conversation we had this morning. In both, I indicated that in the future, you are not to communicate directly with my client. Please direct all communications to me.

Today, you and I discussed the fact that the hearing previously scheduled for April 12th will not go forward, at your request. I will obtain a couple possible dates from which you will be able to select one on which we will schedule the hearing. Once I have those proposed dates, I will forward them to you.

Very truly yours,

James M.H. Ball

cc:    Dr. Katsufrakis
       Dr. Taylor

University of
Southern California
Los Angeles,
California 90089-5013
Tel: 213 740 7922
Fax: 213 740 3249

**USC 0502**



**USC**
UNIVERSITY
OF SOUTHERN
CALIFORNIA

April 17, 2006

Office of the
General Counsel

Nina Marino, Esq.
4954 Wilshire Blvd. Ste.500
Beverly Hills, CA 90212

Re:    Jeffrey Isaacs

Dear Ms. Marino:

I have obtained possible dates on which Jeffrey's hearing can be held in place of the hearing previously scheduled for April 12th, which did not go forward, at your request. The suggested dates are May 10th, May 24th, or June 7th. Would you please advise me which date best agrees with your schedule? Committee meetings commence at 2:00 p.m. and are held on the Health Sciences Campus.

The enclosed documents constitute the contents of Jeff's student file and the three pages from the Student Handbook that deal with the dismissal procedure. For your assistance, the Student Handbook can answer many questions about school procedures. Jeff received a printed copy and the Handbook, but it also can be accessed on line at http://www.usc.edu/schools/medicine/student_resource/student_handbook/index.html

You have indicated an intention to request a medical leave of absence for Jeff. There would be no reason to do so at this time as such a request would not result in any action since Jeff is already on a leave of absence. As you know Jeff's leave of absence was initiated administratively. When this current leave ends, a request for a medical leave of absence could be submitted if circumstances warrant.

Very truly yours,

James M.H. Ball

cc:    Dr. Katsufrakis
       Dr. Taylor

University of
Southern California
Los Angeles,
California 90089-5013
Tel: 213 740 7922
Fax: 213 740 3249

**USC 0503**



**KAPLAN MARINO**
ATTORNEYS AT LAW

———————————— A PROFESSIONAL CORPORATION

Nina Marino*
Richard Kaplan

Of Counsel:
Allen G. Weinberg

* Certified Specialist Criminal Law
The State Bar of California
Board of Legal Specialization

9454 Wilshire Boulevard, Suite 500
Beverly Hills, California 90212
Telephone (310) 557-0007
Facsimile (310) 557-0008
www.KaplanMarino.com

Writer's Direct E-mail:
Marino@KaplanMarino.com

April 26, 2006

James Ball, University Counsel
3551 Trousdale Parkway
ADM-352
Los Angeles, California 90089-5013
*Via Fax 213 740-3249 and US Mail*

Re: 

Dear Mr. Ball:

Pursuant to your request and letter dated April 10, 2006 enclosed please find cover letter to Dr. Katsufrakis and Petition for Medical Leave submitted on behalf of Jeffrey Isaacs. These documents are directed to Dr. Katsufrakis. Please see that he gets them.

Thank you.

Very truly yours,

KAPLAN MARINO, A.P.C.

NINA MARINO

cc:    Mr. Jeff Isaacs
       Clive R. Taylor, M.D., PhD
       Senior Associate Dean, Educational Affairs

USC 0504

MAY 1 8 2006

*Robert Completed this form.*
*Kay*



Access Group Loan Servicing
P.O. Box 15249
Wilmington, DE 19850-5249

877-472-3227
accessgroup.org

APRIL 3, 2006

UNIVERSITY OF SOUTHERN CALIFORNIA
SCHOOL OF MEDICINE
1975 ZONAL AVE, KAM ROOM ~~420~~ *100B*
LOS ANGELES, CA 90089 – *9020*

JEFFERY D ISAACS
176660987

To Whom It May Concern:

Please verify the above borrower's last date of attendance, enrollment status (Full Time, Half Time or Less Than Half Time) and the anticipated date of graduation for the above mentioned student.

