LINKS: 60, 73, 74

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | April 16, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Karen Park | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      **(In Chambers)**

### ORDER RE: REQUEST TO STRIKE EX PARTE APPLICATION

On February 19, 2008 the Court modified the case management schedule and set trial for June 24, 2008. (Docket No. 60.) Defendant University of Southern California then filed a motion for summary judgment, set for hearing on April 21, 2008 (Docket No. 65), and Plaintiff Jeffrey Isaacs filed a motion to compel production of documents (Docket No. 70). USC's counsel subsequently notified the courtroom deputy clerk that the parties had settled the case. Magistrate Judge Eick, accordingly, denied the motion to compel, without prejudice, as moot. Then things went awry.

Isaacs allegedly wants to void the settlement and has refused to agree to dismissal although he apparently signed the settlement which requires he do so. USC has now filed an ex parte application seeking to enforce the settlement agreement, continue the hearing date on the motion for summary judgment, and stay all action until the dispute over the status of the settlement is resolved.

To obtain ex parte relief, a party must show that: (1) it will be irreparably damaged but for ex parte relief; and (2) it is without fault in creating the need for ex parte relief. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Although USC argues that the settlement should be enforced, USC fails to argue -- and does not show -- that it will be irreparably damaged if the enforcement does not occur immediately. Accordingly, ex parte relief is not warranted.

**LINKS: 60, 73, 74**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | April 16, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

    Furthermore, USC also filed a request to strike its ex parte application "from the records and files of the Court" because, even though USC was careful to redact the dollar amount of the settlement, it was not so careful as to redact Isaacs' social security number. (Request to Strike [Docket No. 74] at 2-3.) USC seeks leave to re-file a properly redacted ex parte application. (Request to Strike at 3.) The request to strike is **GRANTED**. The Court **ORDERS** the Clerk to strike docket no. 73 and remove it from the Court's files. However, because the ex parte application is not meritorious, the Court **DENIES** the request to re-file the application. USC should seek enforcement of the settlement through a normally noticed motion.

    Given the issues over the settlement, the current case schedule is no longer appropriate. Accordingly, the Court **VACATES** the April 21, 2008 hearing on the motion for summary judgment and will delay resolution of that motion, if resolution is necessary at all, until the issues regarding the settlement are resolved. Likewise, the Court **VACATES** the current trial and pre-trial dates set forth in the Court's February 19, 2008 order.

    IT IS SO ORDERED.