1  DAL SOGLIO & MARTENS LLP
      Robin D. Dal Soglio (State Bar No. 155334)
2  27240 Turnberry Lane, Suite 200
3  Valencia, California  91355
4  Telephone:  (661) 362-0736
   Facsimile:  (661) 244-4942
5  E-mail:  rdalsoglio@dm-lawfirm.com

6
   Attorneys for Defendants University of
7  Southern California, Robert Baughman, Brian
8  E. Henderson, Peter J. Katsufrakis and James
   M.H. Ball
9

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA

12
   JEFFREY DAVID ISAACS,                    CASE NO. CV-06-3338 GAF (Ex)
13
14              Plaintiff,              **DEFENDANT UNIVERSITY OF**
                                        **SOUTHERN CALIFORNIA'S**
15       v.                             **MOTION TO ENFORCE**
                                        **SETTLEMENT AGREEMENT;**
16  UNIVERSITY OF SOUTHERN              **MEMORANDUM OF POINTS AND**
17  CALIFORNIA; ROBERT WILLIAM         **AUTHORITIES AND DECLARATION**
    BAUGHMAN; BRIAN E.                  **OF ROBIN D. DAL SOGLIO IN**
18  HENDERSON; PETER J.                 **SUPPORT THEREOF**
19  KATSUFRAKIS; and JAMES M.H.
    BALL                                Date:       May 12, 2008
20                                      Time:       9:30 a.m.
21              Defendants.             Courtroom:  740 – Roybal
                                                    Hon. Gary A. Feess
22

23

24  **TO PLAINTIFF JEFFREY DAVID ISAACS, IN PRO SE:**

25            **PLEASE TAKE NOTICE** that on Monday, May 12, 2008, at 9:30

26  a.m., or as soon thereafter as the matter can be heard, before the Honorable Gary

27  A. Feess in Courtroom 740 of the United States District Court, Central District of

28  California, Roybal Federal Building located at 255 East Temple Street, Los

1  Angeles, California 90012, Defendant University of Southern California ("USC")

2  will, and hereby does, move the Court for an Order enforcing the settlement

3  agreement entered into by the parties to this action.

4        Defendant makes this motion on the grounds that the parties reached

5  an agreement in principle to settle this matter on March 28, 2008, and thereafter

6  negotiated and executed a Settlement Agreement on March 31 (Plaintiff) and April

7  4, 2008 (Defendant).  Thereafter, prior to signing the agreed upon Stipulation for

8  Dismissal, Plaintiff notified Defendant of his intention to attempt "void" the

9  Settlement Agreement and proceed with litigation.

10        Nevertheless, the Settlement Agreement entered into by the parties,

11  and fully executed, is an enforceable contract.  Defendant seeks an order from the

12  Court enforcing that agreement.

13        Pursuant to Local Rule 16-12, this case is exempt from the meet and

14  confer requirement of Local Rule 7-3, on the grounds that Plaintiff is appearing

15  *pro se* and is not an attorney.

16

17  Dated:    April 21, 2008           Respectfully submitted,

18                              DAL SOGLIO & MARTENS LLP

19                                Robin D. Dal Soglio

20

21

22                        By:

                              Robin D. Dal Soglio

23                        Attorneys for Defendants University of

24                        Southern California, *et al.*

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant University of Southern California ("Defendant") hereby moves the Court for an Order enforcing the terms of the Settlement Agreement negotiated and executed by Plaintiff and Defendant. This litigation has been ongoing for over two years. Finally, after extensive negotiations with Plaintiff (and previously with his attorney-friend who negotiated on his behalf from approximately September 2007 through January 2008), the parties were able to reach an agreement to settle this matter. Plaintiff has executed the Settlement Agreement, but now seeks to "void" the Agreement and refuses to sign the Stipulation for Dismissal necessary to end this action. Defendant asks the Court to intervene and bring this matter to an end.

### I.

### FACTUAL SUMMARY

As set forth in the attached Declaration of Robin D. Dal Soglio, settlement discussions have been ongoing throughout the course of this litigation. Dal Soglio Decl., ¶ 1. These discussions continued until an agreement was reached in principle on March 28, 2008. Throughout the negotiations, Plaintiff displayed understanding and skill in the negotiation process. Dal Soglio Decl., ¶ 2. He sought clarification on offers made by defense counsel, and made counter offers. He never displayed confusion over the substance or process of the settlement negotiations. Dal Soglio Decl., ¶ 2.

On Friday, March 28, 2008, Plaintiff sent defense counsel an email accepting Defendant's most recent settlement offer. He stated that the offer was "immediately accepted pending the forthcoming bilateral/mutual general release terms agreement." Dal Soglio Decl., ¶ 3 and Exh. A thereto. Plaintiff e-mailed defense counsel later that same evening, seeking to confirm that she received his earlier e-mail and to "set a schedule for finalizing the settlement contract." He stated that he would "need to confirm (preferably in writing and verbally) this with

1  you today as a binding contract...."  Dal Soglio Decl., ¶ 3 and Exh. A thereto.

2        USC's attorney responded to Plaintiff via e-mail informing him that

3  she would commence drafting a written agreement to document the terms of the

4  settlement.  Dal Soglio Decl., ¶ 4.

5        On Monday, March 31, 2008, defense counsel provided a draft of the

6  Settlement Agreement to Plaintiff via e-mail.  Plaintiff e-mailed back comments

7  and requested certain changes to the draft Agreement.  Plaintiff and Defendant's

8  attorney proceeded throughout the day on Monday to continue to negotiate the

9  specific language and various minor aspects of the agreement, although the amount

10 of the settlement and major terms and already been accepted through e-mail.  Dal

11 Soglio Decl., ¶ 5 and Exh. B thereto.

12       Later that afternoon, at 4:12 p.m. on March 31, 2008, Plaintiff e-

13 mailed to defense counsel the signed Settlement Agreement, thereby fully

14 accepting all the terms and language of the Settlement Agreement.  Dal Soglio

15 Decl., ¶ 6 and Exh. C thereto.  Defendant's attorney immediately forwarded the

16 agreement to USC for signing.  Defendant executed the Settlement Agreement on

17 April 2, 2008.

18       Among other things, the final executed Settlement Agreement

19 contained the following provisions relevant to this enforcement action:

20         • Plaintiff will execute and deliver to defense counsel a

21           Stipulation for Dismissal with Prejudice to be filed with the

22           Court.  (Paragraphs 1 and 19)

23         • Plaintiff has the opportunity to review the Agreement with an

24           attorney and either did so or has knowingly and voluntarily

25           chosen not do so.  (Paragraph 17)

26 / / /

27 / / /

28 / / /

1         •  Plaintiff carefully read and fully understands all of the

2           provisions of the Agreement and has been given a reasonable

3           period of time to consider signing the Agreement, and is

4           voluntarily doing so.

5         •  This Agreement is the entire agreement between Isaacs and

6           USC and fully supersedes any and all prior agreements and

7           understandings between the parties.  (Paragraph 22)

8         On April 2, 2008, Plaintiff sent defense counsel another copy of the

9 signed Settlement Agreement.  He was concerned because he had originally typed

10 his initials on each of the pages of the Settlement Agreement, and the new copy

11 contained his handwritten initials.  Dal Soglio Decl., ¶ 7 and Exh. D thereto.

12         Over the next several days, Plaintiff and Defendant's attorney

13 exchanged several emails regarding whether payment would be made by USC by

14 wire transfer or check and whether USC would be willing to join in a stipulation to

15 strike or seal the papers in support of the motions filed on March 31.  During the

16 next several days, Plaintiff expressed no remorse over the settlement itself, just

17 interest in ironing out these post-settlement issues.  Dal Soglio Decl., ¶ 8.

18         On Friday, April 4, 2008, the second version of settlement agreement

19 (containing Plaintiff's handwritten initials) was executed by Defendant and counsel

20 thereafter forwarded this copy of the final, fully executed Settlement Agreement to

21 Plaintiff on Monday, April 7, 2008.  Dal Soglio Decl., ¶ 9 and Exh. E thereto.  That

22 same afternoon, defense counsel inquired about the status of the Stipulation for

23 Dismissal, which was Exhibit A to the Settlement Agreement, and which Plaintiff

24 had agreed to sign upon execution of Settlement Agreement.  However, Plaintiff

25 did not respond to this inquiry.

26         On Tuesday, April 8, 2008, more than one week after he signed the

27 settlement agreement, Plaintiff emailed defense counsel to inform her for the first

28 time that he "intended to void the settlement."  Plaintiff stated that he believed that

   **Defendant's Motion to Enforce Settlement**

1  he had accepted a settlement that "was far short of what is appropriate" but

2  explained that he "was honestly trying to put this matter behind [him]."  Dal Soglio

3  Decl., ¶ 11 and Exh. F thereto.

# I.

# ARGUMENT

6  After months of negotiations, Plaintiff and Defendant finally

7  negotiated and entered into a written, binding Settlement Agreement.  Plaintiff is

8  now apparently suffering from "buyer's remorse" and is sorry that he accepted an

9  offer that is, in his own words, "far short" of what he wanted.  He claims that he is

10  seeking to "void" the Settlement Agreement but he has no valid legal grounds to

11  do so.

12  A district court has the inherent power to enforce an agreement to

13  settle a litigation pending before the court.  In re Suchy, 786 F.2d 900, 902-903 (9th

14  Cir. 1985).  The court can order specific performance of a settlement agreement or

15  award damages against the party in breach.  TNT Marketing, Inc. v. Agresti, 796 F.

16  2d 276, 278 (9th Cir. 1986); Hobbs & Co. v. American Investors Management, Inc.,

17  576 F.2d 29, 33 and n. 7 (3rd Cir. 1978).

18  This Court should exercise its inherent power to enforce this

19  Settlement Agreement.  USC has been subjected to two years of litigation from a

20  student who was dismissed for stalking and harassing a fellow medical student.

21  After two years of defending itself against Plaintiff's baseless accusations,

22  Defendant prepared to file its Motion for Summary Judgment on March 31, 2008.

23  One day before Defendant's filing and faced with the impending dismissal of his

24  lawsuit, Plaintiff agreed to a reasonable settlement of his claims.  Indeed, Plaintiff

25  was so frantic about the possibility of losing summary judgment and ending up

26  with nothing that he sent a second email to defense counsel after accepting the

27  settlement offer, anxiously seeking to set up a teleconference to confirm receipt of

28  his email accepting the offer and wanting to set a schedule for finalizing the

1  settlement. He stressed: "I'll need to confirm (preferably in writing and verbally)

2  this with you today as binding contract...." Thus, while Plaintiff may claim that he

3  felt some sort of "duress" in later signing written Agreement (although certainly

4  not legally cognizable duress), his immediate response was to nervously seek to

5  confirm what he obviously viewed as a desirable settlement.

6          His conduct in the following days further confirmed both his desire to

7  finalize the settlement to which he had agreed and his ability to negotiate a written

8  agreement expressing the terms and language he desired. Upon receipt of the draft

9  agreement, after having a weekend to think about the deal he had struck, he

10  provided substantive comments and requested changes to the Agreement. In

11  particular, Plaintiff negotiated aggressively the aspects of the Settlement

12  Agreement related to confidentiality. However, he never raised any concerns or

13  sought to re-negotiate the settlement amount.

14          On March 31, 2008, three days after the initial agreement was reached

15  in principle, Plaintiff signed the written Settlement Agreement and e-mailed it back

16  to defense counsel.

17          Even after signing the Agreement, Plaintiff continued to seek

18  cooperation from defense counsel in effectuating the settlement. He sought an

19  agreement to wire the settlement funds rather than mailing a check. He requested

20  that Defendant join in a Stipulation to strike or seal the various documents filed

21  with the Court on March 31. He even *re-initialed* the pages of the Settlement

22  Agreement on April 2, apparently concerned that the type-written initials might not

23  be enforceable!

24          Thus, while Plaintiff may try to belatedly claim some unknown duress

25  in signing the Agreement, his conduct before, during and after executing the

26  Agreement evidences otherwise. He entered into the Agreement knowingly and

27  voluntarily and the Settlement Agreement should be enforced.

28  / / /

                                      5        **Defendant's Motion to Enforce Settlement**

# I.

## **CONCLUSION**

For the foregoing reasons, Defendant University of Southern California respectfully requests that this Court issue an order enforcing the Settlement Agreement and dismissing this Action in accordance with the Agreement.

Dated:    April 21, 2008

Respectfully submitted,

DAL SOGLIO & MARTENS LLP
Robin D. Dal Soglio


By: _Robin D. Dal Soglie_____

Robin D. Dal Soglio
Attorneys for Defendants University of Southern California, Robert Baughman, Brian E. Henderson, Peter J. Katsufrakis and James M.H. Ball

## DECLARATION OF ROBIN D. DAL SOGLIO

I, Robin D. Dal Soglio, declare as follows:

1.    I am an attorney duly licensed to practice before the courts of the State of California and the United States District Courts for the Central District of California. I am admitted to practice before this Court. I am a Partner with the law firm of Dal Soglio & Martens LLP, the attorneys representing Defendant University of Southern California ("Defendant") in the above-captioned lawsuit filed by Plaintiff pro per Jeffrey Isaacs ("Plaintiff"). I have personal knowledge of the facts set forth herein, and if called as a witness would and could testify thereto.

