# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | May 8, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Michele Murray | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **(In Chambers)**

### ORDER RE: MOTION TO ENFORCE SETTLEMENT

## I. INTRODUCTION & BACKGROUND

Pro se Plaintiff Jeffrey David Isaacs brought this action against the University of Southern California ("USC") and various individuals, alleging that he has been discriminated against because of his post-traumatic stress disorder and "Bipolar II Affective Disorder." Isaacs contends that during his first year of medical school at USC, a fellow female classmate ridiculed and harassed him, thereby exacerbating his medical disabilities. According to Isaacs, administrators at the medical school did not help him overcome his emotional distress, but rather were influenced by the taunter's father, Robert Baughman, who is also the director of the National Institutes of Health Neurological Disease division, to retaliate against Isaacs and portray the taunter as a victim of stalking and harassment. After administrative hearings regarding his alleged harassment of his classmate, Isaacs was suspended and dismissed from USC.

After two years of wrangling, Isaacs and USC reached a settlement and executed a Confidential Settlement Agreement and Mutual Release (the "Settlement"). Isaacs sought, through his law suit, to clear his record. He is now not sure whether the Settlement effectuates that goal. As such, Isaacs wants to "void" the Settlement and refuses to dismiss his case, in contravention to the terms of the agreement. Isaacs states that he was under duress when he entered into the agreement and that key provisions of the Settlement are unintelligible. USC has filed a motion asking the Court to enforce the Settlement.

The Court concludes that Isaacs fails to puts forth any grounds to void the Settlement. As discussed in detail below, the mere fact that Isaacs claims to no longer know if the Settlement accomplishes his ultimate goal is not grounds to undo the agreement. Accordingly, USC's motion to enforce the settlement is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | May 8, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

## II. STATEMENT OF FACTS

On March 31, 2008, Isaacs signed a Confidential Settlement Agreement and Mutual Release. (Dal Soglio Decl. ¶ 6, Ex. C [Settlement with Isaacs' typed initials on each page] at 47-52 .) He transmitted the Settlement to USC's counsel that day. (Dal Soglio Decl. ¶ 6.) USC executed the agreement on April 2, 2008. (Dal Soglio Decl. ¶ 6.)

Isaacs subsequently executed another copy of the agreement, putting handwritten initials in place of where he had typed his initials. (Dal Soglio Decl., ¶ 7, Ex. D [Settlement with Isaacs' signed initials].) He transmitted that version of the Settlement to USC's counsel on April 2, 2008. (Dal Soglio Decl. ¶ 7.)

By April 3, 2008, Isaacs had received the executed Settlement (with typed initials) from USC. (Dal Soglio Decl., Ex. E [e-mail string with April 3, 2008 email from Isaacs (Isaacs stating "Thank you for the fully exectued agreement. While I agree it now suffices as a binding agrement, I noticed the pages aren't initialed by your client.")] at 60.)

On April 4, 2008, USC executed the Settlement (with the handwritten initials). (Dal Soglio Decl. ¶ 9, Ex. E at 61-66 [executed settlement ("Final Settlement")].)[1]

Key provisions of the Final Settlement are as follows:

- "Isaacs agrees that he will execute and deliver for filing . . . the Stipulation of Dismissal with Prejudice." (Final Settlement § 1.)

- "USC will transmit to Isaacs one check made payable to Isaacs in the gross amount of [redacted]." (Final Settlement § 4.)

- " USC encourages Isaacs to consult with an attorney before signing this Agreement, and Isaacs hereby acknowledges that he has had the opportunity to consult with an attorney prior to signing, and has either done so or voluntarily chosen not to do wo." [sic] (Final Settlement § 11.)

- "The parties acknowledge that they have thoroughly discussed all aspects of their rights and this Agreement with their respective attorneys, or have knowingly and voluntary chosen not to do so, and that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to

---

[1]The parties do not claim that there are any substantive differences among the executed agreements.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | May 8, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

consider signing this Agreement, and that they are voluntarily signing this Agreement."
(Final Settlement § 17.)

- "This Agreement is made and entered into in the State of California and shall in all
respects be interpreted, enforced and governed under the laws of said State." (Final
Settlement § 18.)

- "This Agreement is the entire agreement between Isaacs and USC and fully supersedes
any and all prior agreements or understandings between the parties pertaining to its
subject matter." (Final Settlement § 22.)

