DAL SOGLIO & MARTENS LLP
Robin D. Dal Soglio (State Bar No. 155334)
27240 Turnberry Lane, Suite 200
Valencia, California 91355
Telephone: (661) 362-0736
Facsimile: (661) 244-4942
E-mail: rdalsoglio@dm-lawfirm.com

Attorneys for Defendants University of Southern California, Robert Baughman, Brian E. Henderson, Peter J. Katsufrakis and James M.H. Ball

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DAVID ISAACS, | CASE NO. CV-06-3338 GAF (Ex) |
| Plaintiff, | **DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA; ROBERT WILLIAM BAUGHMAN; BRIAN E. HENDERSON; PETER J. KATSUFRAKIS; and JAMES M.H. BALL | Date: June 16, 2008<br>Time: 9:30 a.m.<br>Courtroom: 740 – Roybal<br>Hon. Gary A. Feess |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant University of Southern California ("Defendant") hereby opposes Plaintiff's motion for reconsideration of the Court's ruling granting Defendant's motion to enforce the terms of the Settlement Agreement negotiated and executed by Plaintiff and Defendant.

Reconsideration is an "extraordinary remedy to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the District Court is presented with *newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.*" Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis added; internal quotes omitted).

In his motion for reconsideration, Plaintiff does not argue or establish that the Court committed clear error or that there has been an intervening change in the law. The only "new facts" that Plaintiff offers are that he "received unexpected and significant financing approximately four days after signing the settlement agreement that enabled him to pursue this case and, without which, he would have major liquidity problems" and "had a major career milestone during the two weeks following signature of the settlement agreement." Of course, neither of these facts is "new" relative to the point of time when Plaintiff initially opposed Defendant's motion to enforce the settlement agreement. A motion for reconsideration cannot be based on evidence that could reasonably have been discovered prior to the court's ruling. Hopkins v. Andaya, 958 F.2d 881, 881 (9th Cir. 1992). Thus, even if these facts were relevant to the analysis of Plaintiff's supposed defenses to the contract (which they are not), Plaintiff could and should have included them in his opposition. Plaintiff offers no new facts or law (nor any other basis) which would justify the Court altering its granting of Defendant's motion.

///
///

1 | Accordingly, Plaintiff's motion for reconsideration should be denied.

3 | Dated:   June 4, 2008

Respectfully submitted,

DAL SOGLIO & MARTENS LLP
Robin D. Dal Soglio

By: /s/ Robin D. Dal Soglio
Robin D. Dal Soglio
Attorneys for Defendants University of Southern California, Robert Baughman, Brian E. Henderson, Peter J. Katsufrakis and James M.H. Ball