UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-3338 GAF (Ex) | Date | June 12, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

| Present: The Honorable | GARY ALLEN FEESS | | |
|---|---|---|---|
| Michele Murray | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

### ORDER RE: MOTION FOR RECONSIDERATION

Pro se Plaintiff Jeffrey David Isaacs reached a settlement with the University of Southern California. After Isaacs attempted to renege on the settlement, this Court, on USC's motion, entered an order enforcing the settlement. (Docket No. 81.) Isaacs now moves the Court to reconsider its order enforcing the settlement. (Docket No. 84.) The motion is **DENIED**.

Isaacs argues, again, that he was under economic duress when he signed the settlement agreement. In support of reconsideration, he claims he "did not re-plead all the facts showing duress that he had already pleaded earlier." (Mem. at 2.) Apparently, Isaacs wishes to highlight some of these facts for the Court. However, there is no reason Isaacs could not have presented this material when the Court was initially considering whether to enforce the settlement. See L.R. 7-18 ("A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision *that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision*") (emphasis added). Furthermore, the Court's decision was not made in a vacuum. Even though Isaacs may not have highlighted issues previously raised, the Court is not ignorant of those issues. Similarly, the Court is not ignorant of Isaacs' claim of evidence spoliation -- another ground on which Isaacs seeks reconsideration.

Isaacs also wishes to alert the Court to "a major career milestone [he reached] during the two weeks following signature of the settlement agreement" as well as his receipt of "unexpected and significant financing" that apparently would have "enabled him to pursue this case." (Mem. at 2.) Isaacs offers to provide documentation, under seal, regarding these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3338 GAF (Ex) | Date | June 12, 2008 |
|---|---|---|---|
| Title | Isaacs v. University of Southern California, et al. | | |

assertions. (Mem. at 2.) The settlement was executed by USC on April 4, 2008. (Dal Soglio Decl., Ex. E (settlement agreement) (Docket No. 77).) USC did not move to enforce the settlement until April 21, 2008 (Docket No. 77) and the Court did not issue its order enforcing the agreement until May 8, 2008 (Docket No. 84). Accordingly, considering Isaacs received the funding "approximately four days after signing the settlement agreement" (Mem. at 2) and achieved the career milestone "during the two weeks following signature of the settlement" (Mem. at 2), there is no reason he could not have alerted the Court to these issues in his opposition to the motion to enforce the agreement. See L.R. 7-18.

The motion for reconsideration is **DENIED**. The hearing previously scheduled for Monday, June 16, 2008 is hereby **VACATED**. Fed. R. Civ. P. 78; L.R. 7-15.


IT IS SO ORDERED.