Thank you for your courtesy and cooperation in this matter. You may use the bottom portion of this letter for your reply.

ACCESS GROUP INC LOAN SERVICING

| **LAST DATE OF ATTENDANCE** | **ENROLLMENT STATUS (FT, HT, LHT)** | **ANTICIPATED DATE OF GRADUATION** |
|---|---|---|
| Month/Day/Year *2/28/2006* | *F T* | *5/2009* |

In addition, please provide current discipline of the borrower:

*Medicine*

Registrar's Signature and Seal:                 Certified on:

*Robert McCann*                                *5/17/06*

RETURN COMPLETED FORM TO:
ACCESS GROUP LOAN SERVICING CENTER
   P. O. BOX 15249
   Wilmington, De 19803
   OR FAX TO: ( 302) 477-4001

RECEIVED
USC SCHOOL OF MEDICINE

06 APR 13 AM 9: 38

OFFICE OF STUDENT AFFAIRS

          Robert McCann, Registrar
          Keck School of Medicine-USC
          1975 Zonal Ave, KAM 100B
          Los Angeles, CA 90089-9020
          Ph:323 442 2553 Fx:442 2663

**USC 0518**



UNIVERSITY
OF SOUTHERN
CALIFORNIA

# Keck School of Medicine
## University of Southern California

**Department of
Educational Affairs**

**Clive R. Taylor,
M.A., M.D., D.Phil**
Senior Associate Dean
for Educational Affairs

July 11, 2006

Ms. Nina Marino, Esq.
KAPLAN MARINO
9454 Wilshire Boulevard, Suite 500
Beverly Hills, CA 90212

Dear Ms. Marino,

This letter is to advise you that I have decided to appoint an ad hoc committee to hear the appeal of Jeffrey Isaacs. I will keep you informed of any relevant issues or actions items regarding this process.

Sincerely,

Clive R. Taylor, M.D., Ph.D.
Senior Associate Dean for Educational Affairs

1975 Zonal Avenue
KAM 205
Los Angeles,
California 90089-9024
Tel: 323 442 1875
Fax: 323 442 1876

**USC 0519**



**USC**
UNIVERSITY
OF SOUTHERN
CALIFORNIA

**Keck School of Medicine**
University of Southern California

June 30, 2006

**Department of Educational Affairs**

**Clive R. Taylor,**
**M.A., M.D., D.Phil**
Senior Associate Dean
for Educational Affairs

Ms. Nina Marino, Esq.
KAPLAN MARINO
9454 Wilshire Boulevard, Suite 500
Beverly Hills, CA 90212

Dear Ms. Marino,

I have received your letter dated June 22, 2006 regarding Jeffrey Isaacs. I am presently reviewing the matter. I will contact you shortly with respect to the next steps.

Sincerely,

Clive R. Taylor, M.D., Ph.D.
Senior Associate Dean for Educational Affairs

1975 Zonal Avenue
KAM 205
Los Angeles,
California 90089-9024
Tel: 323 442 1875
Fax: 323 442 1876

**USC 0520**



**USC**

UNIVERSITY
OF SOUTHERN
CALIFORNIA

Steven B. Sample

President and
Robert C. Packard
Professor

March 8, 2007

Mr. Jeffrey D. Isaacs
426 Cottman Street
Jenkintown, Pennsylvania 19046

Dear Mr. Isaacs:

I have received your letter requesting that I permit you to resume your studies at
the Keck School of Medicine of the University of Southern California.
Unfortunately I cannot grant your request as the Student Performance Committee
procedures as set forth in the Keck School of Medicine student handbook do not
provide for an appeal to the president.

Sincerely,

Steven B. Sample
President

cc: Ms. Kelly Bendell
    University Counsel
    Office of the General Counsel

bcc:  Clive Taylor

University of
Southern California
Los Angeles,
California 90089-0012
Tel: 213 740 2111
Fax: 213 821 1342

**USC 0531**