1.    Throughout the course of this litigation, I have engaged from time to time in settlement negotiations with Plaintiff in an attempt to resolve this matter. These discussions resumed in mid-February and continued for the next several weeks until an agreement was reached (as explained more thoroughly below) on March 28, 2008. During those several weeks, Plaintiff and I communicated our negotiations almost entirely via electronic mail.

2.    Throughout the negotiations, Plaintiff displayed understanding and skill in the negotiation process. He sought clarification on offers I made, and made counter offers. He never displayed confusion over the substance or process of the settlement negotiations.

3.    On Friday, March 28, 2008, Plaintiff sent me an email accepting USC's most recent settlement offer. He stated that the offer was "immediately accepted pending the forthcoming bilateral/mutual general release terms agreement." Plaintiff e-mailed me later that same evening, seeking to confirm that I received his earlier e-mail and to "set a schedule for finalizing the settlement contract." He stated that he would "need to confirm (preferably in writing and verbally) this with you today as a binding contract…." True and correct copies of Plaintiff's March 28, 2008 emails to me accepting the settlement offer and seeking to confirm that we had a "binding contract" are attached hereto

1    as **Exhibit A**. (I have redacted out the amount of the final agreed settlement

2    payment and all monetary offers and demands. Un-redacted versions can be filed

3    with the Court upon request.)

4         4.    I responded to Plaintiff via e-mail informing him that I would

5    commence drafting a written agreement to document the terms of the settlement.

6         5.    On Monday, March 31, 2008, I provided a draft of the

7    Settlement Agreement to Plaintiff via e-mail. Plaintiff e-mailed back comments

8    and requested certain changes to the draft Agreement. Plaintiff and I proceeded

9    throughout the day on Monday to continue to negotiate the specific language and

10   various minor aspects of the agreement, although the amount of the settlement and

11   major terms and already been accepted through e-mail. True and correct copies of

12   Plaintiff's and my March 31, 2008 emails negotiating over language of the

13   agreement are attached hereto as **Exhibit B**.

14        6.    Later that afternoon, at 4:12 p.m. on March 31, 2008, Plaintiff

15   e-mailed to me the signed Settlement Agreement, thereby fully accepting all the

16   terms and language of the Settlement Agreement. True and correct copies of

17   Plaintiff's March 31, 2008 email to me forwarding the signed settlement

18   agreement, and a copy of the signed agreement which was attached, are attached

19   hereto as **Exhibit C**. I immediately forwarded the agreement to USC for signing.

20   Dennis Dougherty, USC's Senior V.P. of Finance, signed the Settlement

21   Agreement on April 2, 2008, and I thereafter forwarded a copy of the final, fully

22   executed settlement agreement to Plaintiff.

23        7.    On Wednesday, April 2, 2008, Plaintiff sent me another copy of

24   the signed settlement agreement. He had originally typed his initials on each of

25   the pages of the agreement, and the new copy contained his handwritten initials.

26   True and correct copies of Plaintiff's April 2, 2008 email to me forwarding

27   another copy of the signed settlement agreement, and a copy of agreement which

28   was attached, are attached hereto as **Exhibit D**. Although I tried explaining to

1  Plaintiff that the previously signed version of the agreement was fine, I

2  nevertheless forwarded this copy of the settlement agreement to USC for signing.

3       8.    Over the next several days, Plaintiff and I exchanged several

4  emails on two issues: (1) whether payment would be made by USC by wire

5  transfer or check and (2) whether USC would be willing to join in a stipulation to

6  strike or seal the papers in support of the motions filed on March 31. During the

7  next several days, Plaintiff expressed no remorse over the settlement agreement

8  itself, just interest in ironing out these post-settlement issues.

9       9.    On Friday, April 4, 2008, the second version of settlement

10  agreement (containing Plaintiff's handwritten initials) was executed by USC's

11  Senior V.P. of Finance, and I thereafter forwarded this copy of the final, fully

12  executed settlement agreement to Plaintiff on Monday, April 7, 2008. True and

13  correct copies of my April 7, 2008 email to Plaintiff forwarding the fully executed

14  Settlement Agreement, and a copy of the fully executed Settlement Agreement

15  which was attached, are attached hereto as **Exhibit E.**

16       10.    On April 7, 2008, I also emailed Plaintiff to inquire about the

17  status of the Stipulation for Dismissal, which was Exhibit A to the Settlement

18  Agreement, and which he had agreed to sign. I attached another copy of the

19  Stipulation, which I had originally sent him on March 31, 2008. However,

20  Plaintiff did not respond to my email.

21       11.    On Tuesday, April 8, 2008, more than one week after he signed

22  the settlement agreement, Plaintiff emailed me to inform me for the first time that

23  he "intended to void the settlement." Plaintiff stated that he believed that he had

24  accepted a settlement that "was far short of what is appropriate" but explained that

25  he "was honestly trying to put this matter behind [him]." A true and correct copy

26  of Plaintiff's April 8, 2008 email to me is attached hereto as **Exhibit F.**

27       12.    Although I was away from the office on a family vacation, I

28  responded to Plaintiff via my Blackberry informing him that there was in fact a

9      **Defendant's Motion to Enforce Settlement**

1    binding, enforceable settlement agreement.  I explained that I would be away from

2    the office until Friday, April 11 (which was also indicated on my Auto-Reply on

3    my e-mail configuration) and informed him that I would further respond to him

4    upon my return.

5            13.    On March 31, 2008, prior to my receiving Plaintiff's executed

6    Settlement Agreement, I had proceeded with filing USC's Motion for Summary

7    Judgment ("MSJ").  I had done so because I did not yet have Plaintiff's signature

8    on the settlement agreement and that date was my deadline for filing the motion.

9    Plaintiff's Opposition to the MSJ was due on April 7, 2008.  As of today, April

10   11, 2008, I have received no Opposition from Plaintiff.  Presumably, Plaintiff did

11   not file an Opposition on April 7 because he believed as of that date that he

12   entered into a fully binding and enforceable Settlement Agreement.  In the

13   meantime, USC's reply brief, if any, in support of the MSJ would otherwise be

14   due on April 14, 2008.

15           14.    Because we had a fully executed Settlement Agreement in place

16   as of April 4 (at the latest), I did not file any opposition to Plaintiff's Motion to

17   Compel (which he filed on March 31, 2008 prior to signing the Settlement

18   Agreement later that same date).  My opposition, if any, would have been due on

19   April 7, 2008.

20

21

22           Executed this 14th day of April 2008, at Valencia, California.

23           I declare under penalty of perjury, under the laws of the State of

24   California and the United States that the foregoing is true and correct.

25

26

27   _____
     Robin D. Dal Soglio

28

                        10        **Defendant's Motion to Enforce Settlement**

# EXHIBIT A

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Friday, March 28, 2008 6:32 PM |
| **To:** | Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com |
| **Subject:** | Re: Final Settlement Offer |

This offer is hereby immediately accepted pending the forthcoming bilateral/mutual general
release terms agreement. By finalizing this offer, I in no way relinquish my belief as to the
validity of my claims, however, I will not pursue them from this point forward as a Plaintiff
in this case. Furthermore, the         settlement amount must be paid by wire transfer or
fedexed check within 14 days.


On Fri, Mar 28, 2008 at 9:16 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> Jeff -- It is 6:15 here.  My client has gone home.  I have no way of
> reaching anyone at USC until Monday morning.  The only settlement that
> I  have authority to bind is the     .     that USC has offered.  If you
> want to  accept that, then I have authority to confirm that we have an
> agreement, and  I can get started drafting the paperwork.  If you are
> interested in doing  that, I think we can find a way to avoid Monday's
> filings.  If not, then I  see no other option but to proceed on Monday.
>
>  Robin
>
>
> -----Original Message-----
> From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
>
>
> Sent: Friday, March 28, 2008 6:08 PM
> To: Robin Dal Soglio
> Subject: Re: Final Settlement Offer
>
> The multiple email conversations are confusing. I wanted to clarify
> what settlement options were on the table and stop working on this
> lawsuit if possible. I also want to confirm if monday's filing will be
> avoided if a settlement is reached prior to that.
>
> On Fri, Mar 28, 2008 at 9:02 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
> > For what purpose?
> >
> >
> > -----Original Message-----
> > From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf
> Of JDI  >  > > Sent: Friday, March 28, 2008 5:56 PM  >  To: Robin Dal
> Soglio  >  Subject: Re: Final Settlement Offer  >  >  please advise if
> you can teleconference ASAP  >  >  On Fri, Mar 28, 2008 at 8:50 PM,
> Robin Dal Soglio  >  <rdalsoglio@dm-lawfirm.com> wrote:
> >  >  > USC will not settle for     Moreover, USC is not going to
> destroy  >  any  >  >  records.  If by "bilateral agreement" you mean
> a mutual release of  >  claims,  >  >  that would not be a problem.
> USC has made no "empty settlement  offers."
> >  >  >  They have offered you            That offer remains on the table.

1

*12*

> > >
> > >  I do not represent Ms. Baughman, but I have spoken to her.  I
> can say >  with  >  >  100% certainty that she has no interest in
> having any further contact  >  with  >  >  you or your friends.  Your
> confusion over her supposed recent  >  communication  >  >  with Mr.
> Baker is a direct result of your tracking software that you  >  imbed
> > >  in your emails.  In response to your discovery requests, I asked Ms.
> > >  Baughman to determine whether she might have any of the emails
> that  USC  >  no  >  >  longer has so that we could produce them to
> you.  In generously and  >  voluntarily doing this search for me,
> she unwittingly opened an email  >  from 2  >  >  years ago from Mr.
> Baker (in which either you or Mr. Baker had  apparently  >  >
> imbedded tracking), as well as her response to him two years ago, and
> as  >  you  >  >  know it triggered some sort of auto-notification
> back to Mr. Baker.
> She
> >  did
> > >  not in any way intentionally initiate any current communication
> with  him.
> > >
> > >
> > >  -----Original Message-----
> > >  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On
> Behalf Of  JDI  >  >  >  Sent: Friday, March 28, 2008 5:36 PM  >  >
> To: Robin Dal Soglio  >  >  Subject: Final Settlement Offer  >  >
> > > > > > >  Is the bilateral agreement the problem, or the
> destruction of records?
> > >  Are you implying that I would sign a settlement without a
> bilateral  >  >  agreement? Please clarify - I am lost, perhaps your
> client is just  >  >  harassing me again with empty settlement offers?
> > >
> > >   On that note, would you be able to facilitate an agreement as part of
> > >  a settlement, that Ms Baughman will not make any further
> contact,  >  >  claims, etc with me or my friends? If so, please
> advise if they will  >  >  settle at          with either or both of these clauses.
> > >
> > >  On Fri, Mar 28, 2008 at 8:21 PM, Robin Dal Soglio  >  >
> <rdalsoglio@dm-lawfirm.com> wrote:
> > >  > No.
> > > >
> > > >
> > > >
> > > >  -----Original Message-----
> > > >  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On
> Behalf Of  >  JDI  >  >  Sent: Friday, March 28, 2008 5:19 PM  >  >
> >  To: rdalsoglio@dm-lawfirm.com.certified.readnotify.com; Robin Dal
> >  Soglio  >  >  >  Subject: Final Settlement Offer  >  >  >  >  >  >
> Dear Ms Dal Soglio:
> > >
> > > >  Is your client willing to negotiate on either of these two offers?
> > > >
> > > >  1)        plus a bilateral waiver plus destroying any and
> all  >  >  >  documents pertaining to this lawsuit and case and my records (i.e.
> USC
> > > >  would not retain any records on dismissal/suspension). USC
> would  >  >  >  assist in attempting to seal any current court
> records, if  possible.

2

/3

> > > > 2)        plus a bilateral waiver, or make a counter
> offer?)  >  >  >  >  >  >  >  >  >  Please advise ASAP  >  >  >  >  >
> >  Jeffrey Isaacs  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >
>
>
>

14

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Friday, March 28, 2008 6:37 PM |
| **To:** | Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com |
| **Subject:** | Re: Final Settlement Offer |


Ms Dal Soglio:

Please advise if you can teleconference to confirm receipt of this email and set a schedule
for finalizing the settlement contract. I'll need to confirm (preferably in writing and
verbally) this with you today as a binding contract, otherwise I will need the whole weekend
to work on the motions.