**III. DISCUSSION**

USC's argument is rather simple: Isaacs signed a valid and binding agreement that should be
enforced. USC relies on a Court's "inherent power to enforce an agreement to settle litigation pending
before the court." (Mem. at 4 (citing In re Suchy, 786 F.2d 900, 902-903 (9th Cir. 1985) ("[I]t is well
settled that a court has inherent power to enforce summarily a settlement agreement involving an action
pending before it.") (citation omitted).) Isaacs, in turn presents seven unconvincing arguments as to why
the Settlement should not be enforced. The Court will discuss each in turn.

### A. LACK OF CONSIDERATION

Isaacs argues that his intent all along has been to clear his academic record and have his student
loans refunded and that if the Settlement does not do so, it lacks consideration. (Opp. at 6.) As noted
above, Isaacs is receiving monetary payment in exchange for settlement. (Final Settlement § 4.) "A
contract is supported by an adequate consideration if there is some benefit to the promisor or detriment
to the promisee." Hayman v. Shoemake, 203 Cal. App. 2d 140, 154 (Ct. App. 1962) (citation omitted).
Isaacs is receiving a benefit: payment. Accordingly, there is consideration.

### B. NON EST FACTUM

To support his non est factum argument, Isaacs states that "the contract was signed without full
knowledge of its meaning, absent any neglect on behalf of the Plaintiff." (Opp. at 6.) However, this is
an improper invocation of the non est factum doctrine. Non est factum "puts in issue on the actual
execution of the instrument." Paul M . Coltoff, et al. Corpus Juris Secundum, Contracts § 678 (2008);
see also Richard A. Lord, Willston on Contracts, §69:4 (4th ed.) ("Where a person is fraudulently
induced to sign or indorse a bill or note in the reasonable belief that it is something else, the signer
cannot really be said to have made or indorsed the bill or note; hence the ancient plea of non est factum
is applicable."). The defense arises when the instrument signed by a party is different from the one the
party thought was being signed, i.e, if a contract is altered after being signed (see, e.g., McCaskey

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3338 GAF (Ex) | Date | May 8, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

Register Co. v. Bennett, 60 So. 541, 542 (Ala. Ct. App. 1912).)

Here there are no such allegations. Isaacs simply argues that he is not sure what all of the terms of the Final Settlement mean, despite that one clauses expressly states that the parties "have carefully read and fully understand all of the provisions of this Agreement." (Final Settlement § 17.) Isaacs' after-the-fact assertion is not enough to invoke the ancient plea of non est factum.

### C. ILLEGALITY AND/OR IMPRACTICALITY

Isaacs, without citing any clause in the Settlement, states that it prohibits him from truthfully answering "future job application or academic admissions applications that require disclosure of past disciplinary actions." (Opp. at 6.) The Court is uncertain how this is so, or what Isaacs relies on in support of this argument. However, the confidentiality section of the agreement specifically notes that it does not "prohibit disclosures to the extent otherwise required by law." (Final Settlement § 14.b.) Accordingly, the Court does not find any credence in Isaacs' illegality/impracticality argument.

### D. DURESS

Isaacs claims he entered into the Settlement under duress because shortly before settlement "USC communicated in a suspicions manner, with Plaintiff's close friends" and because USC produced 500 pages of documents, which Isaacs viewed as an indication that USC would not abide by discovery rules, and because USC "threatened to seek sanctions against Plaintiff for filing a Motion to Compel." (Opp. at 7.) None of these alleged acts result in any sort of duress that would void an agreement.

"In addition to statutory duress [which requires confinement or detention], the law recognizes the concept of economic duress as a basis for vitiating a coerced party's consent to an agreement." Tarpy v. County of San Diego, 110 Cal. App. 4th 267, 277 (Ct. App. 2003). This "may arise from an act that is so coercive as to cause a reasonably prudent person, *faced with no reasonable alternative*, to agree to an unfavorable contract." Tarpy, 110 Cal. App. 4th at 277 (citations omitted) (emphasis added).

Isaacs' duress claim fails because he always had a reasonable alterative to settling: pursuing the litigation. As to the belief that USC was engaged in discovery abuse, Isaacs could have sought relief from the Court. As to the threatened motion for sanctions, Isaacs could have either opposed the motion on the merits, or altered his position as to his motion to compel. (Nor does the Court view USC's counsel's indication that it would seek sanctions as anything other than ordinary discourse incumbent with litigation (Opp. Ex. A [transcript of voice message from USC's counsel ("I am putting you on notice that we will seek cost [sic] from you from having to oppose this . . . . otherwise I'm going to be adding my request for sanctions and [costs] to my opposition to this motion.")].)