Jefrey Isaacs

On Fri, Mar 28, 2008 at 9:32 PM, JDI
<jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
> This offer is hereby immediately accepted pending the forthcoming
> bilateral/mutual general release terms agreement. By finalizing this
> offer, I in no way relinquish my belief as to the validity of my
> claims, however, I will not pursue them from this point forward as a
> Plaintiff in this case. Furthermore, the l       settlement amount
> must be paid by wire transfer or fedexed check within 14 days.
>
>
>  On Fri, Mar 28, 2008 at 9:16 PM, Robin Dal Soglio
>
>
> <rdalsoglio@dm-lawfirm.com> wrote:
> > Jeff -- It is 6:15 here.  My client has gone home.  I have no way
> of  >  reaching anyone at USC until Monday morning.  The only
> settlement that I  >  have authority to bind is the      hat USC
> has offered.  If you want to  >  accept that, then I have authority to
> confirm that we have an agreement, and  >  I can get started drafting
> the paperwork.  If you are interested in doing  >  that, I think we
> can find a way to avoid Monday's filings.  If not, then I  >  see no other option but to
> proceed on Monday.
> >
> >  Robin
> >
> >
> >  -----Original Message-----
> >  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf
> Of JDI  >  >  Sent: Friday, March 28, 2008 6:08 PM  >  To: Robin Dal
> Soglio  >  Subject: Re: Final Settlement Offer  >  >  The multiple
> email conversations are confusing. I wanted to clarify  >  what
> settlement options were on the table and stop working on this  >
> lawsuit if possible. I also want to confirm if monday's filing will be
> >  avoided if a settlement is reached prior to that.
> >
> >  On Fri, Mar 28, 2008 at 9:02 PM, Robin Dal Soglio  >
> <rdalsoglio@dm-lawfirm.com> wrote:
> >  > For what purpose?
> >  >
> >  >

1

/5

> > > -----Original Message-----
> > > From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On
> Behalf Of JDI  > > > > > Sent: Friday, March 28, 2008 5:56 PM
> > > To: Robin Dal Soglio  > > Subject: Re: Final Settlement Offer
> > > > > please advise if you can teleconference ASAP  > > > >
> On Fri, Mar 28, 2008 at 8:50 PM, Robin Dal Soglio  >
> <rdalsoglio@dm-lawfirm.com> wrote:
> > > > USC will not settle for        Moreover, USC is not going
> to destroy  > > any  > > > records.  If by "bilateral agreement"
> you mean a mutual release of  > > claims,  > > > that would not
> be a problem.  USC has made no "empty settlement  > offers."
> > > > They have offered you        That offer remains on the table.
> > > >
> > > > I do not represent Ms. Baughman, but I have spoken to her.
> I can say  > > with  > > > 100% certainty that she has no
> interest in having any further contact  > > with  > > > you or
> your friends.  Your confusion over her supposed recent  > >
> communication  > > > with Mr. Baker is a direct result of your
> tracking software that you  > > imbed  > > in your emails.  In
> response to your discovery requests, I asked Ms.
> > > > Baughman to determine whether she might have any of the
> emails that  > USC  > > no  > > > longer has so that we could
> produce them to you.  In generously and  > > > voluntarily doing
> this search for me, she unwittingly opened an email  > > from 2 >
> > > years ago from Mr. Baker (in which either you or Mr. Baker had
> > apparently  > > > imbedded tracking), as well as her response to
> him two years ago, and  > as  > > you  > > > know it triggered
> some sort of auto-notification back to Mr. Baker.
> > > She
> > > did
> > > > not in any way intentionally initiate any current
> communication with  > him.
> > > >
> > > >
> > > > -----Original Message-----
> > > > From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On
> Behalf Of  > JDI  > > > > > Sent: Friday, March 28, 2008 5:36
> PM  > > To: Robin Dal Soglio  > > Subject: Re: Final
> Settlement Offer  > > > > > > > > > Is the bilateral
> agreement the problem, or the destruction of records?
> > > > Are you implying that I would sign a settlement without a
> bilateral  > > agreement? Please clarify - I am lost, perhaps
> your client is just  > > harassing me again with empty settlement offers?
> > > >
> > > > On that note, would you be able to facilitate an agreement as part of
> > > > a settlement, that Ms Baughman will not make any further
> contact,  > > claims, etc with me or my friends? If so, please
> advise if they will  > > settle at        ith either or both of these clauses.
> > > >
> > > > On Fri, Mar 28, 2008 at 8:21 PM, Robin Dal Soglio  > > >
> <rdalsoglio@dm-lawfirm.com> wrote:
> > > > > No.
> > > > >
> > > > >
> > > > >
> > > > > -----Original Message-----  > > > > From:
> jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of  > >

*16*

> JDI  >  >  >  >  Sent: Friday, March 28, 2008 5:19 PM  >  >  >  To:
> rdalsoglio@dm-lawfirm.com.certified.readnotify.com; Robin Dal  >  >
> Soglio  >  >  >  >  Subject: Final Settlement Offer  >  >  >  >  >  >
> >  >  Dear Ms Dal Soglio:
> >  >  >  >
> >  >  >  >  >  Is your client willing to negotiate on either of these two offers?
> >  >  >  >
> >  >  >  >  >  1)        plus a bilateral waiver plus destroying any
> and all  >  >  >  >  documents pertaining to this lawsuit and case and my records (i.e.
> >  >  USC
> >  >  >  >  >  would not retain any records on dismissal/suspension).
> USC would  >  >  >  >  assist in attempting to seal any current court
> records, if  >  possible.
> >  >  >  >  >  2)        plus a bilateral waiver (or make a counter
> offer?)  >  >  >  >  >  >  >  >  >  >  >  Please advise ASAP  >  >
> >  >  >  >  >  >  Jeffrey Isaacs  >  >  >  >  >  >  >  >  >  >  >  >
> >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >
> >

17

# EXHIBIT B

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 10:16 AM |
| **To:** | Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com |
| **Subject:** | Re: Isaacs v. USC Settlement Agreement |

Dear Ms Dal Soglio:

I have read the proposed settlement agreement. With respect to paragraph 14, as you know I
have no desire to disclose this matter to anyone. However, by signing off that the matter has
been resolved, I would have difficulty answering future applications. Do you think there is
away to do this where the Court approves a settlement that I have no requirement to disclose
this matter to anybody?

Also, will you be sending me the SJ motion in PDF now so I can review your clients view of
events?

Jeffrey Isaacs

On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
>
>
>
>
> Mr. Isaacs:
>
>
>
> Attached please find the draft settlement agreement.  Please
> sign/initial where indicated and return the Agreement to me via pdf.
>
>
>
> Thank you,
>
>
>
> Robin D. Dal Soglio
>
>
>
>
>
> Robin D. Dal Soglio
>
> DAL SOGLIO & MARTENS LLP
>
> 27240 Turnberry Lane, Suite 200
>
> Valencia, California  91355
>
> Phone (661) 362-0736
>
> Fax (661) 244-4942
>

18

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 11:42 AM |
| **To:** | Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com |
| **Subject:** | Re: Isaacs v. USC Settlement Agreement |


Ms Dal Soglio:

I must file within 15 minutes. Please advise on my query. Basically, my thought is that if
the Court realizes this case can go away if it approves a settlement that says something like
"Isaacs will never disclose any information about his enrollment at USC due to unusual
cirsumstances disputed by both parties," it might consider doing so.
In the event that I must file due to deadline constraints, I remain willing to work on this
settlement contract and possible Court approval until the 7th of April with you.

Regards
Jeffrey Isaacs

On Mon, Mar 31, 2008 at 1:15 PM, JDI
<jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
> Dear Ms Dal Soglio:
>
>  I have read the proposed settlement agreement. With respect to
> paragraph 14, as you know I have no desire to disclose this matter to
> anyone. However, by signing off on that the matter has been resolved, I
> would have difficulty answering future applications. Do you think
> there is  away to do this where the Court approves a settlement that I
> have no requirement to disclose this matter to anybody?
>
>  Also, will you be sending me the SJ motion in PDF now so I can review
> your clients view of events?
>
>  Jeffrey Isaacs
>
>
>
>  On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
> >
> >
> >
> > Mr. Isaacs:
> >
> >
> >
> > Attached please find the draft settlement agreement.  Please
> sign/initial  > where indicated and return the Agreement to me via pdf.
> >
> >
> >
> > Thank you,
> >
> >
> >

*19*

```
>  > Robin D. Dal Soglio
>  >
>  >
>  >
>  >
>  >
>  > Robin D. Dal Soglio
>  >
>  > DAL SOGLIO & MARTENS LLP
>  >
>  > 27240 Turnberry Lane, Suite 200
>  >
>  > Valencia, California  91355
>  >
>  > Phone (661) 362-0736
>  >
>  > Fax (661) 244-4942
>  >
>  >
>  >
>  >
>
```

20

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 11:49 AM |
| **To:** | Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com |
| **Subject:** | Re: Isaacs v. USC Settlement Agreement |


I just got your email now and am reviewing it. Can we expand "this matter" to "this matter
and related disciplinary/enrollment histories, due to disputed facts among the parties"??

On Mon, Mar 31, 2008 at 2:44 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> Mr. Isaacs:
>
>  We can include a sentence at the end of Paragraph 14.c. (erroneously
> labeled  as d. in the prior draft) that states "However, the parties
> further agree  that Isaacs is not required to disclose this matter to
> anyone."  Keep in  mind, the court does not approve the settlement
> terms themselves, just the  dismissal.  I have attached the revised
> Agreement to include this term.  I  am also attaching the Stipulation of Dismissal for your
review.
>
>  Do you have other comments to the Settlement Agreement?
>
>  Attached is a copy of the MSJ.  I understand that you will disagree
> with  much that is stated in here.  However, Mr. Isaacs, I strongly
> encourage you  to not become distracted on the MSJ.  Let's focus on
> settling this matter  and putting it behind us.  I believe it would be
> a waste of time to start  going back and forth about the contents of
> the MSJ, and I am not going to  spend any of my time doing so.
>
>  Please let me know if you have additional comments to the Settlement
> Agreement.  Otherwise, please pdf the executed Settlement Agreement to
> me as  soon as possible.
>
>  Sincerely,
>
>  Robin D. Dal Soglio
>
>
>
>  -----Original Message-----
>  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
>  Sent: Monday, March 31, 2008 10:16 AM
>  To: Robin Dal Soglio;
> rdalsoglio@dm-lawfirm.com.certified.readnotify.com
>  Subject: Re: Isaacs v. USC Settlement Agreement
>
>  Dear Ms Dal Soglio:
>
>  I have read the proposed settlement agreement. With respect to
> paragraph 14, as you know I have no desire to disclose this matter to
> anyone. However, by signing off that the matter has been resolved, I
> would have difficulty answering future applications. Do you think
> there is  away to do this where the Court approves a settlement that I
> have no requirement to disclose this matter to anybody?

21

> Also, will you be sending me the SJ motion in PDF now so I can review
> your clients view of events?
>
> Jeffrey Isaacs
>
> On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
> >
> > >
> > >
> > >
> > >`Mr. Isaacs:
> > >
> > >
> > >
> > > Attached please find the draft settlement agreement.  Please
> sign/initial > where indicated and return the Agreement to me via pdf.
> > >
> > >
> > >
> > > Thank you,
> > >
> > >
> > >
> > > Robin D. Dal Soglio
> > >
> > >
> > >
> > >
> > > Robin D. Dal Soglio
> > >
> > > DAL SOGLIO & MARTENS LLP
> > >
> > > 27240 Turnberry Lane, Suite 200
> > >
> > > Valencia, California  91355
> > >
> > > Phone (661) 362-0736
> > >
> > > Fax (661) 244-4942
> > >
> > >
> > >
> > >
> >
> >

22

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | Robin Dal Soglio [rdalsoglio@dm-lawfirm.com] |
| **Sent:** | Monday, March 31, 2008 12:03 PM |
| **To:** | 'JDI' |
| **Subject:** | RE: Isaacs v. USC Settlement Agreement |

I think it is preferable to stick with "this matter," which is vague enough that you are free to interpret and apply it as you like.

-----Original Message-----
From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of JDI
Sent: Monday, March 31, 2008 11:49 AM
To: Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com
Subject: Re: Isaacs v. USC Settlement Agreement

I just got your email now and am reviewing it. Can we expand "this matter" to "this matter and related disciplinary/enrollment histories, due to disputed facts among the parties"??

On Mon, Mar 31, 2008 at 2:44 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> Mr. Isaacs:
>
>  We can include a sentence at the end of Paragraph 14.c. (erroneously
> labeled  as d. in the prior draft) that states "However, the parties
> further agree  that Isaacs is not required to disclose this matter to
> anyone."  Keep in  mind, the court does not approve the settlement
> terms themselves, just the  dismissal.  I have attached the revised
> Agreement to include this term.  I  am also attaching the Stipulation of Dismissal for your
review.
>
>  Do you have other comments to the Settlement Agreement?
>
>  Attached is a copy of the MSJ.  I understand that you will disagree
> with  much that is stated in here.  However, Mr. Isaacs, I strongly
> encourage you  to not become distracted on the MSJ.  Let's focus on
> settling this matter  and putting it behind us.  I believe it would be
> a waste of time to start  going back and forth about the contents of
> the MSJ, and I am not going to  spend any of my time doing so.
>
>  Please let me know if you have additional comments to the Settlement
> Agreement.  Otherwise, please pdf the executed Settlement Agreement to
> me as  soon as possible.
>
>  Sincerely,
>
>  Robin D. Dal Soglio
>
>
>
>  -----Original Message-----
>  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
>  Sent: Monday, March 31, 2008 10:16 AM
>  To: Robin Dal Soglio;
> rdalsoglio@dm-lawfirm.com.certified.readnotify.com
>  Subject: Re: Isaacs v. USC Settlement Agreement

1

23

> Dear Ms Dal Soglio:
>
> I have read the proposed settlement agreement. With respect to
> paragraph 14, as you know I have no desire to disclose this matter to
> anyone. However, by signing off that the matter has been resolved, I
> would have difficulty answering future applications. Do you think
> there is  away to do this where the Court approves a settlement that I
> have no requirement to disclose this matter to anybody?
>
> Also, will you be sending me the SJ motion in PDF now so I can review
> your clients view of events?
>
> Jeffrey Isaacs
>
> On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
> >
> >
> >
> >
> > Mr. Isaacs:
> >
> >
> >
> > Attached please find the draft settlement agreement.  Please
> sign/initial  > where indicated and return the Agreement to me via pdf.
> >
> >
> >
> > Thank you,
> >
> >
> >
> > Robin D. Dal Soglio
> >
> >
> >
> >
> >
> > Robin D. Dal Soglio
> >
> > DAL SOGLIO & MARTENS LLP
> >
> > 27240 Turnberry Lane, Suite 200
> >
> > Valencia, California  91355
> >
> > Phone (661) 362-0736
> >
> > Fax (661) 244-4942
> >
> >
> >
> >
>
>

24

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 12:02 PM |
| **To:** | Robin Dal Soglio |
| **Subject:** | Re: Isaacs v. USC Settlement Agreement |

I agree with your comments about MSJ.