Accordingly, there is no evidence of duress sufficient to void the Settlement. Indeed, Isaacs was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3338 GAF (Ex) | Date | May 8, 2008 |
|----------|---------------------|------|-------------|
| Title | Isaacs v. University of Southern California, et al. | | |

more than adamant in ensuring that the Settlement would be binding, transmitting multiple copies and requesting that USC initial each page. (See generally, Dal Soglio Decl.)

### E. UNCLEAN HANDS

Isaacs argues that "USC has dodged discovery, used delay tactics (including taking two months to sign the prior partial settlement agreement), made careless errors with Plaintiff's confidential information, retaliated, invoked 'foul' litigation tactics in communicating with Plaintiff's close friends, and finally, made an empty - or entirely vague - settlement offer." (Opp. at 7.) However, all of this conduct (save the obtuse reference to the "empty" and "vague" settlement offer) appears to have been prior to the parties entering into the settlement agreement. Isaacs was fully aware of this alleged conduct when he decided to settle -- it is disingenuous for him to now rely on this alleged "unclean" conduct in an attempt to negate the agreement simply because he has buyer's remorse. The principles underlying the very doctrine Isaacs seeks to invoke prohibits its application. See Alys Masek, California Jurisprudence 3d, Equity § 26 (2008) ("In sum, the unclean hands doctrine demands that a plaintiff act fairly in the matter for which he or she seeks a remedy").

### F. UNDUE INFLUENCE

Isaacs seems to claim that USC exerted undue influence over him, manipulating his participation in the Settlement, although it is not exactly clear how this is supposed to have occurred. Apparently the undue influence somehow stems from USC's control of his academic records. (Opp. at 7.) Isaacs claims that, "[w]rongfully dismissed, USC is able to exert undue influence on [him]. Indeed, back in 2006 this undue influence (in the form of retaliatory disciplinary hearings) caused Plaintiff to accept blame for a student controversy in hopes that the matter would go away." (Opp. at 7-8.) However, "under California law a party cannot successfully invoke the doctrine of 'undue influence' to escape an apparent contract unless that party proves two things: (1) that she had *a lessened capacity to make a free contract* and (2) that the other party applied its excessive strength to her to secure her agreement." Olam v. Congress Mortgage. Co., 68 F. Supp. 2d 1110, 1141 (N.D. Cal. 1999) (emphasis added). Isaacs simply presents no evidence of a lessened capacity . Furthermore, just as there was no duress, there is no evidence that USC applied any "excessive strength."

### G. UNCONSCIONABILITY

As to unconscionability, Isaacs offers only one sentence: "The consideration offered is so obviously inadequate that to enforce this contract would be unfair to a Plaintiff who has spent years trying to either clear his academic record or be readmitted to USC Keck." (Opp. at 8.) However, it is not at all clear that the consideration was inadequate. Third Story Music, Inc. v. Waits, 41 Cal. App. 4th 798, 808 n.5 (Ct. App. 1995) ("But unless the consideration given was so one-sided as to create an issue of unconscionability, the courts are not in a position to decide whether legal consideration agreed to by

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | May 8, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

the parties is or is not fair.").

Although the parties have redacted the amount of money Isaacs is to receive, Issacs does receive payment under the agreement.  Swanson v. Skiff, 92 Cal. App. 3d 805, 809 (Ct. App. 1979) ("*any* benefit conferred or agreed to be conferred upon the promisor to which he is not lawfully entitled, or any prejudice suffered or agreed to be suffered other than that which a person is lawfully bound to suffer, is a good consideration for a promise") (emphasis added) (citing Cal. Civ. Code § 1605).  Furthermore, in addition to monetary payment, the parties release claims against each other.  (Final Settlement §§ 7-8.) This too, serves as adequate consideration.  See Carey v. Kraft-Phenix Cheese Corp., 24 Cal. App. 2d 517, 525 (Ct. App. 1938) ("The compromise of a claim which is asserted in good faith and of the validity of which the parties at the time entertain a doubt, and about which there is a bona fide controversy, is a valuable consideration and will support a promise or a contract.") (citation and internal quotations omitted).

Accordingly, there is no evidence that the consideration was "so one-sided as to create an issue of unconscionability."

### III. CONCLUSION

Isaacs has present no grounds on which to void the Final Settlement.  He is bound by its terms. The Court **GRANTS** USC's motion to enforce the terms of the settlement.  Isaacs is **ORDERED** to comply with its terms.  In addition, per the terms of the Final Settlement (see Final Settlement § 1), the Court **DISMISSES, WITH PREJUDICE,** this case, in its entirety.  The hearing previously scheduled for Monday, May 12, 2008 is hereby **VACATED**.  Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.