My query on "this matter" was on the revised settlement agreement.
Does this refer only to the lawsuit or the entire academic history. If USC can agree that I
don't need to disclose any of this matter -- ie anything in 2005-2006 at USC< then i will
accept your proposed revised agreement. please advise ASAP.

As far as the MSJ, no surprises there.

On Mon, Mar 31, 2008 at 2:51 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> Mr. Isaacs:
>
>  We can include a sentence at the end of Paragraph 14.c. (erroneously
> labeled  as d. in the prior draft) that states "However, the parties
> further agree  that Isaacs is not required to disclose this matter to
> anyone."  Keep in  mind, the court does not approve the settlement
> terms themselves, just the  dismissal.  I have attached the revised
> Agreement to include this term.  I  am also attaching the Stipulation of Dismissal for your
review.
>
>  Do you have other comments to the Settlement Agreement?
>
>  Attached is a copy of the MSJ.  I understand that you will disagree
> with  much that is stated in here.  However, Mr. Isaacs, I strongly
> encourage you  to not become distracted on the MSJ.  Let's focus on
> settling this matter  and putting it behind us.  I believe it would be
> a waste of time to start  going back and forth about the contents of
> the MSJ, and I am not going to  spend any of my time doing so.
>
>  Please let me know if you have additional comments to the Settlement
> Agreement.  Otherwise, please pdf the executed Settlement Agreement to
> me as  soon as possible.
>
>  Sincerely,
>
>  Robin D. Dal Soglio
>
>  -----Original Message-----
>  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
>  Sent: Monday, March 31, 2008 10:16 AM
>  To: Robin Dal Soglio;
> rdalsoglio@dm-lawfirm.com.certified.readnotify.com
>  Subject: Re: Isaacs v. USC Settlement Agreement
>
>
>
>  Dear Ms Dal Soglio:
>

25

> I have read the proposed settlement agreement. With respect to
> paragraph 14, as you know I have no desire to disclose this matter to
> anyone. However, by signing off that the matter has been resolved, I
> would have difficulty answering future applications. Do you think
> there is  away to do this where the Court approves a settlement that I
> have no requirement to disclose this matter to anybody?
>
>  Also, will you be sending me the SJ motion in PDF now so I can review
> your clients view of events?
>
>  Jeffrey Isaacs
>
>  On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
> >
> >
> >
> > Mr. Isaacs:
> >
> >
> > Attached please find the draft settlement agreement.  Please
> sign/initial  > where indicated and return the Agreement to me via pdf.
> >
> >
> >
> > Thank you,
> >
> >
> >
> > Robin D. Dal Soglio
> >
> >
> >
> > Robin D. Dal Soglio
> >
> > DAL SOGLIO & MARTENS LLP
> >
> > 27240 Turnberry Lane, Suite 200
> >
> > Valencia, California  91355
> >
> > Phone (661) 362-0736
> >
> > Fax (661) 244-4942
> >
> >
> >
>
>

26

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 12:38 PM |
| **To:** | rdalsoglio@dm-lawfirm.com.certified.readnotify.com; Robin Dal Soglio |
| **Subject:** | Follow up |

I have not received any more emails from you -- but did get 10 copies of the MSJ and revised
agreement.

If you have a response from your client on my query to clarify/slightly expand the last item,
please let me know by email and or phone call 610 202 1460  / 215 609 4265

If I feel that I have an agreement with USC not to discuss any of this matter and history, or
otherwise declare it, this matter is resolved.

Thank you,
Jeffrey Isaacs

27

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | Robin Dal Soglio [rdalsoglio@dm-lawfirm.com] |
| **Sent:** | Monday, March 31, 2008 12:44 PM |
| **To:** | 'JDI' |
| **Subject:** | RE: Isaacs v. USC Settlement Agreement |

Mr. Isaacs:

I have forwarded your inquiry to my client, as it again re-opens the issue of your desire to have USC advise you on what you do or do not have to disclose to 3rd parties about your academic and disciplinary history at USC. As you know, I have repeatedly made clear that USC cannot advise you or provide you any assurances concerning your obligations in that regard. Contrary to your assertion, this was not limited to their reluctance to alter records.  I also previously rejected your request to characterize the settlement payment as a "tuition reimbursement" on the same grounds. What you choose to disclose to 3rd parties about your educational/disciplinary history at USC is a private matter between you and any 3rd parties you deal with.  Nevertheless, I have forwarded your request to expand the language to include "this matter and related history."

I will respond as soon as I hear back from USC.

Robin Dal Soglio

-----Original Message-----
From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of JDI
Sent: Monday, March 31, 2008 12:02 PM
To: Robin Dal Soglio
Subject: Re: Isaacs v. USC Settlement Agreement

I agree with your comments about MSJ.

My query on "this matter" was on the revised settlement agreement.
Does this refer only to the lawsuit or the entire academic history. If USC can agree that I don't need to disclose any of this matter -- ie anything in 2005-2006 at USC< then i will accept your proposed revised agreement. please advise ASAP.

As far as the MSJ, no surprises there.

On Mon, Mar 31, 2008 at 2:51 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> Mr. Isaacs:
>
>  We can include a sentence at the end of Paragraph 14.c. (erroneously
> labeled  as d. in the prior draft) that states "However, the parties
> further agree  that Isaacs is not required to disclose this matter to
> anyone."  Keep in  mind, the court does not approve the settlement
> terms themselves, just the  dismissal.  I have attached the revised
> Agreement to include this term.  I  am also attaching the Stipulation of Dismissal for your review.
>
>  Do you have other comments to the Settlement Agreement?
>
>  Attached is a copy of the MSJ.  I understand that you will disagree
> with  much that is stated in here.  However, Mr. Isaacs, I strongly
> encourage you  to not become distracted on the MSJ.  Let's focus on
> settling this matter  and putting it behind us.  I believe it would be

1

28

> a waste of time to start  going back and forth about  the contents of
> the MSJ, and I am not going to  spend any of my time doing so.
>
>  Please let me know if you have additional comments to the Settlement
> Agreement.  Otherwise, please pdf the executed Settlement Agreement to
> me as  soon as possible.
>
>  Sincerely,
>
>  Robin D. Dal Soglio
>
>  -----Original Message-----
>  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
>  Sent: Monday, March 31, 2008 10:16 AM
>  To: Robin Dal Soglio;
> rdalsoglio@dm-lawfirm.com.certified.readnotify.com
>  Subject: Re: Isaacs v. USC Settlement Agreement
>
>
>
>
> Dear Ms Dal Soglio:
>
>  I have read the proposed settlement agreement. With respect to
> paragraph 14, as you know I have no desire to disclose this matter to
> anyone. However, by signing off that the matter has been resolved, I
> would have difficulty answering future applications. Do you think
> there is  away to do this where the Court approves a settlement that I
> have no requirement to disclose this matter to anybody?
>
>  Also, will you be sending me the SJ motion in PDF now so I can review
> your clients view of events?
>
>  Jeffrey Isaacs
>
>  On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
>  >
>  >
>  >
>  >
>  > Mr. Isaacs:
>  >
>  >
>  >
>  > Attached please find the draft settlement agreement.  Please
> sign/initial  > where indicated and return the Agreement to me via pdf.
>  >
>  >
>  >
>  > Thank you,
>  >
>  >
>  >
>  > Robin D. Dal Soglio
>  >
>  >

29

```
>  >
>  >
>  >
>  > Robin D. Dal Soglio
>  >
>  > DAL SOGLIO & MARTENS LLP
>  >
>  > 27240 Turnberry Lane, Suite 200
>  >
>  > Valencia, California  91355
>  >
>  > Phone (661) 362-0736
>  >
>  > Fax (661) 244-4942
>  >
>  >
>  >
>
>
```

30

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 1:35 PM |
| **To:** | rdalsoglio@dm-lawfirm.com.certified.readnotify.com; Robin Dal Soglio |
| **Subject:** | Filing |

Dear Ms Dal Soglio:

As discussed, my papers have been transmitted to the courier due to the deadline. I remain willing to work with your client to settle this matter today or tomorrow, if they are able to hash out these last points on the settlement agreement.


Regards
Jeffrey Isaacs

1

31

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | Robin Dal Soglio [rdalsoglio@dm-lawfirm.com] |
| **Sent:** | Monday, March 31, 2008 1:49 PM |
| **To:** | 'JDI' |
| **Subject:** | RE: Isaacs v. USC Settlement Agreement |

USC is willing to include the following language in Paragraph 14.c.:
"The parties further agree that nothing in this Agreement requires Isaacs to disclose this
matter or any related history to anyone."


-----Original Message-----
From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of JDI
Sent: Monday, March 31, 2008 12:02 PM
To: Robin Dal Soglio
Subject: Re: Isaacs v. USC Settlement Agreement

I agree with your comments about MSJ.

My query on "this matter" was on the revised settlement agreement.
Does this refer only to the lawsuit or the entire academic history. If USC can agree that I
don't need to disclose any of this matter -- ie anything in 2005-2006 at USC< then i will
accept your proposed revised agreement. please advise ASAP.

As far as the MSJ, no surprises there.

On Mon, Mar 31, 2008 at 2:51 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> Mr. Isaacs:
>
>  We can include a sentence at the end of Paragraph 14.c. (erroneously
> labeled  as d. in the prior draft) that states "However, the parties
> further agree  that Isaacs is not required to disclose this matter to
> anyone."  Keep in  mind, the court does not approve the settlement
> terms themselves, just the  dismissal.  I have attached the revised
> Agreement to include this term.  I  am also attaching the Stipulation of Dismissal for your
review.
>
>  Do you have other comments to the Settlement Agreement?
>
>  Attached is a copy of the MSJ.  I understand that you will disagree
> with  much that is stated in here.  However, Mr. Isaacs, I strongly
> encourage you  to not become distracted on the MSJ.  Let's focus on
> settling this matter  and putting it behind us.  I believe it would be
> a waste of time to start  going back and forth about the contents of
> the MSJ, and I am not going to  spend any of my time doing so.
>
>  Please let me know if you have additional comments to the Settlement
> Agreement.  Otherwise, please pdf the executed Settlement Agreement to
> me as  soon as possible.
>
>  Sincerely,
>
>  Robin D. Dal Soglio
>
>  -----Original Message-----

1

*32*

> From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
> Sent: Monday, March 31, 2008 10:16 AM
> To: Robin Dal Soglio;
> rdalsoglio@dm-lawfirm.com.certified.readnotify.com
> Subject: Re: Isaacs v. USC Settlement Agreement
>
>
>
> Dear Ms Dal Soglio:
>
> I have read the proposed settlement agreement. With respect to
> paragraph 14, as you know I have no desire to disclose this matter to
> anyone. However, by signing off that the matter has been resolved, I
> would have difficulty answering future applications. Do you think
> there is  away to do this where the Court approves a settlement that I
> have no requirement to disclose this matter to anybody?
>
> Also, will you be sending me the SJ motion in PDF now so I can review
> your clients view of events?
>
> Jeffrey Isaacs
>
> On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
> >
> >
> >
> > Mr. Isaacs:
> >
> >
> >
> > Attached please find the draft settlement agreement.  Please
> sign/initial  > where indicated and return the Agreement to me via pdf.
> >
> >
> >
> > Thank you,
> >
> >
> >
> > Robin D. Dal Soglio
> >
> >
> >
> >
> > Robin D. Dal Soglio
> >
> > DAL SOGLIO & MARTENS LLP
> >
> > 27240 Turnberry Lane, Suite 200
> >
> > Valencia, California  91355
> >
> > Phone (661) 362-0736

*33*

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 1:57 PM |
| **To:** | Robin Dal Soglio |
| **Subject:** | Re: Isaacs v. USC Settlement Agreement |

"However, the parties further agree that Isaacs is not required to disclose this matter to anyone." seemed preferably broad and vague.
Can they use the wording

"However, the parties further agree that Isaacs is not required to disclose this matter or any related history to anyone."

if so, i am ready to sign and fax the agreement to you.

On Mon, Mar 31, 2008 at 4:48 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> USC is willing to include the following language in Paragraph 14.c.:
>  "The parties further agree that nothing in this Agreement requires
> Isaacs to  disclose this matter or any related history to anyone."
>
>
>
>  -----Original Message-----
>  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
>
> Sent: Monday, March 31, 2008 12:02 PM
>  To: Robin Dal Soglio
>
>
> Subject: Re: Isaacs v. USC Settlement Agreement
>
>  I agree with your comments about MSJ.
>
>  My query on "this matter" was on the revised settlement agreement.
>  Does this refer only to the lawsuit or the entire academic history.
> If  USC can agree that I don't need to disclose any of this matter --
> ie  anything in 2005-2006 at USC< then i will accept your proposed
> revised  agreement. please advise ASAP.
>
>  As far as the MSJ, no surprises there.
>
>  On Mon, Mar 31, 2008 at 2:51 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
>  > Mr. Isaacs:
>  >
>  >  We can include a sentence at the end of Paragraph 14.c.
> (erroneously  labeled  > as d. in the prior draft) that states
> "However, the parties further agree  >  that Isaacs is not required to
> disclose this matter to anyone."  Keep in  >  mind, the court does not
> approve the settlement terms themselves, just  the  >  dismissal.  I
> have attached the revised Agreement to include this term.
>  > I
>  >  am also attaching the Stipulation of Dismissal for your review.
>  >  >

1

*34*

> > Do you have other comments to the Settlement Agreement?
> >
> > Attached is a copy of the MSJ. I understand that you will
> disagree with >  much that is stated in here. However, Mr. Isaacs, I
> strongly encourage  you  >  to not become distracted on the MSJ.
> Let's focus on settling this matter  >  and putting it behind us. I
> believe it would be a waste of time to start  >  going back and forth
> about the contents of the MSJ, and I am not going to  >  spend any of
> my time doing so.
> >
> > Please let me know if you have additional comments to the
> Settlement  >  Agreement. Otherwise, please pdf the executed
> Settlement Agreement to me  as  >  soon as possible.
> >
> > Sincerely,
> >
> > Robin D. Dal Soglio
> >
> > -----Original Message-----
> > From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf
> Of JDI  >  Sent: Monday, March 31, 2008 10:16 AM  >  To: Robin Dal
> Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com
> > Subject: Re: Isaacs v. USC Settlement Agreement  >  >  >  Dear
> Ms Dal Soglio:
> >
> > I have read the proposed settlement agreement. With respect to  >
> paragraph 14, as you know I have no desire to disclose this matter to
> >  anyone. However, by signing off that the matter has been resolved,
> I  >  would have difficulty answering future applications. Do you
> think  >  there is  away to do this where the Court approves a
> settlement that I  >  have no requirement to disclose this matter to anybody?
> >
> > Also, will you be sending me the SJ motion in PDF now so I can
> review  >  your clients view of events?
> >
> > Jeffrey Isaacs
> >
> > On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio  >
> <rdalsoglio@dm-lawfirm.com> wrote:
> > >
> > >
> > >
> > >
> > > Mr. Isaacs:
> > >
> > >
> > >
> > > Attached please find the draft settlement agreement. Please
> sign/initial  >  > where indicated and return the Agreement to me via
> pdf.
> > >
> > >
> > >
> > > Thank you,
> > >
> > >
> > >

2

*35*

```
>  >  > Robin D. Dal Soglio
>  >  >
>  >  >
>  >  >
>  >  >
>  >  >
>  >  > Robin D. Dal Soglio
>  >  >
>  >  > DAL SOGLIO & MARTENS LLP
>  >  >
>  >  > 27240 Turnberry Lane, Suite 200
>  >  >
>  >  > Valencia, California  91355
>  >  >
>  >  > Phone (661) 362-0736
>  >  >
>  >  > Fax (661) 244-4942
>  >  >
>  >  >
>  >  >
>  >
>  >
>
>
>
```

3

*36*

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 2:21 PM |
| **To:** | Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com |
| **Subject:** | Re: Isaacs v. USC Settlement Agreement |

I just received this email. Unfortunately I thought that USC was at least acknowledging that there is a factual dispute -- not denying right or wrong -- and agreeing that I don't need to disclose anything because it is disputed and was never determined as right or wrong in a Court of law. I don't see how this creates any problem for them - it is simply saying the case settled for ___ before it was tried on its merits, and as such, that I don't need to disclose anything about any related history.


On Mon, Mar 31, 2008 at 3:44 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> Mr. Isaacs:
>
>  I have forwarded your inquiry to my client, as it again re-opens the
> issue  of your desire to have USC advise you on what you do or do not
> have to  disclose to 3rd parties about your academic and disciplinary history at USC.
>  As you know, I have repeatedly made clear that USC cannot advise you
> or  provide you any assurances concerning your obligations in that regard.
>  Contrary to your assertion, this was not limited to their reluctance
> to  alter records.  I also previously rejected your request to
> characterize the  settlement payment as a "tuition reimbursement" on
> the same grounds. What  you choose to disclose to 3rd parties about
> your educational/disciplinary  history at USC is a private matter
> between you and any 3rd parties you deal  with.  Nevertheless, I have
> forwarded your request to expand the language to  include "this matter and related
> history."
>
>  I will respond as soon as I hear back from USC.
>
>  Robin Dal Soglio
>
>
>  -----Original Message-----
> From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
>
>
> Sent: Monday, March 31, 2008 12:02 PM
> To: Robin Dal Soglio
> Subject: Re: Isaacs v. USC Settlement Agreement
>
>  I agree with your comments about MSJ.
>
>  My query on "this matter" was on the revised settlement agreement.
>  Does this refer only to the lawsuit or the entire academic history.
> If  USC can agree that I don't need to disclose any of this matter --
> ie  anything in 2005-2006 at USC< then i will accept your proposed
> revised  agreement. please advise ASAP.
>
>  As far as the MSJ, no surprises there.

1

*37*

> On Mon, Mar 31, 2008 at 2:51 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
> > Mr. Isaacs:
> >
> > We can include a sentence at the end of Paragraph 14.c.
> (erroneously labeled > as d. in the prior draft) that states
> "However, the parties further agree > that Isaacs is not required to
> disclose this matter to anyone." Keep in > mind, the court does not
> approve the settlement terms themselves, just the > dismissal. I
> have attached the revised Agreement to include this term.
> I
> > am also attaching the Stipulation of Dismissal for your review.
> >
> > Do you have other comments to the Settlement Agreement?
> >
> > Attached is a copy of the MSJ. I understand that you will
> disagree with > much that is stated in here. However, Mr. Isaacs, I
> strongly encourage you > to not become distracted on the MSJ.
> Let's focus on settling this matter > and putting it behind us. I
> believe it would be a waste of time to start > going back and forth
> about the contents of the MSJ, and I am not going to > spend any of
> my time doing so.
> >
> > Please let me know if you have additional comments to the
> Settlement > Agreement. Otherwise, please pdf the executed
> Settlement Agreement to me as > soon as possible.
> >
> > Sincerely,
> >
> > Robin D. Dal Soglio
> >
> > -----Original Message-----
> > From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf
> Of JDI > Sent: Monday, March 31, 2008 10:16 AM > To: Robin Dal
> Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com
> > Subject: Re: Isaacs v. USC Settlement Agreement > > > Dear
> Ms Dal Soglio:
> >
> > I have read the proposed settlement agreement. With respect to >
> paragraph 14, as you know I have no desire to disclose this matter to
> > anyone. However, by signing off that the matter has been resolved,
> I > would have difficulty answering future applications. Do you
> think > there is away to do this where the Court approves a
> settlement that I > have no requirement to disclose this matter to anybody?
> >
> > Also, will you be sending me the SJ motion in PDF now so I can
> review > your clients view of events?
> >
> > Jeffrey Isaacs
> >
> > On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio >
> <rdalsoglio@dm-lawfirm.com> wrote:
> > >
> > >
> > >
> > >

*38*

> > > Mr. Isaacs:
> > >
> > >
> > >
> > > Attached please find the draft settlement agreement.  Please
> sign/initial  >  > where indicated and return the Agreement to me via
> pdf.
> > >
> > >
> > >
> > > Thank you,
> > >
> > >
> > >
> > > Robin D. Dal Soglio
> > >
> > >
> > >
> > >
> > >
> > > Robin D. Dal Soglio
> > >
> > > DAL SOGLIO & MARTENS LLP
> > >
> > > 27240 Turnberry Lane, Suite 200
> > >
> > > Valencia, California  91355
> > >
> > > Phone (661) 362-0736
> > >
> > > Fax (661) 244-4942
> > >
> > >
> > >
> > >
> >
> >
>
>
>

39

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 2:22 PM |
| **To:** | Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com |
| **Subject:** | Re: Isaacs v. USC Settlement Agreement |

Hopefully, in response to this email, you can send me a FINAL PDF copy that I will SIGN AND
RETURN.

On Mon, Mar 31, 2008 at 5:20 PM, JDI
<jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
> I just received this email. Unfortunately I thought that USC was at
> least acknowledging that there is a factual dispute -- not denying
> right or wrong -- and agreeing that I don't need to disclose anything
> because it is disputed and was never determined as right or wrong in a
> Court of law. I don't see how this creates any problem for them - it
> is simply saying the case settled for        before it was tried on
> its merits, and as such, that I don't need to disclose anything about
> any related history.
>
>
>
>  On Mon, Mar 31, 2008 at 3:44 PM, Robin Dal Soglio
>
>
> <rdalsoglio@dm-lawfirm.com> wrote:
> > Mr. Isaacs:
> >
> >  I have forwarded your inquiry to my client, as it again re-opens
> the issue  > of your desire to have USC advise you on what you do or
> do not have to  > disclose to 3rd parties about your academic and disciplinary history at
USC.
> > As you know, I have repeatedly made clear that USC cannot advise
> you or  > provide you any assurances concerning your obligations in that regard.
> > Contrary to your assertion, this was not limited to their
> reluctance to  > alter records. I also previously rejected your
> request to characterize the  > settlement payment as a "tuition
> reimbursement" on the same grounds. What  > you choose to disclose to
> 3rd parties about your educational/disciplinary  > history at USC is
> a private matter between you and any 3rd parties you deal  > with.
> Nevertheless, I have forwarded your request to expand the language to  > include "this
matter and related history."
> >
> >  I will respond as soon as I hear back from USC.
> >
> >  Robin Dal Soglio
> >
> >
> >  -----Original Message-----
> >  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf
> Of JDI  >  > Sent: Monday, March 31, 2008 12:02 PM  > To: Robin
> Dal Soglio  > Subject: Re: Isaacs v. USC Settlement Agreement  > >
> I agree with your comments about MSJ.
> >
> >  My query on "this matter" was on the revised settlement agreement.

1

*40*

> > Does this refer only to the lawsuit or the entire academic
> history. If  > USC can agree that I don't need to disclose any of
> this matter -- ie  >  anything in 2005-2006 at USC< then i will accept
> your proposed revised  >  agreement. please advise ASAP.
> >
> >  As far as the MSJ, no surprises there.
> >
> >  On Mon, Mar 31, 2008 at 2:51 PM, Robin Dal Soglio  >
> <rdalsoglio@dm-lawfirm.com> wrote:
> > > Mr. Isaacs:
> > >
> > >  We can include a sentence at the end of Paragraph 14.c.
> (erroneously  >  labeled  >  as d. in the prior draft) that states
> "However, the parties further agree  > >  that Isaacs is not required
> to disclose this matter to anyone."  Keep in  > >  mind, the court
> does not approve the settlement terms themselves, just  >  the  >
> dismissal.  I have attached the revised Agreement to include this term.
> > > I
> > >  am also attaching the Stipulation of Dismissal for your review.
> > >
> > >  Do you have other comments to the Settlement Agreement?
> > >
> > >  Attached is a copy of the MSJ.  I understand that you will
> disagree with  > >  much that is stated in here.  However, Mr.
> Isaacs, I strongly encourage  >  you  >  to not become distracted
> on the MSJ.  Let's focus on settling this matter  > >  and putting it
> behind us.  I believe it would be a waste of time to start  > >
> going back and forth about the contents of the MSJ, and I am not going
> to  > >  spend any of my time doing so.
> > >
> > >  Please let me know if you have additional comments to the
> Settlement  > >  Agreement.  Otherwise, please pdf the executed
> Settlement Agreement to me  > as  > >  soon as possible.
> > >
> > >  Sincerely,
> > >
> > >  Robin D. Dal Soglio
> > >
> > >  -----Original Message-----
> > >  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On
> Behalf Of JDI  > >  Sent: Monday, March 31, 2008 10:16 AM  > >  To:
> Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com
> > >  Subject: Re: Isaacs v. USC Settlement Agreement  > > > > >
> > > > Dear Ms Dal Soglio:
> > >
> > >  I have read the proposed settlement agreement. With respect to
> > >  paragraph 14, as you know I have no desire to disclose this
> matter to  > >  anyone. However, by signing off that the matter has
> been resolved, I  > >  would have difficulty answering future
> applications. Do you think  > >  there is  away to do this where the
> Court approves a settlement that I  > >  have no requirement to disclose this matter to
> anybody?
> > >
> > >  Also, will you be sending me the SJ motion in PDF now so I can
> review  > >  your clients view of events?
> > >
> > >  Jeffrey Isaacs

41

```
>  >  >
>  >  >  On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio  >  >
> <rdalsoglio@dm-lawfirm.com> wrote:
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  > Mr. Isaacs:
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  > Attached please find the draft settlement agreement.  Please
> >  sign/initial  >  >  > where indicated and return the Agreement to
> me via pdf.
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  > Thank you,
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  > Robin D. Dal Soglio
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  > Robin D. Dal Soglio
>  >  >  >
>  >  >  > DAL SOGLIO & MARTENS LLP
>  >  >  >
>  >  >  > 27240 Turnberry Lane, Suite 200  >  >  >  >  >  > Valencia,
> California  91355  >  >  >  >  >  > Phone (661) 362-0736  >  >  >  >
> >  > Fax (661) 244-4942  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >
> >  >  >  >
>
```

42

# EXHIBIT C

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Monday, March 31, 2008 4:12 PM |
| **To:** | Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com |
| **Subject:** | Finalized Isaacs v. USC Settlement Agreement |
| **Attachments:** | Final Isaacs settlement agreement global.pdf |

Ms Dal Soglio:

The repeat emails and multi-threaded messages are confusing.
Nonetheless, I think you mailed back the PDF with the new language after I already mailed you
my signed version of the PDF with the new language.. ie there are two copies going around. I
am attaching yet another that I signed and initialed for you to return.

When you fax it back to me at my efax number, we can proceed to dismiss everything and
strike/seal today's filings - or all of the pleading, if you prefer and if this is possible.

Regards
Jeffrey Isaacs

On Mon, Mar 31, 2008 at 7:05 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com> wrote:
> That language is acceptable.  The pdf is attached.
>
>
>  -----Original Message-----
> From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of
> JDI
>
>
> Sent: Monday, March 31, 2008 3:03 PM
>  To: Robin Dal Soglio;
> rdalsoglio@dm-lawfirm.com.certified.readnotify.com
>  Subject: Re: Isaacs v. USC Settlement Agreement
>
>  Ms Dal Soglio:
>
> I hope you can appreciate that the wording here is quite important to
> me. I am not trying to drag this on. With the wording you propose, I
> just want to make the paragraph a bit more specific. Let me know if
> tis is ok for 14c. If so forward me the final version and i will
> review it with my attorney for signing.
>
> c) If Isaacs is asked about his claims against USC, including breach
> of enrollment contract and wrongful dismissal, and only if asked, he
> may state only that "the matter has been resolved."  However, the
> parties further agree that Isaacs is not required to disclose this
> matter to anyone.
>
> On Mon, Mar 31, 2008 at 5:53 PM, Robin Dal Soglio
> <rdalsoglio@dm-lawfirm.com> wrote:
>  > Mr. Isaacs:
> >
>  >  USC will agree to either of the following --  >  >  >  "However,
> the parties further agree that Isaacs is not required to  disclose  >
> this matter to anyone."

1

*43*

> > OR
> >
> >
> >  "The parties further agree that nothing in this Agreement requires
> Isaacs  to  >  disclose this matter or any related history to anyone."
> >
> >  Please advise whether either of these is acceptable.
> >
> >
> >  Robin D. Dal Soglio
> >
> >
> >  -----Original Message-----
> >  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf
> Of JDI  >  >  Sent: Monday, March 31, 2008 1:57 PM  >  To: Robin Dal
> Soglio  >  Subject: Re: Isaacs v. USC Settlement Agreement  >  >
> "However, the parties further agree that Isaacs is not required to  >
> disclose this matter to anyone." seemed preferably broad and vague.
> >  Can they use the wording
> >
> >  "However, the parties further agree that Isaacs is not required to
> >  disclose this matter or any related history to anyone."
> >
> >  if so, i am ready to sign and fax the agreement to you.
> >
> >  On Mon, Mar 31, 2008 at 4:48 PM, Robin Dal Soglio  >
> <rdalsoglio@dm-lawfirm.com> wrote:
> >  >  USC is willing to include the following language in Paragraph 14.c.:
> >  >  "The parties further agree that nothing in this Agreement
> requires  Isaacs  >  to  >  >  disclose this matter or any related
> history to anyone."
> >  >
> >  >
> >  >
> >  >  -----Original Message-----
> >  >  From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On
> Behalf Of  JDI  >  >  >  Sent: Monday, March 31, 2008 12:02 PM  >  >
> To: Robin Dal Soglio  >  >  >  >  >  Subject: Re: Isaacs v. USC
> Settlement Agreement  >  >  >  >  I agree with your comments about
> MSJ.
> >  >  >
> >  >  My query on "this matter" was on the revised settlement agreement.
> >  >  >  Does this refer only to the lawsuit or the entire academic
> history. If  >  >  USC can agree that I don't need to disclose any of
> this matter -- ie  >  anything in 2005-2006 at USC< then i will
> accept your proposed revised  >  agreement. please advise ASAP.
> >  >  >
> >  >  As far as the MSJ, no surprises there.
> >  >  >
> >  >  On Mon, Mar 31, 2008 at 2:51 PM, Robin Dal Soglio  >  >
> <rdalsoglio@dm-lawfirm.com> wrote:
> >  >  >  Mr. Isaacs:
> >  >  >
> >  >  >  We can include a sentence at the end of Paragraph 14.c.
> (erroneously
> >  >  labeled

44

> > > > as d. in the prior draft) that states "However, the parties
> further > agree > > > that Isaacs is not required to disclose
> this matter to anyone."
> Keep
> > in
> > > > mind, the court does not approve the settlement terms
> themselves, just > > the > > > dismissal. I have attached the
> revised Agreement to include this > term.
> > > I
> > > > am also attaching the Stipulation of Dismissal for your review.
> > > >
> > > > Do you have other comments to the Settlement Agreement?
> > > >
> > > > Attached is a copy of the MSJ. I understand that you will
> disagree > with > > much that is stated in here. However, Mr.
> Isaacs, I strongly > encourage > > you > > > to not become
> distracted on the MSJ. Let's focus on settling this > matter > >
> > and putting it behind us. I believe it would be a waste of time to
> > start > > > going back and forth about the contents of the MSJ,
> and I am not going > to > > > spend any of my time doing so.
> > > >
> > > > Please let me know if you have additional comments to the
> Settlement > > > Agreement. Otherwise, please pdf the executed
> Settlement Agreement to > me > > as > > > soon as possible.
> > > >
> > > > Sincerely,
> > > >
> > > > Robin D. Dal Soglio
> > > >
> > > > -----Original Message-----
> > > > From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On
> Behalf Of > JDI > > > Sent: Monday, March 31, 2008 10:16 AM >
> > > To: Robin Dal Soglio; >
> rdalsoglio@dm-lawfirm.com.certified.readnotify.com
> > > > Subject: Re: Isaacs v. USC Settlement Agreement > > > >
> > > > > > > > Dear Ms Dal Soglio:
> > > >
> > > > I have read the proposed settlement agreement. With respect
> to > > > paragraph 14, as you know I have no desire to disclose
> this matter to > > > > anyone. However, by signing off that the
> matter has been resolved, I > > > would have difficulty answering
> future applications. Do you think > > > there is away to do this
> where the Court approves a settlement that I > > > have no
> requirement to disclose this matter to anybody?
> > > >
> > > > Also, will you be sending me the SJ motion in PDF now so I
> can review > > > your clients view of events?
> > > >
> > > > Jeffrey Isaacs
> > > >
> > > > On Mon, Mar 31, 2008 at 1:03 PM, Robin Dal Soglio > > >
> <rdalsoglio@dm-lawfirm.com> wrote:
> > > >
> > > > >
> > > > >
> > > > >
> > > > > Mr. Isaacs:

3

45

```
>  >  >  >  >
>  >  >  >  >
>  >  >  >  >
>  >  >  >  > Attached please find the draft settlement agreement.
> Please  >  >  sign/initial  >  >  >  > where indicated and return the
> Agreement to me via pdf.
>  >  >  >  >
>  >  >  >  >
>  >  >  >  >
>  >  >  >  > Thank you,
>  >  >  >  >
>  >  >  >  >
>  >  >  >  >
>  >  >  >  > Robin D. Dal Soglio
>  >  >  >  >
>  >  >  >  >
>  >  >  >  >
>  >  >  >  >
>  >  >  >  >
>  >  >  >  > Robin D. Dal Soglio
>  >  >  >  >
>  >  >  >  > DAL SOGLIO & MARTENS LLP
>  >  >  >  >
>  >  >  >  > 27240 Turnberry Lane, Suite 200  >  >  >  >  >  >  >  >
> Valencia, California  91355  >  >  >  >  >  >  > Phone (661)
> 362-0736  >  >  >  >  >  >  >  > Fax (661) 244-4942  >  >  >  >  >  >
>  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >  >
>  >
>
```

46

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

The University of Southern California ("USC") and Jeffrey Isaacs ("Isaacs") have agreed to enter into this Confidential Settlement Agreement and Mutual Release (the "Agreement").

### 1. Dismissal With Prejudice.

Isaacs agrees that he will execute and deliver for filing to counsel of record for USC, Robin D. Dal Soglio of Dal Soglio & Martens LLP, the Stipulation of Dismissal with Prejudice (attached hereto as Exhibit A) of USC from United States District Court Case No. CV-06-3338 GAF (Ex). Counsel for USC will file the Dismissal with Prejudice with the Court.

### 2. No Future Application to University.

Isaacs understands and agrees that his education at USC has ended irrevocably and forever and will not be resumed again at any time in the future. Isaacs further agrees that he will not apply for or otherwise seek admission to USC or any related or affiliated entity at any time in the future, under any circumstances whatsoever.

### 3. Non-Admission of Liability.

This Agreement shall not in any way be construed as an admission by USC that it has discriminated against or retaliated against Isaacs in any way, or otherwise acted wrongfully with respect to Isaacs or any other person, or that Isaacs has any rights whatsoever against it. USC specifically denies that it has any liability to or has done any wrongful acts against Isaacs or any other person.

### 4. Benefits for Isaacs.

Within fourteen (14) days of USC's receipt of the original of this Agreement signed by Isaacs and including executed copies of Exhibits A and B, USC will transmit to Isaacs one check made payable to Isaacs in the gross amount of '

### 5. Responsibility for Taxes.

Isaacs understands and acknowledges that USC will report the payment described in paragraph 4 to the appropriate taxing authorities as required by law. Isaacs agrees that he is solely responsible for all tax obligations, including, but not limited to, all payment obligations which may arise as a consequence of this Agreement. Isaacs further agrees promptly to pay and to indemnify and hold USC and others released herein harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over underwithholding or other tax treatment of any of the proceeds received by Isaacs as a result of this Agreement. Isaacs further agrees not to seek or make any claim against USC or others released herein for any loss, cost, damage or expense if a claim or adverse determination is made in connection with underwithholding or other tax treatment of any of the proceeds of this Agreement or any portion

Initialed __JDI_

1

47

thereof. Isaacs understands and agrees that neither USC nor others released herein has any duty to defend against any claim or assertion in connection with underwithholding or other tax treatment of the proceeds of this settlement or any portion thereof, and Isaacs agrees to assume full responsibility for defending against any such claim or assertion.

### 6. No Other or Future Lawsuits, Charges, Claims for Arbitration or Complaints of Any Nature Whatsoever.

With the exception of United States District Court Case No. CV-06-3338 GAF (Ex), which is fully and finally settled herein, Isaacs represents that he has not filed any other lawsuits, charges, claims for arbitration, complaints, or appeals of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, and he agrees that he will not file any lawsuits, charges, claims for arbitration, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof.

If Isaacs's representations in this paragraph prove to be false, or if he violates the promises made in this paragraph and files a lawsuit, charge, claim for arbitration, complaint, or appeal of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, based on any events, acts or omissions through and including the date hereof, Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by USC in connection with said lawsuit, charge, complaint, or appeal.

### 7. Complete Release by Isaacs.

As a material inducement to USC to enter into this Agreement, Isaacs hereby irrevocably and unconditionally waives and releases all rights and claims, known and unknown, which he may have against USC, the Keck School of Medicine, and each of their respective successors, assigns, agents, trustees, officers, administrators, faculty, students, current and former employees, representatives, attorneys, divisions, subsidiaries, affiliates (and agents, trustees, officers, administrators, faculty, current and former employees, representatives and attorneys of such divisions, subsidiaries, and affiliates), and Robert Baughman and each of his family members, and all persons acting by, through, under or in concert with any of them (collectively, the "Releasees") from the beginning of time to the date Isaacs signs this Agreement from any and all claims, demands, contracts, expenses, liens, covenants, debts, attorney's fees, causes of action, damages, judgments, orders, and liabilities (collectively "Claims") of whatever kind or nature in law, equity, or otherwise, whether now known or unknown, suspected, or unsuspected, and whether or not concealed or hidden, which Isaacs now owns or holds or had at any time heretofore owned or held against the Releasees.

Initialed _JDI_

2

48

8.    **Release by USC**

As a material inducement to Isaacs to enter into this Agreement, USC does hereby irrevocably and unconditionally release, acquit and forever discharge Isaacs from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, grievances, costs, losses, and expenses (including attorneys' fees and costs) of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including but not limited to any claim for malicious institution of civil proceedings, and abuse of process. Notwithstanding any other provision herein, this release by the University is not intended to, and does not, release debts unrelated to the lawsuit, including but not limited to tuition or loans.

9.    **Knowing and Voluntary Waiver of Known and Unknown Claims**

Consistent with the terms of their respective releases in paragraphs 7 and 8, Isaacs and USC acknowledge and agree that, as a condition of this Agreement, they expressly release all rights and claims that they do not know about, as well as those they know about. Thus, consistent with the terms of their respective releases, Isaacs and USC expressly waive all rights under Section 1542 of the Civil Code of the State of California, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

10.    **Ownership of Claims**

Isaacs represents and agrees that he has not assigned or transferred, or attempted to assign or transfer, to any person or entity, any of the claims he is releasing in this Agreement.

11.    **Encouragement to Consult With Attorney**

USC encourages Isaacs to consult with an attorney before signing this Agreement, and Isaacs hereby acknowledges that he has had the opportunity to consult with an attorney prior to signing, and has either done so or voluntarily chosen not to wo.

12.    **No Representations**

The parties represent and agree that no promises, statements or inducements have been made to them which caused them to sign this Agreement other than those expressly stated in this Agreement.

Initialed __JDI_

3

49

### 13. <u>Successors</u>

This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the parties and others released herein, their representatives, executors, successors and assigns.

### 14. <u>Confidentiality of This Agreement</u>

a. As a material inducement for USC to enter into this Agreement, Isaacs agrees not to disclose the negotiation, terms, conditions, or amount of this Agreement to anyone other than Isaacs's attorneys and tax adviser (hereafter referred to as "Isaacs's Confidants") and, even as to such a person, only if the person agrees to honor this confidentiality requirement. Violation of this confidentiality requirement by any of Isaacs's Confidants will be treated as a violation of this Agreement by Isaacs.

b. This section does not prohibit Isaacs's disclosure of the negotiation, terms, conditions, or amount of this Agreement to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise required by law (but only if Isaacs notifies USC and its attorneys of a disclosure obligation or request within three business days after he learns of it and does not actively oppose USC's taking all steps it deems to be appropriate to prevent or limit the required disclosure).

c. If Isaacs is asked about his claims against USC, including breach of enrollment contract and wrongful dismissal, and only if asked, he may state only that "the matter has been resolved." However, the parties further agree that Isaacs is not required to disclose this matter to anyone.

### 15. <u>Damages for Isaacs's Breach of Confidentiality</u>

A breach of paragraph 14 will be deemed a material breach of this entire Agreement. Isaacs agrees to pay USC the sum of Five Thousand Dollars ($5,000) as liquidated damages for each violation in the event USC obtains a judgment, ruling, award, or decision that paragraph 14 has been violated. The parties to this Agreement agree that this liquidated damages provision is appropriate with regard to any breach of paragraph 14 because: (1) paragraph 14 is essential for the protection of USC's interests; (2) damages for breach of paragraph 14 would be difficult to prove with certainty; and (3) the sum of Five Thousand Dollars ($5,000) per breach represents a reasonable estimate of the harm likely to result from each such breach.

### 16. <u>Newly Discovered Facts</u>

Isaacs acknowledges that he might hereafter discover facts different from or in addition to those he now knows or believes to be true with respect to a claim or claims released herein, and he expressly agrees to assume the risk of possible discovery of additional or different facts, and agrees that this Agreement shall be and remain effective in all respects regardless of such additional or different discovered facts.

Initialed _JDI_

4



### 17.    Voluntary Participation in This Agreement

The parties acknowledge that they have thoroughly discussed all aspects of their rights and this Agreement with their respective attorneys, or have knowingly and voluntary chosen not to do so, and that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to consider signing this Agreement, and that they are voluntarily signing this Agreement.

### 18.    Governing Law

This Agreement is made and entered into in the State of California and shall in all respects be interpreted, enforced and governed under the laws of said State.

### 19.    Further Necessary Actions

The parties agree, without further consideration, to sign and/or cause to be signed, and to deliver to counsel for one another, any other documents and to take any other action as may be necessary to fulfill their obligations under this Agreement, including, but not limited to, effecting the dismissal of all outstanding administrative charges.

### 20.    Severability

Should any of the provisions in this Agreement, other than the Release set forth in Paragraph 7, be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

### 21.    Proper Construction

a.    The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties.

b.    As used in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

c.    The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

### 22.    Entire Agreement

This Agreement is the entire agreement between Isaacs and USC and fully supersedes any and all prior agreements or understandings between the parties pertaining to its subject matter.

Initialed __JDI_

5

**PLEASE READ CAREFULLY.  THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed this 31st day of March 2008.

By: _____
Jeffrey Isaacs

Executed at Los Angeles, California, this _____ 2008.

UNIVERSITY OF SOUTHERN CALIFORNIA

By:_____
Dennis F. Dougherty
Senior Vice President for Finance

Initialed _JDI__
_____

6

52

# EXHIBIT D

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Wednesday, April 02, 2008 11:14 PM |
| **To:** | rdalsoglio@dm-lawfirm.com.certified.readnotify.com; Robin Dal Soglio |
| **Subject:** | Settlement Contract |
| **Attachments:** | FinalSettlementJDI.pdf |

Dear Ms Dal Soglio,

My apologies - I realized that I sent you the draft PDF file the other day rather than the one that had my actual initials. If you haven't already had Mr Dougherty sign the one I mailed you as per our agreement, please substitute this one as it was individually signed and initialed on the PC tablet in the format for acceptance and execution that you specified.

Regards,
Jeffrey Isaacs

53

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

The University of Southern California ("USC") and Jeffrey Isaacs ("Isaacs") have agreed to enter into this Confidential Settlement Agreement and Mutual Release (the "Agreement").

### 1. Dismissal With Prejudice.

Isaacs agrees that he will execute and deliver for filing to counsel of record for USC, Robin D. Dal Soglio of Dal Soglio & Martens LLP, the Stipulation of Dismissal with Prejudice (attached hereto as Exhibit A) of USC from United States District Court Case No. CV-06-3338 GAF (Ex).  Counsel for USC will file the Dismissal with Prejudice with the Court.

### 2. No Future Application to University.

Isaacs understands and agrees that his education at USC has ended irrevocably and forever and will not be resumed again at any time in the future.  Isaacs further agrees that he will not apply for or otherwise seek admission to USC or any related or affiliated entity at any time in the future, under any circumstances whatsoever.

### 3. Non-Admission of Liability.

This Agreement shall not in any way be construed as an admission by USC that it has discriminated against or retaliated against Isaacs in any way, or otherwise acted wrongfully with respect to Isaacs or any other person, or that Isaacs has any rights whatsoever against it.  USC specifically denies that it has any liability to or has done any wrongful acts against Isaacs or any other person.

### 4. Benefits for Isaacs.

Within fourteen (14) days of USC's receipt of the original of this Agreement signed by Isaacs and including executed copies of Exhibits A and B, USC will transmit to Isaacs one check made payable to Isaacs in the gross amount of                                    .

### 5. Responsibility for Taxes.

Isaacs understands and acknowledges that USC will report the payment described in paragraph 4 to the appropriate taxing authorities as required by law.  Isaacs agrees that he is solely responsible for all tax obligations, including, but not limited to, all payment obligations which may arise as a consequence of this Agreement.  Isaacs further agrees promptly to pay and to indemnify and hold USC and others released herein harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over underwithholding or other tax treatment of any of the proceeds received by Isaacs as a result of this Agreement.  Isaacs further agrees not to seek or make any claim against USC or others released herein for any loss, cost, damage or expense if a claim or adverse determination is made in connection with underwithholding or other tax treatment of any of the proceeds of this Agreement or any portion

Initialed   2 JD d

54

thereof. Isaacs understands and agrees that neither USC nor others released herein has any duty to defend against any claim or assertion in connection with underwithholding or other tax treatment of the proceeds of this settlement or any portion thereof, and Isaacs agrees to assume full responsibility for defending against any such claim or assertion.

6. **No Other or Future Lawsuits, Charges, Claims for Arbitration or Complaints of Any Nature Whatsoever.**

With the exception of United States District Court Case No. CV-06-3338 GAF (Ex), which is fully and finally settled herein, Isaacs represents that he has not filed any other lawsuits, charges, claims for arbitration, complaints, or appeals of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, and he agrees that he will not file any lawsuits, charges, claims for arbitration, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof.

If Isaacs's representations in this paragraph prove to be false, or if he violates the promises made in this paragraph and files a lawsuit, charge, claim for arbitration, complaint, or appeal of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, based on any events, acts or omissions through and including the date hereof, Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by USC in connection with said lawsuit, charge, complaint, or appeal.

7. **Complete Release by Isaacs.**

As a material inducement to USC to enter into this Agreement, Isaacs hereby irrevocably and unconditionally waives and releases all rights and claims, known and unknown, which he may have against USC, the Keck School of Medicine, and each of their respective successors, assigns, agents, trustees, officers, administrators, faculty, students, current and former employees, representatives, attorneys, divisions, subsidiaries, affiliates (and agents, trustees, officers, administrators, faculty, current and former employees, representatives and attorneys of such divisions, subsidiaries, and affiliates), and Robert Baughman and each of his family members, and all persons acting by, through, under or in concert with any of them (collectively, the "Releasees") from the beginning of time to the date Isaacs signs this Agreement from any and all claims, demands, contracts, expenses, liens, covenants, debts, attorney's fees, causes of action, damages, judgments, orders, and liabilities (collectively "Claims") of whatever kind or nature in law, equity, or otherwise, whether now known or unknown, suspected, or unsuspected, and whether or not concealed or hidden, which Isaacs now owns or holds or had at any time heretofore owned or held against the Releasees.

Initialed  Q ♪ ɑ

2

55

8.    **Release by USC**

As a material inducement to Isaacs to enter into this Agreement, USC does hereby irrevocably and unconditionally release, acquit and forever discharge Isaacs from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, grievances, costs, losses, and expenses (including attorneys' fees and costs) of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including but not limited to any claim for malicious institution of civil proceedings, and abuse of process. Notwithstanding any other provision herein, this release by the University is not intended to, and does not, release debts unrelated to the lawsuit, including but not limited to tuition or loans.

9.    **Knowing and Voluntary Waiver of Known and Unknown Claims**

Consistent with the terms of their respective releases in paragraphs 7 and 8, Isaacs and USC acknowledge and agree that, as a condition of this Agreement, they expressly release all rights and claims that they do not know about, as well as those they know about. Thus, consistent with the terms of their respective releases, Isaacs and USC expressly waive all rights under Section 1542 of the Civil Code of the State of California, which reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

10.    **Ownership of Claims**

Isaacs represents and agrees that he has not assigned or transferred, or attempted to assign or transfer, to any person or entity, any of the claims he is releasing in this Agreement.

11.    **Encouragement to Consult With Attorney**

USC encourages Isaacs to consult with an attorney before signing this Agreement, and Isaacs hereby acknowledges that he has had the opportunity to consult with an attorney prior to signing, and has either done so or voluntarily chosen not to do wo.

12.    **No Representations**

The parties represent and agree that no promises, statements or inducements have been made to them which caused them to sign this Agreement other than those expressly stated in this Agreement.

Initialed    ꝗ ꝅꝅ

3

56

### 13. Successors

This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the parties and others released herein, their representatives, executors, successors and assigns.

### 14. Confidentiality of This Agreement

a.  As a material inducement for USC to enter into this Agreement, Isaacs agrees not to disclose the negotiation, terms, conditions, or amount of this Agreement to anyone other than Isaacs's attorneys and tax adviser (hereafter referred to as "Isaacs's Confidants") and, even as to such a person, only if the person agrees to honor this confidentiality requirement.  Violation of this confidentiality requirement by any of Isaacs's Confidants will be treated as a violation of this Agreement by Isaacs.

b.  This section does not prohibit Isaacs's disclosure of the negotiation, terms, conditions, or amount of this Agreement to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise required by law (but only if Isaacs notifies USC and its attorneys of a disclosure obligation or request within three business days after he learns of it and does not actively oppose USC's taking all steps it deems to be appropriate to prevent or limit the required disclosure).

c.  If Isaacs is asked about his claims against USC, including breach of enrollment contract and wrongful dismissal, and only if asked, he may state only that "the matter has been resolved."  However, the parties further agree that Isaacs is not required to disclose this matter to anyone.

### 15. Damages for Isaacs's Breach of Confidentiality

A breach of paragraph 14 will be deemed a material breach of this entire Agreement.  Isaacs agrees to pay USC the sum of Five Thousand Dollars ($5,000) as liquidated damages for each violation in the event USC obtains a judgment, ruling, award, or decision that paragraph 14 has been violated.  The parties to this Agreement agree that this liquidated damages provision is appropriate with regard to any breach of paragraph 14 because:  (1) paragraph 14 is essential for the protection of USC's interests; (2) damages for breach of paragraph 14 would be difficult to prove with certainty; and (3) the sum of Five Thousand Dollars ($5,000) per breach represents a reasonable estimate of the harm likely to result from each such breach.

### 16. Newly Discovered Facts

Isaacs acknowledges that he might hereafter discover facts different from or in addition to those he now knows or believes to be true with respect to a claim or claims released herein, and he expressly agrees to assume the risk of possible discovery of additional or different facts, and agrees that this Agreement shall be and remain effective in all respects regardless of such additional or different discovered facts.

Initialed  ꝏ ꝓ ꝺ

57

17.  **Voluntary Participation in This Agreement**

The parties acknowledge that they have thoroughly discussed all aspects of their rights and this Agreement with their respective attorneys, or have knowingly and voluntary chosen not to do so, and that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to consider signing this Agreement, and that they are voluntarily signing this Agreement.

18.  **Governing Law**

This Agreement is made and entered into in the State of California and shall in all respects be interpreted, enforced and governed under the laws of said State.

19.  **Further Necessary Actions**

The parties agree, without further consideration, to sign and/or cause to be signed, and to deliver to counsel for one another, any other documents and to take any other action as may be necessary to fulfill their obligations under this Agreement, including, but not limited to, effecting the dismissal of all outstanding administrative charges.

20.  **Severability**

Should any of the provisions in this Agreement, other than the Release set forth in Paragraph 7, be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

21.  **Proper Construction**

a.  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties.

b.  As used in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

c.  The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

22.  **Entire Agreement**

This Agreement is the entire agreement between Isaacs and USC and fully supersedes any and all prior agreements or understandings between the parties pertaining to its subject matter.

Initialed  2 DA

5

58

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed at <u>Saint-Jean, FRANCE</u> this 31st day of March 2008.

By: _____
      Jeffrey Isaacs

Executed at Los Angeles, California, this _____ 2008.

UNIVERSITY OF SOUTHERN CALIFORNIA

By:_____
      Dennis F. Dougherty
      Senior Vice President for Finance

Initialed

59

**EXHIBIT E**

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | Robin Dal Soglio [rdalsoglio@dm-lawfirm.com] |
| **Sent:** | Monday, April 07, 2008 11:49 AM |
| **To:** | 'JDI' |
| **Subject:** | RE: FW: Isaacs |
| **Attachments:** | Fully Executed Settlement Agreement.pdf |

Dear Mr. Isaacs:

Attached please find another copy of the Settlement Agreement, this time initialed by Mr. Dougherty on each page.

Robin Dal Soglio

-----Original Message-----
From: jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] On Behalf Of JDI
Sent: Thursday, April 03, 2008 3:57 PM
To: Robin Dal Soglio; rdalsoglio@dm-lawfirm.com.certified.readnotify.com
Subject: Re: FW: Isaacs

Dear Ms Dal Soglio:

Thank you for the fully executed agreement. While I agree it now suffices as a binding agreement , I noticed the pages aren't initialed by your client.
Between that and the lack of a location/jurisdiction for me, it might be in everyone's interest to just get another signature.

I can receive the check at :

Jeffrey Isaacs
426 Cottman Street
Jenkintown, PA 19046

Please use a mail delivery service with online tracking ability if you will be mailing the check and kindly forward me this tracking information when ready.

My SSN/Tax ID is

I am attaching my draft for striking monday's filings. Feel free to modify this and let me know if you think anything else in the case can/should be sealed or striked.

Let me know as far as the stipulation to strike and whether we should then file that together with the stip to dismiss. Alternatively, you could add this language into the stip to dismiss and just file one document.

Regards
Jeffrey Isaacs

On Thu, Apr 3, 2008 at 3:11 PM, Robin Dal Soglio <rdalsoglio@dm-lawfirm.com>
wrote:
>
>
>
>

1

60

# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

The University of Southern California ("USC") and Jeffrey Isaacs ("Isaacs") have agreed to enter into this Confidential Settlement Agreement and Mutual Release (the "Agreement").

### 1.  Dismissal With Prejudice.

Isaacs agrees that he will execute and deliver for filing to counsel of record for USC, Robin D. Dal Soglio of Dal Soglio & Martens LLP, the Stipulation of Dismissal with Prejudice (attached hereto as Exhibit A) of USC from United States District Court Case No. CV-06-3338 GAF (Ex).  Counsel for USC will file the Dismissal with Prejudice with the Court.

### 2.  No Future Application to University.

Isaacs understands and agrees that his education at USC has ended irrevocably and forever and will not be resumed again at any time in the future.  Isaacs further agrees that he will not apply for or otherwise seek admission to USC or any related or affiliated entity at any time in the future, under any circumstances whatsoever.

### 3.  Non-Admission of Liability.

This Agreement shall not in any way be construed as an admission by USC that it has discriminated against or retaliated against Isaacs in any way, or otherwise acted wrongfully with respect to Isaacs or any other person, or that Isaacs has any rights whatsoever against it. USC specifically denies that it has any liability to or has done any wrongful acts against Isaacs or any other person.

### 4.  Benefits for Isaacs.

Within fourteen (14) days of USC's receipt of the original of this Agreement signed by Isaacs and including executed copies of Exhibits A and B, USC will transmit to Isaacs one check made payable to Isaacs in the gross amount of

### 5.  Responsibility for Taxes.

Isaacs understands and acknowledges that USC will report the payment described in paragraph 4 to the appropriate taxing authorities as required by law.  Isaacs agrees that he is solely responsible for all tax obligations, including, but not limited to, all payment obligations which may arise as a consequence of this Agreement.  Isaacs further agrees promptly to pay and to indemnify and hold USC and others released herein harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over underwithholding or other tax treatment of any of the proceeds received by Isaacs as a result of this Agreement. Isaacs further agrees not to seek or make any claim against USC or others released herein for any loss, cost, damage or expense if a claim or adverse determination is made in connection with underwithholding or other tax treatment of any of the proceeds of this Agreement or any portion

Initialed

1

61

thereof. Isaacs understands and agrees that neither USC nor others released herein has any duty to defend against any claim or assertion in connection with underwithholding or other tax treatment of the proceeds of this settlement or any portion thereof, and Isaacs agrees to assume full responsibility for defending against any such claim or assertion.

### 6. No Other or Future Lawsuits, Charges, Claims for Arbitration or Complaints of Any Nature Whatsoever.

With the exception of United States District Court Case No. CV-06-3338 GAF (Ex), which is fully and finally settled herein, Isaacs represents that he has not filed any other lawsuits, charges, claims for arbitration, complaints, or appeals of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, and he agrees that he will not file any lawsuits, charges, claims for arbitration, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof.

If Isaacs's representations in this paragraph prove to be false, or if he violates the promises made in this paragraph and files a lawsuit, charge, claim for arbitration, complaint, or appeal of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, based on any events, acts or omissions through and including the date hereof, Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by USC in connection with said lawsuit, charge, complaint, or appeal.

### 7. Complete Release by Isaacs.

As a material inducement to USC to enter into this Agreement, Isaacs hereby irrevocably and unconditionally waives and releases all rights and claims, known and unknown, which he may have against USC, the Keck School of Medicine, and each of their respective successors, assigns, agents, trustees, officers, administrators, faculty, students, current and former employees, representatives, attorneys, divisions, subsidiaries, affiliates (and agents, trustees, officers, administrators, faculty, current and former employees, representatives and attorneys of such divisions, subsidiaries, and affiliates), and Robert Baughman and each of his family members, and all persons acting by, through, under or in concert with any of them (collectively, the "Releasees") from the beginning of time to the date Isaacs signs this Agreement from any and all claims, demands, contracts, expenses, liens, covenants, debts, attorney's fees, causes of action, damages, judgments, orders, and liabilities (collectively "Claims") of whatever kind or nature in law, equity, or otherwise, whether now known or unknown, suspected, or unsuspected, and whether or not concealed or hidden, which Isaacs now owns or holds or had at any time heretofore owned or held against the Releasees.

Initialed _QJA_

2

_62_

8.    **Release by USC**

      As a material inducement to Isaacs to enter into this Agreement, USC does hereby irrevocably and unconditionally release, acquit and forever discharge Isaacs from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, grievances, costs, losses, and expenses (including attorneys' fees and costs) of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including but not limited to any claim for malicious institution of civil proceedings, and abuse of process.  Notwithstanding any other provision herein, this release by the University is not intended to, and does not, release debts unrelated to the lawsuit, including but not limited to tuition or loans.

9.    **Knowing and Voluntary Waiver of Known and Unknown Claims**

      Consistent with the terms of their respective releases in paragraphs 7 and 8, Isaacs and USC acknowledge and agree that, as a condition of this Agreement, they expressly release all rights and claims that they do not know about, as well as those they know about.  Thus, consistent with the terms of their respective releases, Isaacs and USC expressly waive all rights under Section 1542 of the Civil Code of the State of California, which reads as follows:

      "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

10.    **Ownership of Claims**

      Isaacs represents and agrees that he has not assigned or transferred, or attempted to assign or transfer, to any person or entity, any of the claims he is releasing in this Agreement.

11.    **Encouragement to Consult With Attorney**

      USC encourages Isaacs to consult with an attorney before signing this Agreement, and Isaacs hereby acknowledges that he has had the opportunity to consult with an attorney prior to signing, and has either done so or voluntarily chosen not to do wo.

12.    **No Representations**

      The parties represent and agree that no promises, statements or inducements have been made to them which caused them to sign this Agreement other than those expressly stated in this Agreement.

Initialed  2 DA

3

63

**13.**   Successors

This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the parties and others released herein, their representatives, executors, successors and assigns.

**14.**   Confidentiality of This Agreement

a.   As a material inducement for USC to enter into this Agreement, Isaacs agrees not to disclose the negotiation, terms, conditions, or amount of this Agreement to anyone other than Isaacs's attorneys and tax adviser (hereafter referred to as "Isaacs's Confidants") and, even as to such a person, only if the person agrees to honor this confidentiality requirement. Violation of this confidentiality requirement by any of Isaacs's Confidants will be treated as a violation of this Agreement by Isaacs.

b.   This section does not prohibit Isaacs's disclosure of the negotiation, terms, conditions, or amount of this Agreement to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise required by law (but only if Isaacs notifies USC and its attorneys of a disclosure obligation or request within three business days after he learns of it and does not actively oppose USC's taking all steps it deems to be appropriate to prevent or limit the required disclosure).

c.   If Isaacs is asked about his claims against USC, including breach of enrollment contract and wrongful dismissal, and only if asked, he may state only that "the matter has been resolved." However, the parties further agree that Isaacs is not required to disclose this matter to anyone.

**15.**   Damages for Isaacs's Breach of Confidentiality

A breach of paragraph 14 will be deemed a material breach of this entire Agreement. Isaacs agrees to pay USC the sum of Five Thousand Dollars ($5,000) as liquidated damages for each violation in the event USC obtains a judgment, ruling, award, or decision that paragraph 14 has been violated. The parties to this Agreement agree that this liquidated damages provision is appropriate with regard to any breach of paragraph 14 because: (1) paragraph 14 is essential for the protection of USC's interests; (2) damages for breach of paragraph 14 would be difficult to prove with certainty; and (3) the sum of Five Thousand Dollars ($5,000) per breach represents a reasonable estimate of the harm likely to result from each such breach.

**16.**   Newly Discovered Facts

Isaacs acknowledges that he might hereafter discover facts different from or in addition to those he now knows or believes to be true with respect to a claim or claims released herein, and he expressly agrees to assume the risk of possible discovery of additional or different facts, and agrees that this Agreement shall be and remain effective in all respects regardless of such additional or different discovered facts.

Initialed ___

4

### 17. Voluntary Participation in This Agreement

The parties acknowledge that they have thoroughly discussed all aspects of their rights and this Agreement with their respective attorneys, or have knowingly and voluntary chosen not to do so, and that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to consider signing this Agreement, and that they are voluntarily signing this Agreement.

### 18. Governing Law

This Agreement is made and entered into in the State of California and shall in all respects be interpreted, enforced and governed under the laws of said State.

### 19. Further Necessary Actions

The parties agree, without further consideration, to sign and/or cause to be signed, and to deliver to counsel for one another, any other documents and to take any other action as may be necessary to fulfill their obligations under this Agreement, including, but not limited to, effecting the dismissal of all outstanding administrative charges.

### 20. Severability

Should any of the provisions in this Agreement, other than the Release set forth in Paragraph 7, be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

### 21. Proper Construction

a.  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties.

b.  As used in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

c.  The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

### 22. Entire Agreement

This Agreement is the entire agreement between Isaacs and USC and fully supersedes any and all prior agreements or understandings between the parties pertaining to its subject matter.

Initialed 

5

65

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed at <u>Saint-Jean, FRANCE</u> this 31st day of March 2008.

By: _____

Jeffrey Isaacs

Executed at Los Angeles, California, this _____ APR 0 4 _____ 2008.

UNIVERSITY OF SOUTHERN CALIFORNIA

By: _____

Dennis F. Dougherty
Senior Vice President for Finance

6

# EXHIBIT F

**Robin Dal Soglio**

| | |
|---|---|
| **From:** | jeffreydi@gmail.com on behalf of JDI [jeffrey.isaacs.wg03@wharton.upenn.edu] |
| **Sent:** | Tuesday, April 08, 2008 8:05 AM |
| **To:** | rdalsoglio@dm-lawfirm.com.certified.readnotify.com; Robin Dal Soglio |
| **Subject:** | Discovery Stipulation |
| **Attachments:** | ordereickapril.pdf; Final Rule 37 Stipulation.docx |

Dear Ms Dal Soglio:

On March 28th I tentatively accepted your settlement proposal, which I thought was far short of what is appropriate but was honestly trying to but this matter behind me. Apparently you served the summary judgment motion on me immediately afterwards. On the next Monday, you proceeded to file many personal documents of mine, which the prevention of was a considerable part of why I wanted to settle in the first place. Frankly I was so confused at that point I continued my end of the contract performance obligation when I shouldn't have.
There's still no actually proper signed contract, so at this point it is my intention to void the settlement and proceed with discovery .

Please sign the attached joint stipulation as per the attached order from Judge Eick yesterday. Also, I am unclear what the Court requires with it's request for "all communication". Do you want to file everything you have on your end pertaining to your communication with me? Should we redact settlement discussion as it is interspersed?

Regards,
Jeffrey Isaacs

1

67